IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No.: 23-CV-00243 |
| v. ) | JURY DEMAND |
| ) | |
| SOUTHERN BAPTIST CONVETION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT SOUTHERN BAPTIST CONVENTION**

Defendant Southern Baptist Convention ("SBC") submits the following reply to address the primary flaws in Plaintiff's response in opposition (the "Response") and in further support of SBC's Motion to Dismiss Plaintiff's Complaint ("Complaint").

I. **Plaintiff's Response Ignores the Ecclesiastical Governance and Standard of Morals Issues Implicit in the Messengers' Motion that Led to the Guidepost Report.**

Plaintiff's Response erroneously claims that "[n]othing in the Complaint would require the Court to delve into matters of religious doctrine, free-exercise rights, or church government" and that Plaintiff's claims seek to apply "neutral principles of tort law in a purely civil dispute." Response, at P. 5-6. However, this argument ignores the fact that the gravamen of Plaintiff's Complaint is not, at its essence, whether Plaintiff – in fact – engaged in inappropriate or nonconsensual sexual conduct. Rather, Plaintiff's primary claim is that the inclusion of reports regarding his own conduct were defamatory by virtue of their inclusion in a report that also contained other types of reports of sexual abuse and misconduct.

1

This argument misses the mark because it fails to account for the fact that the Guidepost Report was commissioned by the Messengers to address the problem of sexual abuse within SBC churches, and was created by motion of the Messengers at the largest SBC annual meeting since 1995 – which took place in Nashville, Tennessee in June 2021 (the "Messengers' Motion") – in order to investigate and expose, among other things, "[a]llegations of abuse by Executive Committee members" between January 1, 2000 and June 14, 2021, Doc. 1-1, at P. 2. As previously set forth in the SBC's memorandum, the SBC is a network of independent churches whose purpose is to "provide a general organization for Baptists in the United States and its territories for the promotion of Christian missions at home and abroad." Exhibit B to Complaint ("Report"), at 29 (quoting Article II of the SBC Constitution). The SBC "is under the direction of the Messengers, i.e., the representatives of local churches that cooperate with the SBC," *id*., at 32, who – in 2021 – demanded, via the Messengers' Motion, an investigation into "any allegations of abuse, mishandling of abuse, mistreatment of victims, a pattern of intimidation of victims or advocates, and resistance to sexual abuse reform initiatives" by the EC between January 1, 2000 to June 14, 2021. *Id*., at 16.

The "directly on point" case Plaintiff's Response relies upon in support of his argument, *Ogle v. Hocker*, 279 F. App'x 391 (6th Cir. 2008), indeed states that "[w]hether a secular court may hear a tort suit despite the church autonomy doctrine turns on the availability of secular standards and the ability of a court to resolve the controversy without reference to religious doctrine." *Id*., at 395. Where Plaintiff's argument misses the mark is that the controversy over whether Plaintiff's own conduct merited inclusion in the Guidepost Report necessarily requires this Court to delve into and intertwine itself in the underlying motivations and interpretation of the Messengers' Motion and whether the Guidepost Report appropriately responded to the Messengers' mandate.

2

As previously noted, the First Amendment prohibits courts from interfering with determinations regarding matters that include, among other things, "the conformity of the members of the church to the standards of morals required of them." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 714 (1976) (internal citations omitted).

In other words, "regardless of how the claims … may be labeled, resolving [Plaintiff's] claims would require [] this court to enter into areas implicating the First Amendment." *Ogle v. Church of God*, 153 Fed.Appx. 371, 375-76 (6th Cir. 2005) (internal citations omitted). Plaintiff's conclusory statement that a secular evaluation of the Guidepost Report can be undertaken without any consideration of the underlying 2021 mandate of the Messengers' Motion and the motivations for the internal investigation – which necessarily include matters of church governance and the conformity of the members of the church to the standards of morals required of them – that led to the Guidepost Report is simply wrong and not supported by the record. As such, this Court does subject matter jurisdiction over Plaintiff's claims and the same must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II. **Plaintiff's Response Fails to Establish the Existence of any Form of Libel.**

Whether under Tennessee or Georgia law, whether Plaintiff is a public figure – either general or limited – is a question of law. *Elsten v. Coker*, No. No. M2019-00034-COA-R3-CV, 2019 WL 4899759, at *2 (Tenn. Ct. App. Oct 4, 2019); *Atlanta J-Const. v. Jewell*, 555 S.E.2d 175, 183 (Ga. 2001). A public figure must prove that the alleged libelous statement was made with actual malice – that is, with knowledge that it was false or with reckless disregard of whether it was false or not. *Hudik v. Fox News Network, LLC*, 512 F.Supp.3d 816, 825-26 (M.D. Tenn. 2021); *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). "Public figures who desire to pursue defamation actions

bear a heavy burden of proof because of our society's commitment to the principle that 'debate on public issues should be uninhibited, robust, and wide-open.'" *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

Plaintiff's Response does nothing to negate his own descriptions of himself – set forth in the Complaint – as (1) an "extraordinarily successful" church leader with "an incredible talent" for leading and growing churches" across the country, Complaint, at ¶¶ 2, 26-27; (2) "the first elected Native American to hold the office of President of the Southern Baptist Convention [] – a cooperative of almost 50,000 Southern Baptist churches across the country," *Id.*, at ¶ 28; and (3) "a sought-after speaker and author" and "a noted speaker at state and national SBC conferences and conventions" *Id.*, at ¶ 29; suffice to establish Plaintiff as a public figure. Plaintiff's own allegations regarding his role in the SBC during the time period relevant to the Guidepost Report – January 1, 2000 to June 14, 2021 – establishes Plaintiff's status as a public figure.

Even if Plaintiff were not a public figure, neither Plaintiff's Response nor the Complaint itself establishes any support for the argument that the SBC had any knowledge that the alleged defamatory statements were false, or the existence of any reckless disregard for the truth of the statements, given the undisputed fact that Plaintiff's own rebuttal and version of the July 2010 Incident – despite the contravening evidence and Plaintiff's own subsequent contradictory admissions – were themselves contained in the Guidepost Report. Again, Plaintiff's Complaint fails to allege any actual facts that do not amount to legal conclusions sufficient to survive a motion to dismiss. *See Campbell v. Robinson*, 955 S.W.2d 609, 613 (Tenn. Ct. App. 1997) (dismissing defamation case for failure to state a claim where the "complaints fail to allege any facts which would tend to show that the publishers of the statements alleged to be false, had any knowledge of probable falsity").

### III. Conclusion.

Based upon the additional argument and authority cited above, the SBC requests that the Court dismiss Plaintiff's Complaint with prejudice.

DATED: June 23, 2023

                              Respectfully submitted,

                              **TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

                              By: */s/ Matthew C. Pietsch*
                                   L. Gino Marchetti, Jr., BPR No. 005562
                                   Matthew C. Pietsch, BPR No. 024659
                                   2908 Poston Avenue
                                   Nashville, TN 37203
                                   (615) 320-3225
                                   (615) 320-3244 Fax
                                   gmarchetti@tpmblaw.com
                                   matt@tpmblaw.com
                                   *Counsel for Defendant*
                                   *Southern Baptist Convention*

5

Case 3:23-cv-00243   Document 49   Filed 06/23/23   Page 5 of 6 PageID #: 588

**CERTIFICATE OF SERVICE**

   The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **June 23, 2023**:

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
Bradley Arant Boult Cummings, LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katherine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
600 Third Avenue, 25th Florr
New York, NY 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions, LLC*

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MacGill PC
156 E. Market Street, Suite 1200
Indianapolis, IN 46204
Robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
Patrick.sanders@macgilllaw.com

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
Cole Law Group, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Counsel for Plaintiff*

                          */s/ Matthew C. Pietsch*