# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br>            Plaintiff,<br>v.<br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>            Defendants. | Case No. 3:23-cv-00243<br><br>Judge Richardson<br>Magistrate Judge Frensley |

## JOINT DISCOVERY DISPUTE STATEMENT

Pursuant to Section G of the Case Management Order (Doc. No. 37) and Local Rules 7.01 and 37.01(b), Plaintiff, Johnny M. Hunt, and Defendant, Guidepost Solutions, LLC ("Guidepost"), submit this Joint Discovery Dispute Statement ("Statement") regarding Guidepost's production of documents pursuant to Plaintiff's First Request for Production to Defendant Guidepost Solutions LLC, which were served on June 1, 2023. The parties certify that counsel for Plaintiff and Guidepost conducted a meet and confer via Zoom regarding the subject of this Statement on September 14, 2023, at which time lead counsel for both Guidepost and Plaintiff were present. The parties discussed the status of Guidepost's efforts to produce documents. The parties have made a good faith effort to resolve the dispute between them, but they have not been able to reach an agreement.

By this request, Plaintiff asks the Court to set a firm date by which Guidepost's production of documents responsive to Plaintiffs' initial document requests will be substantially complete.

      **I.      Plaintiff's Position**

As set forth more fully below, Guidepost refuses to give a date certain by which it will substantially complete its production of documents in response to Plaintiff's outstanding discovery requests. The relevant timeline is as follows:

Plaintiff served his initial requests for production on Defendant Guidepost on June 1, 2023. (Ex. 1). Guidepost's responses to Plaintiff's First Request for Production were due on July 3, 2023. As of September 14, 2023, Guidepost had not produced a single document in response; nor has Guidepost been willing to commit to a firm date by which substantial completion of its production will be complete.

In the past 105 days, Plaintiff has made several attempts to retrieve responsive documents from Guidepost. On June 28, 2023, Guidepost requested a two-week extension for serving its written responses to Plaintiff's discovery request, to which Plaintiff consented. (Ex. 2). On July 17, 2023, 46 days after Plaintiff's initial request, Guidepost responded to each request stating it would search for and produce responsive documents and that these documents would be produced subject to a protective order. (Ex. 3). On July 18, 2023, Plaintiff served his Second Request for Production to Defendant Guidepost Solutions LLC. (Ex. 4). On July 24, 2023, Guidepost filed an Unopposed Motion for Protective Order and a Proposed Agreed Protective Order (Doc. Nos. 50, 51).

On July 28, 2023, Guidepost assured Plaintiff that it was collecting documents for an ESI vendor's review. (Ex. 5).[1] On August 8, 2023, Plaintiff requested a confirmation that the responsive documents would be provided by August 11, 2023. (Ex. 6). On August 11, 2023, Guidepost stated that it had "engaged an ESI vendor to assist in the identification and collection

---

[1] In this correspondence, Guidepost did not reference any other confidentiality or consent concerns related to producing the documents. In fact, before September 12, 2023, Guidepost did not refer to any confidentiality or consent concerns, aside from a general protective order.

of responsive documents to Plaintiff's requests," that "[a]fter those documents have been collected, they will, of course, need to be reviewed for responsiveness and privilege by counsel," and that Guidepost anticipated "that process to be completed around Labor Day, with production of responsive, non-privileged documents soon thereafter." (Ex. 7). On August 17, 2023, Guidepost reiterated that it anticipated "producing responsive, non-privileged documents the week of September 4th." (Ex. 8). On August 17, 2023, Guidepost also served its Responses and Objections of Defendant Guidepost Solutions LLC to Plaintiff Johnny M. Hunt's Second Request for Production and stated that "Guidepost will search for and produce responsive documents," without actually producing any documents. (Ex. 9). On the evening of August 17, 2023, counsel for Plaintiff and counsel for Guidepost had a telephone call to discuss the status of Guidepost's production of documents and whether Guidepost would commit to a firm date to substantially comply with its obligation to provide documents responsive to Plaintiff's outstanding document requests. Then, on August 18, 2023, Guidepost backtracked on its promise to provide document production the week of September 4, 2023, and instead stated that it anticipated it would "start producing documents by September 11," and that it hoped "to produce the interview notes and audio recordings before that date." (Ex. 10). Guidepost also stated, "Thereafter, we anticipate producing additional documents, including emails and text messages, on a rolling basis as those additional documents are reviewed." (Ex. 10).

    Nearly two weeks later, on August 30, 2023, Guidepost backtracked on its intention to produce the interview notes and audio recordings before the September 11 date, stating, "We are actively working . . . to obtain the interview notes and recordings in advance of September 11, but we do not have a date certain at this time." (Ex. 11). On September 7, 2023, Plaintiff requested an update as to the status of production and did not receive a response. Guidepost did not produce

3

any documents, interview notes, audio files or any other documents on September 11, 2023. (Ex. 12).

On September 12, 2023, counsel for Plaintiff and counsel for Guidepost had another phone call to discuss the status of Guidepost's overdue document production. During that call, Guidepost stated for the first time that it could not produce certain documents and audio files without obtaining consent from a third party (who is not a party to this litigation). Guidepost stated that it had requested that consent and was still waiting to hear back. Guidepost stated that, if it did not obtain consent, it would not be able to produce the documents. Plaintiff's counsel responded that any contractual obligations assumed by Guidepost did not excuse it from complying with its obligations to produce responsive documents under the Federal Rules of Civil Procedure. Following said phone call, counsel for Plaintiff emailed counsel for Guidepost memorializing the conversation and the issues that still needed to be resolved in relation to Guidepost's document production. (Ex. 13).

Following the phone call between counsel for Plaintiff and counsel for Guidepost on September 12, 2023, lead counsel for Plaintiff and Guidepost both scheduled a meet and confer regarding this discovery dispute to occur on September 14, 2023. During the meet and confer on September 14 between lead counsel, Guidepost stated that it was still attempting to obtain consent from the third party and that it expected to produce a small set of documents (approximately 79) for which it does not believe consent is necessary by Tuesday, September 18, 2023.

Plaintiff contends that the delay in Guidepost's document production is unreasonable, and Plaintiff fears that, without a firm deadline from the Court, production will continue to be delayed. Based on Guidepost's previous commitments and statements regarding its document production, Plaintiff also fears that, without the assistance of the Court, Guidepost's document production will

4

be substantially incomplete and delivered in a piecemeal fashion. Plaintiff also disagrees with Guidepost's contention that it is exempt from producing responsive documents that are subject to confidentiality agreements with third parties who are not named parties to this litigation. Moreover, Guidepost has known about any confidentiality obligations it has to the complainant or the SBC since June 1, 2023, when Plaintiff served his discovery requests, and it waited until just recently to obtain consent to produce the associated documents. This example further demonstrates Guidepost's lack of timeliness in complying with its discovery obligations.

Plaintiff therefore asks the Court to set a firm deadline of Friday, September 22, 2023, or such other time the Court deems reasonable for Guidepost to substantially complete its document production in relation to Plaintiff's First Request for Production and Plaintiff's Second Request for Production, which must include all nonprivileged responsive documents, regardless of any confidentiality commitments to third parties.

On September 14, 2023, counsel for Plaintiff called the Court's Courtroom Deputy to notify the Court of this discovery dispute and to request a telephonic discovery conference. Counsel for Plaintiff also called the Court's Courtroom Deputy on September 15, 2023, to notify the Court of this discovery dispute and request a discovery conference. Counsel for Plaintiff left two voicemails for the Court's Courtroom Deputy.

## II. Defendant Guidepost's Position

Guidepost believes that it is premature to involve the Court in this discovery matter because every effort has been made and is being made to provide the requested documents to Plaintiff's counsel as quickly as possible. Indeed, by the time that the Court even has an

5

Case 3:23-cv-00243   Document 56   Filed 09/15/23   Page 5 of 12 PageID #: 628

opportunity to hold a discovery conference call with counsel,[2] the production of documents will have begun, and this matter may well have become moot. However, because certain of the documents at issue concern unusually sensitive and private information of Mr. Hunt's alleged accuser (the "survivor") and her husband, Guidepost has been constrained to deal not only with the complexities of gathering, reviewing, and preparing documents for production but also a contractual and moral obligation not to harm the survivor any further than she has been in the process of the events leading up to the investigation and the publication of "Report of the Independent Investigation" that Guidepost submitted to the Southern Baptist Convention Sexual Abuse Task Force (the "Report").

Guidepost disputes Plaintiff's characterization of the process by which document discovery has proceeded in this action. To begin with, it bears recalling that, unlike Defendants Southern Baptist Convention ("SBC") and the Executive Committee ("EC"), Guidepost bore the lion's share of the burden in responding to Plaintiff's document requests because Guidepost (not the SBC) conducted the investigation into Hunt's conduct, interviewed the survivor, Hunt, and the relevant witnesses, and had the bulk of responsive documents.

---

[2] Based on its discussions in June with the Court's staff, Guidepost's counsel understands that the Court's protocol requires an informal call with the parties and the Court prior to the submission of a Joint Dispute Statement and the setting of a discovery conference. No informal call regarding this matter has been set, and on that basis alone, the submission of a Joint Dispute Statement, the scheduling of a discovery conference or the filing of any motion seeking an Order compelling production are all premature. *See* June 2023 emails between counsel regarding the scheduling of an informal conference related to Guidepost's requested stay of discovery while motions to dismiss are pending, attached collectively as Exhibit A.

6

Many of the critical documents used in the preparation of the Report had to be identified, tracked down, collected, and uploaded to a third party vendor's database in response to Plaintiff's document requests. It was necessary to engage in the time-consuming process of collecting documents from various custodians by means of *manual* searches conducted during the months of July to early September (as opposed to a wholesale uploading of all of Guidepost's ESI relating to the Report, which would have resulted in a vastly overinclusive universe of documents). As Guidepost further explained during the meet and confer call, Guidepost is a company engaged in numerous investigations throughout the country (including the many interviews it conducted in connection with the Report). Its primary function is to run highly sensitive, and often confidential, investigations. As a consequence, Guidepost could not simply provide its full database of documents on a wholesale basis to the third-party vendor.

In addition, as Hunt's counsel states, above, Guidepost did request, and on July 28, 2023, the Court "so ordered" a stipulated protective order in the action. *However*, the instant case presents an additional complication because, pursuant to the Engagement Letter between Guidepost and the SBC governing Guidepost's conduct of the investigation and its preparation of the Report, the release of "information that has been or will be communicated or provided to Guidepost relating to any survivor or witness identity" requires either: (1) survivor approval or (2) a court order. (While Hunt's counsel states that they "disagree" that such an obligation exists, Guidepost respectfully refers the Court to section 4.3 of the Engagement Letter, a copy of which is attached as Exhibit B to this

7

Statement.) During the September 14, 2023, "meet and confer" process required by Local Rule 37.01 and the Court's Case Management Order (Doc. 37, Section G), Guidepost explained that it had been working with counsel for the survivor and her husband in an effort to obtain their agreement to clear those documents for production without the need for a court order. Guidepost is hopeful that approval will be forthcoming shortly.

In the meantime, Guidepost has segregated the interview notes that it identified in its Rule 26 initial disclosures, as well as drafts of the Hunt-specific portions of the Report and other documents for production to Hunt's counsel. Contrary to the account of Hunt's counsel, Guidepost had fully expected to produce such documents on or before September 11, 2023, but the process of connecting with the survivor's counsel was delayed, in part due to the hurricane that had impacted Florida. We have provided a confidentiality undertaking to the survivor's counsel, which he has signed, allowing the survivor and her husband to review the relevant documents and advise Guidepost regarding their position concerning their production in discovery.

As we explained to Hunt's counsel during the meet and confer process, as of September 14, 2023:

- As of September 14, 2023, Guidepost had provided 903 documents for review by the undersigned counsel;
- Over 750 of those documents have been reviewed;
- 218 documents are responsive to Hunt's Requests;
- Of those 218 responsive documents, approximately 139 potentially implicate the survivor's privacy concerns implicated by Guidepost's obligations under the Engagement Letter;

- A remaining subset of approximately 79 documents are expected to be available as a first tranche production produced by Tuesday of next week (assuming that the third party vendor processes them within the normal course).[3]
- Additional remaining documents are currently being gathered from Guidepost, which counsel will sort and review.

Accordingly, considering the sensitivities of a forced disclosure of information received from a sexual abuse survivor without the survivor's ability to assert her privacy interests in the first instance, and because Guidepost has otherwise been endeavoring to work with Hunt's counsel to provide the requested documents to the extent that it can, Guidepost respectfully submits that it is premature to entertain motion practice of any kind (whether by way of a motion to compel or for a protective order). To that end, Guidepost would ask that the Court direct the parties to report back in two weeks to allow the survivor and her counsel time to review the private and confidential information at issue and inform Guidepost whether they will consent to production and under what terms. Only then will the parties know, with any clarity, next steps. Should the survivor refuse to provide consent, then the parties will need to address the production of the confidential information with the Court and provide adequate notice to the survivor so that the survivor can be heard by the Court on the issue. No deadlines will be impacted by this delay; fact discovery does not close until February 2024. Further, in the interim, Guidepost continues to prepare responsive documents not implicating the survivor's privacy concerns, and documents will be produced within the intervening two weeks.

---

[3] As of this writing, Guidepost is producing today – September 15, 2023 - these documents, which are in excess of 3,900 pages.

<u>Dated:</u>     September 15, 2023

    Respectfully submitted,

    <u>s/Andrew Goldstein</u>
    Todd G. Cole, Esq. (BPR # 031078)
    Andrew Goldstein, Esq. (BPR # 037042)
    COLE LAW GROUP, P.C.
    1648 Westgate Circle, Suite 301
    Brentwood, TN 37027
    Telephone: (615) 326-9059
    tcole@colelawgrouppc.com
    agoldstein@colelawgrouppc.com

    -and-

    Robert D. MacGill, Esq. (admitted pro hac vice)
    Scott E. Murray, Esq. (admitted pro hac vice)
    Patrick J. Sanders, Esq. (admitted pro hac vice)
    MACGILL PC
    156 E. Market St.
    Suite 1200
    Indianapolis, IN 46204
    Telephone: (317) 721-1253
    robert.macgill@macgilllaw.com
    scott.murray@macgilllaw.com
    patrick.sanders@macgilllaw.com

    *Counsel for Plaintiff*


    <u>s/ Katharine R. Klein</u>
    John R. Jacobson, BPR #14365
    Katharine R. Klein, BPR #19336
    Riley & Jacobson, PLC
    1906 West End Avenue
    Nashville, TN 37203
    (615) 320-3700
    (615) 320-3737 *Facsimile*
    jjacobson@rjfirm.com
    kklein@rjfirm.com


    -and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Defendant*
*Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Joint Discovery Dispute Statement to be electronically filed with the Clerk of the Court on September 15, 2023, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

E. Todd Presnell, Esq.
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

    s/Andrew Goldstein
    Andrew Goldstein

12

Case 3:23-cv-00243   Document 56   Filed 09/15/23   Page 12 of 12 PageID #: 635