UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

------------------------------------------------------------------------X

JOHNNY M. HUNT,

       Plaintiff,

    -against-           Case No. 3:23-cv-00243

SOUTHERN BAPTIST CONVENTION,
GUIDEPOST SOLUTIONS LLC, and
EXECUTIVE COMMITTEE OF THE SOUTHERN
BAPTIST CONVENTION,

       Defendants.

------------------------------------------------------------------------X

**RESPONSES AND OBJECTIONS OF DEFENDANT GUIDEPOST SOLUTIONS LLC
TO PLAINTIFF JOHNNY M. HUNT'S FIRST REQUEST FOR PRODUCTION**

   Defendant Guidepost Solutions LLC ("Guidepost"), by and through its attorneys, Riley &

Jacobson, PLC and Mintz & Gold LLP, hereby responds to Plaintiff Johnny M. Hunt's First

Request for Production as follows:

## GENERAL OBJECTIONS

   Guidepost makes the following general objections to the requests set forth in Plaintiff

Johnny M. Hunt's First Request for Production (the "Requests").  Because these general

objections apply to each of the Requests, they are set forth immediately below and are not

repeated, for convenience, but are incorporated by reference.  The assertion of the same, similar,

or additional objections in response to specific Requests does not waive any of Guidepost's

general objections as set forth below:

   1.  Guidepost objects to each Request to the extent that it seeks information protected

by the attorney-client or other privileges, or which otherwise constitutes attorney or party work

product or material prepared in anticipation of litigation.

2.      Guidepost objects to each Request to the extent that it is burdensome or seeks to impose obligations on Guidepost that are greater than the obligations imposed by the Federal Rules of Civil Procedure.

3.      Guidepost objects to each Request to the extent that it seeks to impose obligations on Guidepost that are excessively costly and time-consuming and that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

4.      Guidepost objects to each Request to the extent that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity.

5.      Guidepost objects to each Request to the extent that it seeks information unrelated to the claims asserted in the above-captioned action or on the ground that such information is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Guidepost objects to each Request to the extent that it seeks Guidepost's confidential or proprietary business information.

7.      Guidepost objects to each Request to the extent that it seeks information from beyond the time period relevant to the subject matter of this litigation, and thus seeks information that is neither relevant to the subject matter of the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Guidepost objects to each Request to the extent that it fails to specify the relevant time period.

9.      Guidepost objects to each Request to the extent that it seeks information that is in the possession, custody, or control of another entity or individual, that is a matter of public record, or that is otherwise as easily obtained by Plaintiff through other means of discovery that are more convenient, more efficient, more practical, or less burdensome.

10.     Guidepost objects to each Request to the extent that it seeks information outside of Guidepost's possession, custody, or control.

11.     Guidepost makes its response to these Requests based on its present knowledge and without prejudice to its right to produce or to object to evidence of any kind and to amend or supplement its response as necessary at a later date.

## RESPONSES

**REQUEST NO. 1.**     All documents referenced in your responses to interrogatories, initial disclosures, exhibit lists, or responses to requests for admission in this matter.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 2.**     All documents relating to Johnny Hunt.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive documents, subject to a protective order pursuant to

3

Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 3.**    All documents relating to the Complainant.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 4.**    All drafts of the Report, including redline versions, versions with comments, and track change versions.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Guidepost further objects to this Request to the extent that it calls for the production of documents that are irrelevant to Plaintiff's claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. Drafts of the Report containing changes solely to portions unrelated to Plaintiff's claims are irrelevant to Plaintiff's claims. The burden of producing all such drafts, regardless of whether they reflect revisions pertinent to Plaintiff, outweighs the benefit of their production. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce responsive documents, insofar as any such redline or track change versions contain revisions relating to Plaintiff.

4

> **REQUEST NO. 5.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to publication of the Report.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are irrelevant to Plaintiff's claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested communications and documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents outweighs the benefit of their production. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive documents to the extent they relate to Plaintiff.

> **REQUEST NO. 6.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to Johnny Hunt.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are protected by a common interest or joint defense privilege or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

> **REQUEST NO. 7.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the

5

Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to the Complainant.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 8.**    All recordings of Johnny Hunt.

**Response:** None

**REQUEST NO. 9.**    All recordings of the Complainant.

**Response:** None

**REQUEST NO. 10.**   All recordings of the Complainant's husband.

**Response:** None

**REQUEST NO. 11.**   All recordings of Roy Blankenship.

**Response:** None

**REQUEST NO. 12.**   All recordings of any interview or conversation relating to Johnny Hunt.

**Response:** None

**REQUEST NO. 13.**   All recordings of any interview or conversation relating to the Complainant.

**Response:** None

**REQUEST NO. 14.** All transcripts, notes or other documents relating to any interview or conversation relating to Johnny Hunt.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 15.** All transcripts, notes or other documents relating to any interview or conversation relating to the Complainant.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 16.** All transcripts, notes or other documents relating to any interview or conversation relating to the Complainant's husband.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 17.** All transcripts, notes or other documents relating to any interview or conversation relating to Roy Blankenship.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 18.** All transcripts, notes or other documents relating to any interview or conversation relating to Complainant's allegations against Johnny Hunt.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

7

**REQUEST NO. 19.** All insurance policies that Guidepost contends might cover any liability, cost or expense associated with this litigation.

**Response:** Guidepost will search for and produce responsive documents.

**REQUEST NO. 20.** All documents and communications relating to the decision to include the Complainant's allegations against Johnny Hunt in the Report.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 21.** All communications with the Complainant.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 22.** All documents relating to any communications with the Complainant.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 23.** All communications with the Complainant's husband.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 24.** All documents relating to any communications with the Complainant's husband.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 25.** All communications with any individual who Guidepost alleges corroborated the Complainant or her husband.

**Response:** Guidepost objects to this Request on the ground that it is vague, ambiguous, and does not specify the information sought with sufficient particularity. The Request fails to define or specify what it would mean for a communication to "corroborate[] the Complainant or her husband."

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 26.** All documents relating to any communications with any individual who Guidepost alleges corroborated the Complainant or her husband.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 27.** All communications with Roy Blankenship.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

9

**REQUEST NO. 28.** All documents relating to any communications with Roy Blankenship.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 29.** All documents provided by Complainant to Guidepost.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 30.** All documents provided by Complainant's husband to Guidepost.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 31.** All documents provided by Roy Blankenship to Guidepost.

**Response:** No responsive documents exist.

**REQUEST NO. 32.** All documents relating to payment for work on the Report.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are irrelevant to Plaintiff's claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents outweighs the benefit of their production. Guidepost is withholding documents on the basis of this objection.

**REQUEST NO. 33.** All documents relating to Guidepost's investigation of Complainant's allegations against Johnny Hunt.

**Response:** Guidepost will search for and produce responsive documents, subject to a protective order pursuant to Fed.R.Civ.P. 26(c), because responsive documents were obtained subject to an understanding of confidentiality.

**REQUEST NO. 34.** All documents relating to dissemination of the Report to any third party, including dissemination by email, hyperlink, or other electronic means.

**Response:** Guidepost objects to this Request to the extent that it calls for the production of documents that are irrelevant to Plaintiff's claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents outweighs the benefit of their production.

Guidepost further objects to this Request on the ground that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity. The Request does not define or limit the term "dissemination."

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce a copy of the Report that it submitted to the SBC Task Force.

Respectfully submitted,

s/ John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*

11

jjacobson@rjfirm.com
kklein@rjfirm.com

 -and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Attorneys for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic mail on the following:

Todd G. Cole
Andrew Goldstein.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill
Scott E. Murray
Patrick J. Sanders
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes
R. Brandon Bundren
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr.
Matt C. Pietsch
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Gene Ross Besen
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9758
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 17th day of July, 2023.

s/John R. Jacobson

13