| From: | Scott Murray |
|---|---|
| To: | Kathy Klein; John Jacobson; Steve Mintz; Robert MacGill; Patrick Sanders; Todd Cole; Andy Goldstein |
| Subject: | Hunt v. Guidepost - meet and confer status |
| Date: | Tuesday, September 12, 2023 5:12:49 PM |

Kathy -

Thank you for the call. Here is my understanding of our conversation - if I misunderstood anything, please let me know:

1. You stated that Guidepost has an obligation under its engagement agreement to obtain consent from the complainant and her husband before releasing certain documents, including interview notes and the recordings. Guidepost has requested that consent, but it has not heard back yet. Unless consent is obtained, Guidepost does not intend to produce the documents unless we obtain a court order.

As I stated, we disagree with Guidepost's position. Guidepost is under a legal obligation to comply with Rule 34. If Guidepost needs to obtain a protective order or some other relief to comply with both its discovery obligations and any contractual obligations, that is Guidepost's burden, not ours'. We expect Guidepost to produce responsive documents. If we are forced to file a motion to compel, we will seek fees for having to do so.

2. You stated that you have approximately 54 documents that you think you can produce by next Monday. You also expect to receive additional documents from your client, but you do not know the timeline.

As I stated, that is a paltry number of documents given the length of time since we served the requests for production (103 days ago). Guidepost does not appear to be acting with any sense of urgency, and perhaps it needs a Court order to provide appropriate motivation.

3. You committed to getting dates/times from Steve Mintz, Guidepost's lead counsel, for a meet and confer so that we can escalate the matter to the Court.

Thanks.

Scott

**Scott E. Murray**
MacGill P.C.
Inland Building - 12th Floor
156 E. Market St.
Indianapolis, IN 46204

Direct: 317.961.5408
Mobile: 317.361.2151

*NOTICE: This email and any attachments are for the exclusive, confidential use of the intended recipient. We do not waive attorney client or work product privilege by the transmission of this message. If you are not the intended recipient, please: notify us immediately, delete this message, and refrain from taking any action in reliance on this message.*