IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Richardson |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Johnny M. Hunt, by and through the undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Compel Defendant Guidepost Solutions LLC ("Guidepost") to produce all non-privileged documents responsive to Plaintiff's First Request for Production of Documents to Defendant Guidepost Solutions LLC ("First RFP") and Plaintiff's Second Request for Production to Defendant Guidepost Solutions LLC ("Second RFP") by a date certain. For the reasons stated below, this Court should grant Plaintiff's Motion. More than 125 days after Plaintiff served his discovery requests, Guidepost has made one small production of documents and is admittedly withholding the bulk of the responsive documents in its possession, custody or control without any legal basis. Moreover, Guidepost refuses to provide a date certain by which it will produce the remaining non-privileged responsive documents and has not asserted valid objections excusing its failure to produce the documents in its possession responsive to Plaintiff's requests for production to date.

1

As required by Local Rule 7.01, counsel for Plaintiff hereby certifies that they have conferred in good faith with counsel for Guidepost regarding the nature of this Motion, the issues raised in this Motion, and the relief requested in this Motion. After meeting and conferring with counsel for Guidepost multiple times, Plaintiff has been unable to resolve this discovery dispute and obtain either all responsive documents from Guidepost or a date certain by which Guidepost's document production will be substantially complete. Plaintiff now respectfully seeks this Court's consideration of this Motion to help expedite discovery in this case.

In support of this Motion, Plaintiff hereby adopts by reference the Joint Discovery Dispute Statement filed by Plaintiff and Guidepost on September 15, 2023, together with all exhibits attached thereto. (Doc. No. 56). In addition to the procedural history and arguments set out in the Joint Discovery Dispute Statement, Plaintiff sets out additional, subsequent procedural history and arguments in support of this Motion herein.

## **INTRODUCTION**

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Plaintiff moves to compel Defendant Guidepost to produce documents responsive to Plaintiff's First RFP served on June 1, 2023, and Plaintiff's Second RFP served on July 18, 2023 (collectively the "Document Requests").

After multiple phone calls and other communications between counsel regarding Guidepost's failure to produce any documents responsive to the Document Requests, on September 12, 2023, Guidepost stated for the first time that it would not produce certain documents and audio files without obtaining consent from a third party (who is not a party to this litigation). Guidepost stated that it had requested that consent and was still waiting to hear back. However, at no time did Guidepost actually raise any proper objection related to a lack of

2

Case 3:23-cv-00243    Document 58    Filed 10/06/23    Page 2 of 11 PageID #: 731

consent from a third party in its Responses and Objections to Plaintiff's First RFP, (Doc. No. 56-3), or in its Responses and Objections to Plaintiff's Second RFP. (Doc. No. 56-9). Additionally, Guidepost has known about any confidentiality obligations it has to the complainant or the SBC since June 1, 2023, when Plaintiff served his first set of discovery requests to Guidepost, and Guidepost waited until just recently to attempt to obtain consent to produce the associated documents. Plaintiff contends this example further demonstrates Guidepost's lack of timeliness in complying with its discovery obligations. Guidepost's failure to comply with its obligations under the Federal Rules of Civil Procedure in relation to the Document Requests is preventing this litigation from advancing, and Plaintiff respectfully submits that this Court's intervention is necessary to compel Guidepost to comply with its obligations to participate in discovery in this case.

## BACKGROUND

Plaintiff sued Guidepost on March 17, 2023, asserting claims of defamation, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and public disclosure of embarrassing private facts. On May 24, 2023, this Court entered an Initial Case Management Order in this case, ordering, *inter alia*, that "The parties shall complete all written discovery and depose all fact witnesses on or before **February 2, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **December 1, 2023**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court."

Shortly before the filing of the Joint Discovery Dispute Statement on September 15, 2023, Guidepost produced one partial production of documents, Bates numbered GP_000001 – GP_003989. Much of this initial document production consisted of multiple copies of the same

Report, each of which is 300+ pages in length. But Guidepost continues to withhold the key documents provided to Guidepost by the complainant and her husband; notes from their interviews; emails relating to the complaint and her interviews; and the audiotapes that Guidepost committed to producing months ago. Moreover, when asked multiple times to provide a date certain for substantial completion of its production, Guidepost provided only vague promises of imminent productions, which never materialized.

On September 18, 2023, counsel for Plaintiff emailed bench copies of the Joint Discovery Dispute Statement filed on September 15, 2023, together with copies of all exhibits attached thereto, to the Magistrate Judge's chambers. (Ex. 1). Counsel for Plaintiff also requested a telephonic discovery conference be scheduled at that time to attempt to resolve this discovery dispute. (Ex. 1). Although no discovery conference has yet occurred or been scheduled by the Court regarding this discovery dispute, Plaintiff respectfully submits the instant motion in the interests of expediting this litigation and preserving the integrity of the schedule ordered in this case by the Initial Case Management Order entered on May 24, 2023 (Doc. No. 37).

On September 19, 2023, counsel for Plaintiff emailed counsel for Guidepost to inquire as to when the next stage of Guidepost's production of documents would occur. In response, on September 20, 2023, counsel for Guidepost stated, "We anticipate producing the second tranche of responsive, non-privileged documents next week." (Ex. 2). To date, no such additional production has occurred.

In the Joint Discovery Dispute Statement filed on September 15, 2023, Guidepost stated in relevant part:

> Accordingly, considering the sensitivities of a forced disclosure of information received from a sexual abuse survivor without the survivor's ability to assert her privacy interests in the first instance, and because Guidepost has otherwise been endeavoring to work with Hunt's counsel to provide the requested documents to

the extent it can, Guidepost respectfully submits that it is premature to entertain motion practice of any kind (whether by way of a motion to compel or for a protective order). To that end, **Guidepost would ask that the Court direct the parties to report back in two weeks** to allow the survivor and her counsel time to review the private and confidential information at issue and inform Guidepost whether they will consent to production and under what terms. Only then will the parties know, with any clarity, next steps. Should the survivor refuse to provide consent, then the parties will need to address the production of the confidential information with the Court and provide adequate notice to the survivor so that the survivor can be heard by the Court on the issue. No deadlines will be impacted by this delay; fact discovery does not close until February 2024. Further, in the interim, Guidepost continues to prepare responsive documents not implicating the survivor's privacy concerns, and **documents will be produced within the intervening two weeks.**

(Doc. No. 56, p. 9) (emphasis added).

Despite Guidepost's representation on September 15, 2023, that "documents will be produced within the intervening two weeks," apart from its incomplete, partial production of documents that occurred shortly before the filing of the Joint Discovery Dispute Statement on September 15, 2023, no additional documents have been produced by Guidepost as of the filing of the instant motion. Given the pattern of repeated, consistent delays on the part of Guidepost to produce documents in response to the Document Requests, Plaintiff respectfully requests this Honorable Court's assistance in compelling Guidepost's full and complete responses to the Document Requests by a date certain without further delay.

## LEGAL STANDARD

"[T]he scope of discovery is within the sound discretion of the trial court[.]" S.S. v. E. Ky. Univ., 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable

than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" Grae v. Corr. Corp. of Am., 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

>Rule 26(b)(1) of the Federal Rules of Civil Procedure states:
>
>Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. See Gruenbaum v. Werner Enters., Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010); see also Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

If a motion to compel under Rule 37 is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court will not order this payment if the responsible party's nondisclosure was

substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

**ARGUMENT**

A. **PLAINTIFF IS ENTITLED TO DOCUMENTS IN GUIDEPOST'S CUSTODY AND CONTROL WHICH ARE RESPONSIVE TO PLAINTIFF'S REQUESTS FOR PRODUCTION BECAUSE THEY ARE RELEVANT AND PROPORTIONAL TO THE NEEDS OF THE CASE, AND COURT INTERVENTION IS NECESSARY TO END GUIDEPOST'S CONTINUED OBSTRUCTION OF PLAINTIFF'S DISCOVERY EFFORTS.**

At the outset, it should be noted that, out of the 34 total requests for production of documents in the First RFP, Guidepost has only objected on relevance grounds to Request Nos. 4, 5, 32 and 34. As for the Second RFP – which contained only one request for production requesting "[a]ll audio recordings referenced in the letter sent by [counsel for Guidepost] on behalf of Guidepost to [counsel for Plaintiff] dated March 13, 2023" – Guidepost did not have any specific objections to the request for production, on relevance grounds or otherwise. Plaintiff respectfully submits that the documents requested in the First RFP and the Second RFP are clearly relevant and proportional to the needs of this case, and Guidepost has not objected to the vast majority of Plaintiff's requests for production on relevance, undue burden, or other grounds. (Doc. No. 56-3, 56-9).

Here, although Guidepost has made an incomplete, partial production of documents on September 15, 2023, Guidepost openly concedes that substantially more responsive documents are within its custody and control, and Guidepost is simply refusing to provide said documents or commit to a date certain to producing them. Indeed, in the Joint Discovery Dispute Statement, Guidepost represented that "documents will be produced within the intervening two weeks," and this never occurred. Moreover, in an email on September 20, 2023, counsel for Guidepost stated, "We anticipate producing the second tranche of responsive, non-privileged documents next

week." Again, and as of the filing of this Motion, no additional production of documents has occurred. Based on these representations, as well as the repeated delays outlined in greater detail in the Joint Discovery Dispute Statement filed on September 15, 2023, (Doc. No. 56), Plaintiff is concerned that Guidepost is not taking its obligations to participate in discovery or comply with the Federal Rules of Civil Procedure seriously. Additionally, Guidepost's failure to comply with its discovery obligations in this case is preventing this litigation from advancing, including, but not limited to, preventing the scheduling of depositions of relevant fact witnesses. Plaintiff's case is prejudiced by this ongoing and unjustified delay on the part of Guidepost.

Therefore, Plaintiff respectfully requests that this Court enter an Order requiring Guidepost to provide its full and complete responses to the Document Requests by a date certain.

**B. THIS COURT SHOULD AWARD PLAINTIFF HIS REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED IN MAKING THIS MOTION.**

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, in the event this Motion is granted – or if the requested documents are provided by Guidepost after the filing of this Motion – this Court should also award Plaintiff his reasonable expenses, including attorney's fees, incurred in making this Motion. As set forth in the Joint Discovery Dispute Statement and the additional procedural history herein, Guidepost has repeatedly backtracked on its promises to produce documents responsive to the Document Requests. Guidepost's responses to the First RFP were due on July 3, 2023. As of the filing of this Motion – more than 90 days after the deadline – Guidepost has substantially failed to comply with its obligations to respond to the Document Requests. Additionally, and importantly, as of the filing of this Motion, Guidepost has refused to provide a date certain as to when it will substantially comply to the Document Requests, and the progression of this litigation has effectively stalled because of Guidepost's unilateral and unjustified refusal to comply with its obligations under the Federal Rules of Civil

Procedure. This Court should grant the instant Motion and award Plaintiff his reasonable expenses, including attorney's fees, for these reasons.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully asks the Court to compel Guidepost to produce all non-privileged documents responsive to Plaintiff's First Request for Production of Documents to Defendant Guidepost Solutions LLC served on June 1, 2023, and Plaintiff's Second Request for Production of Documents to Defendant Guidepost Solutions LLC served on July 18, 2023, by a date certain. Furthermore, Plaintiff respectfully asks the Court to award him his reasonable expenses, including attorney's fees, incurred in making this Motion.

[SIGNATURE BLOCKS AND CERTIFICATE OF SERVICE TO FOLLOW]

Dated: October 6, 2023     Respectfully submitted,

<u>s/ Andrew Goldstein</u>
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com


*-and-*


**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com


*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Compel on October 6, 2023, using the CM/ECF system, which will automatically serve all counsel of record listed below:

E. Todd Presnell, Esq.
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
gmarchetti@tpmblaw.com

*Counsel for the Southern Baptist Convention*

 

    s/ Andrew Goldstein
    ANDREW GOLDSTEIN