IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

# MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rules 5.03 and 7.01 of the Local Rules of Court and the Protective Order previously entered in this action (ECF Doc. No. 52), Defendant Guidepost Solutions LLC ("Guidepost") respectfully requests that the Court grant leave to file under seal its Memorandum of Law in Support of Motion by Defendant Guidepost Solutions LLC for a Protective Order and In Camera Review (the "Memorandum"), along with the accompanying Declaration of Steven G. Mintz (the "Declaration"). These two documents discuss private and potentially embarrassing information about an alleged survivor of sexual abuse and her husband that is contained in certain underlying documents that are the subject of a motion to compel discovery filed by Plaintiff Johnny M. Hunt ("Hunt") and Guidepost's cross-motion for a protective order. Guidepost is concurrently filing versions of the Memorandum and Response with this confidential material redacted.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." United States v. Beckham, 789 F.2d 401, 419 (6th Cir. 1986) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." Id. at 593. Cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 308 (6th Cir. 2016) (identities of minor victim of sexual assault included among categories of information that overcome the presumption of access) (citation omitted)).

As more fully discussed in the Memorandum and the Declaration, this action arises out of an allegation of sexual abuse on the part of Plaintiff Hunt, who was previously the President of the SBC. The limited information that Guidepost seeks to file under seal describes the contents of sensitive and highly private documents that Guidepost obtained from the alleged victim and her husband, the disclosure of which is restricted by the engagement letter entered into by and among Guidepost, the SBC Task Force of the Southern Baptist Convention, and the SBC's

Executive Committee (the "Engagement Letter").[1] The underlying documents described in the Memorandum and the Declaration consist of:

1. Audio recordings that the husband of the alleged sexual abuse survivor made of his counseling sessions with his wife and a purported marriage counselor;

2. The husband's private journal;

3. A summary document that contained information provided by the alleged survivor and her husband to Guidepost's investigators;

4. Text messages exchanged between the alleged sexual abuse survivor and a Guidepost investigator who interviewed her for the report prepared by Guidepost;

5. Guidepost's notes of its interview with the alleged survivor and her husband; and

6. Blackline drafts of Guidepost's interview notes.

Under the Engagement Letter, Guidepost may not disclose the underlying documents without approval from the alleged sexual abuse survivor from whom it obtained the documents (or a final court order). The redacted portions of the Memorandum and the Declaration (which mirror each other and involve the same documents described above) discuss private and potentially embarrassing information about the alleged survivor and her husband derived from those documents. That information is itself the proper subject of a confidentiality designation by Guidepost pursuant to the existing Protective Order (ECF Doc. No. 52 at ¶ 8), which was previously consented to by the parties, so-ordered, and entered by the Court.

Guidepost appreciates that there is a "'strong presumption in favor of openness' regarding court records." Rudd Equip., 834 F.3d at 593 (citation omitted). Here, Guidepost's requested seal is "narrowly tailored" to keep only confidential information under seal while allowing the public to view all the non-confidential information in the concurrently filed redacted versions. See id.

---

[1] Guidepost, the SBC, and the Executive Committee are Defendants in this action.

3

## **CONCLUSION**

For the reasons set forth above, Guidepost respectfully requests that the Court grant this motion and direct the clerk to seal the Memorandum and Declaration.

Dated: October 20, 2023

Respectfully submitted,

By: /s/ John R. Jacobson

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 20th day of October, 2023.

                                          By:  /s/ John R. Jacobson