**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>     Plaintiff,<br><br> v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>     Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley<br><br><br>**DECLARATION OF<br>STEVEN G. MINTZ** |

  **STEVEN G. MINTZ, ESQ.,** declares under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

  I, Steven G. Mintz, submit this Declaration in support of the motion by Defendant Guidepost Solutions LLC ("Guidepost") for a protective order and in opposition to the motion of Plaintiff Johnny M. Hunt ("Hunt") to compel discovery and hereby state, aver, and declare the following:

  1.  I am lead counsel for Guidepost in this action, which concerns claims arising out of the Report of the Independent Investigation (the "Report") prepared by Guidepost and subsequently published by the Southern Baptist Convention ("SBC") on May 22, 2022.

  2.  Guidepost undertook the investigation pursuant to an engagement letter executed by Guidepost, Dr. Bruce Frank, as chair of the SBC Task Force, and Dr. Rolland Slade on behalf of the SBC's Executive Committee (the "Engagement Letter"). A copy of the Engagement Letter was attached by Plaintiff Hunt as Exhibit 1 to his Complaint in this action. (ECF Doc. No. 1-1.)

3.      Paragraph 4.3 of the Engagement Letter requires, in relevant part, that:

Guidepost will treat and maintain as confidential and private all information that has been or will be communicated or provided to Guidepost relating to any survivor or witness identity ***and will not reveal or utilize it in any way except with appropriate survivor approval***; provided, however, that, subject to the provisions of Article 7 of this Agreement, Guidepost may reveal such information pursuant to a lawful, final judicial or administrative order (emphasis added).

4.      The instant action concerns Hunt's claims of libel and other torts arising out of the publication of the Report, which concerns accusations of sexual abuse by Hunt against the wife of another SBC pastor (referred to in the Report as the "survivor").

5.      As recited in the Joint Discovery Dispute Statement previously filed by Hunt's counsel in connection with his motion to compel discovery, Hunt served document requests on Guidepost on June 1, 2023, and July 18, 2023. While Guidepost has produced a number of documents in response to Hunt's requests, in the course of collecting and then reviewing the larger universe of documents for production, Guidepost's counsel learned that a number of categories of documents potentially implicated Guidepost's obligations under the Engagement Letter and otherwise discussed highly private marital matters. Specifically, they include:

      i.      Audio recordings that the survivor's husband made of his counseling sessions with his wife and the purported marriage counselor referred to in the Guidepost Report, Roy Blankenship, following Hunt's alleged assault of the survivor;

      ii.     The husband's private journal;

     iii.    A summary document that contained information provided by the survivor and her husband to the Guidepost investigators;

     iv.    Text messages exchanged between the survivor and a Guidepost investigator who interviewed her for the Report;

      v.     Guidepost's notes of its interview with the survivor and her husband; and

     vi.    Blackline drafts of Guidepost's interview notes.

6.      Guidepost's counsel, Mintz & Gold LLP, reviewed those documents in the course of attempting to comply with Hunt's discovery requests.

7.      Based upon a review of the private journal that the husband provided to Guidepost, it appears that the survivor and her husband continued to meet with Blankenship from August through at least November 2010 for what purported to be marriage counseling.[1]  Based upon a review of the audio recordings that the husband provided to Guidepost, as part of that exercise, Blankenship discussed with the couple strains in their marriage, covering issues such as anxiety, communication, and intimacy issues. The survivor's husband recorded several of those sessions and also kept a private journal describing and reflecting upon his and the survivor's meetings with Blankenship. We understand that this journal was prepared at the direction of Blankenship, and only to focus upon marital issues, not to address Hunt's alleged grooming and assault upon the survivor—which the Report states Hunt and Blankenship had commanded the couple never to discuss.

8.      Our review of the recordings suggests that Hunt was not present during any of the recorded counseling sessions and neither his name nor any reference to the assault is mentioned in the recordings. The journal has a handful of stray references to Hunt, mentioned in the context of the husband's personal anxieties concerning his marriage, but those isolated references to Hunt do not concern the circumstances of the grooming or the assault.

9.      In addition to discussion of marital matters, the audio recordings, the private journal maintained by the survivor's husband, and the summary document in particular contain other private matters, including occasional personal and religious musings of the husband. One

---

[1]      The Report states that Blankenship was not a licensed marriage counselor in the State of Georgia. (ECF Doc. No. 1-2 at p. 154.)

of the recordings, moreover, contains a reference to medication taken by a party to the conversation.

10.     When reviewing the aforementioned documents, it became evident that Guidepost would be required to approach the survivor for consent to produce the above-described documents. I spoke to counsel for the survivor and her husband, Basyle Tchividjian, Esq., and provided full and complete disclosure to him of the contents of what Guidepost had in its possession in an effort to obtain his clients' consent to produce the documents.

11.     At the same time, Hunt's counsel was pressing Guidepost to produce the sensitive documents described above, particularly the audio recordings.

12.     However, on October 11, 2023, Mr. Tchividjian advised the undersigned that his clients adamantly refused to permit production of the documents under any condition.

13.     Accordingly, based upon the Engagement Letter and the need to respect the survivor's and her husband's deeply personal marital communications, Guidepost has been placed in the position where it has no choice but to request the Court's intervention.

14.     I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2023, at New York, New York.

_____
Steven G. Mintz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 20th day of October, 2023.

By:   /s/ John R. Jacobson
_____