IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF RESPONSE TO
MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Johnny M. Hunt opposes the attempt by Defendant Guidepost Solutions LLC ("Guidepost") to hide its damaging admissions from the public. None of the information Guidepost seeks to maintain under seal is confidential. For the reasons set forth herein, the Court should deny the Motion for Leave to File Under Seal filed by Guidepost (ECF Doc. No. 64) in its entirety.

The information at issue falls into two broad categories. First, Guidepost has redacted from its filings general statements about the married couple who falsely accused Hunt of having committed an assault – a couple who has not been publicly identified to date and who therefore cannot even be tied to these general statements. Second, Guidepost has redacted information relating to Hunt that directly conflicts with the allegations made against him by Guidepost, which is likely the true reason Guidepost seeks to prevent the public from seeing them. In particular, Guidepost has redacted from its public filing the fact that the contemporaneous audio

1

recordings and written journal entries provided by the couple to Guidepost and referenced in Guidepost's Report **do not mention** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, Guidepost admits in its redacted filings that ▮▮▮ name is not mentioned at all in the audio recordings and the ▮▮▮▮▮▮▮▮ to ▮▮ in the husband's journal do not reference ▮▮▮▮▮▮▮▮▮▮▮▮.

These admissions are incredible. The absence of ▮▮▮▮ ▮▮▮ in the contemporaneous audio recordings and the absence of any reference to ▮▮▮▮▮▮▮▮▮▮ in the husband's journal were conspicuously omitted from Guidepost's 288-page public Report that falsely accused Hunt of having committed a sexual assault. That Report expressly referenced the audio recordings and journal, stating that Guidepost had "confirmed forensically that the data on the hard drive was in fact created in 2009-2011, which corroborates the counseling relationship between Mr. Blankenship and the couple." (ECF Doc. No. 1-2). Guidepost's failure to disclose that the content of the recordings and journal did **not** corroborate the couple's substantive claims of an ▮▮▮▮▮▮▮▮▮▮ was inexcusable and further supports Hunt's tort claims against Guidepost for defamation, portraying him in a false light, and causing him emotional distress.

Even the general information relating to the complaining couple do not satisfy the stringent standard for preventing public access to court filings. For example, Guidepost seeks to seal paragraphs 7 – 9 of the Mintz Declaration. (ECF Doc. No. 65). But the redacted information in paragraph 7 relates only to the general years in which the couple sought counseling, general references to the types of marriage issues that are ubiquitous in society, a reference to the fact the husband kept a journal (which fact was already publicly disclosed in the Report); and a reference to a supposed instruction from Blankenship not to discuss the supposed assault and grooming (which was also disclosed in the Report). None of this information satisfies the test for sealing –

2

particularly given that the couple's identities are not included in the filing, and they cannot otherwise be linked to the Mintz Declaration because they have not gone public with the allegations against Hunt.

Similarly, paragraph 8 of the Mintz Declaration contains only one general reference to ▬▬▬. Most of its contents concern the fact that the recordings do not reference either ▬▬▬ and that the journal's few references to ▬▬ do not say anything about an ▬▬▬. There is no legitimate basis for keeping this information from the public.

Finally, paragraph 9 of the Mintz Declaration refers only to the fact that some unidentified person ▬▬▬. Again, such an innocuous statement does not justify sealing.

The information Guidepost seeks to "protect" in its Memorandum in support of its motion for a protective order is the same information set forth in the Mintz Declaration. Thus, for the same reasons, sealing is not justified.

This Court recently discussed the stringent standard for sealing documents in the Sixth Circuit:

> The sealing standard established by the Sixth Circuit is based on the "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id*. at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id*. For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id*. "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). **In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ."** *RuddEquip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation

omitted). **"And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."** *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must **'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"** *Id*. at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id*. at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id*. at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

*Hlfip Holdings, Inc. v. Rutherford Cnty.*, No. 3:19-cv-00714, 2023 U.S. Dist. LEXIS 190478, *2-4 (M.D. Tenn. Mar. 8, 2023) (emphasis added).

Guidepost has not even attempted to meet this stringent standard. There is no attempt to "analyze in detail, document by document," the information sought to be sealed. There is no compelling reason offered. And there was no attempt to "narrowly tailor" the redactions – as is demonstrated by the fact that Guidepost seeks to seal damaging admissions regarding the absence of incriminating evidence against ▮▮▮ in the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Guidepost continues to play games with its discovery obligations. It has stretched out its document production over months. It has raised frivolous arguments for avoiding production. It continues to refuse to confirm whether, apart from the documents it seeks to avoid producing as part of its pending motion for a protective order, the limited document production it has provided thus far comprises of substantially all documents responsive to Hunt's discovery requests. And now it seeks to seal information primarily related to the absence of evidence to support its sexual assault allegation against Hunt.

## CONCLUSION

For the foregoing reasons, Plaintiff Johnny M. Hunt respectfully asks the Court to deny, in its entirety, Guidepost's Motion for Leave to File Under Seal (ECF Doc. No. 64) both the Mintz Declaration (ECF Doc. No. 65) and its related Memorandum (ECF Doc. No. 66).

Dated: October 27, 2023 Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

-and-

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of Response to Motion for Leave to File Under Seal has been served on October 27, 2023, using the CM/ECF system, which will automatically serve all counsel of record listed below:

E. Todd Presnell, Esq.
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
gmarchetti@tpmblaw.com

*Counsel for the Southern Baptist Convention*

                                            s/ Andrew Goldstein
                                            ANDREW GOLDSTEIN