IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSOLIDATED MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND PLAINTIFF'S RESPONSE IN OPPOSITION TO GUIDEPOST SOLUTIONS LLC'S MOTION FOR PROTECTIVE ORDER AND IN CAMERA REVIEW**

Plaintiff Johnny M. Hunt respectfully submits this consolidated memorandum of law in support of his Consolidated Reply in Support of Motion to Compel (ECF Doc. No. 68) and Response in Opposition to Guidepost Solutions LLC's Motion for Protective Order and *In Camera* Review (ECF Doc. No. 61).

In its written discovery responses, Defendant Guidepost Solutions LLC ("Guidepost") unambiguously committed to producing all of the documents at issue in the pending motions once an agreed protective order was entered. Specifically, when asked to produce all documents Guidepost received from the couple who falsely accused Hunt of committing a sexual assault, Guidepost responded: "Guidepost will search for and produce responsive documents, subject to a protective order . . . ." (ECF Doc. No. 56-3; Def.'s Resp. to Pl.'s First Req. for Produc. No. 18). That written response was provided on July 17, 2023. When Hunt then specifically asked for the

1

audio recording provided to Guidepost by the couple, Guidepost responded unambiguously: "Guidepost will search for and produce responsive documents." (ECF Doc. No. 56-9; Def.'s Resp. to Pl.'s First Req. for Produc. No. 1). That was on August 17, 2023.

Now – more than two months later and after having already obtained an Agreed Protective Order (ECF Doc. No. 52) – Guidepost seeks to reverse course. Now, Guidepost says that the recordings (and perhaps other documents received from the couple) should be immune from discovery completely. Guidepost's arguments are without merit. Any relevancy objections – in addition to being frivolous – have been waived. And the Court should order Guidepost to produce the withheld materials immediately. The Court should also award costs and attorneys' fees to Hunt for having to avail himself of this process.

## ARGUMENT

**A. GUIDEPOST APPEARS TO CONCEDE THE RELEVANCE OF MOST OF THE DOCUMENTS AT ISSUE AND IS ONLY WITHHOLDING THEM PENDING A COURT ORDER. THE COURT SHOULD PROVIDE THAT ORDER.**

Guidepost claims to be withholding six categories of documents: audio recordings of certain counseling sessions provided by the couple; the husband's journal; a written summary provided by the couple to Guidepost; text messages between the accuser and Guidepost; Guidepost's notes from its interview of the couple; and blackline drafts of those notes. (ECF Doc. No. 62, at 2.) Guidepost admits that all of these documents are responsive to Hunt's discovery requests. *Id.* It argues only that, under its engagement letter with Defendant Southern Baptist Convention ("SBC"), it is contractually obligated to withhold them pending a court order. Guidepost even purports to want to produce the documents, writing "Guidepost emphasizes that it has no interest in frustrating legitimate discovery, but it is constrained by its contract with the SBC . . . ." (ECF Doc. No. 63, at 3).

2

Guidepost's belated objection to producing the documents on the basis of its contractual commitment to the SBC is without merit. In Guidepost's original response to Hunt's requests for production, which were served on July 17, 2023, Guidepost acknowledged this confidentiality obligation and committed to producing the documents upon entry of a protective order. (ECF Doc. No. 56-3; Def.'s Resp. to Pl.'s First Req. for Produc. Nos. 1-3, 6-7, 14-18, 20-30, and 33). Two weeks later, the Court entered the Agreed Protective Order that had been prepared by Guidepost for that very purpose. (ECF Doc. No. 52). Guidepost then waited almost three months to complain that its own protective order is insufficient. Guidepost's manufactured confidentiality objection is without merit; it has been waived; and the Court should reject it. Guidepost should be ordered to produce the withheld documents immediately.

B. **GUIDEPOST CANNOT NOW WITHHOLD THE AUDIO RECORDINGS, JOURNAL AND SUMMARY DOCUMENT THAT IT PREVIOUSLY COMMITTED TO PRODUCING. THESE DOCUMENTS ARE IMPORTANT EVIDENCE IN THE CASE, AND THEY SHOULD BE IMMEDIATELY PRODUCED.**

In a new attempt to reverse course, Guidepost now asserts that the audio recordings, journal, and summary document provided by the couple should be exempt from discovery altogether. But these documents are highly relevant and appear to provide direct evidence that conflicts with the story told in Guidepost's defamatory Report.

Guidepost first referenced the recordings and journal in its publicly-released Report, where it wrote the following:

> Pastor [the accuser's husband] provided us with a hard drive on which he kept an electronic journal that contains entries related to the counseling sessions with Dr. Blankenship, as well as some audio recordings of the counseling and Pastor's thoughts following the counseling sessions. Guidepost has confirmed forensically that the data on the hard drive was in fact created in 2009-2011, which corroborates the counseling relationship between Mr. Blankenship and the couple.

(ECF Doc. No. 1, Ex. B, at 153.) Guidepost's counsel – Steven G. Mintz, Esq. – later referenced the recordings in a letter to Plaintiff's counsel in March 2023, when he wrote that "[t]he credible

evidence (including contemporary audio recordings) puts the lie to that statement [that Hunt denied that he was being counseled by Blankenship in connection with any sexual encounter with his accuser]." (Ex. 1).

Given these references, Hunt's first set of document requests specifically asked for all recordings of Hunt, the accuser, the husband, or Blankenship. (ECF Doc. No. 56-1; Pl.'s First Req. for Produc. Nos. 8-13). Hunt also asked for all documents provided by the couple to Guidepost. (ECF Doc. No. 56-1; Pl.'s First Req. for Produc. No. 14-15). Curiously, Guidepost responded that it had no recordings. (ECF Doc. No. 56-3; Def.'s Resp. to Pl.'s First Req. for Produc. No. 8-13). Hunt's counsel immediately sent an email asking for an explanation given the earlier letter from Mr. Mintz. Simultaneously, Hunt served a second set of document requests and interrogatories specifically asking for the audio recordings referenced by Mr. Mintz in his March 2023 letter. (ECF Doc. No. 56-4; Pl.'s Second Req. for Produc. No. 1). Guidepost responded to the email but chose not to provide any explanation. Nor did Guidepost supplement its earlier discovery responses. Instead, Guidepost waited a full thirty days to serve written responses, in which it referred Hunt to the Report, and stated that it was in fact "in possession of the audio recordings that it received from the survivor's husband, which speak for themselves, and will provide copies of those recordings in response to Plaintiff's Second Set of Document Requests," (Ex. 2; Def.'s Response to Pl.'s Second Set of Interrog. No. 1), despite having earlier claimed that there were no such audio recordings in its possession in its responses to Hunt's first set of document requests.

In any event, Guidepost's written response to Hunt's request for the audio recordings in Plaintiff's second set of document requests was unambiguous – "Guidepost will search for and produce responsive documents." (ECF Doc. No. 56-9; Def.'s Resp. to Pl.'s Second Req. for

4

Produc. No. 1). In an email on August 18, 2023, Guidepost's counsel stated that he "hope[d] to produce . . . [the] audio recordings" before September 11, 2023. (ECF Doc. No. 56-10). The response to the other documents provided by the couple to Guidepost was similarly clear – "Guidepost will search for and produce responsive documents, subject to a protective order . . . ." (ECF Doc. No. 56-3; Def.'s Resp. to Pl.'s First Req. for Produc. No. 14-16).

Based on these responses, Guidepost has waived any objections to the production of the audio recordings, the journal, and any other document provided by the couple to Guidepost. Word Music v. LYNNS Corp., No. 3:09-0411, 2010 U.S. Dist. LEXIS 163698 (M.D. Tenn. May 21, 2010).

And even if its objections had not otherwise been waived, its arguments for withholding these documents have no merit. Rule 26(c) provides the Court with the power to issue protective orders for "a party or any person from whom discovery is sought." Cabinets to Go, LLC v. Qingdao Haiyan Real Estate Grp. Co., LTD, No. 3:21-cv-00711, 2023 U.S. Dist. LEXIS 101293 (M.D. Tenn. Mar. 1, 2023). The issuance is meant to protect this person or party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Id. The person or party must show good cause with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." Nix v. Sword, 11 F. App'x 498 (6th Cir. 2001).

Guidepost has failed to show good cause by pointing to specific facts. With respect to the audio recordings of the couple's counseling sessions with Blankenship – counseling sessions that were supposedly arranged by Hunt after the alleged assault – Guidepost claims that the recordings do not even mention Hunt. (ECF Doc. No. 63, at 3.) This is an extraordinary admission. The recordings were used in the Report to "corroborate" the couple's accusations

against Hunt; they were referenced in the Mintz letter as evidence that would prove Hunt's supposed "lies"; and the absence of any reference to Hunt is itself substantive evidence that contradicts the couple's allegations against him. The fact that Guidepost appears to have intentionally omitted this key detail from its public Report is also key evidence that goes directly to Hunt's defamation, false light, and emotional distress claims.

The same is true with respect to the journal. Guidepost stated in its public Report that the husband provided his private electronic journal and that this journal also "corroborated" the couple's claims against Hunt. But now Guidepost says that the journal contains only stray references to Hunt that do not even concern the alleged assault. Again, the absence of any accusations against Hunt in the husband's contemporaneous journal is key evidence that goes to the couple's veracity and to Guidepost's care in deciding to publicly report their defamatory accusations against Hunt.

The possibility that the contents of some of the responsive documents may include intimate, marital affairs does not threaten the accuser and her husband with serious injury. The accuser and her husband voluntarily chose to share these materials with Guidepost's investigators. They authorized Guidepost to go public with their allegations against Hunt. And Hunt is now entitled to obtain these documents through discovery in order to defend against the false allegations made against him and to litigate his claims against Guidepost for having reported those false allegations.

### C. HUNT IS ENTITLED TO HIS FEES AND COSTS FOR HAVING PURSUED HIS MOTION TO COMPEL.

Rule 37 of the Federal Rules of Civil Procedure entitles Hunt to his reasonable expenses, including attorneys' fees, for having to pursue his Motion to Compel, unless Guidepost establishes an exception. No such exception applies.

6

Case 3:23-cv-00243    Document 73    Filed 10/27/23    Page 6 of 10 PageID #: 844

First, Hunt attempted numerous times to avoid motion practice by attempting in good faith to obtain the requested documents. Hunt served two sets of discovery requests; Hunt's counsel followed up with multiple emails and inquiries seeking updates on production; counsel held telephonic meet-and-confers, including one involving lead counsel for both parties; and Hunt waited more than four months after having served his initial requests before filing the motion. Guidepost claims that Hunt should have waited even longer for the Court to specifically authorize the motion. (ECF Doc. No. 60, at 1.) But Hunt contacted chambers multiple times and received no response. Thus, very respectfully, and in the interest of expediting this litigation and preserving the integrity of the schedule previously ordered by the Court, Hunt had no alternative but to file his Motion to Compel.

Second, Guidepost asserts that it has not "refused" to produce responsive documents or provide a date certain by which substantial completion of its production will be complete. (ECF Doc. No. 60, at 2.) But that is precisely what it did. It is admittedly withholding responsive documents; it waited until after Hunt filed his Motion to Compel before seeking the more stringent protective order it now claims to require; and to this day, it has refused to confirm whether it has substantially completed its production, subject to the documents at issue in this motion.

Hunt is confident that, had he not filed his Motion to Compel, he would still be waiting for Guidepost's second document production. Guidepost has not carried its burden of proving an exception to Rule 37's automatic fee-imposing sanction. The Court should award Hunt's expenses and attorneys' fees for these reasons.

## CONCLUSION

For the reasons stated above, Hunt respectfully asks the Court to compel Guidepost to produce immediately all non-privileged documents responsive to Hunt's First and Second Requests for Production of Documents. Hunt also respectfully requests the Court to deny Guidepost's Motion for a Protective Order and *In Camera* Review. Furthermore, Hunt respectfully asks the Court to award him his reasonable expenses, including attorney's fees, incurred in making his Motion to Compel and responding to the Motion for a Protective Order and *In Camera* Review.

<u>Dated:</u>  October 27, 2023   Respectfully submitted,


s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com


*-and-*


**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq.  (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com


*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on October 27, 2023, using the CM/ECF system, which will automatically serve all counsel of record listed below:

E. Todd Presnell, Esq.
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
gmarchetti@tpmblaw.com

*Counsel for the Southern Baptist Convention*

                                        s/ Andrew Goldstein
                                        ANDREW GOLDSTEIN