# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## REPLY OF DEFENDANT GUIDEPOST SOLUTIONS LLC
## IN FURTHER SUPPORT OF MOTION FOR A PROTECTIVE ORDER,
## FOR *IN CAMERA* REVIEW, AND TO FILE UNDER SEAL

**I. THE PROTECTIVE ORDER SHOULD BE GRANTED AND THE MOTION TO COMPEL SHOULD BE DENIED.**

At the outset, Hunt concedes that Guidepost "has no interest in frustrating legitimate discovery, but it is constrained by its contract with the SBC" to seek relief from this Court prior to producing a number of highly private documents. (See Hunt Opp., ECF No. 69 at 2 (citing Guidepost Br., ECF No. 63, at 3)). On this point at least, the parties are in full agreement.

But Hunt then goes on to mislead the Court in describing Guidepost's objection to producing highly private marital documents as "belated" or "manufactured." Nothing could be further from the truth. To begin with, the record is crystal clear that from the very beginning Guidepost alerted Hunt and the Court that production of documents relating to survivors or witnesses could require entry of a protective order (and one was entered). Tellingly, Hunt does not dispute that the documents at issue implicate Guidepost's obligations under the Engagement

Letter, or that Guidepost endeavored (unfortunately, without success) to secure the consent of the survivor and her husband to production of the disputed documents. Hunt just wants Guidepost to ignore the Engagement Letter and victimize the survivor for him. There is nothing "manufactured" about Guidepost's obligations under paragraph 4.3 of the Engagement Letter, which Hunt himself attached as Exhibit A to his Complaint. Those obligations *could not* be discharged by relying upon the existing confidentiality stipulation and order or by simply redacting the documents at issue.[1] Hence, the instant motion.

Moreover, the Court should not be deceived by Hunt's argument that Guidepost "waived" its right to seek a protective order. (Hunt Opp. at 5.) Guidepost repeatedly objected in its responses to Hunt's document requests that a protective order would be required pursuant to Fed. R. Civ. P. 26(c). (See Joint Discovery Dispute Statement, ECF Doc. No. 56-3.) And as previously explained, it was not until after the documents at issue had been collected and counsel reviewed the audio recordings, the journal, and other sensitive documents at issue in this motion that the extreme sensitivity of these materials was fully understood. It became clear at that point that the Engagement Letter imposed restrictions on their production and the existing protective order was inadequate: labeling the documents "Confidential" under the protective order would not satisfy the Engagement Letter. Thus, there was no waiver and, consistent with Guidepost's prior objections, the instant motion seeks to expand upon the existing protective order.

But even if such a waiver of privacy objections took place—and it did not—good cause would exist to excuse it. See, e.g., Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C. 1999) (citing 8A Wright & Miller, Fed. Prac. & Proc. § 2176 (1994) (courts have "broad discretion" to

---

[1] Guidepost is unaware at this time of any responsive documents in its possession that it has not already produced or that could be produced without survivor consent or a final judicial order.

excuse waiver for good cause shown, or even in the absence of good cause in a proper case). "In determining whether good cause exists to excuse untimely objections, courts consider factors including 'the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether the waiver would result in an excessively harsh result.'" Podium Corp. Inc. v. Chekkit Geolocation Servs. Inc., No. 2:20-cv-00352, 2022 WL 2118221, at *2 (D. Utah June 13, 2022) (citation omitted). Here, the delay in requesting an enhanced protective order was not excessive; fact discovery is not due to be concluded until February 2, 2024. Thus, Hunt will not be prejudiced. Moreover, the reason for the delay was two-fold and meritorious: the protection of an alleged sexual abuse survivor's privacy and the need for Guidepost to honor its confidentiality undertakings to the SBC. Hunt's suggestion that Guidepost failed to show good cause with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought" (Hunt Opp. at 5) is simple gaslighting. Guidepost has plainly identified the obvious privacy concerns at issue with each of the documents sought by Hunt. Any doubt on that score would be instantly dispelled upon an *in camera* inspection of the documents, which reflect intimate details of the survivor's and her husband's marriage.[2] It would be indecent to make them available to Johnny Hunt. Accordingly, there is abundant good cause to grant the relief sought and the compelling need to protect the survivor and her husband from "annoyance,

---

[2] Hunt suggests that the documents "provide direct evidence that conflicts with the story told in Guidepost's defamatory Report." (Hunt Opp. at p. 3-4.) Quite the contrary: the fact that these documents exist certainly substantiates that the survivor and her husband were in counseling with Blankenship at precisely the time when the couple told the Guidepost investigators Hunt had engineered those sessions. That Hunt is not himself on the recordings in no way diminishes Hunt's myriad lies to the Guidepost investigators (such as his lie to the investigators about not knowing the survivor's husband; his lie about his role in steering the couple toward Blankenship for counseling and his cynical reason for doing so; and his initial false denials of physical contact with the alleged survivor, which he has abandoned in his Complaint with the belated story that his "awkward fondling" of a woman 24 years his junior was consensual).

3

embarrassment, [and] oppression" resulting from the production of these items justifies entry of a protective order and denial of Hunt's motion to compel. Fed. R. Civ. P. 26(c).

## II. HUNT FAILS TO JUSTIFY OPPOSITION TO GUIDEPOST'S MOTION TO SEAL.

Hunt opposes Guidepost's motion to seal the unredacted versions of its motion for a protective order on the grounds that the motion purportedly failed to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" (Hunt Opp. to Motion to Seal at 4 (citing HLFIP Holdings, Inc. v. Rutherford Cnty. Tenn., et al., No. 3:19-cv-00714, 2023 WL 6939227, at *2 (M.D. Tenn. Mar. 8, 2023) (quoting Shane Grp. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305-06 (6th Cir. 2016)).) Hunt's argument is frivolous.

As stated in the motion to seal, the redacted portions of the memorandum of law in support of Guidepost's motion for a protective order and the accompanying Mintz Declaration precisely describe the private contents of the audio recordings, the husband's private journal and the summary document, which are protected from disclosure under the Engagement Letter. Moreover, HLFIP is distinguishable as a matter of law. In that case, this Court reviewed the documents line by line and found that they did not contain "information covered by a recognized privilege" in the first place. Here, by contrast, the documents implicate "the privacy rights of participants or third parties," including those of an alleged sex abuse victim, which the Sixth Circuit recognizes as a protectable interest justifying sealing. See Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016); see also Shane Grp., 825 F.3d at 308 ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."). The proposed redactions are narrowly tailored to protect the survivor's privacy interests and permit public access to the remainder of Guidepost's motion consistent with the public interest. The motion to seal should be granted and should not have even been opposed.

### III. HUNT'S APPLICATION FOR DISCOVERY SANCTIONS IS WITHOUT MERIT.

Hunt fails convincingly to justify his request for discovery sanctions. *First,* Guidepost had begun production of documents before Hunt brought his motion. *Second,* Guidepost's delay in producing the sensitive documents at issue was substantially justified, both because the process of document collection and review was complicated and because the undisputed application of paragraph 4.3 of the Engagement Letter placed a brake upon Guidepost's ability simply to hand over survivor and witness-specific documents without survivor consent or a final judicial order. Guidepost has done its level best to work with the survivor's counsel and comply with the Engagement Letter (only to be refused) and will gladly produce the subject documents to Hunt's counsel if provided with a final order from this Court (which might have been obtainable if Hunt had waited for his premotion conference with the Court as his counsel should have done). Thus, an award of expenses under the circumstances would be wholly unjustified. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### CONCLUSION

For the foregoing reasons, Guidepost respectfully requests that the Court grant the motion for a protective order and/or for *in camera* review, grant the motion to seal, and deny the motion to compel in its entirety.

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com


-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

on this 3rd day of November 2023.

s/John R. Jacobson