IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00243 |
| ) | Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

## I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report prepared by Guidepost for SBC that alleges that Mr. Hunt sexually assaulted the wife of another SBC pastor.[1] Docket No. 1. All three Defendants have filed Motions to Dismiss, which are pending. Docket Nos. 25, 29, 31.

This matter is now before the Court upon cross motions to compel (by Mr. Hunt) and for a protective order and in camera review (by Guidepost) regarding the same disputed discovery material. Docket Nos. 57, 61. The Parties have filed supporting and opposing briefs and other

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.

supporting documents; in some cases, the same briefs and documents pertain to both motions and have been filed both under seal and in redacted form. Docket Nos. 58, 58-1, 58-2, 60, 62, 63, 65, 66, 68, 69, 69-1, 69-2, 73, 73-1, 73-2, 74. For the reasons set forth below, Mr. Hunt's Motion (Docket No. 57) is GRANTED subject to the conditions set forth herein and Defendants' Motion (Docket No. 61) is DENIED.

## II. LAW AND ANALYSIS

### A. Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). Interrogatories are covered by Rule 33, which provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,

>    (3) the parties' relative access to relevant information,
>    (4) the parties' resources,
>    (5) the importance of the discovery in resolving the issues, and
>    (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carrell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted). Further, for purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

B. <u>Motions for Protective Order</u>

A motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). The court may "issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987). But "a showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule 26(c)." *Anwar v. Dow Chemical Co.*, 876 F.3d 841, 854 (6th Cir. 2017), *quoting Smith v. Dawson*, 158 F.R.D. 138, 140-42 (D. Minn. 1994) (internal quotation marks omitted); *Large v. Blazer*, Case No. 3:20-cv-1012, 2022 WL 99986, 2022 U.S. Dist. LEXIS 4337, at *5 (M.D. Tenn. Jan. 10, 2022).

## C. The Disputed Discovery Material

The Parties' Motions relate to the same discovery material, which all agree is responsive to Mr. Hunt's document requests. Guidepost describes the material ("the responsive items") as follows:

1. Audio recordings that the husband of an alleged sexual abuse survivor made of his counseling sessions with his wife and a purported marriage counselor;

2. The husband's private journal;

3. A summary document that contained information provided by the alleged survivor and her husband to Guidepost's investigators;

4. Text messages exchanged between the survivor and a Guidepost investigator who interviewed her for the report prepared by Guidepost;

5. Guidepost's notes of its interview with the alleged survivor and her husband; and

      6. Blackline drafts of Guidepost's interview notes.

Docket No. 61, p. 1-2.

As set forth above, the Court's first inquiry on a motion to compel is whether the information sought is relevant to the case's claims and defenses. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Here, Guidepost does not dispute that this information is responsive to Mr. Hunt's requests, and the Court finds that the responsive items are relevant under the broad standard for relevance in discovery. *See* Docket Nos. 61, 66.

The burden therefore passes to Guidepost to demonstrate that producing the information would impose an undue burden, or that the information is otherwise not discoverable under the Federal Rules. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. To that point, Guidepost argues that pursuant to its engagement agreement with SBC, it is unable to produce the documents without the consent of the alleged victim or in response to a court order. Docket No. 66, p. 11; *see* Docket No. 62, p. 1-2, Docket No. 1-1. Guidepost "emphasizes that it would not be making this motion [for a protective order] but for the fact that the survivor and her husband have requested it to do so." *Id.*[2]

The Court finds that Guidepost has established that production of the responsive items without an order from the Court would impose an undue burden, due to Guidepost's contractual obligations to SBC.[3] But the Court is able to relieve Guidepost of this burden by ordering that the materials be produced. Guidepost makes no additional arguments in favor of a protective

---

[2] In its Response in Opposition to Mr. Hunt's Motion to Compel, Guidepost clarifies that its Motion for Protective order "constitutes Guidepost's principal response to the instant motion to compel." Docket No. 60, p. 1.
[3] Given the description provided by Guidepost, the Court finds it unnecessary to undertake an in camera review to determine the sensitive nature of the responsive items. The Court notes that no one has asserted any kind of privilege with respect to the items.

5

Case 3:23-cv-00243   Document 76   Filed 11/22/23   Page 5 of 7 PageID #: 883

order aside from the conclusory statement that the Court should issue such an order to avoid "undue embarrassment and emotional distress to the alleged survivor and her husband . . . ." Docket No. 66, p. 12. The Court finds that Guidepost has not established that the responsive items should be withheld entirely under the standard for a protective order set forth in Rule 26(c) because Guidepost has not described a "clearly defined and serious injury" that would result from their disclosure. *Nix*, 11 F. App'x 500.

Nevertheless, the Court finds that the Parties' existing Protective Order (Docket No. 52) is insufficient to safeguard information contained in the responsive items that is clearly very personal and relates to an instance of alleged sexual abuse. Additionally, while the responsive items are relevant under the broad standard for relevance in discovery, that relevance appears to be somewhat tenuous for certain items in which Mr. Hunt is purportedly mentioned infrequently or not at all. *See, e.g.*, Docket No. 66, p. 3. Given the intimate nature of the responsive items and the potentially tenuous relevance of some of them, the Court will order that the responsive items be produced under an Attorney's Eyes' Only designation.

Finally, the Court declines to award Mr. Hunt his attorney's fees because the Court finds that under the circumstances (including Guidepost's contractual obligations, the fact that the withheld items relate to an alleged sexual assault, and Guidepost's documented efforts to obtain the consent of the alleged victim to produce the items), Guidepost's nondisclosure was substantially justified and an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

### III. CONCLUSION

The information sought by Mr. Hunt's discovery requests is relevant and not otherwise undiscoverable under the Federal Rules, and the undue burden upon Guidepost in producing that

information can be relieved by the Court's order. However, it is highly sensitive information relating intimate details of an alleged sexual abuse survivor, and the Parties' Protective Order is insufficient to govern its production. No later than December 5, 2023, the Parties must file a modified Protective Order that includes an Attorney's Eyes' Only designation, and Guidepost must produce the responsive items to Mr. Hunt under that designation. Therefore, Guidepost's Motion (Docket No. 61) is DENIED, and Mr. Hunt's Motion (Docket No. 57) is GRANTED, with the conditions outlined herein.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**