IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00243 |
| | ) Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

### I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report prepared by Guidepost for SBC that alleges that Mr. Hunt sexually assaulted the wife of another SBC pastor.[1] Docket No. 1. All three Defendants have filed Motions to Dismiss, which are pending. Docket Nos. 25, 29, 31.

This matter is now before the Court upon two Motions for Leave to File Under Seal. The first, filed by Guidepost, seeks to seal Guidepost's "Memorandum of Law in Support of Motion by Defendant Guidepost Solutions LLC for a Protective Order and In Camera Review" and the

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.

accompanying Declaration of Steven G. Mintz. Docket No. 64; *see* Docket Nos. 65, 66.[2] The second, filed by Mr. Hunt, seeks to seal Mr. Hunt's "Memorandum in Support of Response to Motion for Leave to File Under Seal" and his "Consolidated Memorandum in Support of Plaintiff's Reply in Support of Motion to Compel and Plaintiff's Response in Opposition to Guidepost Solutions LLC's Motion for Protective Order and *In Camera* Review."[3] Docket No. 71; *see* Docket Nos. 72, 73.[4] Mr. Hunt and Guidepost have filed supporting and opposing briefs and associated documents; in some cases, these briefs relate to both of the instant Motions for Leave to File Under Seal as well as to other pending Motions, and one brief is itself filed under seal and in redacted form. Docket Nos. 65, 66, 67, 69, 72, 74. For the reasons set forth below, both Motions for Leave to File Under Seal (Docket Nos. 64 and 71) are DENIED.

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th

---

[2] Redacted copies of these documents are filed in the public record at Docket Nos. 62 and 63.
[3] Mr. Hunt "categorically and unequivocally opposes the attempt by Guidepost to seal the redacted portions" but has filed his Motion "in an effort to ensure compliance with the Local Rules of the Court and the Agreed Protective Order previously entered in this action . . . ." Docket No. 71, p. 2.
[4] Redacted copies of these documents are filed in the public record at Docket Nos. 69 and 70.

Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

**B. The Proposed Seal**

Both Motions propose to seal the same portions, which relate to information about the alleged victim of sexual abuse and her husband. Docket No. 64, p. 1; *see* Docket No. 71. As described by Guidepost, the underlying documents discussed in the sealed portions consist of:

1. Audio recordings that the husband of the alleged sexual abuse survivor made of his counseling sessions with his wife and a purported marriage counselor;

2. The husband's private journal;

3. A summary document that contained information provided by the alleged survivor and her husband to Guidepost's investigators;

4. Text messages exchanged between the alleged sexual abuse survivor and a Guidepost investigator who interviewed her for the report prepared by Guidepost;

5. Guidepost's notes of its interviews with the alleged survivor and her husband; and

6. Blackline drafts of Guidepost's interview notes.

Docket No. 64, p. 3.

The Court includes this itemized list to provide context for the fact that the document portions that Guidepost seeks to seal contain little more information than the list itself, which Guidepost has filed in the public record. The Court has examined the sealed portions and finds that they reference marital and personal difficulties, described rather generally, faced by the alleged victim and her husband, and the fact that someone (unidentified) takes a medication (also unidentified). Guidepost has also redacted certain mentions of Mr. Hunt's name and the acts of which he has been accused. None of the redacted information is a trade secret, information covered by a recognized privilege, or information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594-95. This does not comport with the Sixth Circuit's sealing standard.

While the Court must weigh the privacy interests of non-parties against the public's right of access to court filings (*see Shane*, 825 F.3d 308 ("the privacy interests of innocent third

4

Case 3:23-cv-00243   Document 78   Filed 11/22/23   Page 4 of 5 PageID #: 890

parties should weigh heavily in a court's balancing equation")), here, the privacy interests of the alleged victim and her husband are tenuous. Neither of them is identified by name, either in the redacted portions or elsewhere in the filings, so no information, private or otherwise, can be linked to them.

Further, the Court finds that the proposed seal, while narrow in the sense that redacted copies have been filed in the public record, is somewhat haphazard. As previously stated, the list of underlying documents itself provides information about the alleged victim and her husband that is only somewhat enlarged in the sealed portions, and the proposed redaction of Mr. Hunt's name appears to have no rational basis. Therefore, Guidepost has not met its burden of overcoming the presumption of openness. *See Brown*, 710 F.2d at 1180.

### III.  CONCLUSION

For the foregoing reasons, the Motions for Leave to File Under Seal (Docket Nos. 64 and 71) are DENIED. The Clerk is directed to unseal Docket Nos. 65, 66, 72, 73.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**