# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) 3:23-cv-00243 |
| SOUTHERN BAPTIST CONVENTION, et al., | ) ) ) ) |
| Defendants. | ) |

## NON-PARTY ROY BLANKENSHIP'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA TO TAKE DEPOSITION

COMES NOW ROY BLANKENSHIP, a non-party in the above-filed civil action, by and through undersigned counsel, and files this Motion for Protective Order and Motion to Quash Subpoena to Take Deposition, pursuant to CFR § 1201.82, showing the court as follows:

### I. STATEMENT OF FACTS

On November 20, 2023, Defendant Guidepost Solutions, LLC., unilaterally served a subpoena for the deposition of Roy Blankenship, commanding him to appear for a deposition on January 10, 2024. (See Subpoena to Testify at a Deposition in a Civil Action, dated November 20, 2023, attached hereto as Exhibit A). The Subpoena does not designate matters that Mr. Blankenship is expected to testify to but commands him to produce documents relating to counseling sessions conducted by Mr. Blankenship in 2010.

Mr. Blankenship was ordained as a minister by First Baptist Church of Woodstock in 1996. In 2010, he held the role of Senior Counseling Pastor under which he led various counseling ministries and provided counseling services grounded in Biblical doctrine to guests, members, fellow ministers, and members of the community. It was in this role and capacity that he provided

1

counseling to Johnny Hunt, Janet Hunt, "Survivor," and "Survivor's Husband" as defined in the Subpoena.

II. **ARGUMENT AND CITATION OF AUTHORITY**

Under Fed. R. Civ. P. 45(d)(3)(A)(iii), the court shall, upon timely motion, quash or modify a subpoena that requires disclosure of privileged or other protected matter if no exception or waiver applies. The parties have exchanged correspondence complying with Local Rule 37.01 requiring counsel for the parties to confer in good faith in an effort to find a resolution prior to filing any motion or protective order but have been unable to resolve this dispute. (See Counsel's Letters attached as Exhibit B & C, respectively). Therefore, upon a finding that the subpoena requires the disclosure of privileged or protected information not covered by an exception or waiver, the court should quash or modify the subpoena accordingly.

A. **State Law precludes the disclosure of communications made to ministers by persons seeking counseling.**

In federal actions based on diversity such as this one, questions of privilege are controlled by state law. Fed. R. Evid. 501. Tennessee adheres to the "most significant relationship" analysis for conflict-of-law questions, whereby the court applies the substantive law of the state with the most significant relationship to the issue. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). In this case, Georgia law should apply because all the relevant parties were citizens of the state of Georgia, the vast majority of relevant communications took place in the state of Georgia, and Mr. Blankenship relied on Georgia laws, protections, and exceptions in his provision of counseling to the relevant parties.

Under Georgia law, "communication made by any person professing religious faith, seeking spiritual comfort, *or seeking counseling* to any Protestant minister of the Gospel . . . or

similar functionary, by whatever name called, shall be deemed privileged." GA Code § 24-5-502. (emphasis added).

> "No such minister, priest, rabbi, or similar functionary shall disclose any communications made to him or her by any such person professing religious faith, seeking spiritual guidance, or seeking counseling, nor shall such minister, priest, rabbi, or similar functionary be competent or compellable to testify with reference to any such communication in any court."

Id. Although Mr. Blankenship did not possess a professional counseling license in 2010, he provided this ministerial service under an exception to the licensing requirement to practice professional counseling, social work, or marriage and family therapy, which does not apply to:

> "Persons engaged in the practice of a specialty in accordance with Biblical doctrine in public or nonprofit agencies or entities or in private practice."

GA Code § 43-10A-7b(11). Those counseling sessions took place under the same or similar circumstances as all the counseling sessions conducted by Mr. Blankenship in his role as Senior Counseling Pastor. As evidenced by the clear language of GA Code § 24-5-502 which includes communications made while "seeking counseling," those counseling sessions are protected by the clergy-penitent privilege.

### B. Any waiver of the privilege by Survivor and Survivor's Husband is limited.

From his prior provision of Biblical counseling to his current provision of counseling services as a licensed professional counselor, Mr. Blankenship has always maintained his responsibility to hold in confidence all information obtained at any time during the course of a professional relationship. Ga. Comp. R. & Regs 135-7-.03. Mr. Blankenship did not violate the clergy-penitent privilege or his professional duties when he reluctantly spoke with Guidepost investigators after their persistent inquiries to schedule an interview culminating in their accosting him outside of his office on May 9, 2022. Mr. Blankenship merely provided confirmation and denial of statements arising from the disclosure and apparent waiver of privilege and

confidentiality by Survivor and Survivor's Husband. To the extent that statements to a third party do not address the substance of privileged communications, they do not amount to a waiver of the privilege. Alternative Health Care Sys. v. McCown, 237 Ga. App. 355, 360 (1999). Furthermore, Georgia courts have never recognized a minister's right to waive the privilege. Therefore, Mr. Blankenship did not and, under Georgia law, likely could not waive the privilege.

Survivor and Survivor's Husband may have waived privilege as to certain statements they disclosed to Mr. Blankenship during counseling when they subsequently disclosed information to Guidepost. Willis v. State, 287 Ga. 703, 706, 699 S.E.2d 1, 4 (2010). However, without the benefit of a full recording or transcript of the subsequent disclosure or disclosures, the extent to which privilege has been waived, or not waived, is currently unknown. Therefore, Blankenship cannot testify broadly to statements made by Survivor and Survivor's Husband when they sought counseling from him as a minister of the Gospel. GA Code § 24-5-502. Furthermore, Mr. Blankenship is not aware of *any* subsequent disclosure or waiver of the privilege by Johnny or Janet Hunt. Therefore, Mr. Blankenship is neither competent nor compellable to testify to *any* such statements made by Johnny or Janet Hunt when they sought counseling from him as a minister of the Gospel. Id.

### III. CONCLUSION

Guidepost has not established to this Court the need for the production of documents or testimony by Mr. Blankenship regarding these privileged and confidential communications which would cause Mr. Blankenship to break the law, betray the confidence of his clients, and defy the protections duly afforded to the sacred relationship between minister and congregant. For all these reasons stated above, Mr. Blankenship respectfully requests that this Court QUASH the Subpoena to Testify at a Deposition in a Civil Action issued by Defendant Guidepost Solutions, LLC.

If the court finds that the privilege has been waived, either expressly or through subsequent disclosure, then Mr. Blankenship requests that this Court limit the Subpoena to command him to testify only to those particular statements for which privilege has been waived.

                                         /s/ T. Dylan Reeves
                                         T. Dylan Reeves (REE068)
                                         Attorney For Roy Blankenship

**OF COUNSEL:**
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2323 (telephone)
(615) 782-2371 (facsimile)
dreeves@stites.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2023 , I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all counsel of record.

                               /s/T. Dylan Reeves
                               OF COUNSEL