# EXHIBIT C

# RILEY WARNOCK & JACOBSON, PLC

ATTORNEYS AT LAW

1906 WEST END AVENUE

NASHVILLE, TENNESSEE 37203

KATHARINE R. KLEIN
kklein@rwjplc.com

TELEPHONE: (615) 320-3700
TELECOPIER: (615) 320-3737

December 15, 2023

**Via E-Mail**
David V. Hayes, Esq.
Bendin Sumrall & Ladner, LLC
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, GA 30309
DHayes@bsllaw.net

Re: *Johnny M. Hunt v. Southern Baptist Convention et al.*,
U.S.D.C. No. 3:23-cv-0243 (M.D. Tenn.) – Subpoena to Roy Blankenship

Dear Mr. Hayes:

We are in receipt of your letter dated December 11, 2023, in which you assert that your client, Roy Blankenship, is exempt from compliance with the subpoena issued by Defendant Guidepost Solutions, LLC ("Guidepost") for documents and testimony related to, among other things, his counseling sessions with the accuser of Rev. Johnny Hunt and her husband.

We are familiar with the privilege created by O.C.G.A. § 24-5-502, but we do not agree that it shields Mr. Blankenship from the subpoena. To begin with, "the privilege does not apply… if the totality of the circumstances demonstrates that the statements were made to a person who is a minister but was not acting in the role of a clergy person at the time the statements were made to him." *Hutcheson v. State*, 361 Ga. App. 890, 898 (2021), *reconsideration denied* (Nov. 16, 2021), *cert. denied* (June 22, 2022) (citing *Parnell v. State*, 260 Ga. App. 213, 214-15 (2003)). Under the totality of the circumstances in this case, Mr. Blankenship was not engaged in the provision of spiritual solace or guidance as such but as an (unlicensed) marriage counselor, guiding the parties on issues of intimacy and compatibility rather than reconciliation and sin. Even accepting for purposes of discussion that Mr. Blankenship wore two "hats," at the very least, recordings of the counseling sessions reveal that most if not all communications between

the accuser, her husband, and Mr. Blankenship would be indistinguishable from those shared with a secular marriage counselor.

Moreover, not only did Mr. Blankenship meet with the Hunts, the accuser, and her husband together, but he spoke directly to the Guidepost investigators after the fact concerning the circumstances of those meetings. Any privilege has therefore been waived by the accuser, her husband, and/or Mr. Blankenship himself. He certainly cannot refuse to testify about his conversations with the investigators, who were not seeking him out for religious instruction or comfort. We therefore respectfully differ with your statement that your client is "not in possession of any non-privileged documents responsive to [Guidepost's] document requests or aware of any non-privileged information to which he is competent or may be compelled to testify."

We are happy to work with you on a reasonable extension of the time to respond to the subpoena and to accommodate your client's schedule for a deposition. Please let me know when you are available to speak.

The foregoing is not a complete statement of Guidepost's rights, all of which are expressly reserved.

Very truly yours,

*/s Katharine R. Klein*

Katharine R. Klein

cc: John Jacobson
    Steve Mintz
    Terry McCormick
    Scott Klein