IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>    Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## MOTION FOR LEAVE TO FILE UNDER SEAL

  Pursuant to Rules 5.03 and 7.01 of the Local Rules, the Court's November 22, 2023 Order (ECF Doc. No. 76) and the Amended Agreed Protective Order previously entered in this action (ECF Doc. No. 83), Defendant Guidepost Solutions LLC ("Guidepost") respectfully requests that the Court grant leave to file under seal portions of its Response in Opposition to Non-Party Roy Blankenship's Motion for Protective Order and to Quash Guidepost's Subpoena to Testify at a Deposition in a Civil Action (ECF Doc. No. 89).

  Guidepost's Response contains private and personal information regarding the alleged survivor of sexual assault and her husband, the investigation and reporting of which is the subject of Plaintiff's lawsuit. Non-Party Roy Blankenship counseled the survivor, her husband, and Plaintiff in connection with the alleged assault, and Mr. Blankenship also spoke with Guidepost investigators about his dealings with those individuals. The information Guidepost seeks to file under seal relates to Mr. Blankenship's involvement with the alleged survivor and her husband,

and that information has been produced in discovery by Guidepost with a Highly-Confidential Attorneys' Eyes Only designation. Guidepost seeks to file this highly confidential and sensitive information under seal to protect the privacy interests of the alleged survivor and her husband.

## BACKGROUND

The allegations of sexual abuse made by the alleged survivor and her husband against Plaintiff Johnny Hunt were investigated and reported in connection with Guidepost's engagement with the SBC Task Force of the Southern Baptist Convention, and the SBC's Executive Committee ("EC") regarding the EC's responsibility for the sexual abuse crisis within the SBC. As detailed more fully in Guidepost's Response, Mr. Blankenship was asked by Plaintiff to meet with the alleged survivor and her husband and to help Plaintiff deal with the aftermath of the alleged incident. Mr. Blankenship engaged in "counseling" sessions with the alleged survivor, her husband and/or Plaintiff on multiple occasions. Some of the sessions involving the alleged survivor, her husband, and Mr. Blankenship were recorded by the husband. The audio recordings, which were provided to Guidepost by the husband, were addressed in the Court's November 22, 2023 Order (ECF Doc. No. 76) and ordered to be produced in discovery under an Attorneys' Eyes Only designation (*Id.* at 4-6). The contents of these audio recordings are referenced in Guidepost's Response to Mr. Blankenship's pending motion.

Also filed in support of Guidepost's Response are two declarations, one signed by Guidepost counsel Terence McCormick, generally describing the content of the audio recordings, and one signed by Guidepost investigator, Samantha Kilpatrick, which authenticates three exhibits, one of which is a written consent signed by the alleged survivor's husband (Exhibit 2), and another is a memorandum prepared by Guidepost investigators summarizing Guidepost's interviews with Mr. Blankenship during their investigation of the allegations raised by the accuser (Exhibit 3). The

summary memorandum details, among other things, Mr. Blankenship's recollections from his interactions with the alleged survivor, her husband and Plaintiff. Exhibits 2 and 3, as well as the audio recordings, were produced in discovery to the parties in this litigation by Guidepost on December 5, 2023 under a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, consistent with the provisions of the Amended Agreed Protective Order (ECF Doc. No. 83, ¶¶ 3-4).

The content of the audio recordings as well as the information contained in Mr. McCormick's Declaration and Ms. Kilpatrick's Declaration, particularly Exhibits 2 and 3, pertain to private and potentially embarrassing information about an alleged survivor of sexual abuse, her husband, their marriage, their dealings with Plaintiff, and Mr. Blankenship's knowledge and involvement as their counselor. Guidepost is concurrently filing a version of its Response to Mr. Blankenship's Motion and supporting Declarations with this "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material redacted.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." United States v. Beckham, 789 F.2d 401, 419 (6th Cir. 1986) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records

the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." Id. at 593. Cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 308 (6th Cir. 2016) (identities of minor victim of sexual assault included among categories of information that overcome the presumption of access) (citation omitted)).

The limited information that Guidepost seeks to file under seal describes the contents of sensitive and highly private information that Guidepost obtained from the alleged survivor, her husband, and Mr. Blankenship, who met with and "counseled" the alleged survivor and her husband on multiple occasions. This limited information was previously produced by Guidepost to the parties in this litigation under a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation pursuant to paragraphs 3-4 and 10 of the Amended Agreed Protective Order (ECF Doc. No. 83).

To properly protect the confidentiality of this sensitive, private information, Guidepost respectfully submits that it should be allowed to file an unredacted Response, with supporting unredacted Declarations and exhibits, including Exhibits 2 and 3 of Ms. Kilpatrick's Declaration. Guidepost's requested seal is "narrowly tailored" to keep only the highly confidential information under seal while allowing the public to view all the non-confidential information in the concurrently filed redacted versions. Rudd Equip., 834-F.3d at 593-94.

## CONCLUSION

For the reasons set forth above, Guidepost respectfully requests that the Court grant this motion and direct the clerk to seal the unredacted Response, Declarations and exhibits thereto.

4

Case 3:23-cv-00243   Document 94   Filed 01/04/24   Page 4 of 7 PageID #: 1033

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

5

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

T. Dylan Reeves
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
Telephone: (615) 782-2323
dreeves@stites.com

*Counsel for Third-Party Roy Blankenship*

on this 4th day of January, 2024.

                                                                  s/John R. Jacobson