# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Richardson |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHNNY M. HUNT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT GUIDEPOST SOLUTIONS LLC**

Plaintiff Johnny M. Hunt requests that Defendant Guidepost Solutions LLC produce the following documents at the offices of MacGill PC, 156 E. Market St., Floor 12, Indianapolis, IN 46204, or electronically to Scott E. Murray, within thirty (30) days from the date of service hereof, or at such other time or place as the parties may agree or the Court may order, pursuant to the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

1. The following instructions and definitions apply to each request for production ("RFP") and are incorporated by reference into each RFP. The RFPs must be read in the light of these instructions and definitions, and your answers must be responsive to the RFPs as so defined.

2. You are to timely supplement your responses to these RFPs.

3. If you object to any RFP, you shall so state and include your basis for the objection in your answer to the specific RFP you found objectionable. If only part of any RFP is

objectionable, you shall produce the documents and/or things that are unobjectionable and state the objection, and its basis, to any remaining part.

    4.      Rules of Construction: (a) The singular shall include the plural, and the plural shall include the singular; (b) A masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns; (c) "And" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope of these RFPs any information that might otherwise be construed to be outside their scope; (d) "Any" shall be understood to include and encompass one or more and "all;" and (e) The present tense shall include the past tense, for example "are" shall include "were."

    5.      Claim of Privilege. Wherever any RFP calls for the production of a document or thing that you claim to be privileged or immune from discovery as work product or on any other ground, Plaintiff requests that you produce within thirty (30) days of service of these RFPs a list:

    a. Identifying each particular RFP to which you object, and each specific ground upon which such objection is based; and

    b. Specifying each withheld document or thing or fact, or portion thereof as follows: its date; the general nature of the document or thing (e.g., whether it is a letter, chart, pamphlet, memorandum, etc.); a summary of the contents or the general subject matter of the document or thing; the identity of each other document or other thing transmitted with or attached to that allegedly privileged or discovery-immune document or thing; its present location and the identity of its current custodian; the identity of each person who authored, prepared, or signed the document or thing; a list identifying each person, including but not limited to addressees and designated copy recipients, to whom either the original or a copy of

the document or thing has been disclosed, including the date and means of such disclosure; and the nature of the privilege, immunity, or other rule of law relied upon to withhold the information, document, or thing, and the facts supporting your asserted reliance.

Any purportedly privileged or discovery-immune information or document that contains matter that is not privileged or immune from discovery must be produced with the purportedly privileged or discovery-immune portion excised.

6. Scope of Answers. In answering these RFPs, you are requested to furnish all information available to you, however obtained, including hearsay, information known by you or in your possession or appearing in your records, information in the possession of your attorneys, agents, accounts, employees, your investigators, and all persons acting on your behalf, and not merely the information known of your own personal knowledge. Any person who produces information in answer to the following RFPs is requested to identify which answers he has produced and furnish his name, address, and title.

7. Qualification of Answers. If your answer is in any way qualified, please state the exact nature and extent of the qualification.

8. "Communication" or "communicate" or "communicated" means or includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, or otherwise), and includes both oral and written communications of any type or form (including typewritten or handwritten documents, teletype, wire, e-mail, internet, digital, and any other electronic communications).

9. "Describe" means to state all information known about a particular subject, however and whenever obtained, subject to any Claim of Privilege, and includes the source of any

information. With respect to conversations or communications, "describe" further means to state the date of the conversation or communication; the time of the conversation or communication; the location(s) where the conversation or communication took place; the subject matter of the conversation or communication, including a recitation of exactly what was said and by whom; the identity of all persons who participated in the conversation or communication; and the identity of all other persons who were present during the conversation or communication.

10. "Document" or "documents" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to: any and all written, typewritten, printed, photographed, recorded, transcribed, punched, taped, filed, digital, electronic, or graphic matter of any kind or nature, however produced or reproduced, including the complete original or, where no original is available, a complete copy of the original, and each non-identical copy of the original (e.g., where different because of notes made on the copy); any form of collected data for use with electronic data processing equipment, and any mechanical, visual, or sound recordings in your custody, possession, or control and any correspondence, emails, instant messages, text messages, telegrams, telegraphs, teletypes, memoranda, agendas, contracts, studies, statements, notes, reports, agreements, diaries, statistics, letters, date books, work papers, statements, tapes, discs, minutes, entries, books of account, inter-office and intraoffice communications, notations of any sort of conversation, and lists. The term also includes all information stored in a computer system although not yet printed, all information stored on computer disks or hard drives, all information stored on computer tape backups, and all information stored on CD-ROM or electronic media, including voicemail, e-mail, text messages, or instant messages. In addition, the term "documents" means any metadata or other electronic information related to the foregoing enumerated items.

11. For all documents as defined above of which you are aware are responsive to the following RFPs but are not produced, you should "identify" such documents. This specifically includes documents that are allegedly lost, stolen, misplaced, discarded, shredded, deleted or are not otherwise being produced for any reason.

12. "Identify," "identity," or "identities,"

    a. when used in reference to any entity or person means to state his/her/its name, address or a description of his/her/its location, and telephone number and, if known, date and place of birth and social security number;

    b. when used in reference to a document, means to state its form (written, typed, printed, computer printout, or other form), number of pages, author, recipient, date, and the name, current address, and job title or job description of each person presently having custody of or access to a copy of the document; and

    c. when used in reference to an event, means to state when the event occurred, who was present, and all other facts related to it.

13. "Person" includes all natural persons, corporations, limited liability companies, proprietorships, partnerships, other business associations, firms, joint ventures, public authorities, municipal corporations, state governments, local governments, governmental bodies, and any other legal entities, and the employees or agents of these entities.

14. "Concerning," "reflecting," "regarding," "relating to" or "referring to" means directly or indirectly relating to, referring to, reflecting, pertaining to, describing, evidencing, supporting, constituting, comprising, containing, setting forth, showing, disclosing, defining, discussing, embodying, identifying, stating, dealing with, associated with, describing, explaining, summarizing, mentioning, including, or refuting.

15. All capitalized terms not otherwise defined shall have the meaning provided in the referenced document. Any defined term that is inadvertently not capitalized shall retain the definition provided herein.

16. If you contend that you cannot comply with any request in full, you should comply to the extent possible and provide an explanation as to why full compliance is not possible.

17. For document requests: If any portion of a document is responsive to any request, the entire document must be produced; and you must produce all documents described or requested whether they are drafts, outlines, final versions, or otherwise and/or whether they are or are not identical to any copy or copies thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto. All such non-identical copies are to be produced separately. In so doing, please furnish documents that are in the possession of your directors, officers, employees, attorneys, accountants, representatives or agents, or that are otherwise subject to your custody or control.

## **SPECIFIC INSTRUCTIONS AND DEFINITIONS**

18. "Guidepost," "you," and "your" refers to Guidepost Solutions LLC and its respective successors or predecessors in interest, parents, subsidiaries, divisions, affiliates, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

19. "Johnny Hunt" refers to Plaintiff Johnny M. Hunt.

20. "Complaint" refers to the Complaint in this matter and any subsequent amendments.

21. "Report" refers to the "Report of the Independent Investigation, The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee" and any versions or drafts of the same.

22. "Complainant" refers to the woman mentioned in the Report who made allegations against Plaintiff.

23. "SBC" means Defendant Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

24. "Executive Committee" means Defendant Executive Committee of the Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

25. "Task Force" means the SBC Task Force as defined in the Complaint and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

26. "Cooperation Committee" means the Committee on Cooperation of the Executive Committee as defined in the Complaint and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors,

consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1.** All documents referenced in your responses to interrogatories, initial disclosures, exhibit lists, or responses to requests for admission in this matter.

**REQUEST NO. 2.** All documents relating to Johnny Hunt.

**REQUEST NO. 3.** All documents relating to the Complainant.

**REQUEST NO. 4.** All drafts of the Report, including redline versions, versions with comments, and track change versions.

**REQUEST NO. 5.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to publication of the Report.

**REQUEST NO. 6.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to Johnny Hunt.

**REQUEST NO. 7.** All communications with, and documents reflecting communications with, the SBC, the Executive Committee, the Task Force, the Cooperation Committee, or any other person or entity affiliated with the SBC to the extent such communications relate to the Complainant.

**REQUEST NO. 8.** All recordings of Johnny Hunt.

**REQUEST NO. 9.** All recordings of the Complainant.

**REQUEST NO. 10.** All recordings of the Complainant's husband.

**REQUEST NO. 11.** All recordings of Roy Blankenship

**REQUEST NO. 12.** All recordings of any interview or conversation relating to Johnny Hunt.

**REQUEST NO. 13.** All recordings of any interview or conversation relating to the Complainant.

**REQUEST NO. 14.** All transcripts, notes or other documents relating to any interview or conversation relating to Johnny Hunt.

**REQUEST NO. 15.** All transcripts, notes or other documents relating to any interview or conversation relating to the Complainant.

**REQUEST NO. 16.** All transcripts, notes or other documents relating to any interview or conversation relating to the Complainant's husband.

**REQUEST NO. 17.** All transcripts, notes or other documents relating to any interview or conversation relating to Roy Blankenship.

**REQUEST NO. 18.** All transcripts, notes or other documents relating to any interview or conversation relating to Complainant's allegations against Johnny Hunt.

**REQUEST NO. 19.** All insurance policies that Guidepost contends might cover any liability, cost or expense associated with this litigation.

**REQUEST NO. 20.** All documents and communications relating to the decision to include the Complainant's allegations against Johnny Hunt in the Report.

**REQUEST NO. 21.** All communications with the Complainant.

**REQUEST NO. 22.** All documents relating to any communications with the Complainant.

**REQUEST NO. 23.** All communications with the Complainant's husband.

**REQUEST NO. 24.** All documents relating to any communications with the Complainant's husband.

**REQUEST NO. 25.** All communications with any individual who Guidepost alleges corroborated the Complainant or her husband.

**REQUEST NO. 26.** All documents relating to any communications with any individual who Guidepost alleges corroborated the Complainant or her husband.

**REQUEST NO. 27.** All communications with Roy Blankenship.

**REQUEST NO. 28.** All documents relating to any communications with Roy Blankenship.

**REQUEST NO. 29.** All documents provided by Complainant to Guidepost.

**REQUEST NO. 30.** All documents provided by Complainant's husband to Guidepost.

**REQUEST NO. 31.** All documents provided by Roy Blankenship to Guidepost.

**REQUEST NO. 32.** All documents relating to payment for work on the Report.

**REQUEST NO. 33.** All documents relating to Guidepost's investigation of Complainant's allegations against Johnny Hunt.

**REQUEST NO. 34.** All documents relating to dissemination of the Report to any third party, including dissemination by email, hyperlink, or other electronic means.

Dated: June 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on June 1, 2023, on the following counsel via email only:

/s/ Patrick J. Sanders
Counsel for Plaintiff Johnny Hunt

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz,
Esq. Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*