UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| *Plaintiff*, | ) ) ) |
| | ) No. 3:23-cv-00243 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) |
| EXECUTIVE COMMITTEE OF THE | ) JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Johnny M. Hunt, by and through the undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Compel Defendant Guidepost Solutions LLC ("Guidepost") to (1) redesignate documents marked "Attorneys' Eyes Only" to "Confidential" under the Amended Agreed Protective Order; (2) state whether specifically-identified missing documents were destroyed and provide a complete document production; and (3) supplement its responses to Plaintiff's Third Set of Interrogatories. For the reasons stated below, this Court should grant Plaintiff's Motion.

As required by Local Rule 7.01, counsel for Plaintiff hereby certifies that they have conferred in good faith with counsel for Guidepost regarding the nature of this Motion, the issues raised in this Motion, and the relief requested in this Motion. Plaintiff respectfully seeks this Court's consideration of this Motion to help expedite discovery in this case. In support of this Motion, Plaintiff hereby adopts by reference the Joint Discovery Dispute Statement filed by Plaintiff and Guidepost on January 9, 2024, together with all exhibits attached thereto. (Doc.

Nos. 100, 102). In addition to the procedural history and arguments set out in the Joint Discovery Dispute Statement, Plaintiff sets out additional, subsequent procedural history and arguments in support of this Motion herein.

**BACKGROUND**

Guidepost has been delaying discovery in this case for months. It has repeatedly promised that productions are imminent, only for no production (or very little production) to then occur. It has claimed that requested audiotapes did not exist, only to later admit that they do. It has promised to produce documents and tapes provided by the Complainant, only to then reverse course claiming that such documents were too sensitive and should be exempt from discovery. It has claimed that all responsive documents have been gathered and produced, only to later claim that there were unidentified errors that caused key documents to be omitted from its production (which documents have still not been produced). This continuing patten of delay has effectively brought this case to a standstill.

At the January 10, 2024 status conference, the Court authorized a motion to compel with respect to all issues raised in the January 9, 2024 Joint Discovery Dispute Statement. After the January 10 conference, Plaintiff's counsel met with Guidepost's counsel but was unable to reach a resolution, as Guidepost's counsel abruptly ended the meet and confer by hanging up and refusing to discuss other topics. As a result, Plaintiff is forced to file this Motion to Compel.

# ARGUMENT

**A. Redesignation of Documents Marked "Attorneys' Eyes Only."**

Pursuant to paragraph seven of the Amended Agreed Protective Order (Doc. No. 83), Plaintiff is challenging documents produced by Guidepost under the "Attorneys' Eyes Only" designation.

An "Attorneys' Eyes Only" designation is "the most restrictive possible protective order." Penn, LLC v. Prosper Bus. Dev. Corp., No. 2:10-CV-0993, 2012 U.S. Dist. LEXIS 168577, at *10 (S.D. Ohio Nov. 28, 2012). Under the Amended Agreed Protective Order, "[t]he party seeking to maintain materials as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' generally will bear the burden of proving that the designation is proper subject to applicable law." (Doc. No. 83 ¶ 7). Guidepost has no basis for its "Attorneys' Eyes Only" designations as described below.

On November 22, 2023, the Court granted Plaintiff's previously-filed Motion to Compel and ordered Guidepost to produce responsive documents it was withholding, which included documents and audio recordings provided to Guidepost by the woman who made certain accusations against Plaintiff (the "Complainant") and her husband. (Doc. No. 76). Consistent with the Court's order, Guidepost produced the documents and designated them "Attorneys' Eyes Only" under the Amended Agreed Protective Order. (Doc. No. 83).

Plaintiff's counsel conducted a detailed review of each document designated "Attorneys' Eyes Only." The review revealed that several documents were provided by the Complainant and her husband to newspaper reporters, and portions of these documents were even made public through online publication.

For example, a fifty-three (53) page document titled "[Complainant's and Husband's] Story with Samantha B. Kilpatrick and Russell Holske" (Ex. 1) was identified in Complainant's husband's subpoena responses as a document "provided to [] journalists, writers, online or print publishers," as well as Guidepost investigators. *See* (Ex. 2 at Response 1.d-e, 4.a). This document contains significant details on the encounter between Complainant and Plaintiff which directly challenge the version published by Guidepost in its Report. Portions of this document, specifically excerpts of journal entries by Complainant's husband, have been directly quoted in a Houston Chronicle article.[1] An email from a Houston Chronicle reporter to Plaintiff confirms that the Complainant and her husband's disclosures to the reporter were quite expansive:

███████████████████████████████ (Ex. 3).

The fact that Complainant and her husband shared these details with both investigators and newspaper reporters confirm that there is no legal basis for the "Attorneys' Eyes Only" designation.

Additionally, Plaintiff's interview notes do not warrant an "Attorneys' Eyes Only" designation. These were notes taken by Guidepost's investigators during Plaintiff's *own interview*—with no third-party present. There is no basis to prohibit Plaintiff from seeing these notes.

Given the extensive disclosure of details regarding the encounter to newspaper reporters, Guidepost investigators, and eventually to the public through online publication, there is no

---

[1] The Houston Chronicle article states that Complainant's husband wrote: "God do I need a miracle" and "I feel numb. I feel paralyzed. I feel trapped" in his journal entries. (*Compare* Doc. 75-1 at 9 *with* Ex. 1 at pp. 30-31).

justification for an "Attorneys' Eyes Only" designation for any of the documents produced by Guidepost. Instead, these documents should be designated "Confidential" under the Amended Agreed Protective Order. The Amended Agreed Protective Order limits the disclosure of "Confidential" information to certain parties, who must also agree to abide by the terms of the Protective Order. (Doc. No. 83 ¶ 1). Additionally, the procedure for filing any "Confidential" information is the same as "Attorneys' Eyes Only" information. (Doc. No. 83 ¶ 10), Local Rule 5.03.

Here, the "Attorneys' Eyes Only" designation has made litigation more difficult as Plaintiff's counsel is effectively barred from discussing with Plaintiff the alleged factual underpinnings of Guidepost's Report.[2] Designating each document "Confidential" will adequately balance the need to protect any sensitive information with the need to keep discovery proceedings moving forward.

Plaintiff respectfully requests that the Court order Guidepost to redesignate all "Attorneys' Eyes Only" documents in Guidepost's production to "Confidential."

### B. Guidepost's Potential Destruction of Documents and Failure to Make a Full Production.

Plaintiff has repeatedly expressed concerns with the sufficiency of Guidepost's document productions, including the potential destruction of documents. And Guidepost has refused to answer Plaintiff's questions regarding specific missing documents.

Only after a third-party production was Plaintiff aware that several emails and other documents exchanged between the Complainant's husband and Guidepost were not produced by

---

[2] Ohio Fresh Eggs, LLC v. Smith & Kramer, PC, No. 2:20-cv-5267, 2023 U.S. Dist. LEXIS 56024, *4 (S.D. Ohio March 30, 2023) ("Because [AEO designations are] so restrictive—and severely limits an attorney's ability to disclose facts to the litigant, the AEO designation has the potential to make litigation much more difficult and expensive.").

Guidepost even though they were responsive to Plaintiff's Requests for Production. The third-party production also revealed a communication between Complainant's husband and lead investigator Russell Holske inquiring whether documents were ▓▓▓▓▓▓▓▓▓▓ (Doc. No. 102, Ex. U).

To date, Guidepost's only response was that "[d]ue to human error in the collection of certain documents, there are additional documents we have now received from our client that are likely responsive to Plaintiff's document requests." (Ex. 4 at 1). Guidepost also stated that these documents needed to be reviewed for "responsiveness and privilege" and would be produced "promptly." (*Id.* at 2).

Guidepost avoided answering Plaintiff's questions on the specifically-identified document (by bates number) and would not say whether Guidepost still had any of the identified documents. These identified documents are clearly responsive to Plaintiff's document requests, do not need to be reviewed for responsiveness and privilege, and should be produced immediately. If they no longer exist, Guidepost should explain why they no longer exist.

Because these direct communications between Complainant's husband and Guidepost employees were not produced, Plaintiff is seeking a complete production of text messages and instant messages from all Guidepost witnesses involved in drafting the Report. This includes Russell Holske, Samantha Kilpatrick, Krista Tongring, Julie Myers Wood, and Anthony Collura. To this point, Guidepost has only produced limited screenshots of text messages from two custodians—Russell Holske and Samantha Kilpatrick, which were incomplete as revealed by third-party productions. It appears Guidepost has made no effort to collect text messages from Krista Tongring, Julie Myers Wood, and Anthony Collura. It is undisputed that these individuals were directly involved in the decision to include Plaintiff's name in the Report, reviewed and

edited the portion of the Report on Plaintiff, and communicated frequently regarding Plaintiff and the allegations against him. Furthermore, Julie Myers Wood had direct text conversations with Bruce Frank (SBC Task Force Chair) regarding Plaintiff and direct emails with Complainant's husband. Finally, Guidepost has not produced instant messages despite Plaintiff's Requests for Production asking for these communications.

Based on the foregoing, Plaintiff requests that Guidepost state whether the specifically-identified missing documents still exist and make a full production, including text messages and instant messages for Krista Tongring, Julie Myers Wood, Russell Holske, Samantha Kilpatrick, and Anthony Collura by a date certain.

### C. Guidepost's Deficient Interrogatory Responses.

A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Plaintiff served his third set of discovery requests on Guidepost on December 1, 2023. Guidepost requested and Plaintiff provided an extension for Guidepost to respond until January 10, 2024. Despite this extension, Guidepost made no effort to comply with its most basic discovery obligations. The interrogatories in dispute are attached to this motion as Exhibit 5. Specifically:

**Interrogatory No. 1-2, 4, 6, 9:** Plaintiff asked Guidepost to identify specific information relating to versions of the Report, including the date the document was created and who, if anyone, the version was shared with. In response to Interrogatories Nos. 1-2, 4, 6, and 9 Guidepost referred Plaintiff to the *entire bates range* of documents it has produced in the case—

thousands of pages—and claims that the information requested is "as easily obtained by Plaintiff as by Defendant." Ex. 5.

Guidepost has failed to identify documents with sufficient detail, as required under Rule 33(d). *Perez v. KDE Equine, LLC*, No. 3:15-CV-00562-CRS, 2017 U.S. Dist. LEXIS 570, *12 (W.D. Ky. Jan. 4, 2017) ("A party's general reference to a mass of documents or records is not an adequate response under Rule 33(d)."). Moreover, "Rule 33(d) is not intended to be used as a 'procedural device for avoiding the duty to give information.'" *Id.* (quoting Mullins v. Prudential Ins. Co. of Am., 267 F.R.D. 504, 514 (W.D. Ky. Apr. 30, 2010). Guidepost has also made no attempt to satisfy any of the prerequisites to an invocation of Rule 33(d).

Guidepost is the author of every version of the Report, knows who received each version of the Report, and has an obligation to conduct a reasonable investigation into the same. Furthermore, Guidepost references unspecified metadata contained in its entire production range. But the metadata for many of the documents is limited and does not provide any information on who the document was shared with.

**Interrogatory No. 3:** Plaintiff asked Guidepost to "[i]dentify by bates number all versions of the Report sent to the Cooperation Committee prior to May 22, 2022." (Ex. 5 at 3). Guidepost answered that "[n]o version of the Report was sent to the Cooperation Committee prior to May 22, 2022." *Id.* Guidepost's answer is deficient and contradicted by other Defendants' answers.

Report was defined to include "any versions or draft[]"of the Report, and this includes portions of the Report. And Cooperation Committee was defined as "the Committee on Cooperation of the Executive Committee." (Ex. 6 at 7).

The Executive Committee's discovery responses directly contradicted Guidepost's answer: "the Committee on Cooperation, made up of five members of the EC, *had the opportunity to review a hard copy draft Report* five days prior to completion and submission to the Task Force". (emphasis added). (Ex. 7 at 3 (EC answer to Interrogatory No. 1)).

Moreover, even if the Report was not "sent" but was provided in hard copy form, Guidepost must still identify that version of the Report. "Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)." Fed. R. Civ. P. 37, Advisory Committee Notes.

**Interrogatory No. 5:** Plaintiff asked Guidepost to "[s]tate the total amount of money you billed for your work on the Report and the total amount of money you were paid for that work." Guidepost refused to answer claiming that the interrogatory was "vague, overbroad, and ambiguous" and "not relevant to any issue in this case." (Ex. 5 at 3).

The information requested in Plaintiff's interrogatory is clear. The engagement letter between Guidepost and the SBC describes the billing procedures for the Report, as well as Guidepost's "professional rates" for services. Plaintiff has alleged that:

> Guidepost was embarrassed by the amount of time and money it had spent on the engagement. Or maybe Guidepost thought that such a finding would inflame rather than ameliorate the public pressure on the SBC. Whatever the reason, Guidepost decided it needed a scapegoat. It needed to uncover an 'abuser.' It needed a 'bombshell' – something to justify its $2 million fee. (Compl. ¶ 49).

Thus, Guidepost's billing and payment information is directly relevant and proportional to the needs of this case.

**Interrogatory No. 7:** Plaintiff asked for documents and materials "that you requested from Complainant, her husband, Roy Blankenship, or any other person and state whether or not

such materials were provided to you." (Ex. 5 at 4-5). Guidepost again referred only to its entire production. This answer is deficient for the reasons described above. Additionally, Guidepost's productions provide little to no information on what information was requested and whether any requested materials were actually provided to Guidepost.

**Interrogatory No. 8:** Interrogatory No. 8 asked for Guidepost to identify "each document cited in a footnote in the section of the Report relating to Johnny Hunt by (1) bates number and (2) the footnote number used in the final Report." (Ex. 5 at 5). Guidepost refused to do so, again referring Plaintiff to Guidepost's entire production range.

The footnotes in the final version of the section on Pastor Johnny Hunt in the final Report reference Guidepost's SharePoint files and provide no information on the underlying source.[3]

Therefore, based on the above deficiencies, Plaintiff respectfully requests that the Court order Guidepost to provide complete supplemental interrogatory answers by a date certain.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully asks the Court to compel Guidepost to (1) redesignate documents marked "Attorneys' Eyes Only" to "Confidential" under the Amended Agreed Protective Order; (2) state whether specifically-identified missing documents were destroyed and provide a complete document production; and (3) supplement its responses to Plaintiff's Third Set of Interrogatories.

---

[3] For example, Footnote 437: https://solutionpointintl.sharepoint.com/:w:/s/SBCECInvestigation/EZkfLXA-CKhCkjmTlihuRjgBmVd8mskWwAHelo_xwslrnw?e=mX4IlY.

10

Case 3:23-cv-00243    Document 107    Filed 01/19/24    Page 10 of 13 PageID #: 1277

Dated: January 19, 2024                                   Respectfully submitted,


                                                          s/ Andrew Goldstein
                                                          **Todd G. Cole, Esq., BPR # 031078**
                                                          **Andrew Goldstein, Esq., BPR # 037042**
                                                          COLE LAW GROUP, P.C.
                                                          1648 Westgate Circle, Suite 301
                                                          Brentwood, TN 37027
                                                          Telephone: (615) 490-6020
                                                          Fax: (615) 942-5914
                                                          tcole@colelawgrouppc.com
                                                          agoldstein@colelawgrouppc.com


                                                          *-and-*


                                                          **Robert D. MacGill, Esq. (*pro hac vice*)**
                                                          **Scott E. Murray, Esq.  (*pro hac vice*)**
                                                          **Patrick J. Sanders, Esq. (*pro hac vice*)**
                                                          MACGILL PC
                                                          156 E. Market St.
                                                          Suite 1200
                                                          Indianapolis, IN 46204
                                                          Telephone: (317) 721-1253
                                                          robert.macgill@macgilllaw.com
                                                          scott.murray@macgilllaw.com
                                                          patrick.sanders@macgilllaw.com


                                                          *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Compel to be electronically filed with the Clerk of the Court on January 19, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

s/ Andrew Goldstein
ANDREW GOLDSTEIN