UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. 3:23-cv-00243 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| SOUTHERN BAPTIST CONVENTION; | ) MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) |
| EXECUTIVE COMMITTEE OF THE | ) JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) |
| | ) |
| *Defendants*. | ) |

**THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S
ANSWERS AND OBJECTIONS TO PLAINTIFF'S
<u>FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, The Executive Committee ("EC") of the Southern Baptist Convention serves its Answers and Objections to Plaintiff's First Set of Interrogatories.

<u>**OBJECTIONS TO "GENERAL INSTRUCTIONS AND DEFINITIONS" AND
"SPECIFIC INSTRUCTIONS AND DEFINITIONS"**</u>

1.  The EC objects to "General Instruction and Definition" No. 2 to the extent it is inconsistent with Rule 26(e)(1) of the Federal Rules of Civil Procedure. The EC will supplement its answers to these interrogatories in accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure.

2.  The EC objects to "General Instruction and Definition" No. 3 to the extent it is inconsistent with Rule 33(b)(4) of the Federal Rules of Civil Procedure. The EC's answers and objections will comply with Rule 33(b) of the Federal Rules of Civil Procedure.

3. The EC objects to "General Instruction and Definition" No. 5 to the extent it is inconsistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure. To the extent the EC claims a privilege or protects trial-preparation materials, the EC will provide the information required under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

4. The EC objects to "General Instruction and Definition" Nos. 6–7, 11, 16–17 to the extent they are inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure. The EC's answers and objections will comply with Rule 33(b) of the Federal Rules of Civil Procedure.

5. The EC objects to "General Instruction and Definition" Nos. 8–10 and 12–14 because they seek information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms in accordance with their natural and ordinary meanings and/or the meanings as provided in the Federal Rules of Civil Procedure.

6. The EC objects to "Specific Instructions and Definitions" No. 1 because it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms to refer to the EC and no one else.

7. The EC objects to "Specific Instructions and Definitions" No. 23 because it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms to refer to the Guidepost Solutions LLC and no one else.

8. The EC objects to "Specific Instructions and Definitions" No. 24 because it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms to refer to the Southern Baptist Convention and no one else.

9. The EC objects to "Specific Instructions and Definitions" No. 25 because it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms to refer to the Sexual Abuse Task Force and no one else.

10. The EC objects to "Specific Instructions and Definitions" No. 26 because it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. The EC will interpret these terms to refer to the Committee on Cooperation and no one else.

## ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify each individual involved in reviewing the portions of the Report that involve Johnny Hunt. For each such individual, include the person's relationship to the Executive Committee, the person's title, what documents and communications the person reviewed, and a description of that individual's role with respect to the Report.

**ANSWER:**

The EC objects to this interrogatory because it is vague and ambiguous. Specifically, the interrogatory does not specify whether it seeks identification of individuals involved in reviewing the portions of the Report that involve Plaintiff before or after the Report's publication on May 22, 2022. The EC will interpret this interrogatory to seek identification of individuals involved in reviewing the portions of the Report involving Plaintiff before its publication on May 22, 2022.

Subject to the foregoing objection and the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," the Committee on Cooperation, made up of five members of the EC, had the opportunity to review a hard copy draft Report five days prior to completion and submission to the Task Force. The members of the Committee on

Cooperation at that time were Ed Litton, John Batts, Chris Dupree, Mike Keahbone, and Nancy Spalding.

**INTERROGATORY NO. 2**:

Identify and describe any edits, comments, and/or suggestions provided to Guidepost regarding portions of the Report that involve Johnny Hunt. For each such edit, comment, and/or suggestion, include the person responsible for the edit, comment, and/or suggestion, and the person's title.

**ANSWER:**

Subject to the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," the EC and its members were not permitted to edit the Report prior to its public release and did not provide edits, comments, and/or suggestions to Guidepost regarding portions of the Report that involve Plaintiff.

**INTERROGATORY NO. 3**:

Identify and describe any factual information or conclusions you disputed in any version of the Report. Identify in your response any supplemental documents and/or information provided to Guidepost related to the disputed fact or conclusion.

**ANSWER:**

The EC objects to this interrogatory because it is vague and ambiguous. Specifically, the interrogatory does not specify whether it seeks identification of disputed factual information or conclusions in any version of the Report before or after the Report's publication on May 22, 2022. The EC will interpret this interrogatory to seek identification of disputed factual information or conclusions in any version of the Report before its publication on May 22, 2022. The EC further objects to this interrogatory because it seeks information that is not relevant to any party's claim

or defense and not proportional to the needs of the case. Specifically, this interrogatory is not limited to the Report as it pertains to the Plaintiff. Accordingly, the EC will interpret this interrogatory to seek identification of disputed factual information or conclusions in any version of the Report pertaining to Plaintiff before its publication on May 22, 2022.

Subject to the foregoing objections and the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," Guidepost conducted the independent investigation into the EC and the EC was not permitted to conduct, direct, or otherwise manage or influence Guidepost's independent investigation in any manner. The EC did not, and to this day has not, had access to the materials, interviews, and documents related to the allegations against Plaintiff included in the Report and, therefore, did not dispute any factual information or conclusions in any version of the Report pertaining to Plaintiff before its publication on May 22, 2022.

**INTERROGATORY NO. 4**:

Who was involved in the decision to include the Complainant's allegations against Johnny Hunt in the Report? For each such person, identify that person's relationship to the Executive Committee; the person's title; and a description of the person's role in making the decision.

**ANSWER:**

Subject to the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," Guidepost conducted the independent investigation into the EC and the EC was not permitted to conduct, direct, or otherwise manage or influence Guidepost's independent investigation in any manner, and as a result, the EC was not involved in the decision to include the Complainant's allegations against Plaintiff in the Report.

**INTERROGATORY NO. 5**:

Describe the types of documents in the Executive Committee's possession that relate to both Johnny Hunt and the Report. Include in your response whether such documents are in hardcopy or electronic format (including whether such documents include emails, text messages, instant messages such as Slack, video or audio recordings, etc.); the custodian of such documents; and where such documents are stored.

**ANSWER:**

Subject to the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," Guidepost conducted the independent investigation into the EC and the EC was not permitted to conduct, direct, or otherwise manage or influence Guidepost's independent investigation in any manner, and as a result, the Report, which was received by the EC in electronic format, is the document in the EC's possession that relates to both Plaintiff and the Report.

**INTERROGATORY NO. 6**:

Identify the various methods used by the Executive Committee to communicate regarding the Report and its contents (for example, whether the Executive Committee used email, instant messaging, text messaging, or other electronic means for communicating). For each such method, include the name of the relevant platform (i.e., "Slack" for instant messaging; "Outlook" for email; etc.).

**ANSWER:**

Subject to the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," the Report was sent to the EC by email contemporaneously with the Report's public release on May 22, 2022. The Committee on Cooperation reviewed hard

copies of the draft Report on or around May 10, 2022, prior to its completion and submission to the Task Force. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, *see* EC–000311–14.

**INTERROGATORY NO. 7**:

Does the Executive Committee use a document management system to store electronic documents? If so, describe the system and where documents relating to the Report and Johnny Hunt are stored within that system, including all drafts of the Report.

**ANSWER:**

Subject to the EC's Objections to the "General Instructions and Definitions" and the "Specific Instructions and Definitions," no.

# VERIFICATION OF THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION

STATE OF    <u>Tennessee</u> )
COUNTY OF  <u>Davidson</u>  )

    I, Willie McLaurin, after first being duly sworn, state as follows:

    I am the Interim President and Chief Executive Officer of The Executive Committee of the Southern Baptist Convention. The answers to of The Executive Committee of the Southern Baptist Convention First Set of Interrogatories are true and correct.

*[signature: Willie McLaurin]*
Willie McLaurin
Interim President and Chief Executive Officer
The Executive Committee of the Southern Baptist Convention

    Sworn to and subscribed before me on this the  <u>27th</u>  day of July, 2023.

*[Notary seal: Christy Peters, State of Tennessee Notary Public, County of Davidson. My Commission Expires July 7, 2025]*

Notary Public: *Christy Peters*

My Commission Expires:   <u>7-25-2023</u>

Respectfully submitted,

*s/ R. Brandon Bundren*
E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

# **CERTIFICATE OF SERVICE**

      I certify that on July 28, 2023, I served a true and correct copy of The Executive Committee of the Southern Baptist Convention's Answers and Objections to Plaintiff's First Set of Interrogatories on all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Scott E. Murray<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>scott.murray@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

                                        *s/ R. Brandon Bundren*
                                        R. Brandon Bundren