# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| SOUTHERN BAPTIST CONVENTION; | ) | MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| *Defendants.* | ) | |

## THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S FIRST SET OF REQUESTS FOR ADMISSION, FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, the Executive Committee of the Southern Baptist Convention serves its First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production to Johnny M. Hunt.

Johnny M. Hunt must answer each request for admission within thirty (30) days.

Johnny M. Hunt must answer each interrogatory under oath within thirty (30) days.

Johnny M. Hunt shall produce documents within thirty (30) days at Bradley Arant Boult Cummings LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203, unless another location is agreed upon by the parties.

Documents shall be produced in single-page Tagged Image File Format with document level (searchable) extracted text, load files, and the following metadata fields: Bates Beg; Bates End; Bates Beg Attach; Bates End Attach; Custodian; Email From; Email To; Email CC; Email BCC; Email Subject; Date Sent; Date Received; File Name; Date Created; Date Last Modified;

Document Extension; OCRTEXT; NATIVE_PATH; and confidentiality designation, if applicable. All Excel spreadsheets and similar documents shall also be produced in native format. The EC reserves the right to request production of documents in native format along with any associated programs or systems to facilitate the review of the native documents

## **DEFINITIONS**

1.     "Hunt," "You," or "Your" means Johnny M. Hunt and Your agents or representatives, including any agents or representatives who may have acted on Your behalf.

2.     "SBC" means the Southern Baptist Convention.

3.     "Guidepost" means Guidepost Solutions LLC.

4.     "EC" means the Executive Committee of the Southern Baptist Convention.

5.     "Report" means The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022.

6.     "Accuser" or "Your Accuser" means the married woman who has accused You of sexual assault, which is detailed in the Report.

7.     "Complaint" means to Complaint filed by You on March 17, 2023.

8.     "Encounter" means the encounter between You and Your Accuser referenced throughout the Complaint

9.     "Document" has the full extent of its meaning as provided under Federal Rule of Civil Procedure 34, and includes, without limitation, emails, text messages, instant messages, social media posts, social media messages, slack messages, etc.

2

## FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:

You were previously a member of the EC during the period in which You were President of the SBC.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2**:

**Exhibit 1** (attached hereto) is a true and correct copy of a letter You wrote on or about May 27, 2022, to the congregation of First Baptist Woodstock.

**ANSWER:**

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify every person with knowledge of facts relevant to the claims, defenses, and/or matters set forth in the Complaint. In Your answer, please state the relevant information each person possesses.

**ANSWER:**


**INTERROGATORY NO. 2**:

If You answered anything but "Admit" to Request for Admission No. 1, identify all facts supporting Your answer to Request for Admission No. 1.

**ANSWER:**


**INTERROGATORY NO. 3**:

State the factual basis for Your contention that the Encounter "should not have been included" in the Report as referenced in paragraph 10 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 4**:

Identify the "substantial economic and other damages" You have allegedly suffered as referenced in paragraph 62 of the Complaint.

**ANSWER:**

4

**INTERROGATORY NO. 5**:

State the factual basis for Your allegation that You are a "member of the Lumbee Tribe of North Carolina" as referenced in paragraph 21 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 6**:

Identify all instances, including the date and the individuals involved, where You have been informed that someone viewed Your conduct as being sexually inappropriate.

**ANSWER:**


**INTERROGATORY NO. 7**:

Identify Your annual income attributable to Your efforts as a speaker and/or author from 2008 to the present.

**ANSWER:**


**INTERROGATORY NO. 8**:

Identify all "book deal[s]" You lost as referenced in paragraph 62 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 9**:

Identify all speaking engagements You lost as referenced in paragraph 62 of the Complaint.

**ANSWER:**

5

**INTERROGATORY NO. 10**:

Identify all "efforts [by the EC] to destroy [Your] reputation" as referenced in paragraph 69 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 11**:

Identify all statements by the EC that You contend were defamatory.

**ANSWER:**


**INTERROGATORY NO. 12**:

Identify all statements by the EC that placed You in a false light.

**ANSWER:**


**INTERROGATORY NO. 13**:

Identify all conduct by the EC made the subject of Your claim for Intentional Infliction of Emotional Distress as referenced in paragraphs 104–08 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 14**:

Identify and describe the serious mental injury You have suffered as a result of any conduct by the EC.

**ANSWER:**

6

**INTERROGATORY NO. 15**:

Identify all breaches by the EC of any duty owed to You by the EC that is the basis of Your claim for Negligent Infliction of Emotional Distress.

**ANSWER:**


**INTERROGATORY NO. 16**:

Identify the serious or severe emotional injury or physical injury that You have suffered as a result of any conduct by the EC.

**ANSWER:**


**INTERROGATORY NO. 17**:

Identify all private facts publicly disclosed by the EC.

**ANSWER:**


**INTERROGATORY NO. 18**:

Identify and describe the details of all communications you have had with Guidepost regarding the Encounter, including the date of the communication(s), the names of the individual(s) involved in the communication(s), whether the communication(s) was oral or in writing, and a summary of the substance of each communication(s).

**ANSWER:**

7

**INTERROGATORY NO. 19**:

Identify by name each individual or other source of information You contend Guidepost should have interviewed and/or investigated with respect to the Encounter.

**ANSWER:**


**INTERROGATORY NO. 20**:

Prior to the issuance of the Report, identify the dates on which You disclosed the Encounter, including the persons to whom You made the disclosure and what You told those persons about the Encounter.

**ANSWER:**


**INTERROGATORY NO. 21**:

Identify all social media accounts (e.g., Facebook, Instagram, Twitter, Snapchat, etc.) You utilized from 2008 to the present, including but not limited those that You utilized or those utilized by Your agents on Your behalf. For reach account identified, state:

      (a) the username for the account;

      (b) the date range(s) the account was utilized; and

      (c) whether the account is still actively utilized, and if not when You ceased using the account.

**ANSWER:**

**INTERROGATORY NO. 22**:

Identify all telephone numbers You have utilized to place and receive calls or to send and receive text messages regarding the Encounter from 2008 to the present. For each telephone number identified, please also state:

(a) the date range(s) the telephone number was utilized from 2008 to the present;

(b) the utility or carrier(s) that provided the phone service (e.g. Verizon, AT&T, T-Mobile, etc.) and the date range(s) each carrier provided the service; and

(c) whether the number is still actively utilized, and if not when You ceased using this number or service.

**ANSWER:**


**INTERROGATORY NO. 23**:

Identify all e-mails addresses you used to send and receive electronic mail regarding the Encounter from 2008 to the present. For each email address identified, please also state:

(a) the date range(s) the email address was utilized from 2008 to the present; and

(b) whether the email address is still actively utilized, and if not when You ceased using this email address.

**ANSWER:**

9

## <u>VERIFICATION OF JOHNNY M. HUNT</u>

STATE OF     _____ )
COUNTY OF _____ )


        I, Johnny M. Hunt, after first being duly sworn, state as follows:

        My name is Johnny M. Hunt. The answers to Plaintiff's First Set of Interrogatories are true and correct.


                               _____
                               Johnny M. Hunt

        Sworn to and subscribed before me on this the \_\_\_\_ day of October, 2023.


                Notary Public: _____

                My Commission Expires: _____

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All documents referenced in Your Rule 26(a)(1) Initial Disclosures.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**

Communications (including emails, text messages, instant messages, social media messages) between You and the SBC regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**

Communications (including emails, text messages, instant messages, social media messages) between You and Guidepost regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**

Communications (including emails, text messages, instant messages, social media messages) between You and any member of the EC regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**

Communications (including emails, text messages, instant messages, social media messages) between You and Your Accuser regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**

Communications (including emails, text messages, instant messages, social media messages) between You and Your Accuser's husband regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**

Communications (including emails, text messages, instant messages, social media messages) between You and Roy Blankenship regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**:

Non-privileged communications (including emails, text messages, instant messages, social media messages) between You and any third party regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**

Documents related to the "joint" counseling sessions referenced in paragraph 3 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

If You answered anything but "Admit" to Request for Admission No. 1, produce all documents supporting Your answer to Request for Admission No. 1.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**

Documents supporting Your claim for damages in this action.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**

Documents related to Your allegation that You are a "member of the Lumbee Tribe of North Carolina" as referenced in paragraph 21 of the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to calculate the portion of Your annual income attributable to speaking engagements from 2008 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to calculate the portion of Your annual income as an author from 2008 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify all "book deals" You lost as referenced in paragraph 62 of the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify all speaking engagement You lost as referenced in paragraph 62 of the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify all "efforts [by the EC] to destroy [Your] reputation" as referenced in paragraph 69 of the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

All statements by the EC that You contend were defamatory.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

All statements by the EC that placed You in a false light.

**RESPONSE:**

14

**REQUEST FOR PRODUCTION NO. 20:**

All documents related to any conduct by the EC that relates to Your claim for Intentional Infliction of Emotional Distress against the EC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**

All documents related to any serious mental injury You have suffered as a result of conduct by the EC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:**

All documents related to the EC's breach of any duty owed to You related to Your claim for Negligent Infliction of Emotional Distress.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**

All documents related to the serious or severe emotional injury or physical injury that You have suffered as a result of any conduct by the EC.

**RESPONSE:**

15

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all private facts publicly disclosed by the EC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**

All of Your social media messages, social media posts, blog posts, articles written regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**

All notes, journals, writings, recordings, and/or related documents related to Your meetings with Guidepost regarding the Encounter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**

To the extent not already requested, all notes, journals, writings, recordings, and/or related documents regarding the Encounter.

**RESPONSE:**

16

**REQUEST FOR PRODUCTION NO. 28:**

Documents identified in response to the Plaintiff's First Set of Interrogatories or upon which You, or anyone acting on Your behalf, relied or referred to in preparing the answers to the First Set of Interrogatories.

**RESPONSE:**

Respectfully submitted,

s/ R. Brandon Bundren
_____
E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

Thomas J. Hurney, Jr. (*pro hac vice*)
Gretchen M. Callas (*pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, West Virginia 25322
P: 304.340.1000
F: 304.340.1150
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

18

## CERTIFICATE OF SERVICE

I certify that on September 14, 2023, I electronically served a true and correct copy of the Executive Committee of the Southern Baptist Convention's First Set of Interrogatories and First Set of Request for Production to Plaintiff on all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Scott E. Murray<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>scott.murray@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

*s/ R. Brandon Bundren*
R. Brandon Bundren

# EXHIBIT 1

*From the desk of Pastor Johnny Hunt*

Dear First Baptist Woodstock,

One week ago, I saw the same task force report you saw at the time you saw it. All of us, in different ways, were shocked by the contents of that report.

I made a brief public comment then, but I would like to say more now. I owe you the opportunity to hear the truth from me directly.

Twelve years ago, right after my service as SBC president, and in the aftermath of my battle with cancer, I entered into a season of deep despair and probably clinical depression. I remember Janet asking me then how I felt and I said to her, *"I feel like something inside of me has died."*

It was during that summer that I allowed myself to get too close to a compromising situation with a woman who was not my wife. It happened when she invited me into her vacation condo for a conversation. Against my better judgment – I chose to go.

Our brief, but improper, encounter ended when — in response to an overwhelming feeling of conviction— I stopped it and I fled the situation. I remember saying just before leaving the condo, *"this is not right. I have no business being here. I love my wife."* I have never been in a room again privately with the woman involved.

I thank God we did not go further than we did, but that is also no excuse for my grievous sin. I will regret that day for the rest of my life and I take responsibility for the situation because I chose to enter her condo.

I am sorry.

It was an awful sin but it was a consensual encounter. It was **not** abuse **nor** was it assault.

Almost immediately after the incident in 2010, I began a process of taking personal responsibility for my personal sin.

Within the same week, to my shame, I confessed the situation in detail to my wife. Janet is a truly Godly woman and was far more gracious than I deserved. I also spoke to the husband of the woman involved about one week later and I spoke to the husband together with his wife present. I apologized to both and sought their forgiveness. I also sought professional help from a counselor in order to better understand how this had happened and to seek advice on an appropriate process of repentance, reconciliation and restoration. I was willing to resign my ministry then, forever. However, after completing that private process, which involved seeking the forgiveness of God and those involved, and recovering from that dark, depressing season, I felt I could return to Woodstock in the Fall of 2010.

That is what happened. I want you to know that this is the truth. It is also the whole truth.

Church, I want to be direct: I'm not seeking your sympathy. I am not a victim. I have to bear the responsibility for my sin, which has basically cost me everything, except my faith and my family, over the last seven days.

I'm also not asking you to feel sorry for me. This is my burden to bear. I *am* asking you to please pray for us.

But, I do want you to know — and you've known me for over 40 years – that as awful as my sin was, on that terrible day, the account described in the Guidepost report is sensationalized. I did not groom the woman involved nor did I intentionally arrange the encounter (I didn't even know who owned the condo), and there are other details in the description that are stated as fact which did not happen.

The most absurd allegation is that this brief, consensual encounter constituted assault. It did not. This is the reason why I denied the accuracy of the report, and why I deny it, now.

As I said in my statement on Sunday: I have never abused anybody. With God as my witness, while the situation described in the Guidepost report is based in reality, the allegation made in the report is false. I also am sorry I wasn't more forthcoming with the interviewers because it has made a bad situation worse. I guess I was just so surprised and so shocked by the allegations of abuse that I shut down.

You may be wondering why I did not make my confession to the church at the time of my sin. I justified not doing so on the basis of a Biblical principle that sin is first and foremost against God. King David wrote in Psalm 51:4, "against You and You only have I sinned and done this evil in Your sight."

I've also always taught that confession should be as broad as the offense. Since I had sought forgiveness from those I had offended and put myself under the care of others during the process, I thought I had done my part.

So, now, I ask all of you also to please forgive me. As I did twelve years ago, and again today, I confess that I sinned. I crossed a line. I repent in brokenness and shame. I turn from my sin, *again*. Back then, I confessed and sought forgiveness from all persons I sinned against. I would ask the same of all that learn of my confession, now.

Please forgive me.

I took then, and I take now, responsibility for my actions. I am also submitting myself to the care of a small group of wise, Godly leaders to enter into a season of intentional restoration given the public nature of the events of recent days.

And, finally, for all of those whose ministries I have influenced over many years.

My prayer is that this season - the most difficult of my 50 year ministry — is a reminder to every one of you that no spiritual leader is beyond temptation.

I thank God for his grace and I'm sorry for any disappointment this news will cause to anyone.

I'll leave you with a few words from the book of first Timothy which seem appropriate, *"this is a faithful saying, and worthy of all acceptance, that Christ Jesus came into the world to save sinners; of whom I am chief"* (1 Timothy 1:15).

Blessings,
Johnny Hunt