# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| SOUTHERN BAPTIST CONVENTION; | ) | MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S RESPONSES TO THE EXECUTIVE COMMITTEE'S
FIRST SET OF REQUESTS FOR ADMISSION, FIRST SET OF INTERROGATORIES
AND FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Plaintiff, by counsel, hereby provides his responses to Defendant Executive Committee of

the Southern Baptist Convention's First Set of Requests for Admission, First Set of Interrogatories,

and First Set of Requests for Production:

**GENERAL OBJECTIONS**

To avoid undue and unnecessary repetition, each of the following responses is made subject

to and incorporates the following general objections:

1. Plaintiff objects to the requests to the extent they seek to require the disclosure of

information or the production of documents that are beyond the scope of permissible discovery

under the Federal Rules of Civil Procedure.

2. Plaintiff objects to the requests to the extent they seek to impose discovery burdens or

responsibilities upon Plaintiff beyond those specifically required by the Federal Rules of Civil

Procedure. Plaintiff will respond to the requests in a manner consistent with his obligations under the Federal Rules of Civil Procedure.

3. Plaintiff objects to the requests to the extent they seek the disclosure of information or the production of documents protected by the attorney-client privilege, the work product doctrine, consulting expert protections provided by Rule 26, spousal privilege, common legal interest protections, or any other available privilege, protection or doctrine. To the extent any request seeks such information, it will not be provided.

4. Plaintiff objects to the requests to the extent they incorrectly assume the existence and occurrence of certain facts or events. Plaintiff's response to any request is not intended to be, and shall not be construed as, an admission that any factual predicate stated or inferred in the request is accurate.

5. Plaintiff objects to each request that: (a) Contains vague, ambiguous, and undefined terms and phrases that are subject to a variety of meanings and interpretations; (b) Seeks information that is publicly available and/or is as readily accessible to opposing counsel and their clients as it is to Plaintiff; or (c) Seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

6. Plaintiff objects to the requests to the extent that the information necessary to respond is outside of Plaintiff's possession, custody, or control.

7. Plaintiff objects to the requests that attempt to obtain information or documents that are not reasonably accessible.

8. Plaintiff objects to the requests to the extent they seek the disclosure of confidential or other sensitive documents that are not relevant to the dispute between the parties.

2

9. Plaintiff objects to the extent that the requests are not time-limited or subject matter limited in a way that would exclude information not relevant to the claims and defenses in this litigation from the scope of the requests.

10. Plaintiff objects to the requests that are duplicative of other requests.

11. Plaintiff's responses below are made subject to and without waiving (1) the foregoing General Objections; (2) the right to object on the grounds of competency, relevancy, materiality, hearsay or any other proper ground to the use of any such information for any purpose, in whole or in part, and in any subsequent style or proceeding in this or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these requests.

12. Plaintiff notes that, to the extent any Defendant or Third Party has not yet made a fulsome document production or response to interrogatories, Plaintiff is unable to make a fulsome response to some requests or fulsome document productions at this time.

13. Plaintiff reserves the right to supplement answers as permitted under the Federal Rules of Civil Procedure.

14. Plaintiff objects to the instructions to the extent they conflict with orders previously entered in this case.

15. Plaintiff reservices the right to make rolling productions of documents.

16. Plaintiff's agreement to produce documents in response to any of the requests, if any, is qualified as follows. In response to the requests, Plaintiff has conducted a reasonable search for documents called for by the requests deemed unobjectionable in whole or in part in Plaintiff's possession, custody or control in reasonably accessible locations where such documents are most likely to be found. In addition, a statement that documents will be produced in response to a

particular request does not mean that Plaintiff knows that such documents exist or are in his possession. It means only that if such documents exist, are in Plaintiff's possession, are subject to discovery in this action, and can be located in a reasonable search of the most likely and reasonably accessible repositories of responsive documents, they will be produced.

17. Plaintiff incorporates the foregoing General Objections into each and every answer to the requests below.

## RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:

**You were previously a member of the EC during the period in which You were President of the SBC.**

**ANSWER:** Plaintiff admits that, solely as a result of his having been elected President of the Southern Baptist Convention, he was nominally a member of the Executive Committee during his term as President of the Southern Baptist Convention, but that he was not involved in the Executive Committee's day-to-day activities, which were instead run by its permanent leadership and staff. By way of further response, Plaintiff was not the SBC President or a member of the Executive Committee at the time of the Florida encounter with Alisa Womack.

**REQUEST FOR ADMISSION NO. 2**:

**Exhibit 1 (attached hereto) is a true and correct copy of a letter You wrote on or about May 27, 2022, to the congregation of First Baptist Woodstock.**

**ANSWER:** Admitted.

4

<u>**RESPONSES TO FIRST SET OF INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1**</u>:

      **Identify every person with knowledge of facts relevant to the claims, defenses, and/or matters set forth in the Complaint. In Your answer, please state the relevant information each person possesses.**

      <u>**ANSWER:**</u>

- Alisa Womack – facts relating to the encounter; communications with Plaintiff; communications with Roy Blankenship; communications with Guidepost
- Russell Womack - communications with Plaintiff; communications with Roy Blankenship; communications with Guidepost
- Samantha Kilpatrick, Guidepost Senior Managing Director – creation and publication of the Report
- Russell Holske, Guidepost Senior Managing Director – creation and publication of the Report
- Janet Hunt, Spouse – communications with the Womacks and Roy Blankenship
- Roy Blankenship – communications with Plaintiff, the Womacks, and Janet Hunt
- Kevin Ezell, NAMB President – communications with Plaintiff about the Report; Plaintiff's loss of employment
- Jeremy Morton, Pastor at First Woodstock and SBC Executive Committee Member – communications with Plaintiff about the Report; Plaintiff's loss of title with the church
- Jim Law, Former Associate at FBCW and employee of NAMB – communications about the Report
- Matt Lawson, Staff member of FBCW – communications with Plaintiff after the Report's publication
- Stephen and Jennifer Kyle, Plaintiff's Pastor and wife at Hiland Park Baptist Church, Panama City, FL and Part of the Accountability/Restoration Group – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Other members of the Accountability/Restoration Group:
    - Benny Tate, Pastor of Rock Springs Church, Milner, GA – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
    - Mark Hoover, Pastor of New Spring Church, Wichita, Kansas – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm

5

- - Mike Whitson, Pastor of Indian Trail Church, Indian Trail, NC – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Steve and Vickie Flockhart, Pastor New Season Church, Hiram, GA – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Jennifer and Caleb Duncan, friends – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Mike Orr, Pastor of First Baptist Church, Chipley, FL – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Scott and Millie White, former Associate at FBCW/ Pastor of Windmark Church, St. Joe, FL – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Eddie and Terrie Carswell – communications with Plaintiff after the Report's publication
- Sarah Hill – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Ginger and Ron Anspaugh – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- John and Denise Kissee – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Plaintiff's Children and Spouses:
  - Deanna and Jake Carswell – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
  - Hollie and Pete Hixson – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Plaintiff's Grandchildren:
  - Addie Hixson – communications with Plaintiff after the Report's publication
  - Katie and Nich Oswald – communications with Plaintiff after the Report's publication
  - Carson Carswell – communications with Plaintiff after the Report's publication
- Spiritual Care Team from Woodstock First Baptist Church:
  - Jeremy Morton, Pastor and member of SBC Executive Committee – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
  - James Eubanks, staff member of FBCW – communications with Plaintiff after the Report's publication
  - Jim Woodward, lay leader – communications with Plaintiff after the Report's publication

6

- ○ Alan Gotthardt, lay leader – communications with Plaintiff after the Report's publication
- ○ Todd Thrasher, lay leader – communications with Plaintiff after the Report's publication
- Counselor at OnSite Ministries: Austin Houghealing – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Counselors: David & Teresa Ferguson, Relational Care, Austin, TX – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Shane Pruitt – communications with Plaintiff after the Report's publication
- Carl Lietz (Plaintiff's attorney) – privileged
- David Bouchard (Plaintiff's attorney) – privileged
- Johnnie Moore (publicist) – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Jason Nave (friend) – communications with Plaintiff after the Report's publication; Plaintiff's resulting harm
- Bart Barber – his statements about Plaintiff and the Report
- Members of the Task Force and Committee on Cooperation – review of the Report prior to publication and decision publish allegations against Plaintiff
- Members of the Credentials Committee – attempts to prevent churches from associating with Plaintiff

**INTERROGATORY NO. 2**:

**If You answered anything but "Admit" to Request for Admission No. 1, identify all facts supporting Your answer to Request for Admission No. 1.**

**ANSWER:** Plaintiff acknowledges that, under the governing corporate documents, the elected President of the Southern Baptist Convention serves as a nominal member of the Executive Committee during his term as President of the Southern Baptist Convention, but that he is not involved in the Executive Committee's day-to-day activities, which are instead run by the Executive Committee's permanent leadership and staff.

**INTERROGATORY NO. 3**:

**State the factual basis for Your contention that the Encounter "should not have been included" in the Report as referenced in paragraph 10 of the Complaint.**

**ANSWER:** See paragraph 58 of the Complaint.

7

**INTERROGATORY NO. 4**:

**Identify the "substantial economic and other damages" You have allegedly suffered as referenced in paragraph 62 of the Complaint.**

**ANSWER:** Plaintiff's damages require expert analysis to ascertain. Plaintiff will disclose expert(s) and related report(s) in accordance with the Court's Case Management Order. Some of Plaintiff's damages may be calculated based upon Defendants' financial records or other records, which must be produced by Defendants at the appropriate time. Moreover, Plaintiff will be unable to provide a complete, comprehensive, or final damages theory and figure until (A) fact discovery is completed, and (B) expert discovery is completed. Nothing in this discovery response will limit Plaintiff's experts, and Plaintiff has not attempted to answer this discovery request from the perspective of an expert at this time.

Subject to the aforementioned objections, Plaintiff seeks at least the following categories of monetary damages in the case: Compensatory, punitive damages, reasonable attorney's fees, costs, and expenses.

**INTERROGATORY NO. 5**:

**State the factual basis for Your allegation that You are a "member of the Lumbee Tribe of North Carolina" as referenced in paragraph 21 of the Complaint.**

**ANSWER:** Plaintiff is a Native American and member of the Lumbee Tribe through biological descent.

**INTERROGATORY NO. 6**:

**Identify all instances, including the date and the individuals involved, where You have been informed that someone viewed Your conduct as being sexually inappropriate.**

**ANSWER:** None.

8

**INTERROGATORY NO. 7**:

Identify Your annual income attributable to Your efforts as a speaker and/or author from 2008 to the present.

**ANSWER:** Plaintiff objects to Interrogatory No. 7 as beyond the scope of any claims and defenses material to the case, disproportionate to the claims and defenses material to the case, and unreasonably burdensome as it requests information relating to Plaintiff's income 14 years before the Report was published. In an attempt to compromise and mitigate the burden, Plaintiff will produce documents sufficient to show his annual income from 2015 to the present.

**INTERROGATORY NO. 8**:

Identify all "book deal[s]" You lost as referenced in paragraph 62 of the Complaint.

**ANSWER:** Plaintiff lost the following book deals as a result of Defendants' tortious conduct: Foreword by Plaintiff was dropped from book authored by Richard Walsman; HarperCollins terminated publishing agreement for Everyday Joy and Peace; and Harvest House Publishers terminated agreements for Anchored in Jesus, Demolishing Strongholds, How to Become a More Effective Leader, Unspoken, and Unspoken Study Guide. Additionally, Plaintiff lost potential book deals that did not and will now not come to fruition because of Defendants' tortious conduct.

**INTERROGATORY NO. 9**:

Identify all speaking engagements You lost as referenced in paragraph 62 of the Complaint.

**ANSWER:** Plaintiff lost the following speaking engagements as a result of Defendants' tortious conduct: Favored Women Conferences; Jubilee Conference; Xtreme Conferences; standing invitation to Southeastern Baptist Theological Seminary; First Baptist Church Woodstock, GA; Carson Newman University, TN; Windmark Beach Church, FL; Tennessee State

9

Evangelism Conference; Upland Reach, NC; Cypress Baptist Church, LA; California Baptist State Convention; Go Tell Crusades, Rick Gage; New Seasons Church, CA; SBC-related associational, state and national meetings; Fellowship Church, FL; Cross Church, Arkansas; First Baptist Church Indian Trial, NC; First Baptist Church Bentonville, Arkansas; Rock Springs Church, GA; NewSpring Church, KS; Church of the Apostles, Atlanta; West Florida Baptist Association – Caleb Duncan; Preaching Conference at the Grove – Russell David; Faith Missionary Baptist Church, NC; and Elk Neck Baptist Church, MD. Plaintiff also lost potential speaking engagements that did not and will now not come to fruition because of Defendants' tortious conduct.

**INTERROGATORY NO. 10**:

Identify all "efforts [by the EC] to destroy [Your] reputation" as referenced in paragraph 69 of the Complaint.

**ANSWER:** Objection. Discovery is ongoing and Plaintiff has not completed his investigation of the facts and documents relating to this matter and cannot provide a complete answer at this time. Subject to and without waiving this objection, see paragraphs 71 – 76 of the Complaint.

**INTERROGATORY NO. 11**:

Identify all statements by the EC that You contend were defamatory.

**ANSWER:** Objection. Discovery is ongoing and Plaintiff has not completed his investigation of the facts and documents relating to this matter and cannot provide a complete answer at this time. Subject to and without waiving this objection, currently known defamatory statements are set forth in the Complaint.

**INTERROGATORY NO. 12**:

Identify all statements by the EC that placed You in a false light.

**ANSWER:** Objection. Discovery is ongoing and Plaintiff has not completed his investigation of the facts and documents relating to this matter and cannot provide a complete answer at this time. Subject to and without waiving this objection, currently known statements are set forth in the Complaint.

## INTERROGATORY NO. 13:

**Identify all conduct by the EC made the subject of Your claim for Intentional Infliction of Emotional Distress as referenced in paragraphs 104–08 of the Complaint.**

**ANSWER:** Objection. Discovery is ongoing and Plaintiff has not completed his investigation of the facts and documents relating to this matter and cannot provide a complete answer at this time. Subject to and without waiving this objection, currently known statements are set forth in the Complaint.

## INTERROGATORY NO. 14:

**Identify and describe the serious mental injury You have suffered as a result of any conduct by the EC.**

**ANSWER:** Plaintiff states that he has suffered at least the following emotional injuries caused by Defendants' extreme and outrageous conduct: mental pain and anguish; mental shock and distress; emotional disturbance; humiliation and mental suffering; a feeling of degradation and inferiority; a feeling that other people will regard him with aversion or dislike; a feeling of anxiety; a feeling of mortification; a feeling of sorrow; harm to feelings and reputation; lost sleep; a depressed feeling and demeanor; a sense of betrayal; and strained personal and family relationships. Plaintiff's emotional distress has been endured on a daily basis, and Plaintiff expects his distress to continue for the rest of his life. Each current and future instance of Plaintiff's distress and lost opportunities is not reducible to a list because of the limited passage of time since the

11

unlawful conduct of Defendants. Plaintiff reserves the right to expand upon and elaborate upon this list at his deposition and/or otherwise through testimony or declarations.

**INTERROGATORY NO. 15**:

Identify all breaches by the EC of any duty owed to You by the EC that is the basis of Your claim for Negligent Infliction of Emotional Distress.

**ANSWER:** Plaintiff objects to interrogatory number 15 on the basis that it calls for legal argument that is more appropriate for resolution through motion practice, not interrogatories. Subject to and without waiving this objection, Plaintiff states that, when Defendants undertook to publish the Report, they assumed a duty to all those named in the Report to exercise reasonable care with respect to the allegations made against them.

**INTERROGATORY NO. 16**:

Identify the serious or severe emotional injury or physical injury that You have suffered as a result of any conduct by the EC.

**ANSWER:** See answer to Interrogatory No. 14.

**INTERROGATORY NO. 17**:

Identify all private facts publicly disclosed by the EC.

**ANSWER:** As set forth in the Complaint, the fact that Plaintiff had had an extramarital encounter and the details of that encounter were private facts that should not have been publicly disclosed in the Report.

**INTERROGATORY NO. 18**:

Identify and describe the details of all communications you have had with Guidepost regarding the Encounter, including the date of the communication(s), the names of the individual(s) involved in the communication(s), whether the communication(s) was oral or in writing, and a summary of the substance of each communication(s).

**ANSWER:** Plaintiff objects to Interrogatory No. 18 as vague, ambiguous and unreasonably burdensome to the extent it requests all "details" of the identified communications.

12

It is not clear what "details" are being requested, and it would be impossible for Plaintiff to comply with a literal interpretation of the interrogatory. Subject to and without waiving these objections, Plaintiff answers as follows:

- On April 26, 2022, Plaintiff was interviewed by Russ Holske and Samantha Kilpatrick. No questions were asked about the encounter with Alisa Womack, and the Womack's names were not mentioned by anyone.

- On May 12, 2022, Plaintiff was again interviewed by Russ Holske and Samantha Kilpatrick. During this second interview, Mr. Holske and Ms. Kilpatrick asked several questions about Plaintiff's relationship with the Womacks and the Florida encounter.

**INTERROGATORY NO. 19**:

**Identify by name each individual or other source of information You contend Guidepost should have interviewed and/or investigated with respect to the Encounter.**

**ANSWER:** Plaintiff contends that the encounter should not have been included in the Report. Moreover, discovery is ongoing and Plaintiff has not completed his investigation of the facts and documents relating to this matter. Therefore, Plaintiff does not have an opinion at this time as to whom Guidepost should have interviewed and/or investigated or what other sources of information should have been reviewed with respect to the encounter.

**INTERROGATORY NO. 20**:

**Prior to the issuance of the Report, identify the dates on which You disclosed the Encounter, including the persons to whom You made the disclosure and what You told those persons about the Encounter.**

**ANSWER:** Immediately after the encounter, but before the Report was published, Plaintiff only had communications regarding the encounter with Janet Hunt (spouse); Ms. Womack; Mr. Womack; and Roy Blankenship.

13

**INTERROGATORY NO. 21**:

Identify all social media accounts (e.g., Facebook, Instagram, Twitter, Snapchat, etc.) You utilized from 2008 to the present, including but not limited those that You utilized or those utilized by Your agents on Your behalf. For reach account identified, state:
  (a) the username for the account;
  (b) the date range(s) the account was utilized; and
  (c) whether the account is still actively utilized, and if not when You ceased using the account.

**ANSWER:** Plaintiff has used the following social media accounts since 2008: Facebook

(active; "Johnny Hunt"); Instagram (active; @johnnymhunt); and Twitter (terminated after the

Report; @johnnymhunt).

**INTERROGATORY NO. 22**:

Identify all telephone numbers You have utilized to place and receive calls or to send and receive text messages regarding the Encounter from 2008 to the present. For each telephone number identified, please also state:
  (a) the date range(s) the telephone number was utilized from 2008 to the present;
  (b) the utility or carrier(s) that provided the phone service (e.g. Verizon, AT&T, T-Mobile, etc.) and the date range(s) each carrier provided the service; and
  (c) whether the number is still actively utilized, and if not when You ceased using this number or service.

**ANSWER:** 770-364-4432 from 2008-2010 (AT&T); 770-320-9202 from 2010 to present

(AT&T)

**INTERROGATORY NO. 23**:

Identify all e-mails addresses you used to send and receive electronic mail regarding the Encounter from 2008 to the present. For each email address identified, please also state:
  (a) the date range(s) the email address was utilized from 2008 to the present; and
  (b) whether the email address is still actively utilized, and if not when You ceased using this email address.

**ANSWER:** Plaintiff has used three email addresses since January 1, 2010, each listed

below:

1. johnny.hunt@fbcw.net (2010 through 2019)

2. jhunt@namb.net (2019-May 2022)

3. johnnyhuntministries@gmail.com (May 2022-Present)

**RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**:

**All documents referenced in Your Rule 26(a)(1) Initial Disclosures.**

**RESPONSE:** Plaintiff will produce the requested documents.

**REQUEST FOR PRODUCTION NO. 2**:

**Communications (including emails, text messages, instant messages, social media messages) between You and the SBC regarding the Encounter.**

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**:

**Communications (including emails, text messages, instant messages, social media messages) between You and Guidepost regarding the Encounter.**

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**:

**Communications (including emails, text messages, instant messages, social media messages) between You and any member of the EC regarding the Encounter.**

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**:

**Communications (including emails, text messages, instant messages, social media messages) between You and Your Accuser regarding the Encounter.**

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

15

**REQUEST FOR PRODUCTION NO. 6:**

Communications (including emails, text messages, instant messages, social media messages) between You and Your Accuser's husband regarding the Encounter.

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Communications (including emails, text messages, instant messages, social media messages) between You and Roy Blankenship regarding the Encounter.

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**:

Non-privileged communications (including emails, text messages, instant messages, social media messages) between You and any third party regarding the Encounter.

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

Documents related to the "joint" counseling sessions referenced in paragraph 3 of the Complaint.

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

If You answered anything but "Admit" to Request for Admission No. 1, produce all documents supporting Your answer to Request for Admission No. 1.

**RESPONSE:** The documents relating to the SBC President's role with the Executive Committee are in the possession and control of the Executive Committee.

**REQUEST FOR PRODUCTION NO. 11:**

Documents supporting Your claim for damages in this action.

**RESPONSE:** To the extent Plaintiff engages an expert to opine on damages issues to establish its damages under accepted methodologies, Plaintiff will provide its expert disclosure

and report(s) on or before the deadline set by the Court. Subject to and without waiving these

objections, Plaintiff will produce discoverable, non-privileged documents responsive to this

request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

**Documents related to Your allegation that You are a "member of the Lumbee Tribe of North Carolina" as referenced in paragraph 21 of the Complaint.**

**RESPONSE:** Objection. Plaintiff objects to this request as vague and ambiguous because

it does not identify with any particularity what documents are being requested.

**REQUEST FOR PRODUCTION NO. 13:**

**Documents sufficient to calculate the portion of Your annual income attributable to speaking engagements from 2008 to the present.**

**RESPONSE:** Objection. Plaintiff objects to this request as unduly burdensome and as

seeking information not relevant to this case to the extent it seeks information going back to

2008.

Subject to and without waiving these objections, Plaintiff will produce documents

showing his annual income from speaking engagements from 2015 to present.

**REQUEST FOR PRODUCTION NO. 14:**

**Documents sufficient to calculate the portion of Your annual income as an author from 2008 to the present.**

**RESPONSE:** Objection. Plaintiff objects to this request as unduly burdensome and as

seeking information not relevant to this case to the extent it seeks information going back to

2008.

Subject to and without waiving these objections, Plaintiff will produce his tax returns from

2015 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

**Documents sufficient to identify all "book deals" You lost as referenced in paragraph 62 of the Complaint.**

**RESPONSE:** Objection. It is not possible to identify all such book deals from documents in Plaintiff's possession, custody or control. Indeed, some such book deals cannot be identified as a result of Defendants' tortious conduct.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents responsive to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 16:

**Documents sufficient to identify all speaking engagement You lost as referenced in paragraph 62 of the Complaint.**

**RESPONSE:** Objection. It is not possible to identify all such speaking engagements from documents in Plaintiff's possession, custody or control. Indeed, some such speaking engagements cannot be identified as a result of Defendants' tortious conduct.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents responsive to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 17:

**Documents sufficient to identify all "efforts [by the EC] to destroy [Your] reputation" as referenced in paragraph 69 of the Complaint.**

**RESPONSE:** Plaintiff objects to this request to the extent is implies that all such efforts can be identified in existing documents. Plaintiff also objects to the extent this request seeks documents protected by the attorney client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 18:

18

**All statements by the EC that You contend were defamatory.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

**All statements by the EC that placed You in a false light.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

**All documents related to any conduct by the EC that relates to Your claim for Intentional Infliction of Emotional Distress against the EC.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

**All documents related to any serious mental injury You have suffered as a result of conduct by the EC.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

**All documents related to the EC's breach of any duty owed to You related to Your claim for Negligent Infliction of Emotional Distress.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

19

**All documents related to the serious or severe emotional injury or physical injury that You have suffered as a result of any conduct by the EC.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive

to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 24:

**Documents sufficient to identify all private facts publicly disclosed by the EC.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive

to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 25:

**All of Your social media messages, social media posts, blog posts, articles written regarding the Encounter.**

**RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive

to this request to the extent in his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 26:

**All notes, journals, writings, recordings, and/or related documents related to Your meetings with Guidepost regarding the Encounter.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by

the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the

responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff does not have any documents

responsive to this request.

## REQUEST FOR PRODUCTION NO. 27:

**To the extent not already requested, all notes, journals, writings, recordings, and/or**

**related documents regarding the Encounter.**

      **RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

      Subject to and without waiving these objections, Plaintiff does not have any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 28:

      **Documents identified in response to the Plaintiff's First Set of Interrogatories or upon which You, or anyone acting on Your behalf, relied or referred to in preparing the answers to the First Set of Interrogatories.**

      **RESPONSE:** Plaintiff will produce discoverable, non- privileged documents responsive to this request to the extent in his possession, custody, or control.

21

## VERIFICATION OF JOHNNY M. HUNT

STATE OF *Georgia* )
COUNTY OF *Cherokee* )

I, Johnny M. Hunt, after first being duly sworn, state as follows:

My name is Johnny M. Hunt. The answers to the Executive Committee's First Set of Interrogatories are true and correct.

_____
Johnny M. Hunt

Sworn to and subscribed before me on this the 4 day of October, 2023.

Notary Public: _____

My Commission Expires: 03/20/2025

Dated: October 16, 2023

/s/ Patrick J. Sanders
**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*-and-*

**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

23

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on October 16, 2023, on the

following counsel via email only:

/s/ Patrick J. Sanders
Counsel for Plaintiff Johnny Hunt

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

24

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*