# EXHIBIT 4

R. Brandon Bundren
bbundren@bradley.com
615.252.4647 direct



October 30, 2023

**VIA EMAIL**

Robert D. MacGill (robert.macgill@macgilllaw.com)
Scott E. Murray (scott.murray@macgilllaw.com)
Patrick J. Sanders (patrick.sanders@macgilllaw.com)
MACGILL, PC
156 E. Market St.
Suite 1200
Indianapolis, Indiana 46204

Todd G. Cole (tcole@colelawgrouppc.com)
Andrew Goldstein (agoldstein@colelawgrouppc.com)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, Tennessee 37027

      Re:    *Johnny M. Hunt v. Southern Baptist Convention et al.*, C.A. No. 3:23-cv-00243;
              United States District Court for the Middle District of Tennessee

Counsel for Plaintiff:

      Pursuant to the Court's Initial Case Management Order (Doc. 37), this letter is being sent to address the deficiencies contained in Plaintiff's Responses to the Executive Committee's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production. We are prepared to discuss each of the deficiencies identified in this letter during a meet and confer call so that we can come to an agreement on how and when Plaintiff intends to address these deficiencies. We are available November 1, 2, 3, 6, or 7. Please advise if one of these days works for you.

### "General Objections"

      Plaintiff's responses include boilerplate "General Objections," which violate the specificity requirement of the Federal Rules. *See State Farm Mut. Auto. Ins. Co. v. Del. Diagnostic & Rehab. Ctr., P.A.*, No. CV 18-1806-MN-SRF, 2021 WL 2117178, at *3 (D. Del. May 25, 2021) (stating "blanket objections to all discovery requests and non-specific objections to particular requests are 'empty, useless traditions that do nothing but make discovery unnecessarily cumbersome' . . ."). Plaintiff must withdraw these "meaningless" "General Objections." *See Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011).

      Relatedly, Rule 34(b)(2)(C) requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). And, "objection to part of a request must specify the part and permit inspection of the rest." *Id. See also*

Bradley Arant Boult Cummings LLP | Roundabout Plaza | 1600 Division St. Suite 700 | Nashville, TN 37203 | 615.244.2582 | bradley.com

*Williams v. Rushmore Loan Mgmt. Servs.*, LLC, No. 3:15CV673(RNC), 2016 WL 7374545, at *1 (D. Conn. Feb. 5, 2016) (requiring defendant to file supplement indicating "(1) to which requests, or portions of requests, defendant has provided responsive documents; (2) to which requests, or portions of requests, defendant objects; (3) the specific reason for the objection; and (4) what information has been withheld on the basis of that objection."); *Heller v. City of Dallas,* 303 F.R.D. 466, 487 (N.D. Tex. 2014) ("[O]utside of the privilege and work product context as discussed above, responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules . . ."). Accordingly, to the extent Plaintiff is withholding any documents on the basis of these "General Objections," please identify the documents that Plaintiff is withholding.

### Interrogatory No. 4 and Request for Production No. 11

Interrogatory No. 4 asks Plaintiff to identify the "substantial economic and other damages" Plaintiff has allegedly suffered. Request for Production No. 11 seeks documents supporting Plaintiff's claim for damages. Plaintiff's answers to these requests are woefully deficient. As you are aware, the Complaint alleges Plaintiff has suffered "substantial" damages. *See* Doc. 1, ¶¶ 13, 52, 62. The EC is entitled to know the factual basis for these allegations, including the specific sources of income, the alleged amounts lost, and any other monetary damages Plaintiff is seeking in this action. Plaintiff cannot wait to produce this evidence until the report and/or testimony of his expert or until "fact discovery is complete" and "expert discovery is completed." Responsive information must be provided to the EC immediately, including but not limited to the documents to support Plaintiff's claim for "substantial" damages. *See also* Fed. R. Civ. P. 26(a)(1)(A)(iii).

### Interrogatory No. 7 and Request for Production Nos. 13–14

Interrogatory No. 7 seeks Plaintiff's annual income attributable to his efforts as a speaker and/or author from 2008 to the present. Request for Production Nos. 13–14 seek documents that are sufficient to calculate this information. Plaintiff objected to Interrogatory No. 7 as "beyond the scope of any claims and defenses…disproportionate to the claims and defenses…and unreasonably burdensome." Plaintiff objected to Request for Production Nos. 13–14 as "unduly burdensome and seeking information not relevant to this case" because it seeks information from 2008 to the present. The Complaint alleges Plaintiff suffered lost "book deals" and lost "speaking engagements." *See* Doc. 1, ¶¶ 13, 62. The EC is, therefore, entitled to a complete and accurate picture of the book deals and speaking engagements Plaintiff received income from both before and after the Guidepost Report. To the extent Plaintiff's objection relates to the timeframe proposed by these discovery requests, then a partial production should have been made. That being said, the scope of these requests is appropriate under Rule 26(b)(1) given the "importance of the issues at stake in this action" and "the importance of the discovery in resolving the issues." Plaintiff

clearly has possession, custody and control over documents and information regarding his income from 2008 to the present and there is no basis for an objection to their production.

### Interrogatory Nos. 10–13 and Request for Production Nos. 17

These requests seek basic information that forms the basis of the Complaint (efforts to destroy Plaintiff's reputation and documents, alleged defamatory statements, statements allegedly placing Plaintiff in a false light, and conduct by the EC made the subject of Plaintiff's intentional infliction of emotional distress claim). Plaintiff objected to the interrogatories that he "has not completed his investigation of the facts and documents relating to this matter" and cannot provide an answer. Plaintiff objected to Request No. 17 on the basis that Plaintiff cannot identify "[a]ll such efforts" with documents and on privilege grounds. These objections are improper. Plaintiff has launched a lawsuit against the EC and the EC is entitled to know the details concerning the allegations made against it. Furthermore, to the extent there are responsive documents that Plaintiff contends are privileged, Plaintiff must log those documents on a privilege log. Please provide a privilege log to identify the documents being withheld on the basis of any privilege or immunity. *See First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235-SHL-DKV, 2016 WL 5867268, at *5 (W.D. Tenn. Oct. 5, 2016) (A "privilege log should contain the date and time of the document, the type of communication, the author, the addressee(s), identification of the recipients, the privilege asserted, and an explanation of the privilege claimed.").

### Interrogatory No. 15:

Interrogatory No. 15 seeks identification of all breaches by the EC of any duty owed to Plaintiff by the EC that forms the basis of Plaintiff's negligence infliction of emotional distress claim. Plaintiff objected "on the basis that it calls for legal argument." This objection is meritless. The EC is entitled to understand each breach of any duty that forms the basis of Plaintiff's claim against the EC.

### Request for Production No. 12:

Request No. 12 seeks documents related to Plaintiff's allegation that he is a member of the "Lumbee Tribe." Plaintiff objected alleging this request is somehow vague and ambiguous. This objection is frivolous. Notwithstanding this objection, so that there is no confusion, the EC seeks any document that supports Plaintiff's allegation that he is indeed a member of the "Lumbee Tribe."

### Request for Production Nos. 15–16:

Request for Production No. 15 seeks documents sufficient to identify all of the "book deals" Plaintiff lost as referenced in the Complaint. Request for Production No. 16 seeks similar information regarding the "speaking engagement[s]" Plaintiff lost as referenced in the Complaint. Plaintiff objected that it was "not possible to identify" this information. These objections are frivolous. Plaintiff alleges he lost "book deals" and "speaking engagements" and that those losses

support his claim for damages in this case. The EC is entitled to know specifically each of those "deals" and "engagements" that Plaintiff lost.

### Request for Production Nos. 26–27

Request No. 26 seeks all notes, journals, writings, recordings, and/or related documents related to Plaintiff's meetings with Guidepost regarding the Encounter. Request No. 27 seeks all notes, journals, writings, recordings, and/or related documents regarding the Encounter. Plaintiff has objected on privilege grounds and asserts materials "will be withheld on the basis of this objection." Yet, no privilege log has been provided. Please provide a privilege log on materials that are being withheld. If no materials are being withheld, please confirm that is the case.

Sincerely,

BRADLEY ARANT BOULT CUMMINGS LLP

By: *R. Brandon Bundren*

R. Brandon Bundren