# EXHIBIT 5



156 E. Market Street
Suite 1200
Indianapolis, IN 46204
www.MacGillLaw.com

Robert D. MacGill
317.961.5085
Rober.MacGill@MacGillLaw.com

**Via Email**
November 17, 2023

R. Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
bbundren@bradley.com

      RE:    *Hunt v. SBC, et al.* (M.D. Tenn.) (No. 3:23-cv-00243)

Dear Counsel:

      We write on behalf of Plaintiff Johnny Hunt in response to your October 30, 2023 letter regarding Plaintiff's Responses to the Executive Committee's First Set of Discovery Requests. We specifically respond to the concerns identified in your letter below:

      **General Objections:** As a preliminary matter, we note that both the Executive Committee and Guidepost asserted general objections in their discovery responses, which were then incorporated into each specific response. Plaintiff followed the same practice. That said, unless otherwise specified in a particular discovery response, Plaintiff has not withheld any responsive documents based on such general objections.

      **Interrogatory No. 4 and RFP No. 11:** Interrogatory No. 4 asks Plaintiff to "[i]dentify the 'substantial economic and other damages'" that he suffered, as alleged in the Complaint. Request for Production No. 11 seeks supporting documentation. As stated in Plaintiff's response, calculating the damages Plaintiff suffered as a result of the Defendants' tortious statements may require expert testimony.

      Moreover, Plaintiff has produced his tax returns from both before and after publication of the Report, identified and described the serious mental injury he has suffered in response to Interrogatory No. 14, identified book deals and speaking engagements he lost in response to Interrogatory Nos. 8 and 9, and produced documents demonstrating reputational damage, lost book deals, and his name being removed from a seminary. Finally, Plaintiff identified the categories of monetary damages he is currently seeking in response to Interrogatory No. 4. Plaintiff's damages continue to accrue.

**Interrogatory No. 7 and RFP Nos. 13-14:** We maintain our objection to the scope of Interrogatory No. 7 and RFPs Nos. 13-14 and produced the requested information from 2015-present. The requests seek Plaintiff's annual income from 2008 to the present for his efforts as a speaker and/or author. Guidepost, the SBC, and its leadership publicly released the Report on May 22, 2022. Plaintiff currently believes that demonstrating his annual income since 2015, seven years before publication of the Report at issue, to present will provide the necessary complete and accurate picture of book deals and speaking engagements both before and after the Report was published. But Plaintiff is willing to discuss providing information for prior years if either party's experts believe it would be useful.

**Interrogatory Nos. 10-13 and RFP No. 17:** We maintain our objections to Interrogatories Nos. 10-13 and RFP No. 17. As you are aware, discovery is ongoing and is not scheduled to close until February 2, 2024. Written discovery can be served until December 1, 2023. To date, only a limited number of documents have been produced by Defendants and no depositions have been taken. Furthermore, we are still waiting on a substantial number of highly-relevant documents to be produced from Guidepost. Therefore, we are unable to identify at this time "all statements by the EC that [Plaintiff] contend[s] were defamatory" or fully respond to other similar requests from the EC until fact discovery closes. We identified the current basis for each allegation against the EC in the Complaint.

Consistent with Plaintiff's response to RFP No. 17: "Plaintiff will produce discoverable, non-privileged documents responsive to this request to the extent in his possession, custody, and control." We will provide a privilege log consistent with the Initial Case Management Order (Dkt. 37) and the standards described in Administrative Order No. 174-1 shortly, to the extent any such log is required.

**Interrogatory No. 15:** We maintain our objection to Interrogatory No. 15. This Interrogatory was appropriately answered. Based on the information currently available, Plaintiff responded that: "when Defendants undertook to publish the Report, they assumed a duty to all those named in the Report to exercise reasonable care with respect to the allegations made against them."

**RFP No. 12:** Request for Production No. 12 seeks documents "related to Your allegation that You are a 'member of the Lumbee Tribe of North Carolina' . . . ." This request does not specify what documents are being requested. Plaintiff therefore appropriately objected to the request as vague and ambiguous. Nonetheless, Plaintiff produced a copy of his birth certificate.

**RFP Nos. 15-16:** We maintain our objection to RFP Nos. 15-16. We specifically identified book deals lost as a result of the Report in response to Interrogatory No. 8, as well as lost speaking engagements in response to Interrogatory No. 9. To the extent Plaintiff has responsive documents, they have been produced.

As stated in the discovery responses, it is an impossible task to identify all speaking engagements, all book deals, and all income opportunities that Plaintiff lost. Some lost deals and income opportunities cannot be identified as a direct result of Defendants' tortious conduct.

R. Brandon Bundren
November 17, 2023
Page 3

**RFP Nos. 26-27:** We will provide a privilege log shortly that is consistent with the Initial Case Management Order (Dkt. 37) and the standards described in Administrative Order No. 174-1, to the extent any such log is required.

Best regards,

Robert D. MacGill

cc:
Scott E. Murray
Patrick J. Sanders
Todd G. Cole
Andrew Goldstein
Scarlett Singleton Nokes
E. Todd Presnell
Gene R. Besen
Thomas J. Hurney, Jr.
Gretchen M. Callas