# EXHIBIT 8

**R. Brandon Bundren**
bbundren@bradley.com
615.252.4647 direct



December 19, 2023

**VIA EMAIL**

Robert D. MacGill (robert.macgill@macgilllaw.com)
Scott E. Murray (scott.murray@macgilllaw.com)
Patrick J. Sanders (patrick.sanders@macgilllaw.com)
MACGILL, PC
156 E. Market St.
Suite 1200
Indianapolis, Indiana 46204

Todd G. Cole (tcole@colelawgrouppc.com)
Andrew Goldstein (agoldstein@colelawgrouppc.com)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, Tennessee 37027

> Re: *Johnny M. Hunt v. Southern Baptist Convention et al.*, C.A. No. 3:23-cv-00243; United States District Court for the Middle District of Tennessee

Counsel for Plaintiff:

This letter follows-up on my letter dated December 12, 2023 and responds to your letter dated December 14, 2023.

As an initial matter, counsel for the EC and the SBC attended today's meet and confer and appeared on the call with your co-counsel, Todd Cole and Andy Goldstein. However, because no one from the MacGill firm appeared, we are forced to send yet another letter discussing various discovery issues.

First, thank you for your agreement to extend the oral discovery deadline. We will file the motion as soon as possible and indicate Plaintiff is unopposed to the requested extension.

Second, please provide some available dates for the deposition of your client. Because Plaintiff filed this lawsuit in this district, we understand the deposition will be in Nashville. My firm recently moved to a new office and has ample space to accommodate all parties involved. Please provide some available dates so we do not have to unilaterally set the deposition.

Third, please advise whether or not any of the subpoenas that have been served on counsel for the defendants have been personally served on any witness (Alisa Womack, Russell Womack,

Chris Dupree, Ed Litton, Mike Keahbone, Nancy Spalding, and John Batts). Assuming that none have been served and with respect to the five members of the Committee on Cooperation only, please be advised that we are authorized to accept service of process for the document subpoenas for Dupree, Litton, Keahbone, Spalding, and Batts provided that those witnesses be permitted to respond to the subpoenas by Friday, January 12. Please confirm this is agreeable.

Fourth, as to Plaintiff's discovery responses, please produce the following information no later than Friday, January 5:

- Plaintiff's damages calculation specifically identifying the amount of damages he is seeking in this case, and the documents that support such calculation.

- Additional information Plaintiff is collecting that is responsive to the EC's Interrogatory No. 7 and Request Nos. 13–14.

- Any additional documents, other than Plaintiff's birth certificate, that support your client's allegation that he is a member of the "Lumbee Tribe."

- A privilege/redaction log, which should include any documents withheld based on any privilege or immunity.

Finally, as to the other issues raised in my letter to which you responded:

- Thank you for confirming your client has identified every alleged defamatory and/or other tortious statement made the basis of Plaintiff's claims in this case and produced all documents regarding same. (Interrogatory Nos. 10–13 and Request No. 17).

- Thank you also for confirming your client has identified in Interrogatory No. 15 all of the breaches by the EC of any duty owed to Plaintiff that forms the basis of Plaintiff's negligence infliction of emotional distress claim.

- Thank you also for confirming your client has identified and produced all information regarding his lost speaking engagements, book deals, and income opportunities.

Finally, we still have serious reservations about the sufficiency of Plaintiff's document production and intend to explore his efforts in this regarding during his deposition, including when Plaintiff reasonably should have known his communications may be relevant to the anticipated litigation, including the date when Plaintiff retained counsel. *See Teeples v. BIC USA Inc.*, No. 3:20-CV-00941, 2023 WL 6393171, at *4 (M.D. Tenn. Sept. 29, 2023) (Campbell, J.). *See also Hargis v. Overton County*, No. 2:22-CV-00011, 2023 WL 8604139, at *7 (M.D. Tenn. Dec. 12, 2023). We have also only received emails from Plaintiff's gmail account, with the vast majority of those emails from 2023. We have not received any emails from your client's @fbcw.net or @namb.net accounts. Please confirm if your client has access to those email accounts, and if so,

whether he searched those email accounts for responsive information. If he does not have access to those accounts, we may need to secure those documents through a subpoena.

Sincerely,

BRADLEY ARANT BOULT CUMMINGS LLP

By:

R. Brandon Bundren