UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. 3:23-cv-00243 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) |
| EXECUTIVE COMMITTEE OF THE | ) JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S MOTION TO MODIFY INITIAL CASE MANAGEMENT ORDER TO EXTEND TIME TO COMPLETE FACT DISCOVERY**

### I. INTRODUCTION

After several months of delay and multiple requests from the Executive Committee of the Southern Baptist Convention (the "EC") to Plaintiff Johnny Hunt for disclosure of his damages model and related documents, Plaintiff has waited until the eve of the close of fact discovery to produce a $100 million damages model. While a late disclosure is easily remedied by additional time to complete discovery, to compound Plaintiff's delay, Plaintiff opposes an extension of discovery. However, litigation is not meant to be a game of "blind man's bluff," and the EC and other defendants have good cause to extend the Initial Case Management Order's deadlines to complete oral and written discovery and to file discovery motions up to and including March 22, 2024.

### II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 16(f)(1)(C), district courts have the discretion to enforce or modify their scheduling orders. *See also Adams v. Farbota*, 306 F.R.D.

563, 573–74 (M.D. Tenn. 2015) (noting Sixth Circuit's recognition of a district court's discretion to enforce scheduling orders) (citations omitted). Likewise, under Federal Rule of Civil Procedure 16(b), a district court may modify a case management order "upon a showing a good cause." The primary measure of Rule 16's "good cause" standard is "the moving party's diligence in attempting to meet the case management order's requirements. Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

### III. ARGUMENT

In accordance with Federal Rule of Civil Procedure 16, the EC can demonstrate good cause to modify the case management order to extend the time to complete fact discovery up to and including March 22, 2024, because the EC has diligently conducted discovery and no party will be prejudiced by this extension.

**I. The EC has Diligently Conducted Discovery Concerning Plaintiff's Damages Model.**

First, while defendants have worked diligently to complete discovery, the EC seeks additional time to complete fact discovery after Plaintiff belatedly disclosed a $100 million damages model on January 24, 2024. Indeed, the EC has been seeking discovery on Plaintiff's damages model from the outset of this case.

On June 1, 2023, Plaintiff served his Rule 26(a)(1) Initial Disclosures. *See* The EC's Mot. to Modify Initial Case Management Order ("Mot."), Ex. 1. Instead of producing any information as to his alleged damages, Plaintiff stated his damages "require expert analysis" and he would not produce the information required by Rule 26(a)(1) until Plaintiff disclosed his expert. *See id.*

The EC subsequently served its First Set of Interrogatories and First Set of Requests for Production demanding Plaintiff provide information related to his damages. Namely, the EC demanded Plaintiff identify the "substantial economic and other damages" he allegedly suffered

as referenced in paragraph 62 of the Complaint. *See* Mot., Ex. 2, at Interrogatory No. 4; (*See also* Doc. 1, PageID #13, ¶ 62.) The EC also requested Plaintiff produce "documents supporting [his] claim for damages in this action." *See id.*, at Request for Production No. 11.

On October 16, 2023, Plaintiff responded to the EC's discovery. Plaintiff stated he would not provide any damages information "until (A) fact discovery is completed, and (B) expert discovery is completed." *See* Mot., Ex. 3, at Answer to Interrogatory No. 4. Similarly, in response to the EC's request for production as to damages, Plaintiff pointed to his yet-to-be designated expert on damages. *See id*. at Response to Request for Production No. 11.

On October 30, 2023, counsel for the EC sent a letter to counsel for Plaintiff demanding Plaintiff provide information related to his alleged damages, including information that should have been produced with his Rule 26(a)(1) Initial Disclosures. *See* Mot., Ex. 4, Letter dated October 30, 2023. Plaintiff responded on November 17, 2023, but refused to identify his alleged damages, again relying on a to-be-designated expert. *See* Mot., Ex. 5, Letter dated November 17, 2023.

On December 12, 2023, the EC, for a second time, demanded Plaintiff discharge his disclosure and production obligations regarding his alleged damages. *See* Mot., Ex. 6, Letter dated December 12, 2023. On December 14, 2023, Plaintiff stated he was "currently preparing a damages calculation, and he [would] supplement his discovery responses with that calculation. *See* Mot., Ex. 7, Letter dated December 14, 2023.

On December 19, 2023, counsel for the EC made a third and final demand for Plaintiff to produce Plaintiff's damages calculation on or before January 5, 2024, specifically identifying the amount of damages he is seeking, and the documents that support that calculation. *See* Mot., Ex. 8, Letter dated December 19, 2023.

While Plaintiff produced additional documents on January 5, 2024, Plaintiff did not produce his $100 million dollar damages model until January 9, 2024, 117 days after the EC first requested that information, two days after the EC sent a draft Joint Discovery Statement regarding Plaintiff's alleged damages, and one day before the parties' telephone status conference with the Court on January 10, 2024. *See* Mot., Ex. 9, Plaintiff's Amended Statement of Damages.

Accordingly, while the EC has diligently conducted discovery in this case, Plaintiff's delay in producing his damages model until the eve of the close of fact discovery provides good cause for additional time to complete fact discovery.

## II. The Requested Extension Will Not Prejudice Any Party.

In addition to the fact that the EC has diligently sought discovery related to Plaintiff's damages model, no party will be prejudiced by extending the deadline to complete fact discovery in this case. The EC's request is timely as the Court's deadline for the completion of written discovery and motions related to written discovery is February 2, 2024, and March 4, 2024 for the completion of fact witness depositions. (*See* Doc.99, PageID #1067.) Further no party will be prejudiced by extending the deadline to complete fact discovery in this case.

## **CONCLUSION**

Accordingly, the EC files this motion to request up to and including March 22, 2024, to complete fact witness depositions, written discovery, and to file motions regarding discovery. If the Court grants this motion, the parties' new deadline will be March 22, 2024.

Respectfully submitted,

*s/ R. Brandon Bundren*
E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

Thomas J. Hurney, Jr. (*pro hac vice*)
Gretchen M. Callas (*pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 253322
P: 304.340.1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

## CERTIFICATE OF SERVICE

I certify that on January 31, 2024, I electronically filed a true and correct copy of The Executive Committee of the Southern Baptist Convention's Memorandum in Support of its Motion to Modify the Initial Case Management Order with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Scott E. Murray<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>scott.murray@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

                    *s/ R. Brandon Bundren*
                    R. Brandon Bundren