IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>               Plaintiff,<br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>               Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rules 5.03 and 7.01 of the Local Rules, the Court's November 22, 2023 Order (ECF Doc. No. 76) and the Amended Agreed Protective Order previously entered in this action (ECF Doc. No. 83), Defendant Guidepost Solutions LLC ("Guidepost") respectfully requests that the Court grant leave to file under seal portions of its Response in Opposition to the motion brought by Plaintiff Johnny M. Hunt ("Hunt") to compel discovery. (ECF Doc. No. 106-107.)

Guidepost's Response contains two references to documents that were produced under an Attorneys' Eyes Only ("AEO") designations pursuant to the Court's Order entered on November 22, 2023 (the "November 22 Order") (ECF Doc. No. 76).

## BACKGROUND

This libel action arises out of accusations of sexual abuse made by an alleged sexual abuse survivor and her husband against Hunt. The allegations were investigated and reported in

connection with Guidepost's engagement with the SBC Task Force of the Southern Baptist Convention, and the SBC's Executive Committee ("EC") regarding the EC's responsibility for the sexual abuse crisis within the SBC.

As the Court will recall, numerous documents and communications at issue in this action were delivered to Guidepost under an undertaking of confidentiality and were governed by Paragraph 4.3 of the Engagement Letter between Guidepost and the SBC. This required Guidepost to obtain consent of the alleged survivor and any witnesses before disclosing the contents of those documents publicly. Accordingly, Guidepost moved for an order that the documents be withheld entirely or produced, if at all, only under an AEO designation. The Court granted such relief in the November 22 Order.

Among those documents was a communication obtained by Hunt that was exchanged between the alleged survivor's husband and one of the Guidepost investigators, cited in Hunt's motion to compel at 6 (quoting ECF Doc. No. 102-6, filed as Exhibit U to the Joint Discovery Dispute Statement.) Hunt quoted from (and has redacted) the contents of that document, which was designated AEO. Guidepost does the same in response to Hunt's motion to compel.

Guidepost's opposition also refers generally to the contents of a fifty-three (53) page "summary document" prepared by the accuser and her husband. Out of an abundance of caution, Guidepost seeks to redact this reference to personal matters discussed in the document.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." United States v. Beckham, 789 F.2d 401, 419 (6th Cir. 1986)

2

(quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." Id. at 593. Cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 308 (6th Cir. 2016) (identities of minor victim of sexual assault included among categories of information that overcome the presumption of access) (citation omitted)).

The limited information that Guidepost refers to concerns the contents of documents that were previously produced by Guidepost and obtained by Hunt in this litigation under "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations pursuant to paragraphs 3-4 and 10 of the Amended Agreed Protective Order (ECF Doc. No. 83).

To comply with the November 22 Order and the restrictions of the Amended Agreed Protective Order, Guidepost respectfully submits that it should be allowed to file an unredacted Response under seal. Guidepost's requested seal is "narrowly tailored" to keep only the highly confidential information under seal while allowing the public to view all the non-confidential information in the concurrently filed redacted versions. Rudd Equip., 834-F.3d at 593-94.

## CONCLUSION

For the reasons set forth above, Guidepost respectfully requests that the Court grant this motion and direct the clerk to seal the unredacted Response.

3

Respectfully submitted,

 /s/ John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 2nd day of February, 2024.

   /s/ John R. Jacobson

5

Case 3:23-cv-00243   Document 114   Filed 02/02/24   Page 5 of 5 PageID #: 1527