IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF SECOND MOTION TO COMPEL**

Guidepost's response to Plaintiff's motion to compel amounts to more of the same – distract and obfuscate. For example, Guidepost makes much of the fact that it has produced 23,318[1] pages of documents in discovery. (Doc. No. 113, at 1.) But in trumpeting this number, Guidepost omits the following:

- Of the 23,493 total pages produced by Guidepost, an astounding 11,941 pages (51%) have been designated as "Attorneys' Eyes Only."

- Of the 23,493 total pages, 12,529 pages (53%) were produced just 15 days ago and only 7 days before Guidepost's co-lead investigators were to be deposed.

- And even more stunning, this extremely late supplemental production was made only after Plaintiff pointed out in a letter that Guidepost's original document productions omitted numerous communications that had been produced by third parties. To this day, Guidepost has not explained its original, grossly deficient production, other than to pin it on some undefined "human error."[2]

---

[1] Guidepost omits from their total page count the 175 pages that were produced the night before the deposition of Russell Holske, one of Guidepost's lead investigators.

[2] In a footnote, Guidepost attempts to blame Plaintiff for not uncovering Guidepost's deficient production earlier because there was a period of a few weeks between when Plaintiff received the

Guidepost's suggestion that it has fully complied with its discovery obligations and that Plaintiff was unreasonable in filing the instant motion ignores these data points. For the reasons set forth in Plaintiff's opening memorandum and below, the Court should grant Plaintiff's Second Motion to Compel.

I. **De-designation of Documents Marked "Attorneys' Eyes Only."**

As noted above, more than 50% of the documents produced by Guidepost have been designated as "Attorneys' Eyes Only." It is obvious from this number and just a few examples that Guidepost did not make any effort to determine, on a document-by-document basis, whether such a designation is appropriate. Guidepost effectively disclaims any such obligation, arguing that "it is not up to Guidepost to *de-designate*" documents because of this Court's prior orders. (Doc. No. 113, at 2 (emphasis in original).) But Guidepost is wrong.

First, Guidepost cannot rely on the law-of-the-case doctrine to avoid its obligations to only use the AEO designation where it is appropriate to do so. The Amended Agreed Protective Order governing this case allows for an AEO designation only for "extremely sensitive Confidential information" where disclosure "would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Doc. No. 83, ¶ 3.) By invoking the law-of-the-case doctrine, Guidepost attempts to create the impression that this Court has already reviewed the documents at issue and determined that the AEO designation is appropriate. But that is not the case. When the Court previously granted Guidepost's request to amend the protective order to allow for an AEO

---

third-party production and when he provided that production to Guidepost. (Doc. No. 113, at 8 n.5.) This critique has no merit. Plaintiff received the third-party production on December 20, 2023, just before the Christmas and New Year's holidays. The production from the third-party was not bates-stamped. So Plaintiff processed the documents to add the bates-stamp. Once this process was complete, Plaintiff produced the documents to Guidepost. There was no material or unjustified delay.

designation, neither the Court nor Plaintiff had seen the documents. But now that Plaintiff's counsel has, it is clear that the rigorous standard for an AEO designation does not apply.

For example, as Plaintiff pointed out in his opening memorandum, Guidepost designated a 53-page document entitled "[Complainant's and Husband's] Story with Samantha B. Kilpatrick and Russell Holske" as AEO. This document was created by the Complainant and her husband specifically to be provided to Guidepost so that Guidepost could then include the details of their allegations against Pastor Johnny in Guidepost's public Report. In other words, the information contained in that document was specifically intended to be publicized. The fact that Guidepost decided to abstract the story to make it shorter does not change this fact. The details were intended to be made public, and they should not be hidden from Pastor Johnny through an improper AEO designation.

And the details contained in that "story" are important and key to Pastor Johnny's claims against Guidepost. Once Guidepost finally produced the document, Plaintiff's counsel was able to make a detailed comparison to the shortened version contained in the public Report, and the omissions are staggering. As just one example, the public Guidepost Report includes the Complainant's allegation that, after the encounter and while the Complainant and Pastor Johnny were standing on separate balconies, Pastor Johnny said that he wanted to have sex with the Complainant three times a day. The public Report omits, however, the Complainant's alleged response to this comment, even though the alleged response is included in the "story" provided by the Complainant. In the written "story," the Complainant includes a quotation of how she purportedly responded to Pastor Johnny's alleged statement ▮▮▮▮▮▮▮▮▮▮ and that response is wholly inconsistent with any allegation that the encounter was nonconsensual or that it qualified as a sexual assault.

3

As another example, Guidepost designated the below screenshot of a text as AEO, even though the only possible information that could be considered confidential is the name of the Complainant's husband.



But Pastor Johnny already knows the names of the Complainant and her husband, so that does not justify designating the document as AEO.

Finally, Guidepost suggests that there are "thousands" of pages in its production containing the "names of other survivors and witnesses." (Doc. No. 113, at 5.) That statement is false. Aside from drafts of its Report, which contains names that have already been made public, there are very few pages in the production that contain any names of alleged victims or witnesses that not otherwise publicly known.

And, in any event, if Guidepost wants to make targeted redactions to prevent those names from being disclosed, Pastor Johnny would have no objection. But it is not appropriate for Guidepost to use that specter as a basis from prohibiting Pastor Johnny from seeing the details of the allegations made by the Complainant against him. There is no reason to hide these details from Pastor Johnny (or, for that matter, even from the public). This information is not confidential; it is not sensitive; it does not merit any confidentiality designation, let alone the highly prescriptive

"AEO" designation. The Court should grant Plaintiff's motion to remove the AEO designations from Guidepost's production.

## II. Guidepost's Potential Destruction of Documents and Failure to Make a Full Production.

Despite Guidepost's denials, it is now undisputed that documents were destroyed. At his deposition on February 1, 2024, co-lead investigator Russell Holske admitted that he routinely deleted his text messages during the investigation. Thus, Plaintiff has been proven correct to be worried about this issue.

Additionally, Guidepost does not deny that it produced only select screenshots of text messages and that it has not collected responsive text messages from its CEO, Chief Operating Officer/Chief Legal Officer, and Senior Managing Director (Krista Tongring), even though they were all involved in the investigation and reporting of the allegations against Pastor Johnny.

The Court should grant Plaintiff's motion to require this collection and production.

## III. Guidepost's Deficient Interrogatory Responses

Guidepost has refused to answer basic interrogatory questions, such as to identify which version(s) of the final Report were provided to members of the Task Force and Cooperation Committee for review prior to the Report's final publication. Rather than answering these questions, Guidepost has simply referred Plaintiff to its entire production, effectively telling him to just try to figure it out himself.

But the metadata and documents do not answer these questions. Guidepost has access to the employees who made the documents available for review. It can answer the question. But it has chosen not to. The Court should order it to comply with its discovery obligations by answering the questions that were asked in Interrogatories No. 1-9.

<u>Dated:</u>  February 9, 2024                               Respectfully submitted,


                                                              s/ Andrew Goldstein
                                                              **Todd G. Cole, Esq., BPR # 031078**
                                                              **Andrew Goldstein, Esq., BPR # 037042**
                                                              COLE LAW GROUP, P.C.
                                                              1648 Westgate Circle, Suite 301
                                                              Brentwood, TN 37027
                                                              Telephone: (615) 490-6020
                                                              Fax: (615) 942-5914
                                                              tcole@colelawgrouppc.com
                                                              agoldstein@colelawgrouppc.com


                                                              *-and-*


                                                              **Robert D. MacGill, Esq. (*pro hac vice*)**
                                                              **Scott E. Murray, Esq.  (*pro hac vice*)**
                                                              **Patrick J. Sanders, Esq. (*pro hac vice*)**
                                                              MACGILL PC
                                                              156 E. Market St.
                                                              Suite 1200
                                                              Indianapolis, IN 46204
                                                              Telephone: (317) 721-1253
                                                              robert.macgill@macgilllaw.com
                                                              scott.murray@macgilllaw.com
                                                              patrick.sanders@macgilllaw.com


                                                              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing Reply in Support of Second Motion to Compel to be electronically filed with the Clerk of the Court on February 9, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

| | |
|---|---|
| Steven G. Mintz, Esq.<br>Terence W. McCormick, Esq.<br>Scott Klein, Esq.<br>Adam Brody, Esq.<br>Alex Otchy, Esq.<br>MINTZ & GOLD LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br>*Counsel for Defendant*<br>*Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

                                          s/ Andrew Goldstein
                                          Andrew Goldstein

8

Case 3:23-cv-00243   Document 116   Filed 02/09/24   Page 8 of 8 PageID #: 1548