IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

**JOINT DISCOVERY DISPUTE STATEMENT**

Pursuant to Section G of the Case Management Order (Doc. 37) and Local Rules 7.01 and 37.01, Defendant, Guidepost Solutions LLC ("Guidepost") and Plaintiff Johnny M. Hunt ("Hunt") submit this Joint Discovery Dispute Statement ("Statement") regarding Hunt's production of documents pursuant to Guidepost's First Request for the Production of Documents and Guidepost's Second Request for the Production of Documents. The parties certify that counsel for Plaintiff and Guidepost conducted a meet and confer via Zoom on January 30, 2024, at which time lead counsel for both Guidepost and Hunt were present. Subsequent efforts to follow up via email on issues raised in the meet and confer were unsuccessful. Guidepost and Hunt have made a good faith effort to resolve the dispute between them, but they have not been able to reach an agreement.

I.　　**Specific Areas of Dispute**

　　A.　　**Plaintiff's Text Messages and Phone Records**

　　　　**1. Guidepost's Position: Hunt's Failure to Produce Any Text Messages or Phone Records and Admission that Such Communications and Emails Have Been Deleted.**

1

Case 3:23-cv-00243　　Document 119　　Filed 02/09/24　　Page 1 of 16 PageID #: 1562

This action arises out of Guidepost's submission to the Southern Baptist Convention ("SBC") of its Report of the Independent Investigation concerning the sexual abuse crisis within the SBC (the "Report"). Guidepost served two (2) sets of document requests and interrogatories in this action. The first set was served on August 17, 2023. Hunt served responses and objection on September 18, 2023. (Hunt's responses and objections to the first set of document requests and interrogatories are attached to this Joint Discovery Dispute Statement as Exhibit A and Exhibit B, respectively.) Guidepost's counsel served a deficiency letter in response to Hunt's objections on November 13, 2023, to which they did not receive a response.[1]

Both the Report and Hunt's responses to Guidepost's First Set of Interrogatories made clear that Hunt communicated with his accuser and her husband (and likely with many or all of the other relevant witnesses) by text messaging, but his document production conspicuously lacked any text messages. In response to the absence of text messages and other outstanding deficiencies in Hunt's response to Guidepost's discovery requests, Guidepost wrote a follow-up deficiency letter dated January 8, 2024. (Exhibit D.) Hunt's counsel responded by letter dated January 15, 2024 (Exhibit E) in which he stated, "Plaintiff reiterates that as a general practice, prior to the filing of this action, Plaintiff did not retain emails and text messages."[2] Hunt's counsel took a similar position in correspondence with counsel for Defendant Executive Committee ("EC"). (Exhibit F.)

---

[1] In the meantime, due to concerns that Hunt may have falsely claimed to be a Florida domiciliary (and thus contrived diversity jurisdiction), Guidepost served a second set of document requests and interrogatories seeking information regarding Hunt's domicile on November 20, 2023. Hunt served responses and objections on December 20, 2023. (Hunt's responses and objections to the second set of document requests are attached as Exhibit C.) This issue is described in Section G, below.

[2] Hunt was under a duty to preserve documents as early as a year before filing this action, following his prior counsel's threats of imminent litigation against Guidepost and its investigator in May 2022. (Exhibit G, H.)

2

Guidepost intends to move this Court to direct Hunt to turn his phone over to an IT professional to attempt to retrieve any deleted communications with *each* of the witnesses identified in his initial disclosures and (if necessary) obtain such documents from the cloud and supplement his production accordingly. Hunt should be required to arrange for such IT personnel to report to counsel and the Court regarding the success (or not) of such efforts and, in the event Hunt is unable to do so, schedule a hearing for the purpose of assessing spoliation sanctions against Hunt. Guidepost's proposed motion will also cover *all* of Hunt's email communications that pre-date the filing of the Complaint and a forensic analysis of his email accounts and hard drive as well.

> **2. Plaintiff's Response: Pastor Johnny did not retain decades-old text messages with the Complainant or her husband; nor does he have the phone that he was using in 2010. Neither fact is surprising, and neither fact justifies a "forensic" exam.**

Guidepost is intentionally seeking to mislead this Court and to inoculate itself from its own discovery abuses[3] by falsely accusing Plaintiff Johnny Hunt of having engaged in discovery misconduct. Guidepost's misleading efforts are beyond cynical, and they will not work.

As a preliminary matter, there is no reasonable, objective basis for Guidepost's suggestion that Pastor Johnny may have destroyed relevant emails or text messages after issuance of the Report. Pastor Johnny's counsel has explained to Guidepost's counsel that Pastor Johnny did not have any substantive written communications with anyone about the 2010 Florida encounter with the Complainant. Thus, it is not at all surprising that no such written communications, whether by text or email, were in Pastor Johnny's document production. Such written communications never existed; they were not destroyed.

---

[3] Guidepost's discovery abuses are subject to a pending Motion to Compel that is now fully briefed. Doc. Nos. 109, 115, 118.

3

Guidepost tries to create a different impression by stating that "[b]oth the Report and Hunt's responses to Guidepost's First Set of Interrogatories made clear that Hunt communicated with his accuser and her husband (and likely with many or all of the other relevant witnesses) by text messaging . . . ." This assertion is highly misleading. First, it is true that Pastor Johnny sporadically engaged in text messaging with the accuser and her husband **in and around 2010**, when the encounter occurred. But that was almost 12 years before the Report was issued that contained the false allegations against Pastor Johnny. As has been explained to Guidepost's counsel, Pastor Johnny did not retain these old text messages, and he does not even use the same phone. Pastor Johnny has not had any written communications with the accuser or her husband for many years on any topic; and he has never had written communications with them relating to the substantive accusations that are contained in the Report. A "forensic" examination of his current phone would not change these facts.

Second, Guidepost does not even attempt to offer any support for its assertion that Pastor Johnny should also be required to complete a "forensic" analysis of his hard drive and emails. And for good reason—there is no reasonable, objective basis for requiring either. As Guidepost's counsel knows, Pastor Johnny **does not have access** to any email account that he used prior to issuance of the Report in 2022. From 2010 through 2019, Pastor Johnny worked at the First Baptist Church of Woodstock and used an email account provided by the church. From 2019 through 2022, Pastor Johnny used an email address provided by the North American Mission Board (an entity affiliated with Defendant SBC). Pastor Johnny does not have access to either email address now.

As for his current email address, Pastor Johnny has already used an e-discovery vendor to collect and search his emails, and any responsive emails have been produced. There is no basis for ordering anything more.

At root, Guidepost's misleading allegations of "spoliation" are an attempt to inoculate itself from its own discovery misconduct. As is set forth in Pastor Johnny's Motion to Compel and accompanying Memorandum in Support (Doc. Nos. 106, 107), it is Guidepost and its investigators – not Pastor Johnny – who appear to have destroyed relevant communications. Indeed, at a deposition just last week, one of the lead investigators for Guidepost admitted under oath that he had routinely deleted text messages **during the investigation at issue**. This same investigator also admitted that the Complainant's husband had specifically asked him to destroy documents provided to Guidepost during the investigation, a request that was memorialized in a text message.

On this record, there is no basis for ordering any relief against Plaintiff. Guidepost should proceed with the deposition of Pastor Johnny, at which time Guidepost can ask him questions about his communications and record-keeping habits. If Guidepost believes such testimony justifies further relief, it can seek such relief at that time. But Guidepost's current request that Pastor Johnny be required to conduct a forensic examination for text messages and emails should be denied.

**B.     Documents Identified in Plaintiff's Initial Disclosures**

**1. Guidepost's Position: Hunt's Failure to Produce Documents He Admitted in His Initial Disclosures Are in His Possession.**

In addition to Hunt's destruction and complete failure to retrieve and produce text messages and emails during critical periods in this action, Hunt has failed to produce documents that he stated he possessed in his Rule 26 initial disclosures, including communications from the SBC and/or the EC to churches where Hunt was scheduled to speak and documents relating to the SBC's
5

and/or the EC's structure. Hunt's counsel has maintained that he has not withheld documents identified in his initial disclosures and that "the identified categories of documents currently-known to Plaintiff that may be used to support his claims have been produced by Plaintiff, third parties, and Defendants." (See Exhibit E.) But it is not an answer to say that third parties have produced documents that Hunt had already disclosed he had in his possession (only to have them conspicuously absent from his own production). Guidepost is concerned that Hunt is withholding other documents.

Hunt's deposition has not yet taken place. To avoid prejudice at the deposition, Guidepost respectfully asks the Court to compel Hunt to provide a satisfactory explanation for failing to produce the missing documents, inasmuch as he had originally said he possessed them.

**2. Plaintiff's Response: Pastor Johnny is not withholding any documents identified in his initial disclosures.**

Again, Guidepost is attempting to mislead this Court. As Pastor Johnny's counsel has repeatedly explained, Pastor Johnny has produced all documents in his possession, custody or control that were described in his Initial Disclosures.

Guidepost appears to be confused by the fact that Pastor Johnny included in his disclosures certain categories of documents that he anticipated would be produced by other parties in the litigation and that he might then rely upon in proving his claims. For example, Pastor Johnny included the category "[a]ny document produced during discovery in this case . . . ." He also included "[e]xpert reports" and "[d]eposition transcripts." Clearly, these are documents that were not yet in his possession, custody or control that he anticipated would be produced later and that he would rely upon.

At this time, Pastor Johnny is not withholding any documents within his possession, custody or control that are listed on his initial disclosures.

### C. Metadata

**1. Guidepost's Position: Hunt's Production is Suspect Due to the Absence of Metadata and/or Missing Related Emails.**

Upon review of Hunt's document production, Guidepost discovered that the production is missing metadata. Some documents produced by Hunt do not include any metadata, including, but not limited to HUNT_0000471 and HUNT_001780. HUNT_0001780, in particular, is an email from the Johnny Hunt Ministries gmail account to counsel, but the preceding email was not sent to Johnny Hunt Ministries gmail address. As such, the metadata was either not provided to show the bcc to Johnny Hunt Ministries gmail address or Hunt deliberately withheld documents if he was not bcc'd on that correspondence. (Exhibit I.)

Additionally, HUNT_0002759 has an improper redaction. The second redaction in the attached document is between Hunt and his assistant, Kerry. The redaction does not appear on the privilege log produced by Hunt, nor is there any basis for redacting communications between Hunt and his assistant. (See Exhibit J.)

While these discrepancies were brought up during the meet and confer process, Hunt's counsel failed to respond to Guidepost's concerns. These discrepancies only raise further questions regarding the integrity of Hunt's production and Hunt should be compelled to explain them.

**2. Plaintiff's Response: This issue is moot.**

This issue is moot. Plaintiff will provide any metadata that he has for the documents identified. He will also produce an unredacted copy of HUNT_0002759.

### D. Privilege Log

**1. Guidepost's Position: Hunt Must Supplement His Privilege Log to Account for Documents Exchanged With Counsel Prior to the Filing of the Complaint.**

Although Hunt has supplied a privilege log, Hunt's counsel have taken the position that he has no obligation to create a privilege log for all communications between Hunt and his counsel prior to filing this action. When challenged on the point, Hunt's counsel cited Administrative Order 174-1, 8b which states that "[n]o log is required for privileged documents created *after* the filing of the Complaint" (emphasis added) but says nothing of document *preceding* the filing of the Complaint. (Exhibit E.)

Only a privilege log can show whether a claimed privilege has been waived. See Exhibit K (Hunt's counsel's communication with the alleged survivor's husband). The Court should require Hunt's counsel to supplement their privilege log.

> **2. Plaintiff's Response: Pastor Johnny has notified Guidepost that he has withheld privileged attorney-client and work product communications with his trial counsel. Not additional information should be required.**

Pastor Johnny has provided a redaction log and explained that there is no requirement under Administrative Order 174-1 "to include on privilege logs any document generated after the filing of the complaint." To avoid unnecessary and wasteful effort, the log does not include communications between Pastor Johnny and his trial counsel in this matter before the filing of the lawsuit. Such communications are routinely identified by category and exempted from a document-by-document listing on a privilege log. *See, e.g., SEC v. Nacchio,* 2007 U.S. Dist. LEXIS 5435, at *32 (D. Colo. Jan. 24, 2007) (adopting test stated in *SEC v. Thrasher,* 1996 U.S. Dist. LEXIS 3327 (S.D.N.Y. 1996), which rejected demand for document-by-document privilege log where defendants had not explained how a categorical log impaired their ability to test claim for work product protection).

Here, Pastor Johnny and his counsel have withheld from production routine correspondence between Pastor Johnny and counsel relating to his engagement of counsel,

8

counsel's pre-filing investigation of Pastor Johnny's allegations, and other similar communications leading up to the filing of the Complaint. Such communications are obviously privileged and work product. There is no need to list them on a document-by-document basis. Pastor Johnny's categorical assertion of privilege and work product for these documents is proper, and Guidepost's suggestion that a document-by-document log is necessary is incorrect. Guidepost's request for an order requiring Pastor Hunt to supplement his log should be denied.

  **E.**  **Evidence Relating to Injury and Damages**

  **1.**  **Guidepost's Position: Hunt is Withholding Evidence Concerning his Claims for Emotional Injury <u>and Monetary Damages</u>.**

Hunt has placed emotional injury at issue in this case. Guidepost therefore requested records of Hunt's medical care, diagnosis, and prescriptions. (<u>Exhibit A</u>, Requests No. 12 and 67.) Hunt objected and has not produced such documents. During the January 30 "meet and confer" call, Hunt's counsel attempted to take the position that his client is not seeking damages related to *expenses* of his medical care, and thus the question of medical records was, by counsel's logic, off the table. However, Plaintiff's Amended Statement of Damages, served on January 9, 2024, calculates a range of damages in the amount of $30,000,000 to $45,000,000 for emotional injury. Guidepost intends to move to compel disclosure of his medical treatment.

Hunt has also put economic losses at issue but has not updated his disclosure regarding speaking engagements since January 4, 2023 (over a year ago). (<u>Exhibit L</u>, <u>M</u>.) Hunt's amended damages statement calculate losses of "not less than $3,850,000" for lost speaking engagements. Guidepost intends to move to compel Hunt to update his discovery responses accordingly.

  **2. Plaintiff's Position: This issue is moot.**

Pastor Johnny is not withholding any documents responsive to his emotional or monetary damages. Thus, it is not clear what Guidepost is seeking in this section.

### F. Restoration-related Documents

#### 1. Guidepost's Position: Hunt Appears to Have Withheld Documents Concerning His "Restoration" <u>to the Ministry</u>.

Hunt quickly returned to the pulpit after the SBC Task Force published the Report, following a "restoration" process overseen by four sympathetic Southern Baptist clergypersons through the auspices of his new church, Hiland Park Baptist Church in Panama City, Florida. Because the "restoration" process would not be necessary but for the need to address Hunt's "consensual" affair with (or sexual abuse of) the alleged survivor, his rehabilitation process necessarily would involve disclosure to the clergy involved of the circumstances and extent of his culpability. In response to Guidepost's First Request for the Production of Documents (No. 71), Hunt has produced only two communications with the Hiland Park pastor, Steven Kyle, and has not produced any communications with the other three participants. It is implausible that Hunt does not have any communications with the individuals that allegedly "restored" him to the pulpit.

#### 2. Plaintiff's Position: This issue is moot.

Pastor Johnny is not withholding any documents related to his restoration. This issue is moot.

### G. Credit Card Statements and Travel-related Documents

#### 1. Guidepost's Position: Hunt Must Respond to Guidepost's Requests for Jurisdictional Discovery <u>(Guidepost's Second Request for the Production of Documents, No. 4 and 9)</u>.

Based in part on publicly filed disclosures, and upon Hunt's maintenance of residences in both Georgia and Florida, Guidepost has reason to doubt that Hunt's domicile is still in Georgia (the same as Defendant SBC) and that diversity jurisdiction is absent in this action. Guidepost therefore served a second set of discovery requests. (<u>Exhibit C</u>.) Hunt produced some self-serving documents purporting to show that he intended to relocate to Florida before filing the instant

action, but has resisted disclosure of his travel-related records and credit card statements (Requests No. 4 and 9), which would shed light on where he was during the time he supposedly was changing his domicile from Georgia to Florida.

At the conclusion of the January 30, 2024 "meet and confer" call, Hunt's counsel undertook to contact Guidepost's counsel by the end of business on February 2, 2024, as to whether he would withdraw his objections and produce the requested documents but did not. After a follow-up email on February 5, 2024, the issue remains unresolved. Guidepost therefore intends to move to compel jurisdictional discovery.

> **2. Plaintiff's Position: Plaintiff has produced documents directly relevant to his Florida domicile. Pastor Johnny's credit card statements are irrelevant to this inquiry, and allowing Guidepost to fish through them would be highly invasive.**

In a desperate attempt to avoid this Court's jurisdiction, Guidepost has accused Pastor Johnny of an elaborate ruse to falsify his domicile. There is no objective basis for Guidepost's accusations, and Guidepost's attempt to engage in a fishing expedition by inspecting Pastor Johnny's credit card bills and spending habits should be denied.

This Court has diversity jurisdiction over this matter because Pastor Johnny is a citizen of Florida and the Defendants are not. It is undisputed that Pastor Johnny and his wife own a house in Florida; have been issued driver's licenses by the State of Florida; are registered to vote in the State of Florida; and have filed a sworn Declaration of Domicile in the State of Florida. Pastor Johnny has produced documents establishing these facts to Guidepost, along with sworn interrogatory responses stating that Florida is his domicile.

But Guidepost refuses to accept these facts, and it is asking to go on a fishing expedition through Pastor Johnny's credit card statements. Guidepost has not provided any reasonable

explanation for why it should be able to root through Pastor Johnny's spending habits under these circumstances.

A person's domicile is "established by presence (residence) plus intent to remain permanently or indefinitely." *Rayburn v. Anderson,* 2021 U.S. Dist. LEXIS 1092, at *5 (M.D. Tenn. Jan. 5, 2021). Courts generally consider several factors when determining a person's domicile, including "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes." *Id.* (quoting *Caffey v. Home Depot,* 2014 U.S. Dist. LEXIS 60184, at *2-3 (M.D. Tenn. Apr. 28, 2014) (internal quotation marks omitted)).

Pastor Johnny and his wife both reside in Florida; they consider Florida their primary home and intend to return there when they are absent; they have Florida driver's licenses; they have registered to vote in Florida; they have filed documents with the State of Florida declaring their domicile to be there; and they are members of a church in Florida. Even if there are documents showing travel to and from Georgia (where they still have many family connections and own additional property), such documents would not trump their subjective intent that Florida is their domicile or the objective evidence supporting that intent.

Guidepost's request to obtain and scrutinize Pastor Johnny's personal credit card statements is an attempt to harass him; it is not intended to assess his domicile. The request should be denied.

.

Dated: February 9, 2024

                Respectfully submitted,

s/ Andrew Goldstein with permission
Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

-and-

Robert D. MacGill, Esq. (admitted pro hac vice)
Scott E. Murray, Esq. (admitted pro hac vice)
Patrick J. Sanders, Esq. (admitted pro hac vice)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

s/ Katharine R. Klein
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Defendant*
*Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing Joint Discovery Dispute Statement to be electronically filed with the Clerk of the Court on February 9, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

| | |
|---|---|
| Steven G. Mintz (admitted pro hac vice)<br>Terence W. McCormick (admitted pro hac vice)<br>Scott Klein (admitted pro hac vice)<br>Mintz & Gold LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br><br>*Counsel for Defendant Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention*<br><br><br><br>s/ Katharine R. Klein |