# EXHIBIT A
# (Redacted)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

---------------------------------------------------------------------X

JOHNNY M. HUNT,

                    Plaintiff,

             -against-                   :     Case No. 3:23-cv-00243

SOUTHERN BAPTIST CONVENTION,
GUIDEPOST SOLUTIONS LLC, and
EXECUTIVE COMMITTEE OF THE SOUTHERN
BAPTIST CONVENTION,

                    Defendants.

---------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO GUIDEPOST SOLUTIONS LLC'S FIRST
REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff, by counsel, hereby provide his responses to Defendant Guidepost Solutions

LLC's First Request for Production to Plaintiff.

**GENERAL OBJECTIONS**

To avoid undue and unnecessary repetition, each of the following responses is made

subject to and incorporates the following general objections:

1. Plaintiff objects to the requests to the extent they seek to require the disclosure of

information or the production of documents that are beyond the scope of permissible discovery

under the Federal Rules of Civil Procedure.

2. Plaintiff objects to the requests to the extent they seek to impose discovery burdens or

responsibilities upon Plaintiff beyond those specifically required by the Federal Rules of Civil

Procedure. Plaintiff will respond to the requests in a manner consistent with his obligations under

the Federal Rules of Civil Procedure.

3. Plaintiff objects to the requests to the extent they seek the disclosure of information or the production of documents protected by the attorney-client privilege, the work product doctrine, consulting expert protections provided by Rule 26, spousal privilege, common legal interest protections, or any other available privilege, protection or doctrine. To the extent any request seeks such information, it will not be provided.

4. Plaintiff objects to the requests to the extent they incorrectly assume the existence and occurrence of certain facts or events. Plaintiff's response to any requests is not intended to be, and shall not be construed as, an admission that any factual predicate stated or inferred in the request is accurate.

5. Plaintiff objects to each request that: (a) Contains vague, ambiguous, and undefined terms and phrases that are subject to a variety of meanings and interpretations; (b) Seeks information that is publicly available and/or is as readily accessible to opposing counsel and their clients as it is to Plaintiff; or (c) Seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

6. Plaintiff objects to the requests to the extent that the information necessary to respond is outside of Plaintiff's possession, custody, or control.

7. Plaintiff objects to the requests that attempt to obtain information or documents that are not reasonably accessible.

8. Plaintiff objects to the requests to the extent they seek the disclosure of confidential or other sensitive documents that are not relevant to the dispute between the parties.

9. Plaintiff objects to the extent that the requests are not time-limited or subject matter limited in a way that would exclude documents not relevant to the claims and defenses in this litigation from the scope of the requests.

10. Plaintiff objects to the requests that are duplicative of other requests.

11. Plaintiff reserves the right to make rolling productions of documents.

12. Plaintiff's responses below are made subject to and without waiving (1) the foregoing General Objections; (2) the right to object on the grounds of competency, relevancy, materiality, hearsay or any other proper ground to the use of any such information for any purpose, in whole or in part, and in any subsequent style or proceeding in this or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these requests.

13. Plaintiff's agreement to produce documents in response to any of the requests, if any, is qualified as follows. In response to the requests, Plaintiff has conducted a reasonable search for documents called for by the requests deemed unobjectionable in whole or in part in Plaintiff's possession, custody, or control in reasonably accessible locations where such documents are most likely to be found. In addition, a statement that documents will be produced in response to a particular request does not mean that Plaintiff knows that such documents exist or are in his possession. It means only that if such documents exist, are in Plaintiff's possession, are subject to discovery in this action, and can be located in a reasonable search of the most likely and reasonably accessible repositories of responsive documents, they will be produced.

14. Plaintiff incorporates the foregoing General Objections into each and every answer to the requests below.

## DOCUMENT REQUESTS

**1.      All documents and communications concerning the allegations in the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time. Plaintiff also objects to this request as vague and ambiguous and as not specifying the documents with the "reasonable particularity" required under Rule 34. Moreover, to the extent that Plaintiff were to try to narrow this request to those documents in his possession, custody or control that are relevant to this case, it would be duplicative of the more specific requests set forth below.

**2.      All documents and communications concerning, identified, referred to, or relied upon in Plaintiff's Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time. Plaintiff also objects to this request as vague and ambiguous and as not specifying the documents with the "reasonable particularity" required under Rule 34. Moreover, to the extent that Plaintiff were to try to narrow this request to those documents in his possession, custody or control that are relevant to this case, it would be duplicative of the more specific requests set forth below.

**3.      All documents and communications between Plaintiff and SBC concerning the allegations in the Complaint or the Report.**

**RESPONSE:** Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

4

**4.      All documents and communications between Plaintiff and the Executive Committee concerning allegations in the Complaint or the Report.**

**RESPONSE:** Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**5.      All documents and communications between Plaintiff and the SBC Task Force concerning allegations in the Complaint or the Report.**

**RESPONSE:** Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**6.      All documents and communications between Plaintiff and Survivor from January 1, 2000 to present.**

**RESPONSE:** Plaintiff objects to the continued characterization of ███████ as a "Survivor." Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**7.      All documents and communications between Plaintiff and Survivor's Husband from January 1, 2000 to present.**

**RESPONSE:** Plaintiff objects to the continued characterization of ███████ as a "Survivor." Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**8.      All documents and communications concerning the interviews that Plaintiff gave to the Guidepost investigators.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**9.** **All documents and communications concerning discussions or correspondence Plaintiff had with any person regarding the Report, including without limitation documents and communications between Plaintiff and his businesses.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**10.** **All documents and communications between Plaintiff and Mr. Blankenship.**

**RESPONSE:** Plaintiff objects to Request No. 10 as overbroad and unlimited in scope. Plaintiff interprets Request No. 10 to be seeking information about communications between Mr. Blankenship and Plaintiff that occurred after the encounter. With that understanding, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**11.** **All documents and communications concerning Plaintiff's leave of absence from First Baptist Church Woodstock in 2010.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

6

12. **All documents and communications concerning any professional services Plaintiff received from 2010 to present concerning, relating to, or as a result of the allegations in the Complaint or the Report.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

13. **All documents and communications concerning the allegations in paragraph 3 of the Complaint, including but not limited to, the allegation that "Pastor Johnny had a brief, inappropriate, extramarital encounter with a married woman. Some of the precise details are disputed, but at most, the encounter lasted only a few minutes, and it involved only kissing and some awkward fondling."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

14. **All documents and communications concerning the allegations in paragraph 7 of the Complaint, including, but not limited to, the allegation that "SBC, its leadership, and . . . Guidepost . . . decided to use Pastor Johnny as their scapegoat."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

7

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**15.     All documents and communications concerning Plaintiff's allegations in paragraph 8 of the Complaint, including, but not limited to, the allegation that "[o]n May 22, 2022, Guidepost, the SBC and its leadership publicly released a report that purported to focus on whether the SBC's executive leadership had inappropriately responded to allegations of child and other sexual abuse."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**16.     All documents and communications concerning Plaintiff's allegations in paragraph 11 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**17.     All documents and communications concerning Plaintiff's allegations in paragraph 12 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

8

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**18.** **All documents and communications concerning Plaintiff's allegations in paragraph 13 of the Complaint that "Defendants' publicly released their report."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**19.** **All documents and communications concerning Plaintiff's allegations in paragraph 29 of the Complaint, including, but not limited to, the allegation that "[o]ver the years, Pastor Johnny was a sought-after speaker and author."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**20.** **All documents and communications concerning Plaintiff's allegations in paragraph 34 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**21.** **All documents and communications concerning Plaintiff's allegations in paragraph 36 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**22.** **All documents and communications concerning Plaintiff's allegations in paragraph 37 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**23.** **All documents and communications concerning Plaintiff's allegations in paragraph 38 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**24.     All documents and communications concerning Plaintiff's allegations in paragraph 39 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**25.     All documents and communications concerning Plaintiff's allegations in paragraph 40 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**26.     All documents and communications concerning Plaintiff's allegations in paragraph 41 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**27.    All documents and communications concerning Plaintiff's allegations in paragraph 42 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**28.    All documents and communications concerning Plaintiff's allegations in paragraph 47 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**29.    All documents and communications concerning Plaintiff's allegations in paragraph 49 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**30.    All documents and communications concerning Plaintiff's allegations in paragraph 52 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**31.    All documents and communications concerning Plaintiff's allegations in paragraph 53 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**32.    All documents and communications concerning Plaintiff's allegations in paragraph 55 of the Complaint, including, but not limited to, the allegation that "[s]everal times throughout its text the Report uses the term "sexual assault" to refer to a sex crime."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

13

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**33. All documents and communications concerning Plaintiff's allegations in paragraph 56 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**34. All documents and communications concerning Plaintiff's allegations in paragraph 57 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**35. All documents and communications concerning Plaintiff's allegations in paragraph 58 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**36.     All documents and communications concerning Plaintiff's allegations in paragraph 59 of the Complaint, including, but not limited to, the allegations that "the inclusion of the allegations against Pastor Johnny in the Report was gratuitous and appears to have been done in an effort to cause him personal anguish and harm."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**37.     All documents and communications concerning Plaintiff's allegations in paragraph 60 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**38.     All documents and communications concerning Plaintiff's allegations in paragraph 61 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

15

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**39.     All documents and communications concerning Plaintiff's allegations in paragraph 63 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**40.     All documents and communications concerning Plaintiff's allegations in paragraph 64 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**41.     All documents and communications concerning Plaintiff's allegations in paragraph 65 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

16

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

42.    **All documents and communications between Plaintiff and Daniel Akin.**

**RESPONSE:** Objection. Plaintiff objects to Request No. 42 because it is overbroad. Request No. 42 asks for all documents and communications without any limitation on the subject matter of the documents and communications. Plaintiff has therefore limited its search for responsive documents to documents and communications with Daniel Akin that relate to the allegations in the Complaint and the Report. Subject to and without waiving this objection, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control.

43.    **All documents and communications concerning Plaintiff's allegations in paragraph 67 of the Complaint, including, but not limited to, the allegation that "Defendants' decision to publish the allegations against Pastor Johnny in the context of a report otherwise focused on heinous sexual crimes has exacerbated the damaging impact of the allegations."**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**44.** **All documents and communications concerning Plaintiff's allegations in paragraph 68 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**45.** **All documents and communications concerning Plaintiff's allegations in paragraph 69 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**46.** **All documents and communications concerning any social media relating to, or concerning, the allegations in the Complaint or the Report, including without limitation, accounts owned by Plaintiff or associated businesses or ministries.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**47.    All documents and communications concerning Plaintiff's allegations in paragraph 72 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**48.    All documents and communications concerning Plaintiff's allegations in paragraph 74 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**49.    All documents and communications concerning Plaintiff's allegations in paragraph 75 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

19

**50.** **All documents and communications concerning Plaintiff's allegations in paragraph 76 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**51.** **All documents and communications concerning Plaintiff's allegations in paragraph 77 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**52.** **All documents and communications concerning Plaintiff's claim for defamation/libel in paragraphs 79-88 of the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**53.**    All documents and communications concerning Plaintiff's claim for defamation/libel per se in paragraphs 89-99 of the Complaint.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**54.**    All documents and communications concerning Plaintiff's claim for invasion of privacy (false light) in paragraphs 100-108 of the Complaint.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**55.**    All documents and communications concerning Plaintiff's claim for negligent infliction of emotional distress in paragraphs 109-113 of the Complaint.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

56.    All documents and communications concerning Plaintiff's claim for public disclosure of embarrassing private acts in paragraphs 114-117 of the Complaint.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

57.    All documents and communications concerning Plaintiff's allegations in paragraph 13 of the Complaint, including, but not limited to, the allegation that "[h]e lost his job; he lost income from speaking engagements; and he lost income from publishing opportunities. His losses are substantial[.]"

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

58.    All documents and communications concerning Plaintiff's allegations in paragraph 62 of the Complaint, including, but not limited to, the allegations that "[t]he decision to smear Pastor Johnny's reputation with these accusations has led him to suffer substantial economic and other damages. He has lost he [sic] job and income; he has lost current and future book deals; and he has lost the opportunity to generate income through speaking engagements."

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

22

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**59.     All documents and communications concerning Plaintiff's alleged damages in the Complaint.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time. To the extent Plaintiff engages an expert to opine on damages issues to establish its damages under accepted methodologies, Plaintiff will provide its expert disclosure and report(s) on or before the deadline set by the Court.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**60.     All documents and communications concerning the calculation of Plaintiff's damages in this action.**

**RESPONSE:** Objection. Plaintiff objects to this Request as premature to the extent it requires the disclosure of any expert(s) or expert report(s) before the time for such disclosure set out in the Court's Case Management Order. Plaintiff's damages may require expert analysis to ascertain. Some of Plaintiff's damages may be calculated based upon Defendants' financial records or other records, which must be produced by Defendants at the appropriate time. Moreover, Plaintiff will be unable to provide a complete, comprehensive, or final damages theory and figure until (A) fact discovery is completed, and (B) expert discovery is completed.

Plaintiff will disclose any expert(s) and related report(s) in accordance with the Court's Case Management Order.

23

**61.** All documents and communications concerning Plaintiff's income for the years 2020, 2021, 2022, and 2023.

**RESPONSE:** Objection. This request is vague, ambiguous and overly broad with respect to "all documents and communications" concerning Plaintiff's income. Subject to and without waiving these objections, Plaintiff will produce copies of his tax returns for the requested years.

**62.** All documents and communications concerning any income Plaintiff generated via speaking engagements for the years 2020, 2021, 2022, and 2023.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**63.** All documents and communications concerning the federal and/or state tax returns for the years 2020, 2021, 2022, and 2023 filed by Plaintiff and each business owned or controlled by Plaintiff.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**64.** All documents and communications concerning any current and future book deals that were allegedly lost or postponed as a result of the Report.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive

24

materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**65.     All documents and communications concerning Plaintiff's income generating activities that were allegedly cancelled or postponed as a result of the claims in the Report.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**66.     All documents and communications concerning new business opportunities that came to the Plaintiff after the publication of the Report on May 22, 2022.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time. Plaintiff further objects to this Request on the basis that "new business opportunities" is vague and not defined.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**67.** All documents concerning Plaintiff's alleged emotional harm and distress allegedly arising from the events described in the Complaint, including without limitation, medical records and documents evidencing medication prescribed for or taken by You in connection with such emotional harm and distress.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**68.** All documents and communications concerning Plaintiff's allegation in its Motion to Dismiss Opposition which states "[t]his case arises from the Defendants' mass distribution of private, embarrassing information about Pastor Johnny Hunt and their decision to misleadingly feature him in a highly publicized Report along child molesters, rapists and sex criminals."

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**69.** All documents and communications concerning Plaintiff's separation from the North American Mission Board (NAMB).

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

26

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**70.     All documents and communications concerning the statements made by Plaintiff on or about January 15, 2023 at Hiland Park Baptist Church in Panama City, Florida, including, but not limited to, (i) allegations that Plaintiff was pressured to quit the ministry, (ii) statements that Plaintiff had been falsely accused, (iii) statements that Plaintiff was being persecuted without cause, (iv) and that Plaintiff could retire and no longer had to preach for a living.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**71.     All documents and communications concerning the "restoration" of Plaintiff to public ministry through the auspices of Hiland Park Baptist Church in Panama City, Florida, including any documents or communications exchanged between or among Plaintiff and Steven Kyle, Benny Tate, Mark Hoover and Mike Whitson.**

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

27

**72.** All documents and communications concerning any Church-related activity that Plaintiff has been involved with, engaged in, or in any way participated in, from the date of the Report to present.

**RESPONSE:** Objection. This request is vague, ambiguous and overly broad and does not identify documents with the "reasonable particularity" required by Rule 34. Plaintiff does not know what is meant by the term "any Church-related activity" and will therefore not be producing documents in response to this request.

**73.** All documents and communications relied upon or referred to by you in preparing your responses to Plaintiff's initial disclosures, dated June 1, 2023.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**74.** All documents and communications concerning or referenced in Plaintiff's initial disclosures, dated June 1, 2023, including, but not limited to, the seventeen (17) categories of documents referenced therein.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

28

**75.** All documents and communications concerning, identified, or referred to in your answers to Guidepost's First Set of Interrogatories.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**76.** All documents and communications relied upon or referred to by you in preparing your answers to Guidepost's First Set of Interrogatories that were not identified in your answers to such Interrogatories.

**RESPONSE:** Objection. This Request seeks information protected from disclosure by the attorney client privilege, the spousal privilege, and the work product doctrine. Responsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time.

Subject to and without waiving these objections, Plaintiff will produce discoverable, non-privileged documents in his possession, custody, or control.

**77.** All documents and communications that you have received or obtained at any time from Guidepost, from any party to this litigation, or from any individual or entity possessing knowledge of this action.

**RESPONSE:** Objection. This request is vague, ambiguous and overly broad and does not identify documents with the "reasonable particularity" required by Rule 34. It is also overly broad in that asks for all documents and communications ever received or obtained at any time from any party to this litigation. For example, Plaintiff has been associated with the SBC for decades, and it is unreasonable to ask him to produce all documents and communications ever received or obtained from it.

29

Subject to and without waiving these objections, Plaintiff will produce any documents received or obtained from Guidepost.

**78.    All expert reports you have obtained with respect to this action.**

**RESPONSE:** Objection. Plaintiff objects to this Request as premature to the extent that it requires disclosure of any expert(s) or expert report(s) prior to the time for disclosure as set forth the Court's Case Management Order. Plaintiff will disclose its expert(s) and expert report(s) on or before the deadline set by the Court.

**79.    All documents and communications that you will rely upon at trial.**

**RESPONSE:** Objection. Plaintiff objects to this Request as premature to the extent it requires production of trial exhibits prior to the time for disclosure set by the Court. Plaintiff will provide its trial exhibits on or before the deadline set by the Court.

Dated: September 18, 2023

<div style="margin-left: 45%;">

_/s/ Patrick J. Sanders_

**Robert D. MacGill, Esq. (_pro hac vice_)**
**Scott E. Murray, Esq.  (_pro hac vice_)**
**Patrick J. Sanders, Esq. (_pro hac vice_)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

_-and-_

**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

_Attorneys for Plaintiff_

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on September 18, 2023, on

the following counsel via email only:

/s/ Patrick J. Sanders
Counsel for Plaintiff Johnny Hunt

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203

Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*