# EXHIBIT D
# (Redacted)

RILEY & JACOBSON, PLC
ATTORNEYS AT LAW
1906 WEST END AVENUE
NASHVILLE, TENNESSEE 37203

KATHARINE R. KLEIN
kklein@rjfirm.com

TELEPHONE: (615) 320-3700
TELECOPIER: (615) 320-3737

January 8, 2024

**Via Email**
Robert D. MacGill
Scott E. Murray
Patrick J. Sanders
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Todd G. Cole
Andrew Goldstein
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Re: *Johnny M. Hunt v. Southern Baptist Convention et al.*,
U.S.D.C. No. 3:23-cv-0243 (M.D. Tenn.)

Counsel:

Pursuant to Local Rule 37.01(a) and paragraph G of the Initial Case Management Order (Doc. 37), I write regarding ongoing deficiencies with respect to Plaintiff's discovery responses to Guidepost Solutions LLC's ("Guidepost") First Set of Requests for Production of Documents ("Requests"). As you are aware, on November 13, 2023, Guidepost served a deficiency letter with respect to numerous discovery deficiencies and Plaintiff's failure to produce a single document. Thereafter, on November 15, 2023, Plaintiff produced documents, identified by Bates Hunt_0000001-Hunt_0001093. A month later, on December 14, 2023, Plaintiff made a supplemental production of self-serving documents, dated for the years 2022 and 2023 only, and identified by Bates Hunt_0001094-Hunt_0002180.

To date, Guidepost has received neither a response to the November 13, 2023 deficiency letter nor any supplemental responses to Guidepost's First Set of Interrogatories or First Set of Requests for Production of Documents. Guidepost herein reiterates its position with respect to Plaintiff's Interrogatory Responses to Numbers 1, 11, 12, 13, and 15. Guidepost demands that no later than January 12, 2024, Plaintiff supplement his responses as more fully set forth in the November 13, 2023 letter. Otherwise, Guidepost will seek an Order from the Court compelling Plaintiff to do so.

As will be set forth more fully below, the document production is deficient on its face, and must be supplemented immediately. In addition to the deficiencies set forth below, there are blatant discovery deficiencies that must be addressed immediately by Plaintiff, and, absent a production of the aforementioned documents, Guidepost will be left with no other option then to seek Court intervention.

- Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff is under an obligation to compute and disclose his damages. If Plaintiff refuses to specifically identify the amount of damages, we will move the Court for an Order compelling Plaintiff to do so.

- Plaintiff is obligated to produce a privilege log for all documents produced that were redacted as well as any documents being withheld on the basis of any privilege. Guidepost has not received a privilege log from Plaintiff. Please provide the privilege log immediately or we will move the Court for an Order compelling Plaintiff to do so.

- Plaintiff has evidently withheld documents that he admitted in his Initial Disclosures were in his possession, custody, and control. These categories of documents include, but are not limited to, (i) tweets by Bart Barber and others associated with the SBC and/or the Executive Committee; (ii) communications from the SBC and/or the Executive Committee to churches where Plaintiff was scheduled to speak; (iii) documents relating to the SBC's and/or the Executive Committee's structure; and (iv) documents sufficient to show Plaintiff's damages. If Plaintiff refuses to produce these documents, that are admittedly in his possession, custody, and control, we will move the Court for an Order compelling Plaintiff to do so.

- **Plaintiff failed to produce a single text message or phone record.** It is implausible that Plaintiff does not have responsive documents on his cell phone, especially given the fact Plaintiff has referenced text communications in his interrogatory responses. Has Plaintiff's phone been forensically imaged and has data been retrieved and reviewed for production? Please advise within three days whether Plaintiff's phone has been properly forensically imaged for discovery. Secondly, we understand from your response, dated December 13, 2023, to counsel for the Executive Committee, that "[a]s a general practice, prior to the filing of this action, Plaintiff did not retain emails and text messages. To the extent he has responsive documents, we believe they have been collected and produced. You can obviously ask him questions about his communications related to the encounter and document retention practices at his deposition." As you know, almost all emails and text messages are stored on a cloud, even if deleted. Given the limited documents Plaintiff has produced to date, it is hard to imagine Mr. Hunt has the technological

- capability to have permanently deleted every single one of his emails and texts messages prior to filing his Complaint. Please produce all responsive text messages and phone records, as well as emails prior to 2022, immediately or we will move the Court for an Order compelling Plaintiff to do so and seek sanctions if Plaintiff spoliated evidence.

- With respect to Plaintiff's document production, Plaintiff failed to produce any communications with numerous individuals he listed in response to Interrogatory Number 11. Despite admitting to speaking with these individuals about the extramarital encounter with Survivor, the Report, or the allegations in the Complaint, Plaintiff has not produced a **single one** of those communications. What is the basis for withholding those documents and communications? Please produce those documents immediately or we will move the Court for an Order compelling Plaintiff to do so.

- Plaintiff identified three email addresses in his response to Guidepost's Interrogatory Number 2 but has only produced emails for one email address – ████████████████████. Where are responsive emails from the other two email addresses (████████████ and ████████████) and have those email accounts been properly preserved and searched for responsive documents?

- Plaintiff's document production is missing the meta data. Upon review, there are documents produced by Plaintiff that do not include any meta data, including, but not limited to HUNT_0000471 and HUNT_001780. HUNT_0001780 is an email from Johnny Hunt Ministries gmail account to his counsel, but the preceding email was not sent to Johnny Hunt Ministries gmail address. As such, the meta data was either not provided to show the bcc to Johnny Hunt Ministries gmail address or Plaintiff deliberately withheld documents if he was not bcc'd on that correspondence. Please advise by January 12, 2024.

More specifically, Guidepost has identified below the Requests for Production of Documents to which Plaintiff's responses and production are deficient. Please produce the following items to supplement Plaintiff's written discovery responses and November 15, 2023 document production on or before January 12, 2024 or we will move the Court for an Order compelling Plaintiff to do so:

**Requests #3-5**

While Plaintiff indicated in his responses to Guidepost's Requests that "Plaintiff will produce discoverable, non-privileged documents in his possession, custody, and control[,]" Plaintiff has produced limited, if any, documents to date. The only documents produced between Plaintiff and the SBC involved (i) Plaintiff's suspension from First Baptist Woodstock and a plan for restoration – a plan which Plaintiff refused to engage in, and (ii) an email with Jeremy Morton

about refusing to engage in First Baptist Woodstock restoration plan. It is hard to believe that Plaintiff does not have any other documents and communications concerning the allegations in the Complaint or the Report between Plaintiff and (a) the SBC (Request #3), (b) the Executive Committee (Request #4), or (c) the SBC Task Force (Request #5). Please confirm that he exchanged no other correspondence with these entities or produce all responsive documents no later than January 12, 2024.

### Requests #6-7

While Plaintiff indicated in his responses to Guidepost's Requests that "Plaintiff will produce discoverable, non-privileged documents in his possession, custody, and control[,]" Plaintiff has not produced any documents to date. It is simply not credible that Plaintiff does not have any documents or communications with Survivor or Survivor's Husband. This is despite the fact that Plaintiff identified text messages and other communications with both Survivor and Survivor's Husband in his Interrogatory responses. Please produce all responsive documents no later than January 12, 2024.

### Request #9

To date, Plaintiff has produced limited, if any, documents and communications concerning discussions or correspondence Plaintiff had with any person regarding the Report, including without limitation documents and communications between Plaintiff and his business. Plaintiff identified a host of individuals in his response to Interrogatory #11 but has produced no documents or communications with those individuals. Please produce all responsive documents no later than January 12, 2024 or confirm your client is not in possession, custody, or control of any additional responsive documents.

### Request #10

Plaintiff objected to this Request on the basis that it was overbroad and unlimited in scope, and he sought to narrow the request to post-encounter documents and communications. In Guidepost's November 13, 2023 deficiency letter, Guidepost advised why Plaintiff's objection was improper, including the fact that Plaintiff himself brought a motion to compel Blankenship documents from Guidepost. Consequently, Plaintiff's objections are without merit.

To date, Plaintiff has not produced a single document or correspondence with Roy Blankenship. Given Plaintiff and Mr. Blankenship's history and Mr. Blankenship's role in the Report, it is hard to imagine that Plaintiff is not in possession of any documents or correspondence between him and Mr. Blankenship. Furthermore, Plaintiff admits in his improper objection and response that he is in possession of post-encounter documents and communications with Mr. Blankenship but to date has not produced any of those documents or communications. Please produce all responsive documents no later than January 12, 2024.

**Request #11**

To date, Plaintiff has not produced any documents related to his leave of absence from First Baptist Church Woodstock in 2010. Please either produce the documents no later than January 12, 2024 or confirm your client is not in possession, custody, or control of any responsive documents.

**Requests #12, 67-68, 71**

Plaintiff objected to these Requests on the basis of attorney client privilege, the spousal privilege, and the work product doctrine and indicated that "[r]esponsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time." As set forth in bullet point two above, Plaintiff has not produced a privilege log despite admittedly withholding documents on the basis of alleged privileges. Demand is hereby made for immediate production of a privilege log by January 12, 2024.

Furthermore, to date, Plaintiff has produced very limited documents relating to ▬▬▬▬ ▬▬▬▬, Nashville, TN. However, Plaintiff also identified ▬▬▬▬▬▬▬▬▬▬ ▬▬ Austin, TX, in his response to Interrogatory Number 11 but has not produced any documents or communications with ▬▬▬▬▬▬▬▬ or with ▬▬▬▬▬▬▬▬. Plaintiff placed his medical information at issue in this case, as he has brought claims that directly relate to his medical condition. Guidepost is entitled to all medical information relating to Plaintiff's medical condition, including but not limited to, his records, care, diagnosis, and prescriptions. (*See Coats v. McDonough,* No. 3:20-cv-00298, 2022 WL 801507 (M.D. Tenn. Mar. 15, 2022) (granting Defendant's motion to compel Plaintiff's medical records as Plaintiff asserted claims for emotional distress); *see also McPherson v. Vignobles Sullivan, LLC*, No. 3:20-cv-00384, 2022 WL 815061 (M.D. Tenn. Mar. 16, 2022) ("Courts in this circuit generally find that medical records are relevant to claims for emotional distress or mental anguish.") (citations omitted). Please produce all responsive documents no later than January 12, 2024.

Additionally, Plaintiff has produced limited, if any, documents and communications concerning the "restoration" of Plaintiff to public ministry through the auspices of Hiland Park Baptist Church in Panama City, Florida. Plaintiff has produced **two** communications with Steven Kyle and has not produced any communications with Benny Tate, Mark Hoover, or Mike Whitson. It is implausible that Plaintiff does not have any communications with the individuals that allegedly "restored" Plaintiff to the pulpit. Please produce all responsive documents no later than January 12, 2024.

**Request #42**

To date, Plaintiff has not produced a single document with Daniel Akin. While Plaintiff objected to the Request as overbroad, Plaintiff nonetheless stated that he was in possession, custody, and control of responsive documents and communications with Mr. Akin related to the Report and Complaint. There is no basis for withholding these documents. Please produce all responsive documents no later than January 12, 2024.

**Request #69**

Plaintiff objected to these Requests on the basis of attorney client privilege, the spousal privilege, and the work product doctrine and indicated that "[r]esponsive materials will be withheld on the basis of this objection. A privilege log describing the responsive materials being withheld will be produced within a reasonable time." As set forth in bullet point two above, Plaintiff has not produced a privilege log despite admittedly withholding documents on the basis of alleged privileges. Demand is hereby made for immediate production of a privilege log by January 12, 2024.

Plaintiff also stated that responsive documents in his possession, custody, and control would be produced. To date, Plaintiff has not produced any documents related to his separation from the North American Mission Board (NAMB). Please produce all responsive documents no later than January 12, 2024.

**Request #74-75**

It is clear from Plaintiff's production that he has failed to produce responsive documents and communications in his possession, custody, and control referenced in Plaintiff's Initial Disclosures, dated June 1, 2023. Plaintiff identified documents and communications relating to Complainant's Husband – none have been produced. Plaintiff also identified communications between the SBC and/or Executive Committee relating to churches Plaintiff was scheduled to speak at.

Furthermore, Plaintiff has failed to produce documents and communications relating to the host of individuals he identified in Interrogatory response number 11. Please produce all responsive documents by January 12, 2024.

**Requests #13-47**

These Requests relate to Plaintiff's allegations in the Complaint. To date, Plaintiff has produced limited documents in response to Requests #13-47. It is Plaintiff's responsibility to produce all responsive documents relating to the allegations in Plaintiff's Complaint. For example, but without limitation, Plaintiff failed to produce any documents relating to his allegations that: (i) SBC, its leadership, and Guidepost decided to use Pastor Johnny as their "scapegoat," (ii) on May 22, 2022, Guidepost, the SBC and its leadership publicly released a report to focus on whether the SBC's executive leadership had inappropriately responded to allegations of child and other sexual abuse, (iii) Defendants' publicly released their report, (iv) over the years, Pastor Johnny was a sought-after speaker and author, (v) the SBC and Guidepost agreed that the Guidepost report would be published to the general public upon completion, (vi) these statements were unequivocally false; they were reckless; and they have caused substantial harm, (vii) the inclusion of the allegations against Pastor Johnny in the Report was gratuitous and appears to have been done in an effort to cause him personal anguish and harm, (viii) Defendants' decision to publish the allegations against Pastor Johnny in the context of a report otherwise focused on heinous sexual crimes has

exacerbated the damaging impact of the allegations, (ix) Plaintiff's invasion of privacy claim (false light), and (x) Plaintiff's claim for negligent infliction of emotional distress.

Please produce all responsive documents no later than January 12, 2024, or confirm that your client has produced all responsive documents in his possession, custody, and control.

**Requests #57-59**

It appears from your letter to counsel for the Executive Committee, dated December 13, 2023, that all responsive documents have been produced. Please advise if that is incorrect.

**Requests #60**

Plaintiff objected to this request on the basis that it was premature and that he refuses to produce anything other than his expert report. As set forth in bullet point 1 above, Guidepost is entitled to this information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and is not required to wait until Plaintiff's expert disclosure. Plaintiff responded and produced documents in response to other Requests that allegedly support his purported damages. Please produce all responsive documents no later than January 12, 2024 or Guidepost will seek an Order from the Court compelling Plaintiff to do so.

**Requests #61-63**

Plaintiff responded that he would produce copies of his tax returns for the years 2020, 2021, 2022, and 2023. Please confirm that you will produce the draft tax return of Plaintiff for 2023 when prepared and please send all W2s, 1099s, or other tax information received by Plaintiff for 2023. Moreover, Plaintiff produced income and spending reports for Johnny Hunt Ministries for the years 2019 and 2020 but no other documents. Please produce all responsive documents no later than January 12, 2024. Additionally, Plaintiff produced limited documents and communications concerning income generated via speaking engagements for 2020, 2021, 2022, and 2023. Please produce all responsive documents no later than January 12, 2024.

**Requests #64-65**

It appears from your letter to counsel for the Executive Committee, dated December 13, 2023, that all responsive documents have been produced. Please advise if that is incorrect.

**Request #66**

To date, Plaintiff produced emails regarding possible or scheduled speaking engagements, as well as an excel sheet of a prospective 2023 calendar (attachment entitled "JMH 2023 Schedule at a glance.xlsx"). In the correspondence attaching the calendar, [REDACTED]

Please produce all responsive documents by January 12, 2024 or confirm your client produced all responsive documents in his possession, custody, and control.

**Request #70**

To date, Plaintiff has produced limited documents and communications concerning the statements made by Plaintiff on or about January 15, 2023 at Hiland Park Baptist Church in Panama City, Florida. Please produce all responsive documents by January 12, 2024 or confirm your client produced all responsive documents in his possession, custody, and control.

**Requests #72, 77**

Plaintiff objected to these requests on the basis that they are vague, ambiguous and overly broad and did not identify documents with the "reasonably particularity" required by Rule 34. Guidepost then provided further clarification to the request via its November 13, 2023 deficiency letter. To date, it appears that Plaintiff has produced limited documents and communications concerning any Church-related activity that Plaintiff has been involved with, engaged in, or in any way participated in, from the date of Report to the present. Plaintiff has not produced all documents and communications that he has received from Guidepost, any party to this action, or any individual or entity with knowledge of this action. Please produce all responsive documents by January 12, 2024 or confirm that your client has produced all responsive documents in his possession, custody, and control.

**Request #73**

Please confirm whether Plaintiff relied on any other documents other than those identified by Bates Hunt_0000001-Hunt_0002180 to prepare Plaintiff's responses to the Initial Disclosures, dated June 1, 2023. Please produce all responsive documents by January 12, 2024 or confirm that your client has produced all responsive documents in his possession, custody, and control.

**Deficiencies in Plaintiff's Responses and
Objections to Guidepost's Second Discovery Demands**

We are in receipt of Plaintiff's responses and objections to Guidepost's Second Request for the Production of Documents, and they are also deficient. Each and every objection that the request is not relevant to any issues in the case is belied by the jurisdictional issues that have already been brought to your attention and is rejected. If Plaintiff resided in Florida for 9 months in 2023 as you allege, Plaintiff should produce his evidence to that effect.

**Request #4**

This request sought "[d]ocuments sufficient to show Plaintiff's travel during the Relevant Time." Plaintiff objected to this Request on the basis that it was "not relevant to any issue in this case to the extent it seeks information for the time period prior to March 17, 2023, the date he filed his complaint. Plaintiff also objects to Request No. 4 as seeking information that is not relevant to any issue in this case to the extent it seeks information broadly related to all of Plaintiff's travel –

where Plaintiff travelled from 2020 to 2023 has nothing to do with his domicile at the time he filed his complaint. Plaintiff also objects to Request No. 4 as vague, ambiguous, and overly broad to the extent it request undefined 'documents' relating to his 'travel.' Accordingly, this request does not identify requested documents with the 'reasonable particularity' required by Rule 34. Plaintiff will not be produced documents in response to this request."

Plaintiff's objections are without merit. First, travel is an easily understood term and is not vague or ambiguous. A request related to "travel" complies with Rule 34. For sake of clarity, "travel" shall mean each and every time in 2023 Mr. Hunt traveled over 20 miles from his alleged homestead in Florida, or alleged "second" home in Woodstock, Georgia, for any reason whatsoever. For example, if Mr. Hunt flew from Florida to Georgia for a speaking event, Mr. Hunt should be able to produce his airline tickets or airline ticket confirmation to show the flight from Florida to Georgia and back. In addition, Mr. Hunt's EZPass records in both Florida and Georgia regarding his travel also are relevant to this dispute. Mr. Hunt's travel and/or travel reimbursements directly relate to his alleged damages in this matter. Second, the time period is relevant to issues in the case. Please advise if you will be producing documents related to Mr. Hunt's travel based on the above clarity. Please provide a response no later than January 12, 2024.

**Request #9**

Request #9 sought "[a]ll credit card statements of credit cards issued to Plaintiff, including merchant location information, showing Plaintiff's expenditures during the Relevant Time Period." Plaintiff responded by objecting on the basis that it is "not relevant to any issue in this case to the extent that it seeks information for the time period prior to March 17, 2023, the date he filed his complaint. Plaintiff also objects to Request No. 9 as overly broad and as seeking information wholly unrelated to any issue in this case because it seeks 'all credit card statements' of any credit card use by Plaintiff since 2020. Plaintiff will not be producing documents in response to this request."

Plaintiff's objections are wholly without basis and without merit. As set forth above, Plaintiff's objection as to relevance is belied by the jurisdictional issues that have already been brought to your attention and is rejected. Moreover, Plaintiff's spending and income is directly related to Plaintiff's alleged damages in this matter. There is no basis for withholding these documents. Please advise by January 12, 2024 if you will be supplementing Plaintiff's response and producing response documents. As you likely know, under either a subpoena to Mr. Hunt's banks, which Plaintiff identified in his responses to the Second Set of Interrogatories, or a motion to compel, Guidepost will be entitled to these documents.

Very truly yours,

*s/ Katharine R. Klein*

Katharine R. Klein

cc: All counsel of record