# EXHIBIT E


156 E. Market St.
Suite 1200
Indianapolis, IN 46204
www.MacGillLaw.com

Robert D. MacGill
317.961.5085
Robert.MacGill@MacGillLaw.com

**Via Email**
January 15, 2024

John R. Jacobson
Katharine R. Klein
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

Steven G. Mintz
Terence W. McCormick
Mintz & Gold LLP
600 Third Avenue, 25th Fl.
New York, New York 10016

   RE: *Hunt v. Southern Baptist Convention et al.*, 3:23-cv-243 (M.D. Tenn.)

Dear Counsel:

  We write in response to your January 8, 2024 letter. Your letter raises nine pages of alleged discovery deficiencies in Plaintiff's discovery efforts. We briefly address your concerns below.

  We are available for a meet and confer to discuss any remaining issues you may have after reviewing our responses.

## Interrogatories

- **Interrogatory No. 1:** Plaintiff maintains his objection and response to Interrogatory No. 1. Guidepost asked for information relating to each person Plaintiff "intend[s] to call as a fact witness at the trial." At this time, any disclosure of trial witnesses would be premature and calls for information protected by the work-product doctrine. *See, e.g., Kraus Indus. v. Moore,* 2008 U.S. Dist. LEXIS 10065 (W.D. Pa. Feb. 11, 2008) (denying motion to compel response to interrogatory seeking identity of trial witnesses and summary of testimony). Trial is not scheduled until November 2024 and discovery is still ongoing. Plaintiff will disclose his witness list after the close of discovery and in accordance with any case schedule entered by the Court.

- **Interrogatory No. 15**: Plaintiff will supplement Interrogatory No. 15.

- **Initial Disclosures:** Initial disclosures require the disclosing party to identify "each individual likely to have discoverable information—along with the subjects of that information—*that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment." Fed. R. Civ. P. 26 (emphasis added). Plaintiff has sufficiently identified such currently-known individuals in his Initial Disclosures. Obviously, Plaintiff will supplement his Initial Disclosures, if necessary, consistent with the Federal Rules.

### Document Productions

As an initial matter, Plaintiff disclosed in his responses and objections to Guidepost's Requests for Production that any agreement to produce documents was qualified as follows:

> In response to the requests, Plaintiff has conducted a reasonable search for documents called for by the requests deemed unobjectionable in whole or in part in Plaintiff's possession, custody, or control in reasonably accessible locations where such documents are most likely to be found. In addition, a statement that documents will be produced in response to a particular request does not mean that Plaintiff knows that such documents exist or are in his possession. It means only that if such documents exist, are in Plaintiff's possession, are subject to discovery in this action, and can be located in a reasonable search of the most likely and reasonably accessible repositories of responsive documents, they will be produced.

*See* Objection No. 13. Therefore, any response that Plaintiff would produce discoverable, non-privileged documents in his possession, custody, or control was not a commitment that such documents existed or were in his possession. Plaintiff has undertaken a reasonable search for responsive documents.

Plaintiff reiterates that as a general practice, prior to the filing of this action, Plaintiff did not retain emails and text messages. To the extent he has responsive documents, we believe they have been collected and produced. You can ask Plaintiff questions about his communications related to the encounter and document retention practices at his deposition.

- **Damages:** Plaintiff served his Amended Statement of Damages under Fed. R. Civ. P. 26(a)(1)(A)(iii) on January 9, 2024.

- **Privilege Log:** In Plaintiff's December 14, 2023 letter to the Executive Committee, Plaintiff wrote that "[n]o log is required for privileged documents created after the filing of the Complaint. *See* Administrative Order 174-1, 8b. Similarly, Plaintiff has not attempted to log communications between our firm and the Hunts that pre-date the filing of the Complaint. Such documents are clearly privileged. No other documents are being withheld. A redaction log will be produced shortly." On December 21, 2023 Plaintiff served a redaction log and confirmed that "[Plaintiff] will not be providing a privilege log because no log is required for privileged documents created after the

    filing of the Complaint." Moreover, Plaintiff supplemented the redaction log on January 9, 2024.

- **Initial Disclosure:** Plaintiff has not withheld documents identified in his Initial Disclosures. The identified categories of documents currently-known to Plaintiff that may be used to support his claims have been produced by Plaintiff, third parties, and Defendants.

- **Email Addresses:** The dates Plaintiff had access to each email account are identified in his response to Interrogatory No. 2. Plaintiff no longer has access to the johnny.hunt@fbcw.net and jhunt@namb.net accounts.

- **Text Messages.** As general practice, prior to the filing of this action, Plaintiff did not retain emails and text messages. We understand that Plaintiff does not have the same phone that he used in 2010 when the encounter occurred. Moreover, while Plaintiff had communications with those identified in his response to Interrogatory No. 11, we understand that none of these were substantive conversations—by text or otherwise. There is no objective basis for a forensic examination of Plaintiff's phone.

### Plaintiff's Responses to Guidepost's Second Discovery Demands

Guidepost's explanations for Request Nos. 4 and 9 do not resolve Plaintiff's concerns and Plaintiff maintains his objections.

Domicile is determined at the time a Complaint is filed. *Smith v. Sperling*, 354 U.S. 91, 93 n.1, (1975) ("[J]urisdiction is tested by the facts as they existed when the action is brought."). Thus, Plaintiff's travel from 2020 to 2023 is irrelevant, and so are his credit card statements for those years.

Plaintiff does not understand how either request relates to damages claims—especially the request for documents relating to travel "for any reason whatsoever." Moreover, detailed accounting records have been already been produced by Plaintiff, Johnny Hunt Ministries, Inc., and 3 H Publishers, Inc.

    Best regards.

Very truly yours,

Robert D. MacGill