IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>                Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>                Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rules 5.03 and 7.01 of the Local Rules, the Court's November 22, 2023 Order (ECF Doc. No. 76) and the Amended Agreed Protective Order previously entered in this action (ECF Doc. No. 83), Defendant Guidepost Solutions LLC ("Guidepost") respectfully requests that the Court grant leave to file under seal certain exhibits to the Joint Discovery Dispute Statement submitted by Guidespost and Plaintiff Johnny M. Hunt ("Hunt") on February 9, 2024.

There are 13 exhibits to the aforementioned Joint Discovery Dispute Statement, 8 of which, or portions thereof, have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Amended Agreed Protective Order (ECF Doc. No. 83). (Exhibits B, D, I, J, K, L, M and N).

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." United States v. Beckham, 789 F.2d 401, 419 (6th Cir. 1986) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." Id. at 593. Cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 308 (6th Cir. 2016) (identities of minor victim of sexual assault included among categories of information that overcome the presumption of access) (citation omitted)).

The limited information that Guidepost refers to concerns the contents of documents that were previously produced by the parties and third parties in this litigation under "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations pursuant to paragraphs 3-4 and 10 of the Amended Agreed Protective Order (ECF Doc. No. 83).

To comply with the November 22 Order and the restrictions of the Amended Agreed Protective Order, Guidepost respectfully submits that it should be allowed to file the aforementioned exhibits under seal. Guidepost's requested seal is "narrowly tailored" to keep only the highly confidential information under seal while allowing the public to view all the non-

confidential information in the concurrently filed redacted versions. Rudd Equip., 834-F.3d at 593-94.

**CONCLUSION**

For the reasons set forth above, Guidepost respectfully requests that the Court grant this motion and direct the clerk to seal the unredacted Response.

Respectfully submitted,

   /s/ Katharine R. Klein
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 9th day of February, 2024.

                                                  /s/ Katharine R. Klein