# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br>                Plaintiff,<br>    v.<br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>                Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## SECOND AMENDED AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain documents (including documents stored in any electronic format), which may be discoverable or offered as evidence during this matter, including but not limited to at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Agreed Protective Order.

    1.    It is agreed that material that a party deems confidential shall be disclosed only to:

    A.    The following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information.

        i.    Counsel for the parties who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

        ii.    The parties to the litigation;

        iii.    Experts retained by the parties, regardless whether the expert is expected to testify at trial after executing the Acknowledgment of Confidentiality Designations and Agreement to Be Bound by

                Terms of Court Order set forth in Attachment A (the "Acknowledgment");

    iv.    Third parties reasonably retained by a party or that party's counsel to the extent reasonably necessary to render the services to be provided including, but not limited to, court reporters, videographers, photocopy and IT services after executing the Acknowledgment;

    v.    Fact witnesses, but only during their testimony by deposition or in trial or to the extent reasonably necessary to prepare them for such testimony and, in any event, the witness shall not retain copies of any confidential document;

    vi.    Any person indicated on the face of the document as a sender, recipient, copyee, or blind copyee;

    vii.    Any mediator or settlement officers, and their supporting personnel;

    viii.    The Court and its personnel; and

    ix.    Any other individuals included by order of the Court.

2. Documents produced by the parties to which this Protective Order is applicable shall be stamped or marked "CONFIDENTIAL." For purposes of this Order, "Confidential Documents" shall include the following types of information and documents, provided that such information/documents are designated as "Confidential," as specified in paragraphs (A)-(C) below:

A. Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Plaintiff or Defendants (including any current or former employee, agent, and/or representative of Defendants and/or any of Defendants' affiliates) during the course of discovery that contains, discloses, or reveals: (i) confidential or proprietary business or financial information; or (ii) private and/or sensitive information concerning Defendants' employees (including, but not limited to, financial information, medical information, leave information, disciplinary information, social security numbers, dates of birth and other private employee information).

B. Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by Plaintiff during the course of discovery that contains, discloses, or reveals: (i) information concerning Plaintiff's past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s); (ii) personal financial or tax information; or (iii) social security numbers; and

C. Any other type of information that is maintained by the producing Party on a confidential basis, provided that the producing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

Irrespective of a specific "Confidential" designation, all tax, financial, and medical information shall be considered "Confidential," as well as social security numbers. If a social security number is the only Confidential Information contained in a document, the social security number should simply be redacted prior to filing or dissemination.

3. For purposes of this Order, "Highly Confidential – Attorneys' Eyes Only" shall include extremely sensitive Confidential information or tangible things, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be

3

avoided by less restrictive means. "Highly Confidential – Attorneys' Eyes Only" information shall be stamped and marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any party who believes that any document or other thing which should have been marked "Highly Confidential – Attorneys' Eyes Only" has not been so marked, including documents produced by third parties, may, but is not required to notify the other party, in writing, within 21 days of receipt of the document that such document or thing should be designated as "Highly Confidential – Attorneys' Eyes Only."

4. Documents designated as "Highly Confidential – Attorneys' Eyes Only" and the information embodied therein, may only be disclosed to and discussed with the following persons involved in this proceeding:

(a) the parties' attorneys in the case;

(b) the Court and its personnel;

(c) any stenographic reporter and videographer who are engaged during the litigation and after executing the Acknowledgment;

(d) experts and consultants retained by the parties or their counsel in connection with the subject matter of this action, including their staff or contractors after executing the Acknowledgment;

(e) witnesses and their attorneys, if the witness authored, recorded, sent, modified, or received the discovery material in the ordinary course;

(f) original authors or recipients of the information; and

(g) persons designated by further Order of the Court.

If any party wants to file document(s) designated as Highly Confidential – Attorneys' Eyes Only, that party shall request permission to file the document under seal pursuant to Local Rule 5.03 as

set forth in paragraph 10 below.

5. Third parties producing documents pursuant to subpoena in this action may also designate documents as Confidential or Highly Confidential – Attorneys' Eyes Only subject to the same protections, obligations and constraints as the parties to this action.

6. The inadvertent, unintentional, or *in camera* disclosure, without designation as Confidential or Highly Confidential – Attorneys' Eyes Only, of a document that should have been designated as being Confidential or Highly Confidential – Attorneys' Eyes Only shall not waive the right to so designate such document. Any documentation that is inadvertently or unintentionally not designated as being Confidential or Highly Confidential – Attorneys' Eyes Only when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

7. A party or third party may, on the record of a deposition or by written notice to opposing counsel, not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as Confidential or Highly Confidential – Attorneys' Eyes Only based on a good faith determination that any portion(s) so designated constitute(s) Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

8. A lawyer who wishes to challenge the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached in whole or in part, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the materials for which the designation is being challenged and set forth with specificity the materials that are not properly designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The party or third-party seeking to maintain materials as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" generally will bear the burden of proving that the designation is proper subject to applicable law. Materials designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

9. Subject to the Federal Rules of Evidence, any Confidential or Highly Confidential – Attorneys' Eyes Only information or documents may be offered in evidence at trial or any Court hearing or in support of, or opposition to, a motion. Any party may move the Court to prevent unnecessary disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only information and documents.

10. Nothing in this Protective Order shall be construed to waive any objection to the discoverability or admissibility of any document or testimony. Any objections to discoverability or admissibility may be raised by the objecting party notwithstanding the protections of this Protective Order and are to be raised under applicable law in accord with any applicable orders of the Court.

11. Any party or third-party wishing to file any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under seal with the Court shall follow Local Rule 5.03 and the directives of the United States District Court of Appeals for the Sixth Circuit in its holding in *Beauchamp v Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629, at *4-5 (6th Cir. Jul. 11, 2016) in order to do so. Except as the Court may order, the Parties shall not disseminate Confidential Information to individuals other than those identified in paragraph 1. No lawyer for a party may comment in the presence of the jury on the reasons or

motivation for designating materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without first having obtained permission from the Court to do so.

Notwithstanding any of the foregoing, and pursuant to Local Rule 5.03 and Section 5.07 of Administrative Order No. 167-1, a party's designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is not binding on the Court for any other purposes including the Court's determination of whether such information constitutes in part or in whole a trade secret or other protected information for purposes of restricting access to such information.

12. The documentation and testimony covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or testimony to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the documentation or testimony to the detriment of the producing party or for any other business or financial benefit of the individual. All provisions of this Order restricting the communication or use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall remain in force after dismissal or entry of final judgment not subject to further appeal and shall be binding on all parties after the conclusion of this action, unless otherwise agreed in writing by the parties.

13. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

14. The Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes about the disposition of Confidential Information of Highly Confidential – Attorneys' Eyes Only Information. The provisions of this Order shall survive the termination or conclusion of this action. The Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

15. If, as contemplated by Federal Rule of Evidence 502(b), a party inadvertently produces to any other party any document that is privileged, in whole or in part, pursuant to the attorney-client privilege, work-product doctrine, or any other applicable privilege, and has taken reasonable steps to prevent such disclosure, the producing party may retrieve the privileged material by giving written notice to all parties who received copies of the produce documents of the claimed privilege within 14 days of the date on which the producing party became aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that received a copy of the produced document shall return any privileged material to the producing party and either return or destroy all copies, abstracts or summaries thereof, as may be directed by the producing party. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of any information or material as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed a waiver of the asserted privilege.

16. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned to the party that produced the documents.

17. The parties agree to be bound by the terms of this Second Amended Agreed Protective Order effective upon the filing of same with the Court.

IT IS SO ORDERED on this the ____ day of _____, 2023.

_____
U.S. DISTRICT COURT JUDGE

Agreed and Submitted for Entry:

s/Andrew Goldstein
Todd G. Cole (BPR # 031078)
Andrew Goldstein. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill (Ind. Bar. 9989-49)
Scott E. Murray. (Ind. Bar. 26885-49)
Patrick J. Sanders. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St., Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

s/ Matt C. Pietsch
L. Gino Marchetti, Jr.
Matt C. Pietsch
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for Defendant*
*Southern Baptist Convention*

s/John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

and

s/R. Brandon Bundren
E. Todd Presnell, Esq.
Scarlett Singleton Nokes
R. Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone (304) 340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br>    v.<br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER

      The undersigned hereby agrees to be bound by the Second Amended Agreed Protective Order in the present civil action, a copy of which has been provided to me. I further state that I have read the Second Amended Agreed Protective Order and understand and agree to the terms and conditions thereof. I hereby subject myself to personal jurisdiction in the United States District Court for the Middle District of Tennessee for purposes of interpretation and enforcement of the Second Amended Agreed Protective Order.

**Date:** _____

                                                            **Signature**

                                                            **Printed Name**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole
Andrew Goldstein.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill
Scott E. Murray
Patrick J. Sanders
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

L. Gino Marchetti, Jr.
Matt C. Pietsch
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Scarlett Singleton Nokes
R. Brandon Bundren
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene Ross Besen
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone (304) 340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 12th day of February, 2024.

s/John R. Jacobson