IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>            Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley |

**GUIDEPOST SOLUTIONS LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SECOND AMENDED AGREED PROTECTIVE ORDER**

I.     INTRODUCTION

To facilitate and expedite document production from third-party subpoena recipients, Defendant, Guidepost Solutions LLC ("Guidepost") asks this Court to enter the proposed Second Amended Agreed Protective Order,[1] which ensures that third parties are both protected and bound by the terms of the existing Amended Agreed Protective Order (Doc. 83) regarding designation of confidential and attorneys' eyes only information and the proper use of those documents.

Unfortunately, Guidepost's motion seeking entry of the proposed Order is opposed by Plaintiff, not for any substantive reasons, but because Plaintiff is apparently angry with Guidepost for each and every attorneys' eyes only designation Guidepost made in connection with its

---

[1] A redline and clean version of the proposed Second Amended Agreed Protective Order are attached to Guidepost's Motion as **Exhibits 1 and 2**, respectively.

document productions, those designations having been made pursuant to the Court's November 22, 2023 Order (Doc. 76) and the current Amended Agreed Protective Order entered on December 4, 2023 (Doc. 83). As evidenced by Plaintiff's February 5, 2024 email communication (**Exhibit 3** to Guidepost's Motion), Plaintiff's objection to the proposed Second Amended Agreed Protective Order has nothing to do with the content of the revisions now before the Court; rather, Plaintiff is simply being petty. Plaintiff's obstruction notwithstanding, this Court should enter the Second Amended Agreed Protective Order, allowing discovery to proceed in an orderly manner by extending the protections for confidential and attorneys' eyes only information to third-party subpoena recipients producing documents and binding third parties to the terms governing discovery in this matter.

## II. BACKGROUND FACTS

On or about November 21, 2023, Guidepost served 10 third-party subpoenas on various individuals and entities seeking, among other things, document production from, among others, the following entities: the North American Mission Board of the Southern Baptist Convention ("NAMB"), First Baptist Church of Woodstock ("FBCW"), and New Song Ministries, Inc. ("New Song").[2] In the process of responding to these subpoenas, each of these entities has inquired about the entry of a protective order as it relates to their respective productions, which involve certain matters the recipients may deem to be confidential. After discussing these issues with the third-party subpoena recipients, Guidepost revised the Amended Agreed Protective Order to ensure that

---

[2] Roy Blankenship, one of the third-party subpoena recipients, has filed a motion for protective order regarding the scope of his production and potential deposition testimony (Doc. 89). In the course of the briefing associated with Mr. Blankenship's motion, attorneys for Mr. Blankenship agreed via email to abide by and be bound by the terms of the Amended Agreed Protective Order, as it related to the content designated as attorneys' eyes only by Guidepost in its responsive papers.

third parties were subject to the Order, both in terms of the production of documents under confidentiality designations as well as the use of those documents. (*See* **Exhs. 1 and 2.**) The revisions included in the proposed Second Amended Agreed Protective Order are ministerial, intended only to facilitate and expedite third-party document production and ensure that non-parties have not only protection for their confidential information but also are bound by the terms of the Order. (*Id.*)

Third-party subpoena recipients, NAMB, FBCW, and New Song have all approved the revised language to the proposed Second Amended Agreed Protective Order. Defendants the Southern Baptist Convention ("SBC") and the Executive Committee of the Southern Baptist Convention ("EC") also have approved the proposed revisions, and the SBC and EC do not oppose this motion.

Plaintiff refuses to agree to the proposed Second Amended Agreed Protective Order, not based on any substance related to the revisions, but because Plaintiff is apparently mad at Guidepost for the attorneys' eyes only designations it made pursuant to the Amended Agreed Protective Order:

> We will not agree to your proposed Order. Guidepost has abused the AEO designation and impaired discovery as a result. The abuses are so widespread that a description of the details is not possible within the confines of an email. We propose a meet and confer with Steve once the Court rules on our Second Motion to Compel.

(*See* **Exh. 3**.)

Plaintiff's Second Motion to Compel (Docs 106-07), which is referenced in his February 5 email communication, was filed January 19, 2024. Guidepost responded on February 2, 2024 (Docs. 113-15), and these filings address, in part, attorneys' eyes only designations made by Guidepost; however, the Second Motion to Compel has no bearing whatsoever on whether the

3
Case 3:23-cv-00243    Document 123    Filed 02/12/24    Page 3 of 7 PageID #: 1735

existing Amended Agreed Protective Order should be modified to include third parties. Further, Plaintiff has never taken issue with the substance of the Agreed Amended Protected Order, as it currently stands and, indeed, Plaintiff's counsel contributed to the drafting of the Agreed Amended Protective Order. Plaintiff simply does not agree with any of Guidepost's attorneys' eyes only designations. Of course, a mechanism was already included in the Agreed Amended Protective Order to address designation disputes, which Plaintiff has exercised in filing his Second Motion to Compel. *See* Agreed Amended Protected Order, Section 7. (Doc. 83.)

### III. ARGUMENT

The granting of a protective order under Rule 26 is within the discretion of the Court. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Furthermore, "judges should not hesitate to exercise appropriate control over the discovery process," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Modification to protective orders, where warranted, are within the sound discretion of the Court. *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 914 (E.D. Tenn. 2009).

Here, the modifications set forth in the proposed Second Amended Agreed Protective Order, which include third parties in its requirements for confidentiality designations and the use of those documents, are necessary for the efficient production and use of documents. Nothing in the proposed revisions changes the substance or the terms of the existing Amended Agreed Protective Order, to which all parties, including Plaintiff, agreed. The revisions simply seek to include third parties.

"Protective orders are also often obtained by agreement, particularly regarding confidential information and in litigation likely to involve a large volume of documents. Frequently these take the form of 'umbrella' protective orders that authorize any person producing information to

4

designate that which is confidential as protected under the order." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d at 913, quoting Wright, Miller & Marcus, *Federal Practice and Procedure,* Civil 2d, § 2035. This case, which involves, among others, allegations of sexual misconduct, ecclesiastical communications and decision-making, and marital counseling sessions, calls for an "umbrella" protective order, ensuring that all persons and entities producing or handling documents, whether they are parties or non-parties, are subject to and protected by the terms of the Amended Agreed Protective Order. The proposed Second Amended Agreed Protective Order seeks to do just that.

Plaintiff's refusal to agree to the ministerial changes proposed by Guidepost and agreed to by the other defendants as well as at least three third-party subpoena recipients is blatantly obstructive and not made in good faith. Guidepost respectfully requests that the Court enter the proposed Second Amended Agreed Protective Order over Plaintiff's objection and allow third-party document production to proceed in an efficient manner.

        Respectfully submitted,

        s/John R. Jacobson
        John R. Jacobson, Esq. (BPR # 014365)
        Katharine R. Klein, Esq. (BPR # 019336)
        Riley & Jacobson, PLC
        1906 West End Avenue
        Nashville, TN 37203
        Telephone: (615) 320-3700
        jjacobson@rjfirm.com
        kklein@rjfirm.com

        -and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue, 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Gene Ross Besen
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9758
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

E. Todd Presnell
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gretchen M. Callas
Thomas J. Hurney, Jr.
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
gcallas@jacksonkelly.com
thurney@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 12th day of February, 2024.

s/John R. Jacobson