IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

**CROSS-MOTION TO COMPEL**

Pursuant to 37 of the Federal Rules of Civil Procedure, Defendant Guidepost Solutions LLC ("Guidepost"), by and through its undersigned counsel, respectfully moves this Court to compel Plaintiff Johnny M. Hunt ("Hunt") to (1) turn his phone and computer over to an IT professional to retrieve any deleted text messages, phone records, and emails with *each* of the witnesses identified in his initial disclosures and responses to Guidepost's interrogatories, retrieve and produce them from the cloud if necessary and practicable, and report back to Guidepost and the Court; (2) produce documents that Hunt has admitted in his initial disclosures are in his possession but has failed to produce; (3) produce or explain the absence of metadata and/or missing email communications relating to that metadata; (4) supplement his privilege log to identify communications preceding the filing of his Complaint and supplement the privilege log based upon improper redactions; (5) supplement his document production to disclose pertinent evidence regarding his claim for emotional harm and monetary damages; (6) produce

documents regarding his so-called "restoration" to the ministry by the Hiland Park Baptist Church; and (7) supplement his responses to Guidepost's requests for jurisdictional discovery.

As detailed more fully in the accompanying memorandum, although Hunt has admitted that he regularly used text messaging as a form of communication, he has not produced a single text message in response to Guidepost's document requests—*because he admits that he deleted them at a time when he was under an obligation to preserve evidence*. Thus, serious concerns arise regarding spoliation of evidence. Hunt appears also to have withheld documents that he previously admitted having in his possession, custody, and control at the time he filed his initial disclosures under Rule 26. Other documents and/or metadata are inexplicably missing from the production, as are documents related to his purported rehabilitation and restoration to active ministry, which, in turn, are potentially relevant to Hunt's account of the alleged sexual assault at issue in this libel action. Furthermore, Hunt willfully refuses to supply requested documents relating to his claim for emotional injury damages (even though he has asserted claims for intentional and negligent infliction of emotional distress) or to update documents relating to his claims for economic injury. He has also refused to provide jurisdictional discovery (*i.e.,* records of his travel and daily purchases), despite unresolved doubts regarding his state of domicile in an action he purported to file under the Court's diversity jurisdiction.

As required by Local Rule 7.01, counsel for Guidepost certifies that following an exchange of letters between counsel, on January 30, 2024, they conferred in good faith with counsel for Hunt regarding the nature of this Motion, the issues raised in this Motion, and the relief requested in this Motion. Despite having met and conferred with counsel for Hunt regarding this discovery dispute, Guidepost and Hunt have been unable to resolve this discovery dispute without seeking the Court's assistance. Guidepost and Hunt filed a Joint Discovery

Dispute Statement regarding the issues raised in this Motion on February 9, 2024. (ECF Doc. No. 119.)

Guidepost subsequently requested the scheduling of a telephonic discovery conference regarding the issues raised in this Motion to compel discovery, but no conference has yet been scheduled or occurred. Guidepost respectfully submits this Motion in the interests of seeking the Court's assistance in resolving this discovery dispute prior to the currently scheduled time for concluding fact discovery.

In support of this Motion, Guidepost relies upon the memorandum of law filed contemporaneously herewith, the Joint Discovery Dispute Statement filed by Hunt and Guidepost on February 9, 2024, and its attached exhibits which are adopted by reference. (ECF Doc. No. 119-1 to 119-7, 121-1 to 121-6 and Exhibit N filed herewith.)

For the foregoing reasons, as well as the reasons set forth in the accompanying Memorandum and the Joint Discovery Dispute Statement filed on February 9, 2024, (Doc. No. 119) and the accompanying exhibits, this Court should grant this Motion and enter an Order directing the relief described above. Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, this Court should also award Guidepost its reasonable expenses, including attorney's fees, incurred in making this Motion.

Dated: February 14, 2024

Respectfully submitted,

/s/ John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 14th day of February, 2024.

/s/ John R. Jacobson

5

Case 3:23-cv-00243   Document 125   Filed 02/14/24   Page 5 of 5 PageID #: 1760