IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH DEPOSITION NOTICES**

Collectively, the Defendants are attempting to delay and extend discovery proceedings at every available opportunity. Guidepost's delay tactics have been well-documented before this Court. (Doc. Nos. 56-57, 100, 106.) Now, the Executive Committee of the Southern Baptist Convention ("Executive Committee") and Southern Baptist Convention ("SBC") are refusing to comply with deposition notices, refusing to schedule depositions in an orderly fashion, and generally abusing the discovery process.

Plaintiff respectfully requests that the Court compel the Defendants to comply with Plaintiff's deposition notices. In support, Plaintiff states:

**A. Guidepost 30(b)(6)**

1. After a well-documented pattern of delay and discovery misconduct, Guidepost is now refusing to cooperate in scheduling its 30(b)(6) deposition. This refusal follows numerous prior attempts to impede discovery. As the Court may recall from the January 10 status conference,

Guidepost previously attempted to prevent Plaintiff from taking the depositions of certain witnesses who were identified in its own initial disclosures and discovery responses as having been directly involved in Guidepost's decision to publish the defamatory statements against Plaintiff, including its CEO, Julie Meyers Wood. (Doc. No. 100.) Plaintiff ultimately completed the deposition of Ms. Wood, which lasted a full day and confirmed that, contrary to Guidepost's prior representations when attempting to avoid the deposition completely, Ms. Wood was intimately involved in reviewing, editing, and deciding to publish the defamatory statements against Plaintiff at issue in this lawsuit.

2. As another example, Guidepost continues to use the "Attorneys' Eyes Only" designation as a means to slow discovery proceedings and prevent Plaintiff from viewing key documents relating to the allegations against him. An astounding 11,941 pages of Guidepost's production—which amounts to 51% of its production—have been designated as "Attorneys' Eyes Only" by Guidepost.

3. Moreover, Guidepost produced 12,529 pages (53% of its entire production) only 7 days before Guidepost's co-lead investigators were to be deposed.

4. This extremely late supplemental production was made only after Plaintiff pointed out in a letter that Guidepost's original document productions omitted numerous communications that had been produced by third parties. To this day, Guidepost has not explained its original, grossly deficient production, other than to pin it on some undefined "human error."

5. Now, Guidepost is attempting to delay Plaintiff's 30(b)(6) deposition of Guidepost. Plaintiff's counsel served a 30(b)(6) notice and topics, combined with a request for documents under Rules 30(b)(2) and 34, on Guidepost on February 5, 2024. Guidepost's counsel indicated that the noticed deposition date did not work. Guidepost's counsel then refused to meet and confer

on the deposition notices, document requests, and deposition dates, notwithstanding Plaintiff's counsel offering several alternative dates and times to meet.

6. Plaintiff's counsel served an amended Guidepost 30(b)(6) deposition notice on February 12, 2024, which set the deposition for February 26, 2024. (Ex. 1.) Plaintiff's counsel was finally able to set a meet and confer on February 13 to discuss the deposition date.

7. At the meet and confer, and again on February 15, 2024, Guidepost's counsel represented to Plaintiff's counsel that the noticed deposition date would likely work. Despite these representations, Guidepost notified Plaintiff's counsel just yesterday (February 20) that the deposition would not proceed as scheduled, less than a week before the deposition, and after Plaintiff's counsel had incurred travel costs.

8. By repeatedly refusing to schedule a date for its 30(b)(6) deposition and then making a last-minute objection to a date that it had previously indicated could work, Guidepost is continuing its pattern of obstruction. The Court should not permit this conduct to continue. Plaintiff asks the court to compel Guidepost to appear for deposition on February 26, as previously noticed.

**B. Executive Committee 30(b)(6)**

9. Plaintiff's counsel served the Executive Committee with a 30(b)(6) notice and topics on January 15, 2024 and suggested setting the deposition the week of February 5 or 12. After over a week of not hearing back from the Executive Committee regarding the date of the deposition, Plaintiff's counsel noticed the deposition for February 20, 2024.

10. The Executive Committee refused to engage in any discussion on deposition dates until recently, and only after Plaintiff's counsel sent a letter confirming they intended to proceed with the deposition as noticed.

11. The Executive Committee's counsel finally confirmed the date of the Executive Committee deposition on February 16, 2024—a month after Plaintiff first served the 30(b)(6) topics and notice. The deposition was scheduled for February 27, 2024. (Ex. 2.)

12. With its deposition date fast-approaching, the Executive Committee has now engaged in an effort to derail Plaintiff's ability to take an effective deposition.

13. On February 16, 2024, after three Guidepost depositions had already occurred and just over a week before the scheduled Executive Committee 30(b)(6) deposition, the Executive Committee made a belated production consisting of 1,197 pages.

14. This production consisted of documents responsive to requests served by Plaintiff on June 1, 2023 and/or December 1, 2023.[1] Notably, other than a copy of the already public Guidepost Report, the Executive Committee had previously produced virtually nothing in response to Plaintiff's discovery requests.

15. Moreover, the Executive Committee's extremely tardy production admittedly did not comply with the Court's Initial Case Management Order and ESI protocol and contained no metadata. The production also contained numerous improper redactions of highly-relevant information relating to Plaintiff's ministry post-publication of the Report. No redaction log was provided.

---

[1] Despite this production, Plaintiff still has concerns relating to the sufficiency of Defendants' document productions and discovery responses. The SBC has not produced a single document and both the Executive Committee and SBC have made no effort to obtain information under their control to respond to interrogatories—attempting to distance themselves from the Committee on Cooperation and SBC Task Force. Plaintiff remains hopeful these issues will be resolved without Court intervention.

16. Despite the Executive Committee 30(b)(6) deposition set to occur in less than a week, the Executive Committee has shown no urgency in remedying its discovery defaults.[2]

C. **SBC 30(b)(6)**

17. Plaintiff's counsel served the SBC with a 30(b)(6) notice and topics on January 29, 2024. On the same day, Plaintiff's counsel noticed the deposition of Bart Barber, the current President of the SBC.

18. Plaintiff's counsel was able to schedule a meet and confer with the SBC's counsel to discuss these deposition dates on February 12, 2024.

19. After the meet and confer, Plaintiff sent amended deposition notices for the SBC 30(b)(6) and Bart Barber depositions. (Exs. 3-4.)

20. Plaintiff has not received any response from the SBC's counsel regarding these depositions.

D. **Conclusion**

21. Plaintiff's counsel has carefully sequenced depositions and discovery requests with the goal of completing discovery in a timely manner that is consistent with the Court's case schedule. Plaintiff served his first discovery requests just nine days after the Court's initial case management conference. Plaintiff attempted to schedule depositions less than a week after the Court's November 22, 2023 ruling on Plaintiff's First Motion to Compel.

22. Meanwhile, Defendants are treating discovery like a game with repeated discovery abuses. When one discovery abuse is resolved, another begins. Together the Defendants are limiting Plaintiff's ability to conduct discovery and meet the Court's deadlines. To date, the

---

[2] Plaintiff is also concerned that the Executive Committee may attempt to use its own discovery defaults and belated productions as a means to move the already-scheduled 30(b)(6) deposition.

Executive Committee has already moved for two discovery extensions and is positioning itself to make a third extension request. (Doc. Nos. 98 and 110.)

23. As a result of Defendants' continued delay and refusal to commit to deposition dates, Plaintiff respectfully moves to compel each deposition to proceed as noticed (Exs. 1-4), with the exception that the time of the Guidepost 30(b)(6) be adjusted to 9:00am ET.

24. Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, in the event this Motion is granted – or if the requested relief is provided after the filing of this Motion – this Court should also award Plaintiff his reasonable expenses, including attorney's fees, incurred in making this Motion.

25. As required by Local Rule 7.01, counsel for Plaintiff hereby certifies that they have attempted to confer in good faith with counsel for each of the Defendants regarding the nature of this Motion the issues raised in this Motion, and the relief requested in this Motion.

Dated: February 21, 2024        Respectfully submitted,

        s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*-and-*

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Plaintiff's Third Motion to Compel Defendants' Compliance With Deposition Notices to be electronically filed with the Clerk of the Court on February 21, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

| | |
|---|---|
| Steven G. Mintz (admitted pro hac vice)<br>Terence W. McCormick (admitted pro hac vice)<br>Scott Klein (admitted pro hac vice)<br>Mintz & Gold LLP<br>600 Third Avenue 25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br><br>*Counsel for Defendant Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

 

                                                  s/ Andrew Goldstein
                                                  ANDREW GOLDSTEIN