IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>        Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>        Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>**MEMORANDUM OF LAW IN SUPPORT OF GUIDEPOST'S MOTION FOR PROTECTIVE ORDER** |

Defendant Guidepost Solutions LLC ("Guidepost"), respectfully submits this Memorandum of Law in support of Guidepost's Motion for Protective Order.[1] Contrary to Plaintiff's baseless allegations, Guidepost is not hindering or precluding any discovery efforts; rather, Guidepost seeks only to enforce the parties' obligation to meet and confer about the topics to be included in Guidepost's Rule 30(b)(6) deposition, whether documents will be produced in connection with that deposition, and to find a mutually agreeable date for the deposition. Guidepost will not be dictated by Plaintiff's unreasonable and unprofessional demands, which ignore the Rules of Civil Procedure and this Court's Local Rules.

## BACKGROUND

Guidepost has been a willing participant in the discovery process throughout the pendency of this case. To date, only three depositions have been taken, all three deponents being Guidepost employees or contractors (including its CEO) and all three depositions lasting at or near the 7-hour

---

[1] Plaintiff filed a Third Motion to Compel on February 21, 2024 (Doc. 130). Guidepost will be filing a separate Response in Opposition to that motion in due course.

limit. Further, Guidepost has produced over 23,000 pages of documents, which has significantly outpaced other parties. Now, the parties are in dispute, not over Guidepost's willingness to be deposed pursuant to Fed. R. Civ. P. 30(b)(6), but simply over Guidepost's ability to do so on the timeline unilaterally dictated by Plaintiff, which ignores the need to confer about the topics and documents to be covered in the deposition as well as the Federal Rules' requirement allowing 30 days to produce documents.

On February 5, 2024, at 4:30 p.m., Guidepost received from Plaintiff's counsel a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice").[2] In the Notice, Plaintiff lists thirteen topics about which the Guidepost witness or witnesses are to testify and six document requests that Guidepost is to produce before the deposition. The Notice scheduled the deposition for ***nine days*** after the Notice was served—February 14—and required the requested documents to be produced by February 13.

At 8:39 a.m. the next morning - February 6 - Plaintiff's counsel emailed Guidepost's counsel asking to meet and confer at noon on the same day regarding a variety of topics, including the Notice served 16 hours earlier the previous evening. (Klein Declaration, ¶ 3, Exhibit 2.) At 10:59 am on February 6, Guidepost's counsel responded that they were unavailable to meet and confer on short notice, that they had not yet reviewed the topics and document requests in the Notice with their client, but that Guidepost would provide a written response to each topic and request in short order. (*Id*., ¶ 4, Exh. 2.) Fifteen minutes after Guidepost's counsel's response, Plaintiff's counsel rejected Guidepost's position outright, claimed that Guidepost had refused to meet and confer as required, and threatened to move to compel if Guidepost did not provide a date

---

[2] A copy of the Notice is attached as Exhibit 1 to the Declaration of Scott Klein. All exhibits referenced in this Memorandum are attached to Mr. Klein's Declaration.

2

for the deposition promptly. (*Id.*, ¶ 5, Exh. 2.) Guidepost's counsel responded that same afternoon, February 6, that counsel is willing to meet and confer but not on the unilateral and unreasonable terms demanded by Plaintiff's counsel. (*Id.*, ¶ 6, Exh. 2.) Guidepost's counsel assured that they would work to find a mutually convenient date for the 30(b)(6) deposition. (*Id.*)

On February 8 at 1:43 pm, Plaintiff's counsel emailed Guidepost's counsel asking for a call that afternoon to discuss dates for the 30(b)(6) deposition. (Klein Declaration, ¶ 7, Exhibit 3.) Later that day, Guidepost's counsel advised Plaintiff's counsel via email that Guidepost's witness *may* be available the week of February 26, depending on the topics ultimately included in the deposition and the witness(es) Guidepost may need to designate. (*Id.*, ¶ 8, Exh. 3.) Guidepost's counsel advised Plaintiff's counsel that the availability for specific deposition dates could change based on the topics ultimately agreed to and the witness(es) needed for those topics. Guidepost's counsel further advised that Guidepost would be submitting objections to the Notice topics and document requests by the next day (February 9) and were available to meet and confer on those issues on February 13. (*Id.*)

Early on the morning of February 9, Plaintiff's counsel rejected Guidepost's offer to meet and confer, and unilaterally set the deposition for February 26, again threatening to move to compel if Guidepost did not meet Plaintiff's specific demands and confirm attendance at the deposition by noon that day. (Klein Declaration, ¶ 9, Exh. 3.) Later that same day - February 9 - which was four days after first receiving the Notice, Guidepost's counsel served its objections to the topics and document requests in the Notice and Guidepost again offered to meet and confer on these issues on February 13. (*Id.*, ¶ 10, Exhibit 4.)

Prior to a meet and confer scheduled for February 13, 2024 by counsel for Plaintiff and Guidepost, on February 12, 2024, Plaintiff served an Amended Notice of Deposition to Guidepost

3

pursuant to Fed. R. Civ. P. 30(b)(6), setting the deposition date for February 26, 2024 (the "Amended Notice"). The Amended Notice included the same thirteen topics and six document requests as the original Notice. Plaintiff's Amended Notice further demanded that Guidepost produce the responsive documents no later than 5 pm on February 23, 2024. (Klein Declaration, ¶ 11, Exhibit 5.)

Counsel for Guidepost and counsel for Plaintiff appeared telephonically for a meet and confer on February 13, 2024 to discuss the topics and document requests in the Notice and Guidepost's objections thereto. Plaintiff's lead counsel, Mr. MacGill, was not on the call. Mr. Sanders, who appeared on behalf of Plaintiff, advised Guidepost's counsel that Plaintiff's counsel was not ready to confer on the deposition topics and document requests. He did, however, ask if the February 26 date was still viable for the deposition. Guidepost's counsel responded that the date *may* be viable but was not yet confirmed because the parties still had not met and conferred on the objections to the deposition topics and documents, which could impact the witness(es) needed to address the agreed upon issues. Plaintiff never provided an alternate date to meet and confer about the noticed topics and document requests and objections. (Klein Declaration, ¶ 12.)

On February 16, Guidepost's counsel emailed Plaintiff's counsel, advising that Guidepost was still trying to confirm availability for the 30(b)(6) deposition on February 26, and that Guidepost counsel would follow up with a response regarding availability. (Klein Declaration, ¶ 13, Exhibit 6.) Plaintiff never responded to Guidepost's February 16 email. (*Id*.) On February 20, Guidepost's counsel emailed Plaintiff's counsel that, unfortunately, the individual Guidepost believed may be the appropriate person for the deposition was unable to be deposed on February 26, but that Guidepost would provide available dates in due course. Guidepost's counsel again asked for a meet and confer to address the topics, documents, and objections thereto for

4

this 30(b)(6) deposition. (*Id.*, ¶ 14, Exhibit 7.) Soon thereafter, still on February 20, 2024, Plaintiff's counsel rejected Guidepost's meet and confer efforts and again stated he would move to compel the deposition and seek costs, including "non-refundable travel costs." (*Id.*, ¶ 15, Exhibit 8.)

On February 21, Plaintiff filed his Third Motion to Compel against all Defendants, including Guidepost. (Doc. 131.) Plaintiff demands that Guidepost be compelled to appear for a 30(b)(6) deposition on February 26.[3] Plaintiff also claims he has incurred travel costs and expenses associated with the February 26 date, which was never confirmed, on topics and documents, which were never agreed to by Guidepost, and without submitting any proof of any such travel costs.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(C)(1). "Good cause exists if "specific prejudice or harm will result" from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). Courts have broad discretion to decide whether to issue a protective order as well as what degree of protection is appropriate. *Diamond Resorts Int'l, Inc. v. Phillips,* No. 3:17-CV-01124, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018).

In this case, a protective order is necessary to protect Guidepost from the unprofessional harassment and undue burden imposed by Plaintiff, whose counsel is demanding that all discovery matters take place on Plaintiff's timeline, without exception. Here, Plaintiff is insisting that Guidepost appears for a 30(b)(6) deposition on a date when the witness is unable to attend, on

---

[3] Plaintiff's Third Motion to Compel also seeks to compel the 30(b)(6) depositions of Defendants, the Executive Committee of the Southern Baptist Convention (the "EC") and the Southern Baptist Convention ("SBC") as well as the deposition of the SBC's Bart Barber. Issues relating to topics and documents for these depositions also remain unresolved.

5

topics and documents the parties have not met and conferred about or agreed, and on a timeline which ignores Rule 34's requirement that the production of documents, including in a Rule 30(b) context, are due 30 days after receipt of notice. Plaintiff insisted upon February 26 date despite the fact that it is only 21 days after the original Notice of the 30(b)(6) deposition was served and without meeting and conferring pursuant to Rule 30(b)(6).

Guidepost is not hindering discovery efforts, nor is it evading its responsibilities in this litigation. Guidepost has produced over 23,000 pages of documents, far more than any other party in this case. The only depositions taken in this matter have been of Guidepost witnesses, all three depositions lasting at or near the 7-hour limit. In fact, Plaintiff – not Guidepost – canceled a fourth deposition - of Guidepost employee, Krista Tongring - who was set to appear on February 2, 2024, in Washington, D.C. Plaintiff counsel canceled Ms. Tongring's deposition because he claimed he needed to spend one full day for the two other Guidepost deponents scheduled for February 1 and 2.[4]

Meanwhile, Plaintiff refuses to provide a date certain for his deposition,[5] despite having been repeatedly asked for dates, beginning in October 2023. Further, for whatever reason and until recently, Plaintiff has focused his discovery efforts on Guidepost, to the exclusion of the other Defendants, and has certainly ignored his own obligations. Again, Guidepost is the *only* party who

---

[4] The depositions taken of Guidepost's personnel thus far have been an exercise in grandstanding, bullying and harassment at the hands of Plaintiff's counsel. Were Plaintiff actually interested in discovering facts rather than misrepresenting testimony and badgering witnesses, the three Guidepost depositions set for February 1-2, 2024 – with the Court's encouragement at the January 10, 2024 Case Management Conference - could easily have been completed in that time frame.

[5] Plaintiff did tentatively agree to a February 23, 2024 deposition date, but failed to confirm that date with the EC, who noticed the deposition.

6

has produced witnesses for deposition in this case. Guidepost plainly is not hindering discovery efforts.

Contrary to Plaintiff's allegations in his Third Motion to Compel, Guidepost's counsel never committed to February 26 as the 30(b)(6) deposition date. (Klein Declaration, ¶¶ 8-10, 12-14.) The deposition could not occur until there was agreement on the topics and documents, something Plaintiff seems to assume he has the right to dictate, regardless of objection. The agreed upon February 13, 2024 meet and confer was pointless, as Plaintiff – not Guidepost – was unprepared to discuss the scope of the 30(b)(6) deposition and deferred such a discussion to an unspecified later time. (*Id.*, ¶ 12.) Indeed, at no time has Plaintiff ever suggested a subsequent date to meet and confer on the topics. (*Id.*) Clearly, they have no intention of collaborating on such matters in good faith as Plaintiff has determined that his strategy in this case is to ignore substance and reduce this litigation to discovery fights – filing motions any time he does not get his way. That strategy is not countenanced by the Federal Rules of Civil Procedure, this Court's Local Rules, or the practice in this District.

Plaintiff's argument that he has incurred damage in the form of travel costs and expenses due to the cancelation of the February 26 deposition, to which Guidepost never agreed, is unavailing, particularly because the record is clear it is Plaintiff, not Guidepost, who made the February 26 date implausible as Plaintiff, not Guidepost, refused to meet and discuss the scope of the 30(b)(6) deposition. To the extent Plaintiff made travel arrangements prematurely, the risk of cancelation is on Plaintiff, particularly given Plaintiff's refusal to properly engage as the Court requires.[6]

---

[6] Notably, Plaintiff has not produced any evidence of costs incurred due to the cancelation of the never-agreed-upon February 26 deposition.

Rule 30(b)(6)'s requirement that the parties confer about the matters to be covered in the deposition exists for good purpose, including ensuring the correct witnesses can be designated by the organizational defendant. Plaintiff's attempt to circumvent that process and compel a deposition on a date that was ultimately not confirmed as available is inappropriate and contravenes what the Rules of Civil Procedure envision.

## CONCLUSION

Based on the foregoing, Guidepost respectfully asks the Court to enter a protective order excusing Guidepost from the unconfirmed February 26, 2024 30(b)(6) deposition date. Further, Guidepost asks that Plaintiff's counsel be required to meet and confer in good faith with Guidepost's counsel regarding the scope of the 30(b)(6) deposition, including topics and documents, and once agreement is reached, the parties shall agree, in writing, to a specific date and time, convenient to all parties, for Guidepost's 30(b)(6) deposition. Lastly, pursuant to Rule 26(c)(3) and Rule 37(a)(5), Guidepost is entitled to its costs and fees incurred in filing its Motion for Protective Order based on Plaintiff's refusal to meet in good faith and adhere to the Federal and Local Rules.

Respectfully submitted,

   /s/ John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

on this 22nd day of February, 2024.

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

By: /s/ John R. Jacobson