# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>        Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>**DECLARATION OF<br>SCOTT KLEIN<br>IN SUPPORT OF GUIDEPOST'S<br>MOTION FOR PROTECTIVE ORDER** |

**SCOTT KLEIN, ESQ.,** declares under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

I, Scott Klein, am counsel to Defendant Guidepost Solutions LLC ("Guidepost") and submit this Declaration in support of Guidepost's motion for a protective order concerning Guidepost's Fed. R. Civ. P. 30(b)(6) deposition noticed by Plaintiff's counsel. I state, aver, and declare the following.

1. On February 5, 2024, at 4:30 p.m., Guidepost received from Plaintiff's counsel a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice"). The Notice set forth a list of thirteen topics on which the Guidepost witness(es) were to testify. The Notice also included six document requests covering a range of topics and sought, among other things, financial documents relating to all facets of Guidepost's business dating as far back as 2020. A copy of the Notice is attached as Exhibit 1.

2. The Notice scheduled the deposition for February 14, 2024, only nine days after the Notice was served, and required the requested documents to be produced within eight days, in violation of Fed. R. Civ. P. 30(b) and 34. (*Id.*)

3. At 8:39 a.m., the next day, February 6, Plaintiff's counsel, Patrick Sanders, emailed Guidepost's counsel asking to meet and confer at noon on the same day regarding a variety of topics, including the Notice served the previous evening. A copy of Mr. Sanders's email to Guidepost's counsel is attached as Exhibit 2.

4. At 10:59 am on February 6, Guidepost's counsel responded that they were unavailable to meet and confer on short notice, that they had not yet had an opportunity to review the topics and document requests in the Notice with the client, but that Guidepost would provide a written response to each topic and request. (*See* Exhibit 2.)

5. Fifteen minutes after Guidepost's response, at 11:14 am, Plaintiff's counsel, Robert Macgill, claimed in an email that Guidepost had refused to meet and confer as required and threatened to move to compel if Guidepost did not promptly provide a date for the deposition. (*See* Exhibit 2.)

6. Later in the day on February 6, Guidepost's counsel responded to Plaintiff's counsel via email, advising that counsel was willing to meet and confer, but not on the unilateral and unreasonable terms dictated by Plaintiff's counsel. Guidepost's counsel also noted that Plaintiff's demand that Guidepost produce the documents requested in the Notice eight days from the date of service was a violation of the Federal Rules of Civil Procedure. Guidepost's counsel assured Plaintiff's counsel that they would work to find a mutually convenient date for the 30(b)(6) deposition. (*See* Exhibit 2.)

7. On February 8 at 1:43 pm, Plaintiff's counsel emailed Guidepost's counsel asking to have a call that afternoon to discuss dates for the 30(b)(6) deposition. A copy of Mr. Macgill's email to me is attached as Exhibit 3.

8. On February 8 at 7:27 pm, I advised Plaintiff's counsel via email that Guidepost would be serving responses and objections to the Notice the next day and suggested that the two sides meet and confer on Tuesday, February 13. In that same email, I further advised Plaintiff's counsel that "[o]nce we settle on the topics, we will then determine which individual to submit for the deposition. While dates could change based on which witness we provide, it looks like we could have some availability a few days during the week of Feb 26th." (*See* Exhibit 3.)

9. Early on February 9, at 5:54 am, Plaintiff's counsel again accused Guidepost's counsel of refusing to meet and confer, unilaterally set the 30(b)(6) deposition for February 26, and again threatened to move to compel if Guidepost did not confirm attendance at the deposition by noon that day. (*See* Exhibit 3.)

10. On the afternoon of February 9, which was only four days after Guidepost first received the Notice, Guidepost's counsel submitted via email to Plaintiff's counsel objections to the topics and document requests in the Notice. Guidepost's counsel again offered to meet and confer on February 13. A copy of Guidepost's Responses and Objections to Plaintiff's Notice of Deposition and service email, dated February 9, 2024 at 2:58 pm, are attached as Exhibit 4.

11. Prior to a meet and confer scheduled for February 13, 2024 by counsel for Plaintiff and Guidepost, on February 12, 2024, Plaintiff served an Amended Notice of Deposition to Guidepost pursuant to Fed. R. Civ. P. 30(b)(6), setting the deposition date for February 26, 2024 (the "Amended Notice"). The Amended Notice included the same thirteen topics and six document requests, and demanded that the documents be produced to Plaintiff's

3

counsel by 5 pm on February 23, 2024. A copy of the Amended Notice and the service email are attached as Exhibit 5.

12. On February 13, counsel for Guidepost and Plaintiff appeared telephonically for a meet and confer to discuss deposition dates, the topics and document requests in the Notice as well as Guidepost's objections. During that call, Guidepost's counsel advised Plaintiff's counsel that February 26 might work, but topics and document production still needed to be discussed. Plaintiff's counsel advised Guidepost's counsel that Plaintiff's counsel was not prepared to confer on any issues related to the noticed topics, requested documents, and Guidepost's objections. Following the February 13 meet and confer, Plaintiff's counsel never provided a subsequent date to meet and confer about the topics and document requests in the Notice.

13. On February 16, Guidepost's counsel emailed Plaintiff's counsel to advise that Guidepost was still trying to confirm availability for the 30(b)(6) deposition to take place on February 26, and that Guidepost's counsel would follow up with a response regarding availability. A copy of my February 16, 9:52 am email to Plaintiff's counsel is attached as Exhibit 6. Plaintiff's counsel did not respond to Guidepost's message that it was still checking on availability for February 26.

14. On February 20, Guidepost's counsel emailed Plaintiff's counsel that, unfortunately, the individual Guidepost believed may be the appropriate person for the deposition was unable to be deposed on February 26, but that Guidepost would provide available dates in due course. In that same email, Guidepost's counsel again asked for a meet and confer date given that the two sides still had not done so as required by Rule 30(b)(6) and the Local Rules. A copy of my February 20, 4:56 pm email to Plaintiff's counsel is attached as Exhibit 7.

4

15. In an email sent on February 20 at 7:18 pm, Plaintiff's counsel rejected Guidepost's meet and confer efforts in full and once again stated he would move to compel the deposition and seek costs, including "non-refundable travel costs." Plaintiff's counsel did not offer a time to meet and confer on the noticed deposition topics, document requests, and Guidepost's objections. A copy of Mr. Macgill's email to Guidepost's counsel is attached as Exhibit 8.

16. On February 21, 2024, Plaintiff filed his Third Motion to Compel, not only as to the 30(b)(6) deposition of Guidepost, but also the 30(b)(6) depositions of Defendants, the Executive Committee of the Southern Baptist Convention and the Southern Baptist Convention ("SBC") as well as the deposition of the SBC's Bart Barber.

17. I declare under the penalty of perjury under the United States of America that the foregoing is true and correct.

Executed on the 22nd day of February, 2024, at New York, New York.

_____
SCOTT KLEIN, ESQ.