# EXHIBIT 4

| From: | Kathy Klein |
|---|---|
| To: | robert.macgill@macgilllaw.com; Scott Murray; patrick.sanders@macgilllaw.com; agoldstein@colelawgrouppc.com; tcole@colelawgrouppc.com |
| Cc: | Bundren, Brandon; Nokes, Scarlett; gbesen@bradley.com; Thomas J. Hurney, Jr. - Jackson Kelly PLLC (thurney@jacksonkelly.com); Callas, Gretchen; matt@tpmblaw.com; gmarchetti@tpmblaw.com; Scott Klein; Terence McCormick; Steve Mintz; Alex Otchy; Adam Brody; John Jacobson |
| Subject: | Hunt v. SBC, et al. |
| Date: | Friday, February 9, 2024 2:58:00 PM |
| Attachments: | 2024.02.09 - GPS Responses to 30(b)(6) Notice of Deposition.pdf |
| | 2024.02.09 - Wood"s Responses to 2nd Amended Notice of Deposition.pdf |
| | image003.png |

Rob, Scott and Patrick:

Attached are Guidepost and Julie Myers Wood's Responses and Objections to Plaintiff's February 5, 2024 Notices of Deposition and document requests.

As stated in Scott Klein's email from yesterday, Guidepost is available on Tuesday, February 13 for a meet and confer on the deposition topics and document requests.

Kathy



Katharine R. Klein
1906 West End Ave.
Nashville, TN 37203
(615) 320 3700
www.rjfirm.com

*This email may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this e-mail in error, please delete it and immediately notify the person named above by reply e-mail. Thank you.*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>                Plaintiff,<br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>                Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## RESPONSES AND OBJECTIONS OF DEFENDANT GUIDEPOST SOLUTIONS LLC TO PLAINTIFF JOHNNY M. HUNT'S RULE 30(b)(6) NOTICE OF DEPOSITION

Pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Guidepost Solutions LLC ("Guidepost"), by and through its undersigned counsel, responds and objects to Plaintiff's 30(b)(6) Notice of Deposition of Guidepost Solutions LLC (the "Notice") as follows:

### GENERAL OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION

1. Guidepost objects to the Notice on the grounds that Plaintiff did not provide a reasonable time within which to prepare and produce a suitable Rule 30(b)(6) corporate designee. Rule 30(b)(1) requires that "a party who wants to depose a person ... must give reasonable written notice." What constitutes reasonable notice depends on the circumstances of each case. *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1989). Here, Plaintiff purports to notice a Rule 30(b)(6) deposition on a mere **nine (9) days' notice**. This is improper as a matter of law. *See, e.g., Holloway v. 3M Co.*, No. EDCV19-708-JAK (KKx), 2019 WL 7172600, at *24

1

(C.D. Cal. Oct. 31, 2019) ("*nine days' notice is not reasonable for a Rule 30(b)(6) deposition*") (emphasis added). *See also Kilby v. CVS Pharmacy, Inc.*, No.: 09cv2051-MMA (KSC), 2017 WL 1682695, at * 1 (S.D. Cal. Apr. 26, 2017) (ten calendar days' notice not reasonable for a Rule 30(b)(6) deposition); *Cleveland v. Coldwell Banker Real Est. Corp*, 2008 WL 141195, at *1 (N.D. Miss. Jan. 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."). Plaintiff's service of the instant Notice on a mere nine (9) days' notice is even more unreasonable in that it contains no fewer than thirteen (13) deposition topics (with subparts), as well as six (6) pendant document requests. Furthermore, the short notice did not allow sufficient time for the parties to meet and confer regarding the deposition topics as required by Rule 30(b)(6) ("[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."). Accordingly, Guidepost will provide a Rule 30(b)(6) witness after the parties have negotiated in good faith a suitable date and the proper scope of the proposed deposition.

2. Guidepost further objects to Definition No. 1 to the extent that it defines Guidepost to include its "successors or predecessors in interest, parents, subsidiaries, divisions, affiliates, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf." Such definitions have been found to be "facially overbroad" and "unreasonably expand[ing] the breadth" of a request. *See, e.g., Bruce Kirby, Inc. v. LaserPerformance (Europe) Limited*, No. 3:13-cv-00297(JAM), 2021 WL 4520157, at *3-4 (D. Conn. Oct. 4, 2021). Guidepost will interpret the term "Guidepost" to refer to Guidepost Solutions LLC and, to the extent appropriate, the particular employees and independent contractor(s) specifically assigned to work on the Report.

2

3. The Notice is defective on its face insofar as it requires Guidepost to produce documents on less than 30 days' notice. *See* Fed. R. Civ. P. 30(b)(2), 34. "[R]equests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition to permit objections to the document request." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 479 (6th Cir. 2010). *See also Nozinich v. Johnson & Johnson, Inc.*, No. 09-02105-DKV, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011). Accordingly, Guidepost is not obligated to produce documents in response to the Notice.

4. The foregoing General Objections to Plaintiff's Notice are incorporated by reference in each specific response and objection set forth below.

## OBJECTIONS TO PLAINTIFF'S PROPOSED TOPICS FOR EXAMINATION

**1. The engagement and retention of Guidepost for the Report, including the events that led to the need for an investigation, the scope work [sic] under the engagement letter, and approval process for the Report.**

**RESPONSE:** Guidepost objects to this topic to the extent that it calls upon Guidepost to provide a witness to testify regarding the "events that led to the need for the investigation," insofar as those events are within the exclusive knowledge of the SBC and/or the EC as opposed to Guidepost. Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a designee to testify about information known or reasonably available to the company regarding this deposition topic.

**2. Allegations of abuse committed by Executive Committee members discovered by Guidepost before May 22, 2022 that were not previously identified to or known by the Southern Baptist Convention or Executive Committee.**

**RESPONSE:** Subject to the foregoing General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a corporate designee to testify about information known or reasonably available to the company regarding this deposition topic.

3

**3. Guidepost's organizational structure for the years 2020-2024.**

**RESPONSE:** Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to provide a corporate designee to testify regarding the entire organizational structure for Guidepost Solutions LLC. Guidepost's organizational structure involves numerous employees who were not involved in the investigation or preparation of the Report. Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a designee to testify about the reporting relationships of each of the relevant employees from the time that Guidepost negotiated its engagement with the SBC through the date that it submitted the Report to the SBC Task Force.

**4. The total amount of time billed by each Guidepost employee or independent contractor for work on the Report, for the portion of the Report related to Plaintiff, and the total amount of money that Guidepost was paid for that work.**

**RESPONSE:** Guidepost objects to this deposition topic on the grounds that it imposes a disproportionate burden upon Guidepost and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Guidepost further notes that the terms of Guidepost's compensation are publicly set forth in that certain Engagement Letter dated October 5, 2021 (the "Engagement Letter"). Guidepost will not provide a corporate designee to testify on this topic.

**5. Guidepost's financial statements for the years 2020, 2021, 2022, and 2023 including its balance sheets, income statements, cash flow statements, and its statements of changes in financial position.**

**RESPONSE:** Guidepost objects to this deposition topic on the grounds that it imposes a disproportionate burden upon Guidepost and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Guidepost is a private company whose revenues are generated by domestic and

4

international investigations, compliance solutions, monitoring, and security and technology consulting business operated through offices in the United States and around the world. Testimony and other disclosure regarding Guidepost's overall financial performance not only implicates irrelevant, competitively sensitive information, but is vastly disproportionate in regard to revenues and profits (or losses) connected to Guidepost's work on the Report. Guidepost will not provide a corporate designee to testify on this topic.

6. **Guidepost's organizational changes since publication of the Report, including new hires, the creation of new divisions, any expansion of existing divisions, and new engagements with the SBC or Executive Committee.**

**RESPONSE:** Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to provide a corporate designee to testify regarding the organizational changes and new engagements having nothing to do with the Report. *See* Fed. R. Civ. P. 26(b)(1). Guidepost's business involves numerous employees and engagements completely unrelated to the investigation or preparation of the Report. Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a designee to testify about the relevant employees who were involved in the investigation of Plaintiff's alleged sexual abuse of the alleged survivor referred to in the Report.

7. **The marketing, advertising, and promotional efforts by Guidepost associated with the Report, including weekly updates, press releases, social media posts, interviews, announcements, website banners, links, both prior to and after publication of the Report.**

**RESPONSE:** Guidepost objects to this topic to the extent that it posits "marketing, advertising, and promotional efforts by Guidepost associated with the Report." Guidepost further objects to this deposition topic on the grounds that it imposes a disproportionate burden upon

5

Guidepost and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a corporate designee to testify about the reference to the Report on the Guidepost website.

      8.    **Prior to and after publication of the Report:**

      a.    **The total number of clicks, views, and overall engagement on links and banners on Guidepost's website relating to the Report.**

      b.    **The total number of clicks, views, shares, likes, comments, and engagements on any social media posts pertaining to the Report.**

**RESPONSE:** Guidepost objects to this deposition topic on the grounds that it imposes a disproportionate burden upon Guidepost and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Guidepost will not provide a corporate designee to testify on this topic.

      9.    **Changes to positions, roles, titles, or compensation of anyone associated with Guidepost who worked on the Report after the Report was published.**

**RESPONSE:** Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to provide a corporate designee to testify regarding personnel changes and compensation arrangements having nothing to do with the Report, which is confidential, competitively sensitive information. *See* Fed. R. Civ. P. 26(b)(1). Guidepost will not provide a corporate designee to testify on this topic.

      10.    **All interviews conducted by anyone associated with Guidepost or participated in by anyone associated with Guidepost regarding this Report or subsequent engagements with the SBC or Executive Committee.**

**RESPONSE:** Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to prepare and produce a corporate designee to testify regarding the participation of

6

"anyone associated with Guidepost regarding this Report." *See* Fed. R. Civ. P. 26(b)(1). Not all Guidepost employees who participated in the investigation or preparation of the Report were involved in the portion regarding Plaintiff. Guidepost further objects that this topic is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to prepare and produce a corporate designee to testify regarding "subsequent engagements with the SBC or Executive Committee," such as the SBC Sexual Abuse Hotline for Survivors, which are not the subject of this action. Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a corporate designee to testify about interviews conducted by Guidepost employees or contractors in connection with the sexual abuse allegations against Plaintiff in the Report.

**11. All communications with anyone associated with the Executive Committee, the SBC, the Task Force, and the Cooperation Committee relating to the Report and the portion of the Report relating to Plaintiff.**

**RESPONSE:** Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to prepare and produce a corporate designee to testify regarding communications unrelated to that part of the Report that concerns Plaintiff. *See* Fed. R. Civ. P. 26(b)(1). Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a corporate designee to testify about communications, if any, with anyone associated with the Executive Committee, the SBC, the Task Force, and the Cooperation Committee concerning the portion of the Report relating to Plaintiff.

7

**12.     All edits, comments, suggestions, and feedback received from anyone associated with the Executive Committee, the SBC, the Task Force, and the Cooperation Committee relating to the Report and the portion of the Report relating to Plaintiff.**

RESPONSE: Guidepost objects to this topic on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it calls upon Guidepost to prepare and produce a corporate designee to testify regarding edits, comments, suggestions, and feedback unrelated to that part of the Report that concerns Plaintiff. *See* Fed. R. Civ. P. 26(b)(1). Notwithstanding the foregoing objection, and without waiver thereof, and subject to the General Objections to Plaintiff's Notice of Deposition, Guidepost will produce a corporate designee to testify about communications, if any, with anyone associated with the Executive Committee, the SBC, the Task Force, and the Cooperation Committee concerning the portion of the Report relating to Plaintiff.

**13.     Text messages exchanged or received by Guidepost employees or independent contractors relating to the Report.**

RESPONSE: Subject to the foregoing Objections to Plaintiff's Notice of Deposition, Guidepost will produce a designee to testify about information known or reasonably available to the organization as to the corporate knowledge it may have with respect to Topic No.13 solely to the extent that it concerns text messages relating to the portion of the Report concerning Plaintiff.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS PURSUANT TO FED. R. CIV. P. 30(b)(2)

**REQUEST NO. 1:** Documents showing Guidepost's organizational structure for 2020, 2021, 2022, 2023, and 2024.

RESPONSE: Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects to

8

this Request on the grounds identified in Guidepost's objections to Deposition Topic No. 3. Guidepost is withholding documents in response to this Request.

**REQUEST NO. 2: Guidepost's financial statements for 2020-2023 including its balance sheets, income statements, cash flow statements, and statements of changes in financial position.**

RESPONSE: Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects to this Request on the grounds identified in Guidepost's objections to Deposition Topic No. 5. Guidepost is withholding documents in response to this Request.

**REQUEST NO. 3: All documents pertaining to the amount of time billed by Guidepost for work on the Report, for time billed on the portions of the Report relating to Plaintiff, and the total amount of money that Guidepost was paid for that work.**

RESPONSE: Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects to this Request on the grounds identified in Guidepost's objections to Deposition Topic No.4. Guidepost is withholding documents in response to this Request.

**REQUEST NO. 4: All documents pertaining to engagements entered into by Guidepost each month in 2020, 2021, 2022, and 2023.**

RESPONSE: Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects to the Request on the grounds that it is vague, ambiguous, and overbroad because it does not define which "engagements" or types of "engagements" are referred to. Guidepost further objects to this Request on the ground that Guidepost operates a domestic and international investigations,

compliance solutions, monitoring, and security and technology consulting business operated through offices in the United States and around the world. The production of documents regarding Guidepost's national and international business "each month" over a period of four years is wholly irrelevant and vastly disproportionate to the needs of this case, especially when compared with the scope of documents associated with Guidepost's work on the Report, which have been produced in response to Plaintiff's prior document requests. *See* Fed. R. Civ. P. 26(b)(1). Guidepost is withholding documents in response to this Request.

**REQUEST NO. 5: All documents relating to any advertising, marketing, or promotional efforts by Guidepost pertaining to the Report, including third-party inquiries related to the Report.**

**RESPONSE:** Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects to this Request on the grounds that it posits the existence of "advertising, marketing, or promotional efforts by Guidepost pertaining to the Report." Guidepost otherwise responds that no such documents exist.

**REQUEST NO. 6: All documents pertaining to changes in positions, roles, titles, or pay of anyone associated with Guidepost who worked on the portions of the Report regarding Plaintiff.**

**RESPONSE:** Guidepost objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Guidepost further objects on the grounds that the Request imposes a disproportionate burden upon Guidepost and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Guidepost is withholding documents in response to this Request.

Dated: February 9, 2024

                Respectfully submitted,

                By: /s/ John R. Jacobson
                _____

                John R. Jacobson, BPR #14365
                Katharine R. Klein, BPR #19336
                Riley & Jacobson, PLC
                1906 West End Avenue
                Nashville, TN 37203
                (615) 320-3700
                (615) 320-3737 *Facsimile*
                jjacobson@rjfirm.com
                kklein@rjfirm.com

                -and-

                Steven G. Mintz (admitted pro hac vice)
                Terence W. McCormick (admitted pro hac vice)
                Mintz & Gold LLP
                600 Third Avenue
                25th Floor
                New York, NY 10016
                Telephone: (212) 696-4848
                mintz@mintzandgold.com
                mccormick@mintzandgold.com

                *Counsel for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served to counsel of record via email to the email addresses set forth below:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 9th day of February, 2024.

                By:    /s/ John R. Jacobson
                                  _____

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

# RESPONSES AND OBJECTIONS OF JULIE MYERS WOOD TO PLAINTIFF JOHNNY M. HUNT'S SECOND AMENDED NOTICE OF DEPOSITION OF JULIE MYERS WOOD

Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Julie Myers Wood responds and objects to Plaintiff's Second Amended Notice of Deposition of Julie Myers Wood (the "Notice") as follows:

## GENERAL OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION

1.　　The Notice is defective on its face insofar as it requires Ms. Wood to produce documents on less than 30 days' notice. *See* Fed. R. Civ. P. 30(b)(2), 34. "[R]equests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition to permit objections to the document request." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 479 (6th Cir. 2010). *See also Nozinich v. Johnson & Johnson, Inc.*, No. 09-02105-DKV, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011). Accordingly, Ms. Wood is not obligated to produce documents in response to the Notice.

1

2. The foregoing General Objection to Plaintiff's Notice is incorporated by reference in each specific response and objection set forth below.

### OBJECTIONS AND RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS PURSUANT TO FED. R. CIV. P. 30(b)(2), 34

**REQUEST NO. 1: Documents showing Guidepost's organizational structure for 2020, 2021, 2022, 2023, and 2024.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects to this Request on the grounds identified in the objections to Deposition Topic No. 3 in the Responses and Objections of Defendant Guidepost Solutions LLC to Plaintiff Johnny M. Hunt's Rule 30(b)(6) Notice of Deposition (the "Guidepost Objections"), served concurrently herewith. Ms. Wood is withholding documents in response to this Request on the basis of the foregoing objections.

**REQUEST NO. 2: Guidepost's financial statements for 2020-2023 including its balance sheets, income statements, cash flow statements, and statements of changes in financial position.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects to this Request on the grounds identified in the Guidepost Objections with regard to Deposition Topic No. 5, served concurrently herewith. Ms. Wood is withholding documents in response to this Request on the basis of the foregoing objections.

2

**REQUEST NO. 3: All documents pertaining to the amount of time billed by Guidepost for work on the Report, for time billed on the portions of the Report relating to Plaintiff, and the total amount of money that Guidepost was paid for that work.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects to this Request on the grounds identified in the Guidepost Objections with regard to Deposition Topic No. 4, served concurrently herewith. Ms. Wood is withholding documents in response to this Request on the basis of the foregoing objections.

**REQUEST NO. 4: All documents pertaining to engagements entered into by Guidepost each month in 2020, 2021, 2022, and 2023.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects to the Request on the grounds that it is vague, ambiguous, and overbroad because it does not define which "engagements" or types of "engagements" are referred to. Ms. Wood further objects to this Request on the ground that Guidepost Solutions LLC ("Guidepost") operates a domestic and international investigations, compliance solutions, monitoring, and security and technology consulting business operated through offices in the United States and around the world. The production of documents regarding Guidepost's national and international business "each month" over a period of four years is wholly irrelevant and vastly disproportionate to the needs of this case, especially when compared with the scope of documents associated with Guidepost's work on the Report, which have been produced in response to Plaintiff's prior document requests. *See* Fed. R. Civ. P. 26(b)(1). Ms. Wood is withholding documents in response to this Request on the basis of the foregoing objections.

**REQUEST NO. 5: All documents relating to any advertising, marketing, or promotional efforts by Guidepost pertaining to the Report, including third-party inquiries related to the Report.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects to this Request on the grounds that it posits the existence of "advertising, marketing, or promotional efforts by Guidepost pertaining to the Report." Ms. Wood otherwise responds that no such documents exist.

**REQUEST NO. 6: All documents pertaining to changes in positions, roles, titles, or pay of anyone associated with Guidepost who worked on the portions of the Report regarding Plaintiff.**

**RESPONSE:** Ms. Wood objects to this Request on the grounds that Plaintiff did not provide 30 days' notice as required under Fed. R. Civ. P. 30(b)(2). Ms. Wood further objects on the grounds that the Request imposes a disproportionate burden upon Ms. Wood and is irrelevant to any issue in this action. *See* Fed. R. Civ. P. 26(b)(1). Ms. Wood is withholding documents in response to this Request on the basis of the foregoing objections.

Dated: February 9, 2024

                                        Respectfully submitted,

                                        By: /s/ John R. Jacobson

                                        John R. Jacobson, BPR #14365
                                        Katharine R. Klein, BPR #19336
                                        Riley & Jacobson, PLC
                                        1906 West End Avenue
                                        Nashville, TN 37203
                                        (615) 320-3700
                                        (615) 320-3737 *Facsimile*
                                        jjacobson@rjfirm.com
                                        kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to counsel of record via email to the email addresses set forth below:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 9th day of February, 2024.

By: /s/ John R. Jacobson
_____

6