IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-00243 |
| ) | |
| SOUTHERN BAPTIST CONVENTION; ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO MODIFY CASE MANAGEMENT ORDER TO EXTEND TIME TO IDENTIFY AND DISCLOSE EXPERT WITNESSES AND REPORTS**

**INTRODUCTION**

Plaintiff has diligently worked to complete discovery in a timely manner. Meanwhile, Defendants have delayed discovery proceedings at every available opportunity. (Doc. Nos. 56-57, 100, 106, and 130.) Now, due to several extensions of the fact discovery deadline caused by Defendants' delay, the expert disclosure deadline is one month before the close of fact discovery.

Plaintiff respectfully moves to modify the Case Management Order to extend the deadline for identifying and disclosing expert witnesses and reports ("Expert Discovery Deadline"). Defendants oppose this request.

**LEGAL STANDARD**

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence

and that the opposing party will not suffer prejudice by virtue of the amendment." Ross v. Am. Red Cross, 567 F.App'x 296, 306 (6th Cir. 2014).

## ARGUMENT

### A. Plaintiff has diligently worked to complete discovery; Defendants' pattern of delay provides good cause for additional time to complete any necessary expert discovery.

Plaintiff has sequenced depositions and discovery requests with the goal of completing discovery within the milestones set by the Court. Defendants have refused to comply with deposition notices, refused to schedule depositions in an orderly fashion, and otherwise refused to cooperate in the discovery process. Plaintiff needs additional time to meet the Expert Discovery Deadlines.

Plaintiff has been attempting to schedule depositions since shortly after the Court's November 22, 2023 ruling on Plaintiff's First Motion to Compel. Plaintiff's attempts to schedule depositions in an orderly fashion have been met with obstruction at every turn. (*See,* Doc. Nos. 100, 130.) Nevertheless, Plaintiff has already deposed three Guidepost witnesses, including its two co-lead investigators and Chief Executive Officer. Additionally, Plaintiff has four depositions with noticed dates set before the close of fact discovery, which are the subject of Plaintiff's Third Motion to Compel. (Doc. No. 130.)

Defendants' discovery abuses have extended well-beyond delaying the scheduling of depositions. Guidepost produced a staggering 12,529 pages (53% of Guidepost's entire production) only seven (7) days before Guidepost's co-lead investigators were to be deposed. The Executive Committee recently made a belated production. In that production, the Executive Committee failed to comply with this Court's ESI order (format and metadata), and contained improperly redacted text from documents that are not privileged. The SBC has not produced a single document.

As a result of Defendants' delay, Plaintiff has not been able to evaluate the full scope of Defendants' conduct related to the Report, which has impaird Plaintiff's ability to determine whether an expert is needed, and if so, for what purpose(s). Additionally, due to two requests by the Executive Committee to extend the fact discovery deadlines, the close of fact discovery is one month after the expert disclosure deadline. Thus, any potential expert will not be able to review deposition transcripts and key case documents prior to issuing a report. As one example, the Executive Committee's recent and belated production contained several documents that directly support Plaintiff's damages theory, which a potential damages expert may rely on in forming opinions.

Therefore, while Plaintiff has diligently worked to complete discovery in a timely fashion, Defendants' delay provides good cause for additional time for extending the Expert Discovery Deadlines. Plaintiff requests an Order extending:

1. The deadline for the party bearing the burden of proof on an issue to identify and disclose all expert witnesses and expert reports to **March 29, 2024**;

2. The deadline for the party not bearing the burden of proof on the issue to identify and disclose all expert witnesses and reports to **May 3, 2024**; and

3. The deadline to depose any experts to **May 31, 2024**.

**B. Defendants will not be prejudiced by any expert disclosure extension.**

Importantly, Defendants will not be prejudiced by the extension of the Expert Discovery Deadlines. Under Plaintiff's proposed amended expert discovery schedule, the Expert Discovery Deadline would be extended 35 days and the parties would be given the same amount of time to respond to any expert reports and to depose experts as set forth in the Initial Case Management Order. (Doc. No. 37.)

**CONCLUSION**

Plaintiff respectfully requests that the Court modify the existing case schedule and extend the expert discovery milestones as requested in the Motion and for all other just and proper relief.

Dated: February 22, 2024                Respectfully submitted,

                                        s/ Andrew Goldstein
                                        **Todd G. Cole, Esq., BPR # 031078**
                                        **Andrew Goldstein, Esq., BPR # 037042**
                                        COLE LAW GROUP, P.C.
                                        1648 Westgate Circle, Suite 301
                                        Brentwood, TN 37027
                                        Telephone: (615) 490-6020
                                        Fax: (615) 942-5914
                                        tcole@colelawgrouppc.com
                                        agoldstein@colelawgrouppc.com

                                        *-and-*

                                        **Robert D. MacGill, Esq. (*pro hac vice*)**
                                        **Scott E. Murray, Esq. (*pro hac vice*)**
                                        **Patrick J. Sanders, Esq. (*pro hac vice*)**
                                        MACGILL PC
                                        156 E. Market St.
                                        Suite 1200
                                        Indianapolis, IN 46204
                                        Telephone: (317) 721-1253
                                        robert.macgill@macgilllaw.com
                                        scott.murray@macgilllaw.com
                                        patrick.sanders@macgilllaw.com

                                        *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Memorandum in Support of Opposed Motion to Modify Case Management Order to Extend Time to Identify and Disclose Expert Witnesses and Reports to be electronically filed with the Clerk of the Court on February 22, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Todd G. Cole, Esq.<br>Andrew Goldstein, Esq.<br>COLE LAW GROUP, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, TN 37027<br>Telephone: (615) 326-9059<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com | Scarlett Singleton Nokes, Esq.<br>R. Brandon Bundren, Esq.<br>E. Todd Presnell<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203<br>Telephone: (615) 244-2582<br>snokes@bradley.com<br>bbundren@bradley.com<br>tpresnell@bradley.com |
| Robert D. MacGill, Esq.<br>Scott E. Murray, Esq.<br>Patrick J. Sanders, Esq.<br>MACGILL PC<br>156 E. Market St.<br>Suite 1200<br>Indianapolis, IN 46204<br>Telephone: (317) 721-1253<br>robert.macgill@macgilllaw.com<br>scott.murray@macgilllaw.com<br>patrick.sanders@macgilllaw.com<br><br>*Counsel for Plaintiff* | Gene R. Besen, Esq.<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>Fountain Place<br>1445 Ross Avenue, Suite 3600<br>Dallas, Texas 75202<br>Telephone: (214) 257-9758<br>gbesen@bradley.com<br><br>Thomas J. Hurney, Jr., Esq.<br>Gretchen M. Callas, Esq.<br>JACKSON KELLY PLLC<br>500 Lee Street East, Suite 1600<br>Post Office Box 553<br>Charleston, West Virginia 25322<br>Telephone: 304-340-1000<br>thurney@jacksonkelly.com<br>gcallas@jacksonkelly.com |
| John R. Jacobson, BPR #14365<br>Katharine R. Klein, BPR #19336<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700<br>(615) 320-3737 *Facsimile*<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com | *Counsel for the Executive Committee of the Southern Baptist Convention* |

| | |
|---|---|
| Steven G. Mintz (admitted pro hac vice)<br>Terence W. McCormick (admitted pro hac vice)<br>Scott Klein (admitted pro hac vice)<br>Mintz & Gold LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br><br>*Counsel for Defendant*<br>*Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

 

s/ Andrew Goldstein
ANDREW GOLDSTEIN