IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION BY DEFENDANT GUIDEPOST SOLUTIONS LLC TO MODIFY CASE MANAGEMENT ORDER AND IN RESPONSE TO MOTION BY PLAINTIFF FOR SIMILAR RELIEF**

**INTRODUCTION**

Defendant Guidepost Solutions LLC ("Guidepost") respectfully submits this motion in support of its cross-motion to modify the case management order for the purposes of enlarging the discovery schedule for fact and expert discovery and in response to the motion of Plaintiff Johnny M. Hunt ("Hunt") for similar relief filed on February 22, 2024. (ECF Doc. No. 137.)

Hunt deceptively captions his motion as an "opposed" motion. It isn't and it never was, but Hunt didn't want to wait for the conversation with Defendants' counsel before pressing the button on yet another motion containing breathless accusations against the Defendant group. The Court should grant Guidepost's cross-motion (which accommodates the enlargement Hunt wants) and use the opportunity of this cross-motion to admonish Hunt's counsel that future communications with Defendants' counsel (and the Court) be conducted with the proper civility.

A.   **Hunt's Request.**

Hunt represents that he needs basically a one-month extension of the date by which the parties are to disclose expert witnesses and serve expert reports. By itself, this is not an unreasonable request and Guidepost would not be (and is not) disposed to oppose it. Although Hunt has taken three (3) depositions of Guidepost personnel, including the two investigators who wrote the Report of the Independent Investigation that forms the basis of this action (the "Report") and Guidepost's CEO, Julie Myers Wood, his counsel represents that he "has not been able to evaluate the full scope of Defendants' conduct related to the Report, which has impaired Plaintiff's ability to determine whether an expert is needed, and if so, for what purpose(s)." (ECF Doc. 137 at 3.)

To begin with, the Court should take Hunt's assertion with a healthy dose of salt. Guidepost has not "delayed" anything; it has worked with Hunt's counsel to furnish witnesses in good faith and Hunt's ability to decide whether to engage experts or how to educate them has not been "impaired" by the timing or sequence of depositions. Indeed, the only remaining Guidepost employees to be deposed at this juncture are its Rule 30(b)(6) witness, whose deposition is still in the process of being scheduled, and Krista Tongring, who was scheduled (and ready) to be deposed on February 2nd, but whose deposition had to be postponed to accommodate Hunt's counsel's desire to prolong the investigators' depositions through that date. Hunt's counsel have not yet sought to reschedule Ms. Tongring's deposition. Moreover, it is worth noting that ***only Guidepost*** employees have been deposed as of this date. On the other hand, Defendants attempted for weeks to schedule Hunt's deposition, but his counsel delayed confirming Hunt's deposition until the proposed February 23rd date had almost arrived and counsel for Defendant Executive Committee was compelled to withdraw the deposition notice and reschedule until a later date.

The only topics of expert testimony that Hunt's counsel have suggested to date are (1) damages (regarding which *no* Defendants' pending deposition will be useful to an as yet undisclosed expert engaged by Hunt) and (2) the adequacy of Guidepost's investigative techniques. That's it. Considering that the most salient Guidepost witnesses at issue for this purpose have been deposed, Hunt has had fulsome disclosure of how Guidepost went about investigating his alleged sexual misconduct and drafting the Report for the Southern Baptist Convention ("SBC"). Moreover, Hunt's breathless accusations aside, his counsel did not mention the possibility of an expert on investigative techniques until very recently; Guidepost had no notion of delaying the deposition of its investigators to frustrate Plaintiff's expert (much less a nefarious purpose to do so), as counsel disingenuously suggests.

But, with the record thus corrected, Guidepost does not oppose Hunt's request and never has. If Hunt's counsel believe that they need more time to digest the depositions and assess the documentary evidence, Guidepost cannot identify a principled basis to oppose his request.

Rather, Guidepost has apparently committed the sin of refusing to jump to the whip of Hunt's counsel and agree to an extension on his terms before the sun has even set on the afternoon when he made the request. Guidepost respectfully requests that the Court take note of the correspondence between counsel on this matter.

Yesterday, February 22, 2024, **at 12:29 p.m. CT,** counsel for Hunt, Robert D. MacGill, Esq., communicated the following threat to all Defendants' counsel:

> *Counsel,*
>
> *Our efforts to secure discovery have been obstructed at every turn by the defendants. As a result, it is not possible to meet the milestone set by the Court to Identify and Disclose Expert Witnesses and Reports.*
>
> *We will be requesting an extension until March 29, 2024 to meet this case requirement. Please let us know if you agree to this enlargement this afternoon. If*

3

> *we do not hear from you, we will understand that you oppose our request and will so report to the Court in our filing this evening.*

The February 22, 2024 email of Robert D. MacGill, Esq., is attached to Guidepost's motion as Exhibit 1. In essence, Mr. MacGill delivered Defendants an ultimatum to agree to modification of the case management order within three hours or he would file a motion with this Court (which he did).

Guidepost's local counsel, Katharine R. Klein, Esq., responded by email at **5:46 p.m.** CT as follows:

> *Rob:*
>
> *Guidepost will agree to your request for an extension of Plaintiff's expert report from February 23, 2024 to March 29, 2024 on the condition that Plaintiff agrees to move all other corresponding dates from the most recent scheduling Order (Dkt. 112).*
>
> *The new dates (based upon the same timeline of days from the prior Order) that the parties consent to are as follows: (1) the March 22, 2024 deadline for fact discovery is extended to April 19, 2024, (2) the time to depose all fact witnesses is extended from March 22, 2024 to April 19, 2024, (3) the March 22, 2024 deadline for parties to file discovery motions is extended to April 19, 2024, (4) the deadline for the party not bearing burden of proof to identify and disclose expert reports is extended from March 29, 2024 to May 3, 2024, (5) expert deposition deadline is extended from April 26, 2024 to May 24, 2024, and (6) dispositive motions are extended from June 7, 2024 to July 19, 2024.*
>
> *Please advise if you agree with moving all the deadlines as set forth above, and, if so, we consent to your request on that condition. For sake of clarity, if you do not agree to move the other corresponding deadlines as set forth above, Guidepost does not consent to your request.*
>
> *Kathy*

The 5:46 p.m. email of Katharine R. Klein, Esq., is attached to Guidepost's motion as Exhibit 2.

Unfortunately, Hunt's counsel was unwilling to wait for a conversation on his request. By the time that Guidepost's response was emailed back to him, Hunt's motion to modify the case

management schedule was in the process of being e-filed and the Court's ECF notification and Guidepost's response to his counsel's email essentially crossed through the Internet.

### B. Guidepost's Request for Modification of the Case Management Order.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is present when the movant has attempted to comply with the scheduling order with due diligence and the nonmovant will not be prejudiced by the application. See Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003). In this case, Guidepost is moving to modify the case management order in a timely manner, *i.e.,* before any of the deadlines have passed.

Although Guidepost has endeavored to work with Hunt's and the other Defendants' counsel to complete discovery within the current deadlines, there is good reason at this juncture to believe that the deadlines for completion of discovery will not reasonably be achievable despite due diligence.

To begin with, Guidepost has not heard back from Hunt's counsel regarding the proposed enlargement of other dates in the schedule. Guidepost is therefore constrained to address its request to the Court. Guidespost needs the extra time for several reasons. *First,* Guidepost is awaiting a decision on its prior application to extend the confidentiality protections of the Amended Protective Order for the benefit of third parties. (ECF Doc. No. 122.) If the Court grants ***that*** application, that will unlock the production of documents from several third parties who have signaled to Guidepost's counsel that they are prepared to furnish documents and witness testimony in response to outstanding subpoenas, including Hunt's former church, First Baptist Church of Woodstock; his former employer, North American Mission Board; the counselor whom Hunt arranged to meet with his accuser, Roy Blankenship; and New Song Ministries, which accounts

for some of the revenues Hunt is claiming have been lost due to Defendants' alleged libel in the Report. At the present, though, due to concerns of third parties and through no fault of Guidepost's, that important third-party discovery is on hold.

*Second,* based on the schedules of Mr. Blankenship and his counsel, the dates that Mr. Blankenship's counsel have offered for his deposition post-date the current end date for fact discovery. His deposition may not be able to go forward until April. Moreover, Guidepost has yet to receive a firm date for the deposition of Janet Hunt or Johnny Hunt Ministries, and has not yet concluded discussions for a deposition of a representative of North American Mission Board. These depositions are likely to be bunched up together if the parties are held to the current March 22 deadline for the end of fact witness depositions. It is also likely (particularly depending upon any proposed expert's report), that Guidepost (or the EC or the SBC) may need to pursue further evidence to rebut Hunt's expert.

*Third,* Defendants will be prejudiced if the Court grants only Hunt's modification of the dates for expert testimony without otherwise enlarging the schedule for fact discovery. Hunt has requested a schedule wherein there is a week between the deadline to conduct expert depositions and the deadline to file summary judgment motions. There is no doubt that expert reports will become a critical aspect of the summary judgment motions. Hunt's proposed enlargement, absent further modifications to the case management order, would hamstring the Defendants and afford insufficient time to submit a summary judgment motion, especially given the voluminous documents produced (mainly by **Guidepost**) and the over $100,000,000 of damages claimed by Hunt.

*Finally,* Defendants' expert rebuttal report was scheduled to be due seventy (70) days before submission of the summary judgment motion date. The schedule should be enlarged to

6

Case 3:23-cv-00243   Document 140   Filed 02/23/24   Page 6 of 9 PageID #: 1960

provide Defendants sufficient time to work with their own expert after receipt of Hunt's expert report(s) without the press of time to meet the deadline for drafting and filing summary judgment motions.

Because Hunt will not be prejudiced by the proposed amendment (which would include Hunt's proposed schedule for expert discovery that he requested in the first place), the Court should grant Guidepost's motion for modification of the case management order and deny Hunt's motion as moot.

* * * * *

Guidepost is aware of the Court's preference that counsel work together in a spirit of professionalism, consistent with the provision of zealous advocacy of their clients' causes. Guidepost's counsel shares that preference, and we are equally aware of the Court's desire not to have to read contentious exchanges between counsel over discovery matters. However, this matter has involved complex ESI issues (including spoliation of evidence by Hunt) and the potential testimony of many witnesses. Furthermore, the subject matter of the case intersects with the need to protect the alleged survivor of sexual abuse. Guidepost respectfully requests that the Court admonish counsel to avoid unreasonable demands that opposing counsel respond within hours, without any opportunity to even confer with our client, under pain of motion practice and otherwise moderate the tone of their conduct of this litigation.

## CONCLUSION

For the foregoing reasons, Guidepost respectfully requests that the Court grant Guidepost's cross-motion to modify the case management schedule according to the dates set forth in the accompanying Motion.

Dated: February 23, 2024

        Respectfully submitted,

        s/John R. Jacobson
        John R. Jacobson, Esq. (BPR # 014365)
        Katharine R. Klein, Esq. (BPR # 019336)
        1906 West End Avenue
        Nashville, TN 37203
        Telephone: (615) 320-3700
        jjacobson@rjfirm.com
        kklein@rjfirm.com

        -and-

        **MINTZ & GOLD LLP**
        Steven G. Mintz (admitted pro hac vice)
        Terence W. McCormick (admitted pro hac vice)
        Scott A. Klein (admitted pro hac vice)
        600 Third Avenue – 25th Floor
        New York, NY 10016
        Telephone: (212) 696-4848
        mintz@mintzandgold.com
        mccormick@mintzandgold.com

        *Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

on this 23rd day of February, 2024.

s/John R. Jacobson