IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>        Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>        Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br><br>**<u>RESPONSE IN OPPOSITION OF</u>**<br>**<u>PLAINTIFF'S THIRD MOTION TO</u>**<br>**<u>COMPEL</u>** |

Defendant Guidepost Solutions LLC ("Guidepost") respectfully submits this Response in Opposition to Plaintiff's Third Motion to Compel (Doc. 130), which seeks to compel Guidepost's attendance and the production of documents at a 30(b)(6) deposition, for which Guidepost's witness is unable to attend and before the parties have addressed, through a substantive meet and confer, Guidepost's objections to the topics identified and documents demanded in Plaintiff's Amended 30(b)(6) Notice. (Docs. 131.1, 135.) Contrary to Plaintiff's now tired narrative, Guidepost is not obstructing discovery efforts. Guidepost seeks only to protect itself from Plaintiff's unnecessarily harassing and abusive discovery demands.

## BACKGROUND

Plaintiff served two 30(b)(6) notices on Guidepost, the first, served February 5, 2024, included thirteen topics and six document requests, and set the deposition for February 14, 2024. (Doc. 135.1.) Following the service of Guidepost's written objections to the original Notice on February 9, 2024 (Doc. 135.4), Plaintiff served an Amended Notice on February 12, 2024, including the same thirteen topics and six document requests, but this time setting the deposition

for February 26, 2024. (Doc. 135.5.) Notwithstanding the facts that the February 26 deposition date did not allow for the requisite 30 days to produce documents pursuant to Rules 30(b) and 34 nor did Plaintiff engage in a substantive meet and confer with Guidepost regarding the scope of the 30(b)(6) deposition, on February 21, 2024, Plaintiff prematurely filed his Third Motion to Compel (Doc. 130), seeking to compel all Defendants to sit for 30(b)(6) depositions on February 26 (Guidepost), February 27 (the Executive Committee of the Southern Baptist Convention ("EC")), and February 28 (the Southern Baptist Convention ("SBC")), as noticed. (Docs. 131.1, 131.2, 131.4.)

On February 22, 2024, Guidepost filed its Motion for Protective Order (Doc. 133) asking this Court to enforce the parties' obligation to meet and confer about the topics to be included in Guidepost's Rule 30(b)(6) deposition, whether documents will be produced in connection with that deposition, and to find a mutually agreeable date for the deposition. Guidepost will not repeat here the tortured history that led to the filing of its Motion for Protective Order; rather, Guidepost incorporates by reference the factual discussion and arguments contained in its Motion, the supporting memorandum (Doc. 134) and the Declaration of Scott Klein, including the exhibits thereto. (Docs. 135, 135.1-8.)

Guidepost respectfully requests that Plaintiff's Third Motion to Compel be denied outright and, as requested in Guidepost's Motion for Protective Order and allowed by Fed. R. Civ. P. 37(5)(B), enter a protective order (1) excusing Guidepost from the February 26 deposition date, (2) requiring Plaintiff to meet and confer with Guidepost – in good faith – regarding the scope of the deposition, including document production, (3) requiring the parties to mutually agree upon a deposition date, and (4) awarding Guidepost its costs and attorneys' fees associated with Plaintiff's Third Motion to Compel.

2

# BACKGROUND

Since the filing of Plaintiff's Third Motion to Compel and Guidepost's Motion for Protective Order, Plaintiff resolved his disputes with the EC and the SBC, with both 30(b)(6) depositions moving forward on February 27. (Doc. 138.) Notably, Plaintiff did not seek documents in his 30(b)(6) notices to the EC and the SBC.

Soon after reaching resolution with the EC and the SBC, Plaintiff's counsel sent an email to Guidepost's counsel on February 23, at 10:46 am CT, stating as follows:

> *Steve and Scott:*
>
> *We resolved our Motion to Compel this am with the SBC and the SBC EC.*
>
> *We will be proceeding with testimony on February 26 only (aiming to do each corporate deposition that day). We continue to want to resolve our issue with Guidepost. We will proceed if authorized by the Court on Monday.*
>
> *We now have February 28 available for the corporate deposition of Guidepost based on the resolution this am and are willing to proceed on that day with the Guidepost testimony if that will resolve the issue.*
>
> *Please let us know as we intend to advise the Court of our resolution with the SBC and the SBC EC this am.*
>
> *Best regards*

A copy of Plaintiff's February 23 email is attached as <u>Exhibit 1</u>.

Plaintiff's unilateral deadline for Guidepost to accept the February 28 date, first offered at 10:46 am on February 23, allowed **74 minutes** for a response. Notably absent from Plaintiff's email is any suggestion about a meet and confer to discuss the scope of the depositions, including document requests, something Plaintiff has been unwilling to do at a time convenient to both parties since issuing his original 30(b)(6) Notice to Guidepost, served February 5, and his Amended Notice to Guidepost, served February 12. (*See* Doc. 135, ¶¶ 8, 11-12, 14-15 and Docs.

135.2-3, 135.6-8.) Again, Guidepost sent its Responses and Objections to the noticed topics and document requests on February 9, only four days after receiving the original Notice. (Doc. 135.4.)

Included in Guidepost's objections was the fact that Plaintiff had not allowed for the requisite 30 days to produce documents pursuant to Rule 34. The original Notice called for a February 14 deposition, with the production of documents on February 13, which was 8 days after service of the Notice. The Amended Notice, which set a February 26 deposition date, only moved the document production deadline back to February 23, 18 days after service of the original Notice.

Among the topics and documents Plaintiff is seeking in his 30(b)(6) notices are the following:

- The total amount of time billed by each Guidepost employee or independent contractor for work on the Report, for the portion of the Report related to Plaintiff, and the total amount of money that Guidepost was paid for that work. (Topic 4, Document Request 3)

- Guidepost's financial statements for the years 2020-2023 including its balance sheets, income statements, cash flow statements, and its statements of changes in financial position. (Topic 5, Document Request 2)

- All documents pertaining to engagements entered into by Guidepost each month in 2020-2023. (Document Request 4)

- Prior to and after publication of the Report, the total number of clicks, views and overall engagement on links and banners on Guidepost's website related to the report and on any social media posts pertaining to the Report. (Topic 8)

4

- Changes in positions, roles, titles, or compensation of anyone associated with Guidepost who worked on the Report after the Report was published. (Topic 9, Document Request 6)

(Doc. 135.4.)

After receiving Plaintiff's February 23 email offering a February 28 deposition date but no clarity on the scope of that deposition, Guidepost responded that same day at 3:31 pm CT:

*Rob,*

*Thanks for the email.*

*Guidepost is not available on Feb. 28. From Guidepost's perspective, our current plan is to have Krista Tongring be Guidepost's 30(b)(6) corporate representative. Since her individual deposition has not been rescheduled yet, we propose doing them both on the same day.*

*Based on Ms. Tongring's availability, we propose March 20 or March 21. Ms. Tongring is away the entire week of March 4 on business and is traveling parts of the following week. As a backup, Ms. Tongring can try to make herself available on March 13, but that would have to be held in NYC.*

*This will give the parties time to meet and confer on both the topics and the document requests, and then conduct both depositions in one day. Please let us know if this works for you, and we also should try to coordinate/confirm these dates with EC and SBC counsel.*

*Regards,*

*Scott*

A copy of Guidepost's February 23 email to Plaintiff's counsel is attached as <u>Exhibit 2</u>.[1]

Plaintiff's counsel has yet to respond to Guidepost's proposal.

---

[1] Plaintiff canceled Ms. Tongring's deposition, previously scheduled for February 2, 2024, because his counsel decided to take two full days to depose Guidepost investigators Mr. Holske and Ms. Kilpatrick. (Doc. 134, p. 6 and n.4.)

5

# ARGUMENT

Plaintiff would rather fight about discovery than take or produce discovery. That is the only explanation as to why Plaintiff utterly refuses to meet and confer with Guidepost on the scope of Guidepost's 30(b)(6) deposition. During the one and only telephonic meet and confer session relating to this deposition – held February 13, 2024 – Plaintiff was unprepared to discuss the scope of the deposition even though Guidepost served its responses and objections on February 9. (Doc. 135, ¶ 12; Doc. 135.7.) Guidepost has asked multiple times for a subsequent meeting to discuss scope and each time Plaintiff ignored that request. (Doc. 135.7 and Exh. 2.)

And for the avoidance of doubt, although Guidepost has interposed various objections to the Rule 30(b)(6) topics and document requests (and they are meritorious), Guidepost *also* believes that there are some topics where the parties could meet in the middle and allow the deposition to go forward without the need for motion practice. Guidepost has been and is eager to have that conversation. But Plaintiff doesn't *want* to resolve issues through discussion; he wants to file discovery motions in an effort to accuse Guidepost of obstruction.

Plaintiff knows his requests are unreasonable[2], but he would rather accuse Guidepost of hiding information and destroying documents – to which there is no proof – than engage in any substance. Indeed, Plaintiff's Third Motion to Compel rehashes his arguments contained in his pending Second Motion to Compel (Docs. 106-07) which, among other things, criticizes Guidepost's AEO designations (Doc. 131, ¶ 2; Doc. 107, § A), which were ordered by the Court (Docs. 76, 83), and erroneously accuses Guidepost of intentionally delaying and destroying

---

[2] For example, Plaintiff seeks information and monthly documentation pertaining to all engagements – not just the SBC engagement – entered into by Guidepost for the years 2020, 2021, 2022 and 2023; detailed financial records for the entirety of Guidepost's business for those same years; and billing and wage information and records for the employees and contractors who worked on the Report – not just those portions related to Plaintiff. (Doc. 135.4.)

documents. (Doc. 131, ¶ 4, Doc. 107, § B.) These issues were thoroughly addressed by Guidepost in its Response to the Second Motion (Docs. 113, 115, §§ A-B), but in any event, these issues have nothing to do with the scope of Plaintiff's 30(b)(6) notice and his failure to address that scope with Guidepost.

Paragraphs 5 through 8 of Plaintiff's Third Motion to Compel accuse Guidepost of intentionally delaying the 30(b)(6) deposition, which was set for February 26 in the Amended Notice. Plaintiff's argument ignores three crucial facts: (1) Guidepost never confirmed February 26 as a date certain for the deposition, (2) Plaintiff refused to meet and confer regarding the scope of the deposition, without which the deposition could not practically take place, and (3) Plaintiff ignored Rule 30(b) and Rule 34 requirements allowing for 30 days to produce documents.

*First*, Guidepost's Motion for Protective Order, and the supporting Declaration of Scott Klein clearly show, through the written exchanges of the parties, that Guidepost never confirmed February 26 as a date certain for the deposition. (Docs. 134, 135, ¶¶ 8-9, 11-15; Docs. 135.3, 135.5-7.) On February 23, Guidepost offered three possible deposition dates, March 20, March 21, and, potentially, March 13, conditioned of course on a substantive meet and confer regarding scope, but Plaintiff, who demands that Guidepost (and the other Defendants) respond to him within hours and, sometimes, minutes (*see* Exh. 1; *see also* Docs. 135.2-3), has not yet responded to Guidepost's proposed dates and the setting of a meet and confer. (Exh. 2.)

*Second*, after the February 13, 2024 meet and confer between Plaintiff and Guidepost, in which Plaintiff refused to discuss the scope of the deposition, including Guidepost's written objections, Plaintiff never suggested or agreed to a subsequent meet and confer to discuss the scope. Multiple times since February 13, Guidepost has asked Plaintiff to set a meet and confer date, the latest request having been made the afternoon of February 23. (Docs. 135, ¶¶ 12, 14; Doc.

7

135.7, Exh. 2.) Plaintiff has ignored Guidepost's requests to meet and confer regarding certainty on the topics and documents because he wants to force a deposition date and then argue, as he has done in the three prior Guidepost depositions, that Guidepost is hiding information from Plaintiff, the Court, and the jury.

Plaintiff cannot force a deposition after ignoring his obligation to confer in good faith on the scope of the 30(b)(6) deposition, which the Rule itself specifically requires: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *See also Jones v. Varsity Brands*, LLC, 2022 WL 1785278, *4 (W.D. Tenn June 1, 2022.) (rejecting a party's argument that a motion for protective order was untimely because the party intentionally delayed proper engagement in the meet and confer process regarding objections to the scope of a noticed 30(b)(6) deposition).

Guidepost properly and timely objected to certain of Plaintiff's noticed topics and document requests. As highlighted above, certain of those topics are duplicative of testimony already obtained from previous deponents, harassing and wildly disproportional to the needs of the case – *e.g.*, financial information – per month – related to **all** Guidepost's engagements for a four-year period. Rule 26(b) applies to Rule 30(b)(6) discovery, and Guidepost has every right to seek to limit, first through the meet and confer process, the scope of the deposition, the testimony pursuant to which is binding on the company. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121-22 (E.D. Mich. 2019).

*Third*, Plaintiff's unilateral timeline – that Guidepost produce documents on or before February 23 for a deposition on February 26 – ignores Rule 30(b), which allows for 30 days to produce documents pursuant to Rule 34. *See, e.g., Edwards*, 331 F.R.D. at 124 (citing *Olmstead v. Fentress County, Tennessee*, 2018 WL 6198428, *4, n.1 (M.D. Tenn. Nov. 28, 2018).) Based

8

on Plaintiff's original Notice, served February 5, Plaintiff's February 23 production date afforded Guidepost only 18 days to produce documents. Even if production were required at the noticed deposition date – February 26, which is 21 days from the original Notice – Plaintiff still has not complied with the 30-day requirement dictated by Rule 30(b) and Rule 34. Plaintiff never sought leave from the Court to expedite the time frame for production of documents and, indeed, as of the date of this filing, 30 days from service of the original Notice still have not passed. Plaintiff's Third Motion to Compel, filed February 21, 2024, was prematurely and frivolously filed, in flagrant violation of the Federal and Local Rules.

Rule 30(b)(6)'s requirement that the parties confer about the matters to be covered in the deposition exists for good purpose, including ensuring the correct witnesses can be designated by the organizational defendant. Plaintiff's attempt to circumvent that process and compel a deposition on a date that was ultimately not confirmed as available is inappropriate and contravenes what the Rules of Civil Procedure envision.

## CONCLUSION

Based on the foregoing, Guidepost respectfully asks the Court to deny Plaintiff's Third Motion to Compel. Guidepost further asks that pursuant to Rule 26(c) and Rule 37(a)(5)(B), the Court grant Guidepost's Motion for Protective Order, and enter an order (1) excusing Guidepost from the unconfirmed February 26, 2024 30(b)(6) deposition date, (2) requiring Plaintiff's counsel to meet and confer in good faith with Guidepost's counsel regarding the scope of the 30(b)(6) deposition, including topics, documents, and Guidepost's objections, and (3) once agreement is reached, require the parties to agree, in writing, to a specific date and time for the 30(b)(6) deposition that is convenient to all parties. Lastly, pursuant to Rule 26(c) and Rule 37(a)((5)(B), Guidepost is entitled to its costs and fees incurred in filing this Response as well as its Motion for

Protective Order based on Plaintiff's refusal to meet in good faith and adhere to the Federal and Local Rules.

    Respectfully submitted,

    /s/ John R. Jacobson
John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

10

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

on this 26th day of February, 2024.

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

By:     /s/  John R. Jacobson