IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23-cv-00243 |
| | )   Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

    Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1] Docket No. 1. All three Defendants have filed Motions to Dismiss, which are pending. Docket Nos. 25, 29, 31.

    This matter is now before the Court upon Mr. Hunt's "Motion for Expedited Ruling," in which Mr. Hunt asks the Court to rule on his recently-filed "Third Motion to Compel" before the time allotted under the Federal Rules of Civil Procedure for Defendants to respond.[2] Docket No.

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] Per the Federal Rules, the response deadline is March 6, 2024.

132, *see* Docket No. 130. Since Mr. Hunt filed his Motion, he has resolved this Motion with regard to SBC, the Executive Committee, and Bart Barber (SBC's current president), and Guidepost has filed its Response in Opposition to the Motion to Compel in advance of the date required under the Federal Rules, mooting the issue of deciding whether to proceed without Defendants' responses. *See* Docket No. 138, 141. Further, the stated reason for expediting a ruling on the Motion (the fact that noticed deposition dates were approaching) is also mostly moot, as all but one of the dates has now passed. Additionally, while Mr. Hunt alludes to the need to expedite a ruling in order to avoid prejudice, he does not provide any details as to the form that prejudice would take. To the extent that Mr. Hunt has taken the position that he would be prejudiced by having to take the noticed depositions at a later date, that issue is largely moot as well.

    Finally, the Parties are advised that as they have filed no fewer than fifteen discovery-related motions within the last two months, expedited review of any one motion is exceedingly unlikely. Meeting and conferring in a true spirit of attempting to resolve discovery conflicts is the best way to move expeditiously through this phase of the litigation. Bringing every conceivable difference to the Court for resolution all but guarantees the slowest possible progress, given the volume of motions presented.

    For the foregoing reasons, Mr. Hunt's Motion (Docket No. 132) is DENIED.

**IT IS SO ORDERED.**

_____
**Jeffery S. Frensley**
**United States Magistrate Judge**

2

Case 3:23-cv-00243   Document 145   Filed 02/29/24   Page 2 of 2 PageID #: 2002