# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION; GUIDEPOST SOLUTIONS LLC; and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, <br><br> Defendants. | Case No. 3:23-cv-00243 <br><br> Judge Campbell <br> Magistrate Judge Frensley |

## GUIDEPOST SOLUTIONS LLC'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF SECOND AMENDED AGREED PROTECTIVE ORDER

Pending before the Court is Defendant Guidepost Solutions LLC's Motion for Entry of Second Amended Protective Order. (Docs. 122-23). The proposed Second Amended Protective Order seeks only to expand the provisions of the existing Amended Protective Order (Doc. 83) to third parties. (Docs. 122.1-2.) At present and without the entry of the Second Amended Protective Order, production of documents from third party subpoena recipients is at a standstill. The third-party subpoena recipients are unwilling to produce documents unless and until they are encompassed within the protections provided by the proposed Second Amended Protective Order. (Doc. 122.)[1]

---

[1] Third party subpoena recipients North American Mission Board of the Southern Baptist Convention ("NAMB"), First Baptist Church of Woodstock ("FBCW"), and New Song Ministries, Inc. ("New Song"), along with Defendants the Southern Baptist Convention ("SBC") and the Executive Committee of the SBC, have all approved the language of the Second Amended Protective Order as submitted to the Court. (Docs. 123 at 1-2, 122.2.) Third party

Plaintiff Johnny Hunt, who has intentionally and unnecessarily delayed the facilitation of third-party discovery, originally opposed entry of the Second Amended Protective Order for no substantive reason, but simply because he does not agree with Guidepost's confidentiality and highly confidential – attorneys' eyes only designations.[2] (Doc. 122.3)  Now, with the filing of his Response on February 26, 2024, Plaintiff has changed course and has withdrawn his objection to the proposed Second Amended Protective Order: "The amendments proposed by Guidepost are not necessary for any third-party production to occur in the case. If Guidepost is more comfortable explicitly adding third parties to the Amended Agreed Protective Order, ***Plaintiff does not object.***" (Doc. 142 at 2) (emphasis supplied.)   As Guidepost's Motion for Entry is now unopposed, Guidepost respectfully asks that the Court enter the Second Amended Protective Order as soon as possible so that third-party discovery may proceed.

Despite his belated concession to the entry of the Second Amended Protective Order, Plaintiff still seeks to delay matters by proposing, for the first time in his Response, new language to the Second Amended Protective Order for purposes of including what Plaintiff believes to be good faith requirements for designations and monetary penalties to the prevailing party in a designation dispute.  (Doc. 142. at 2.) Indeed, Plaintiff did not ask to include additional language in his February 5, 2024 email objecting to the Second Amended Protective Order, nor did he propose such language in connection in his Second Motion to Compel, which specifically addresses the confidential and highly confidential designation issues.  (Doc. 122.3; *see also* Docs. 106, 109.)  Plaintiff simply objected outright to the entry of the Second Amended Protective Order.

---

subpoena recipient Roy Blankenship, through counsel, has agreed to be bound by the terms of the Amended Agreed Protective Order. (Doc. 83; *see* Doc. 123 at 2, n.2.)

[2]    Plaintiff's disagreement with Guidepost's designations made pursuant to the Amended Protective Order and the Court's November 22, 2023 Order is the subject of Plaintiff's Second Motion to Compel. (Docs. 106, 109.)

Plaintiff's proposed changes to the confidentiality and highly confidential designation language are contrary to the Court's November 22, 2023 Order, which specifically allows for highly confidential – attorneys' eyes only designations for matters including personal information relating to the survivor who was allegedly abused sexually by Plaintiff. (Doc. 76 at 6.) Further, these changes are not properly before this Court, having been presented by Plaintiff for the first time in his Response, and continuing a pattern of delay in preventing Guidepost and the other Defendants the opportunity to conduct discovery, in this instance, third party discovery.

In light of the withdrawal of Plaintiff's objection, Guidepost respectfully seeks the immediate entry of the Second Amended Protective Order so that third party discovery may proceed. Guidepost further asks that the Court reject Plaintiff's efforts to amend the confidentiality and highly confidential, attorneys' eyes only designations through its Response and in contravention of the requirements set forth in the Court's November 22, 2023 Order.

        Respectfully submitted,

        s/John R. Jacobson
        John R. Jacobson, Esq. (BPR # 014365)
        Katharine R. Klein, Esq. (BPR # 019336)
        Riley & Jacobson, PLC
        1906 West End Avenue
        Nashville, TN 37203
        Telephone: (615) 320-3700
        jjacobson@rjfirm.com
        kklein@rjfirm.com

        -and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue, 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Gene Ross Besen
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9758
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

E. Todd Presnell
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gretchen M. Callas
Thomas J. Hurney, Jr.
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
gcallas@jacksonkelly.com
thurney@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 1st day of March, 2024.

s/John R. Jacobson