IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23-cv-00243 |
| | )   Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1] Docket No. 1. All three Defendants have filed Motions to Dismiss, which are pending. Docket Nos. 25, 29, 31.

This matter is now before the Court upon two Motions that seek to modify the Case Management Order, one filed by Mr. Hunt and one filed by Guidepost. Docket Nos. 136, 139. The Parties have also filed Supporting Memoranda. Docket Nos. 137, 140. For the reasons set

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.

forth below, Guidepost's Motion (Docket No. 139) is GRANTED IN PART and Mr. Hunt's Motion (Docket No. 136) is GRANTED.

Mr. Hunt seeks to modify the Case Management Order to extend:

1. The deadline for the party bearing the burden of proof on an issue to identify and disclose all expert witnesses and expert reports to **March 29, 2024**;

2. The deadline for the party not bearing the burden of proof on the issue to identify and disclose all expert witnesses and reports to **May 3, 2024**; and

3. The deadline to depose any experts to **May 31, 2024**

Docket No. 137, p. 3 (emphasis in original).

As to Mr. Hunt's request for a one-month extension of the date by which the Parties are to disclose expert witnesses and serve expert reports, Guidepost states that "[b]y itself, this is not an unreasonable request and Guidepost would not be (and is not) disposed to oppose it." Docket No. 140, p. 2. Guidepost requests that the Case Management Order be modified as follows:

a. The party bearing the burden of proof on an issue must identify and disclose all expert witnesses and expert reports on or before March 29, 2024.

b. The current deadline to complete the deposition of fact witnesses shall be extended to April 19, 2024.

c. The current deadline to complete all written discovery shall be extended to April 19, 2024.

d. The current deadline for the parties to file discovery motions shall be extended to April 19, 2024.

e. The party not bearing the burden of proof on the issue shall identify and disclose all expert witnesses and reports on or before May 3, 2024.

2

     f.   Expert depositions shall be completed by May 24, 2024.

     g.   Dispositive motions must be filed no later than July 3, 2024, with responses due within 28 days after filing of the motion, and optional replies due within 14 days after the filing of the response.

     h.   The jury trial is set for November 12, 2024.

Docket No. 139, p. 2 (footnote omitted).

     As can be seen, Guidepost's requested modifications more or less encompass those of Mr. Hunt, with the slight modification of the deadline to depose experts by one week and some additional deadline extensions. Given the current state of discovery (an abysmal mess resulting from a complete breakdown of communication between the Parties), it is apparent that the Parties will need all the extensions they can get to prepare their cases and hope to be on track to present and respond to dispositive motions and if necessary, proceed to trial. The Court will therefore GRANT IN PART Guidepost's Motion (Docket No. 139) and modify the Case Management Order as set forth above, with the modification that the deadline for expert depositions will be May 31, 2024, as requested by Mr. Hunt. Mr. Hunt' Motion (Docket No. 136) is GRANTED.

     Further, the Court is extremely disturbed by the aforementioned breakdown in communication between the Parties. It appears that Mr. Hunt's counsel emailed Guidepost's counsel to meet and confer regarding his Motion, then filed that Motion the very same day. *See* Docket No. 140, p. 3-4. This resulted in Mr. Hunt filing an "opposed" motion that is not in fact opposed, leading to Guidepost filing a cross-motion that seeks essentially the same relief. All of this could have been avoided had counsel actually met and conferred as required by both the Local Rules and the Practices and Procedures of both Judge Campbell and Judge Frensley.

The Court has attempted to give the Parties some leeway in deciding the manner in which they meet the requirement to meet and confer, but it appears that a more structured process is necessary. Therefore, prior to filing any further discovery motions (except those that are unopposed), lead counsel must meet and confer in person. Any Party who files an opposed discovery motion must simultaneously file a notice stating when and where the required conference took place and listing the attendees.

Finally, counsel is to cease sending substantive discovery emails to Judge Frensley, the Frensley Chambers, or any member of Judge Frensley's staff. The chambers email address exists for the management of logistical matters, not for supplementing substantive motions practice. The proper way to bring matters to the Court's attention is by filing a document in the public record, which counsel have shown themselves very capable of doing. Emails to the Court confuse the record and make it impossible for the Court to cite to publicly-available documents when creating orders.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**