IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley |

**GUIDEPOST SOLUTIONS LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Guidepost respectfully submits this Reply in response to Hunt's Response in Opposition to Guidepost's cross-motion to compel discovery (ECF Doc. No. 144) ("Response") and in further support of Guidepost's cross-motion. Defined terms have the same meaning as in Guidepost's first submission. (ECF Doc. No. 125-128.)

A. **Hunt's Failure to Produce Emails and Text Messages**

At the outset, Hunt has ***conspicuously*** failed to acknowledge Guidepost's argument that he was under an obligation to preserve all documents relating to his allegations in the Complaint as early as May 19, 2022, when his then counsel W. Carl Lietz, III, of the firm of Finch McCranie, wrote letters to Guidepost and its investigator, Samantha Kilpatrick, asserting that Guidepost purportedly had a duty to deliver an *Upjohn* warning to Hunt during his interview ***and threatened litigation against them at the time***. (ECF Doc. No. 119 Exhibits G and H, respectively.) It is thus not enough to say that he started to preserve documents later when he "began considering filing this case." (Response at 3.)

Furthermore, Hunt's representation in his Response that he did not communicate via text message with the 42 people he identified in his interrogatory responses cannot be taken at face value. The unsworn assertion of Hunt's counsel that "[t]hat is just not how he communicates with people" (Response at 3) flies in the face of Hunt's own admission that he regularly used text messaging, including with his accuser and her husband.[1]

The Court should also note that Hunt has changed his position regarding document preservation just as he changed his story regarding his encounter with the alleged survivor. At one point, Hunt advised co-defendant Executive Committee of the Southern Baptist Convention that ***"[a]s a general practice, prior to the filing of this action, Plaintiff did not retain emails and text messages."*** He made a similar representation to Guidepost. But now Hunt suggests that there were no text messages to retain; supposedly, they never *existed* because he "has not had any *substantive* communications with anyone by email or text about the encounter or the Report." (Response at 2) (emphasis added).[2] This is exactly why a forensic examination of his phone and email hard drive is needed. It is not an answer to say that "Guidepost can ask Plaintiff about his email and texting habits when they depose him" (Response at 3)—only imaging the phone and retrieving lost messages from the cloud will now clear up the uncertainty.

---

[1] Hunt's protestation that he no longer has text messages or emails with survivor or her husband dating back to 2010 (because he no longer has the same phone) is a clever deflection from the fact that Johnny Hunt is no different from most other witnesses in this case and uses text messaging. He just doesn't want to produce messages ***from 2022 and 2023*** when asked.

[2] Guidepost does not understand what Hunt means by "substantive" communications. If the communications are responsive, they must be turned over. It is not ***Hunt's*** decision to determine whether text messages or emails referring to the Report are "substantive" enough for him to turn over or not.

B. **Documents Referred to in Hunt's Initial Disclosures**

Hunt still fails to address the fact that he identified several categories of documents that he claimed to have but has not produced, which include, but are not limited to: communications from the SBC and/or the Executive Committee to churches where Hunt was scheduled to speak and documents relating to the SBC's and/or the Executive Committee's structure. Guidepost respectfully refers the Court to its principal submission and requests that the Court order their production.

C. **Metadata**

Hunt produced an excel metadata document on the night of February 28, 2024 (after Guidepost filed the instant cross-motion to compel), which Hunt now claims moots the issue. However, the excel document, as Hunt well knows, fails to address Guidepost's concern. The metadata provided only showed the forward from Johnny Hunt to his wife Janet, the very top email on the string, and nothing else—still leaving open the questions of how Mr. Hunt received this email; whether he was bcc'd; or if he withheld documents if he was not bcc'd on that correspondence.

D. **Supplementation of Hunt's Privilege Log**

Guidepost is not asking Hunt to identify the substance of his communications with counsel—only to identify on a privilege log pre-filing communications and to properly log them. Guidepost does not seek to invade privilege—only to have the means to *test* it.

E. **Discovery Relevant to Emotional Injury and Monetary Damages**

Hunt has now promised in his Response to produce documents in the possession of his counselors to substantiate his claim for emotional damages. (Response at 6.) Guidepost requests that the Court "so order" this undertaking in its Order determining the instant cross-motion.

In response to Guidepost's argument that Hunt's excel calendar of possible or scheduled speaking engagements appears to be out of date and that more recent versions should be provided, Hunt now recites that he "will work with Guidepost to agree to a reasonable supplementation

3

schedule to cover such documents through trial." (Response at 7.) Hunt's speaking engagements are critical evidence of whether or by how much he was damaged by the alleged libel in the Report. Hunt is under a continuing obligation to supplement his disclosures pursuant to Fed. R. Civ. P. 26(e), and Guidepost respectfully requests that the Court Order Hunt to provide Defendants, on a monthly basis and until the trial of this action, any such speaking engagements or other sources of income from conferences, books, or otherwise.

F.     **Documents Regarding Restoration**

Guidepost reiterates that it is implausible that Hunt has only two communications regarding his restoration to the ministry. This is yet further evidence that a forensic analysis of Hunt's phone and email hard drives should be ordered to ascertain how many more documents relating to Mr. Hunt's alleged restoration exist.

G.     **Credit Card Statements**

It is fundamental that federal courts apply exacting scrutiny when diversity jurisdiction is invoked. As explained in Guidepost's principal submission, the requested credit card statements are material evidence of Hunt's domicile. Unsurprisingly, in Hunt's Response he points to all the documents he willingly provided in response to jurisdictional discovery and claims solely on the basis of those documents helpful to him that there can be no doubt he was a Florida domiciliary when he commenced this action. But Hunt doggedly resists producing the real time evidence of where he was eating his meals and from and to where he was traveling. (Response at 8.) Guidepost cannot avoid the conclusion that Florida is Hunt's second home, and Hunt is improperly using the federal forum (perhaps to avoid less favorable law in either the Georgia or Tennessee state courts). The Court should compel his compliance.

## H.     Fees and Expenses

For the reasons set forth in Guidepost's principal submission and this Reply, Hunt should be directed to pay Guidepost's expenses in the bringing of this cross-motion.

                                                      Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue, 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Gene Ross Besen
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9758
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

E. Todd Presnell
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gretchen M. Callas
Thomas J. Hurney, Jr.
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
gcallas@jacksonkelly.com
thurney@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 6th day of March, 2024.

                s/John R. Jacobson