IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00243 |
| ) | Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1]  Docket No. 1. All three Defendants have filed Motions to Dismiss, which are pending.  Docket Nos. 25, 29, 31.

This matter is now before the Court upon "Guidepost Solutions LLC's Opposed Motion for Entry of Second Amended Agreed Protective Order."  Docket No. 122.  Guidepost has also filed three exhibits, including red-lined and clean versions of the proposed Second Amended Agreed Protective Order, and a Supporting Memorandum.  Docket Nos. 122-1, 122-2, 122-3,

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee.  Docket No. 1-1, p. 2.

123.  Mr. Hunt has filed a Response in Opposition.[2]  Docket No. 142.  Guidepost has filed a Reply.  Docket No. 146.  For the reasons set forth below, Guidepost's Motion (Docket No. 122) is GRANTED.

Guidepost moves for the entry of the Second Amended Agreed Protective Order for the purpose of expanding the current operative Amended Agreed Protective Order "to allow third-party subpoena recipients to exercise the confidentiality and attorneys' eyes only designations set forth in the Amended Agreed Protective Order currently applicable in this case, and to require third parties to sign an acknowledgement of confidentiality designations and to be bound by the terms of the Amended Agreed Protective Order."  Docket No. 122, p. 1, *citing* Docket No. 83.  Guidepost represents that at least three third-party subpoena recipients "are unwilling to produce documents unless and until they are encompassed within the protections provided by the proposed Second Amended Protective Order."  Docket No. 146, p. 1 (citation and footnote omitted).

Mr. Hunt does not appear to oppose extending the protections of the Amended Agreed Protective Order to third parties, stating that "[i]f Guidepost is more comfortable explicitly adding third parties to the Amended Agreed Protective Order, [Mr. Hunt] does not object."  Docket No. 142, p. 2.  Neither does Mr. Hunt dispute Guidepost's assertion that third-party document production has come to a standstill over this issue.  *See* Docket No. 142 (although Mr. Hunt does maintain that "[t]he amendments proposed by Guidepost are not necessary for any third-party productions to occur in this case").

---

[2] None of the other Defendants have responded to the Motion, but Guidepost states that SBC and the Executive Committee "are in agreement with the proposed revisions and do not oppose this motion."  Docket No. 122, p. 1.

2

All Parties agree that discovery is not progressing optimally and have expressed, through various briefings, a desire for this matter to be expedited. To that end, and because such extension is unopposed, the Court will extend the protections of the Amended Agreed Protective Order to third parties as expressed in the proposed Second Amended Protective Order in an effort to help move discovery along.

In his Response, Mr. Hunt also requests that the Court add language to the Amended Agreed Protective Order that relates to the process for designating documents as Highly Confidential or Highly Confidential – Attorneys' Eyes Only. Docket No. 142, p. 2. It is clear from the Parties' briefs that they have not met and conferred on the issue of this additional language.[3] Therefore, it is not properly before the Court in this Motion. Mr. Hunt may file a motion asking for the addition of such language if the Parties are unable to come to an agreement on the issue after meeting and conferring according to the process set forth in the Court's recent Order. Docket No. 147.[4]

For the foregoing reasons, Guidepost's Motion (Docket No. 122) is GRANTED. The Clerk is directed to enter Docket No. 122-2 as the Second Amended Protective Order.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

---

[3] To the extent that Mr. Hunt argues that "appropriate safeguards need to be adopted to prevent the continued misuse of AEO designations," that general concern (as opposed to the particular proposed language suggested in Mr. Hunt's Response or the concept of extending the protections of the Amended Protective Order to third parties) is already before the Court in the form of Mr. Hunt's Motion to Compel and will be addressed in due course. *See* Docket No. 106.

[4] No Party is to refuse to meet and confer until after the Court's resolution of any pending motion. Conferences should be scheduled as soon as counsel can practicably arrange given their other commitments.