IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br><br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley |

## ANSWER OF GUIDEPOST SOLUTIONS LLC

Defendant Guidepost Solutions LLC ("Guidepost" or "Defendant"), by and through its undersigned attorneys, Riley & Jacobson, PLC, and Mintz & Gold LLP, hereby answers the Complaint (the "Complaint") of Plaintiff Johnny M. Hunt ("Hunt" or "Plaintiff"), as follows:

1.     Defendant responds that the allegations contained in paragraph 1 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies the allegations contained in paragraph 1 of the Complaint.

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff was the President of the Southern Baptist Convention ("SBC").

3.     Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.     Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.  Defendant respectfully refers the Court to the 2019 Houston Chronicle articles titled "Abuse of Faith," for their meaning and contents and otherwise denies knowledge or information sufficient to form a belief as to the contents of the publication in 2019.

7.  Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.  Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.  Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 13 of the Complaint, except denies that Defendant publicly released the Report, and denies the allegations contained in the third sentence of paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in the first two sentences of paragraph 14 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in the first sentence of paragraph 16 of the Complaint, denies the allegations contained in the second sentence of paragraph 16 of the

2

Complaint, and responds that the allegations contained in the third sentence of paragraph 16 of the Complaint constitute a legal conclusion to which no response is required.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant responds that the allegations contained in paragraph 18 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies that the Court has subject matter jurisdiction over the action.

19. Defendant responds that the allegations contained in paragraph 19 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies that Plaintiff is entitled to any relief.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admits that Plaintiff is a public figure.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and respectfully refers the Court to the Houston Chronicle articles titled "Abuse of Faith" for their meaning and content.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and respectfully refers the Court to the contents of the "Abuse of Faith" series for their contents.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and respectfully refers the Court to the contents of the "Abuse of Faith" series for their contents.

34. Defendant respectfully refers the Court to the Engagement Agreement for its contents, and otherwise denies knowledge or information sufficient to form a belief as to the reason the SBC engaged Guidepost in 2021.

35. Defendant admits that Guidepost was engaged to conduct an independent investigation into the Executive Committee in accordance with the Engagement Agreement attached as Exhibit A to the Complaint and respectfully refers the Court to the Engagement Agreement for its contents, which speak for themselves, and otherwise denies any remaining allegations contained in paragraph 35 not specifically admitted herein and that are in any way inconsistent with the foregoing response.

36. Defendant responds that the allegations contained in paragraph 36 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant respectfully refers the Court to the Engagement Agreement for its full meaning and contents and otherwise denies knowledge and information sufficient to form a belief as to the truth of the first two sentences of the allegations contained in paragraph 37 of the Complaint. Defendant further responds that the third sentence of the allegations contained in paragraph 37 of the Complaint constitutes a legal conclusion to which no response is required and otherwise denies any remaining allegations contained in paragraph 37 not specifically admitted herein and that are in any way inconsistent with the foregoing response.

38. In response to the allegations contained in paragraph 38 of the Complaint, Defendant admits that Guidepost was engaged to conduct an independent investigation into the Executive Committee in accordance with the Engagement Agreement attached as Exhibit A to the Complaint and respectfully refers the Court to the Engagement Agreement for its contents, which speak for themselves.

39. In response to the allegations contained in paragraph 39 of the Complaint, Defendant respectfully refers the Court to the Engagement Agreement and otherwise denies the allegations contained in paragraph 39 of the Complaint.

40. In response to the allegations contained in paragraph 40 of the Complaint, Defendant admits that paragraph 40 accurately quotes from a portion of the Engagement Agreement and refers the Court to the Engagement Agreement for a complete statement of its contents, and otherwise denies any remaining allegations contained in paragraph 40 of the Complaint not specifically admitted herein and that are in any way inconsistent with the foregoing response.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. In response to the allegations contained in paragraph 42 of the Complaint, Defendant admits that the Engagement Agreement provided that Guidepost would be indemnified within certain parameters and respectfully refers the Court to the Engagement Agreement for a complete statement of its contents.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant admits that a copy of the Report is attached as Exhibit B to the Complaint, and respectfully refers the Court to the Report for its contents, and otherwise denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Defendant admits that paragraph 45 accurately quotes from a portion of the Report, and respectfully refers the Court to Exhibit B to the Complaint for its contents, and otherwise denies any remaining allegations contained in paragraph 45 of the Complaint not specifically admitted herein and that are in any way inconsistent with the foregoing response.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. In response to the allegations contained in paragraph 50 of the Complaint, Defendant respectfully refers the Court to the copy of the Report attached as Exhibit B to the Complaint for its contents, and otherwise denies any remaining allegations contained in paragraph 50 of the Complaint not specifically admitted herein and that are in any way inconsistent with the foregoing response.

51. In response to the allegations contained in paragraph 51 of the Complaint, Defendant respectfully refers the Court to the copy of the Report attached as Exhibit B to the Complaint for its contents, and otherwise denies the characterizations set forth in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. In response to the allegations contained in paragraph 63 of the Complaint, respectfully refers the Court to the Engagement Agreement for a complete statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to what the Executive Committee or SBC did or did not do. Further, Defendant specifically denies that the allegations against Plaintiff were "outside the scope of Guidepost's engagement" and otherwise denies any remaining allegations contained in paragraph 63 of the Complaint not specifically admitted herein and that are in any way inconsistent with the foregoing response.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and otherwise respectfully refers the Court to the publications cited by Plaintiff for their contents.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and otherwise respectfully refers the Court to the publications cited by Plaintiff for their contents.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and otherwise respectfully refers the Court to the tweet cited by Plaintiff for its contents.

71. Defendant responds that the allegations contained in paragraph 71 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and otherwise respectfully refers the Court to the letter cited by Plaintiff for its contents.

74. In response to the allegations contained in the first and third sentences of paragraph 74 of the Complaint, Defendant respectfully refers the Court to the letter cited by Plaintiff and the SBC definition, respectively, for their contents, and otherwise denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant responds that the allegations contained in paragraph 75 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies the allegations.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant admits that counsel for Plaintiff sent Guidepost a letter in the form attached to the Complaint as Exhibit F and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Defendant admits that Guidepost did not issue a retraction or publish an editorial in response to the letter referred to in paragraph 78 of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Defendant repeats and realleges its responses to paragraphs 1 through 78 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant responds that the allegations contained in paragraph 82 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies that Plaintiff is entitled to any relief.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. Defendant repeats and realleges its responses to paragraphs 1 through 88 of the Complaint.

90. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 90 of the Complaint.

91. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 91 of the Complaint.

92. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 92 of the Complaint.

93. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 93 of the Complaint.

94. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 94 of the Complaint.

95. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 95 of the Complaint.

96. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 96 of the Complaint.

97. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 97 of the Complaint.

98. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 98 of the Complaint.

99. By its Order dated and entered on March 8, 2024, the Court dismissed Count II of the Complaint. Accordingly, no response is required to the allegations contained in paragraph 99 of the Complaint.

100. Defendant repeats and realleges its responses to paragraphs 1 through 99 of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant repeats and realleges its responses to paragraphs 1 through 103 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

109. Defendant repeats and realleges its responses to paragraphs 1 through 108 of the Complaint.

110. Defendant responds that the allegations contained in paragraph 110 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies that Plaintiff is entitled to any relief.

111. Defendant denies the allegations contained in paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in paragraph 113 of the Complaint.

114. Defendant repeats and realleges its responses to paragraphs 1 through 113 of the Complaint.

115. Defendant responds that the allegations contained in paragraph 115 of the Complaint constitute a legal conclusion as to which no answer is required, and to the extent an answer is required, denies the allegations contained in paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in paragraph 117 of the Complaint.

118. Defendant denies there are any triable issues in this matter.

119. Defendant denies Plaintiff is entitled to a judgment in his favor or any relief in this matter.

120. Defendant denies any allegation not specifically admitted herein and denies any and all requests for relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant asserts the following additional and affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on any of these matters.

### FIRST DEFENSE

Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that this Court possesses subject matter jurisdiction over this matter because complete diversity does not exist among the parties.

### THIRD DEFENSE

This action is barred pursuant to the ecclesiastical abstention doctrine.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Tennessee State Constitution.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are true or substantially true.

## SEVENTH DEFENSE

In Defendant's performance of its investigation pursuant to the Engagement Letter, it rendered a thorough, truthful, objective and competent report of its findings in accordance with the standard of care applicable to an investigative firm engaged in such matters.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is a public figure and Guidepost did not act with actual malice.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements concerned matters of substantial public interest and legitimate public concern and Guidepost did not act with actual malice.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Guidepost's provision of the Report to the SBC Task Force and the Committee on Cooperation was a communication made in good faith on a matter in which Guidepost had an interest and in reference to which Guidepost had a duty to its clients, which had a corresponding interest, and was not published by Guidepost to any third party, and the communication was therefore protected under a qualified privilege.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements are protected opinion.

## TWELFTH DEFENSE

Plaintiff's alleged damages, if any, are speculative and hypothetical, and are not cognizable as a matter of law.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the allegedly defamatory statements did not cause or contribute to the alleged damages suffered by Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's own acts, rather than Guidepost's acts, caused and/or are responsible for Plaintiff's alleged injury.

## SIXTEENTH DEFENSE

To the extent Plaintiff has suffered any losses, damages or detriment, in any sum or amount whatever, such harm was caused by the intentional or negligent acts, omissions or misconduct of others and not by Defendant.

## SEVENTEENTH DEFENSE

Defendant has not engaged in any acts or practices that were undertaken in bad faith. Plaintiff's damages and remedies, if any, are limited by the innocent intent and good faith of the Defendant.

## EIGHTEENTH DEFENSE

To the extent that the Complaint purports to impose liability upon Guidepost for any claim accruing against Guidepost prior to one year before the commencement of the instant action, the claim is barred in whole or in part by the statute of limitations.

## NINETEENTH DEFENSE

Exemplary or punitive damages are not recoverable because Guidepost did not act with either common-law malice or constitutional malice.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant affirmatively pleads each and every additional and affirmative defense raised by co-defendants in this matter and reserves the right to assert, by consent or by motion under Fed. R. Civ. P. 15, any additional defenses that become available or appear during the course of discovery or other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that this Court:

i      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

ii     Enter judgment in Defendant's favor;

iii    Award Defendant reasonable attorneys' fees, costs, and disbursements; and

iv    Grant such other and further relief as it deems appropriate.

Dated: March 22, 2024

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com
brody@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

on this 22nd day of March 2024.

s/John R. Jacobson