IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00243 |
| ) | Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, ) | |
| et al., ) | |
|     Defendants. ) | |

## ORDER

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. All three Defendants have filed Motions to Dismiss, which have been disposed of. Docket Nos. 25, 29, 31, 150, 151.

This matter is now before the Court upon two Motions that relate to the same subject matter. Mr. Hunt has filed his Third Motion to Compel, along with a Supporting Memorandum and other supporting documents. Docket Nos. 130, 131, 131-1 through 131-4. Guidepost has filed a Response in Opposition and supporting documents. Docket Nos. 141, 141-1, 141-2. Guidepost has filed a Motion for Protective Order and a Supporting Memorandum. Docket Nos. 133, 134.

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

Mr. Hunt has filed a Response in Opposition to Guidepost's Motion. Docket No. 149.

Both of the Parties' Motions pertain to the scheduling of and topics for depositions. *See* Docket Nos. 130, 133. Having read the briefs and other supporting documents, it is apparent to the Court that the Parties have not met and conferred in a good faith attempt to handle this matter among themselves. There is absolutely no reason why the Court should have to select deposition dates for the Parties, and the Parties should also be able to determine appropriate topics for deposition. The Court has recently noted its concern that the Parties are not meeting and conferring as required by the Local Rules, and has set forth a procedure for these meetings going forward. Docket No. 147, p. 4.

Because it is apparent that the Parties have not met and conferred in good faith to address the issues set forth in their respective Motions, both Motions (Docket Nos. 130 and 133) are DENIED without prejudice to refiling if, after meeting and conferring using the procedure set forth in the Court's Order (Docket No. 147), the Parties are unable between them to schedule a deposition and agree on deposition topics.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**