IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No.: 23-CV-00243 |
| v. ) | JURY DEMAND |
| ) | |
| SOUTHERN BAPTIST CONVETION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER BY DEFENDANT SOUTHERN BAPTIST CONVENTION

Defendant Southern Baptist Convention (the "SBC") answers the Complaint filed by Plaintiff Johnny M. Hunt ("Plaintiff") as follows:

1. The SBC denies the allegations contained in Paragraph 1 of the Complaint.

2. The SBC admits Plaintiff is a public figure, having previously held the office of President of the SBC. The SBC further admits approximately 50,000 churches across the country cooperate with the SBC. The SBC denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. The SBC admits Plaintiff has made mistakes, including but not limited to being untruthful about the matters involving Plaintiff referenced in the Report of the Independent Investigation into the EC's Response to Sexual Abuse Allegations and Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022 (the "Guidepost Report") prepared by the defendant, Guidepost Solutions, LLC ("Guidepost"). The SBC denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. The SBC denies the allegations contained in Paragraph 4 of the Complaint.

5. The SBC admits the SBC faced allegations that it had improperly ignored reports of sexual abuse. The SBC denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. The SBC admits the Houston Chronicle published a six-part series in 2019 entitled "Abuse of Faith." The SBC admits the first article in the series was titled "20 years, 700 Victims: Southern Baptist Sexual Abuse Spreads as Leaders Resist Reforms" and contained a "collection of mug shots include[ing] many of the 220 people who worked or volunteered in Southern Baptist churches and, since 1998, were convicted of or pleaded guilty to sex crimes." The SBC denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The SBC admits that, in accordance with the mandate given by the SBC's Messengers, the Sexual Abuse Task Force (the "Task Force") retained Guidepost to conduct an independent investigation into the Executive Committee of the Southern Baptist Convention ("EC") and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. The SBC denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. The SBC admits that on May 22, 2022, the Guidepost Report was released, and that the Guidepost Report contained an account of sexual abuse committed by Plaintiff in 2010. The SBC denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. The SBC denies the allegations contained in Paragraph 9 of the Complaint.

10. The SBC denies the allegations contained in Paragraph 10 of the Complaint.

11. The SBC denies the allegations contained in Paragraph 11 of the Complaint.

12. The SBC denies the allegations contained in Paragraph 12 of the Complaint.

13. The SBC denies the allegations contained in Paragraph 13 of the Complaint.

14. The SBC admits Plaintiff is an individual. The SBC denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. The SBC admits the allegations contained in Paragraph 15 of the Complaint, except the SBC denies that it maintains its principal place of business in Tennessee.

16. The SBC admits Guidepost is a New York limited liability company and has an office in New York. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17. The SBC admits the EC is a Tennessee corporation with its principal place of business in Tennessee. The SBC admits the EC is the fiduciary, fiscal, and executive entity of the SBC in all its affairs not specifically committed to some other board or entity, including to act for the SBC ad interim in all matters not otherwise provided for.

18. The SBC denies the allegations contained in Paragraph 18 of the Complaint.

19. The SBC admits venue is proper in this Court and that the SBC is subject to personal jurisdiction in Tennessee. The SBC denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint.

22. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint.

24. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint.

25. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint.

27. The SBC admits Plaintiff pastored First Baptist Church in Woodstock, Georgia, which was one of the largest churches in the United States. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 of the Complaint.

28. The SBC admits the allegations contained in Paragraph 28 of the Complaint.

29. The SBC admits Plaintiff is a public figure and spoke at SBC conferences and conventions even after the 2010 account of sexual abuse described in the Guidepost Report and acknowledged in the Complaint. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

30. The SBC admits that following the reporting by the Houston Chronicle and the San Antonio Express News's six-part series, there were questions raised as to whether the SBC and its cooperating churches had appropriately handled allegations of sexual abuse. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30 of the Complaint.

31. The SBC admits the allegations contained in Paragraph 31 of the Complaint.

32. The SBC admits the Houston Chronicle's report referred to crimes committed against children, including referencing a woman who accused her former pastor of having

molested her when she was 14 years old. The SBC denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. The SBC admits Paragraph 33 of the Complaint accurately quotes from the article.

34. The SBC admits the Task Force retained Guidepost. The SBC further admits that Exhibit A is a true and accurate copy of the Engagement Agreement that contains the quoted language. The SBC denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. The SBC admits the Task Force, not the SBC, was Guidepost's client under the Engagement Agreement. The SBC admits the Engagement Agreement contains the quoted language. The SBC denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. The SBC denies the allegations contained in Paragraph 36 of the Complaint.

37. The SBC admits the Committee on Cooperation of the EC (the "Committee on Cooperation") was headed by the President of the SBC. The SBC further admits the remaining four members of the Committee on Cooperation were members of the EC. The SBC further admits that two members of the Committee on Cooperation were chosen by the EC and two were chosen by the Task Force. The SBC denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. The SBC admits Guidepost was charged with investigating: (1) Allegations of abuse by Executive Committee members; (2) Mishandling of abuse allegations by Executive Committee members between January 1, 2000, to June 14, 2021; (3) Allegations of mistreatment of sexual abuse victims by Executive Committee members from January 1, 2000, to June 14, 2021; (4) Patterns of intimidation of sexual abuse victims or advocates from January 1, 2000, to June 14, 2021; and (5) Resistance to sexual abuse reform initiatives from January 1, 2000, to June 14, 2021. The SBC denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. The SBC admits that Section 3.6 of the Engagement Agreement provided that a written report regarding Guidepost's independent investigation would be made public in its entirety prior to the 2022 SBC Annual Meeting in accordance with the motion approved by the Messengers. The SBC denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. The SBC admits Section 3.5 of the Engagement Agreement states, "[f]or the sole purpose of ensuring the factual accuracy of its report, Guidepost will provide a draft of any factual information contained in the report to the Task Force and the Committee on Cooperation 35 days prior to submitting it to the Task Force. The Committee on Cooperation may review the draft with Guidepost together with any supporting documents and/or information, in order to confirm the accuracy of the factual information presented in, relied upon, or related to matters and/or issues contained in the draft Report. Guidepost shall allow the Committee on Cooperation five (5) calendar days to review and dispute the factual information presented in, or relied upon, and/or related conclusions reached in the draft Report, and to provide supplemental documents and/or information to Guidepost." The SBC denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. The SBC admits that Section 3.6 of the Engagement Agreement provided that a written report regarding Guidepost's independent investigation would be made public in its entirety prior to the 2022 SBC Annual Meeting in accordance with the motion approved by the Messengers. The SBC denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. The SBC admits Section 5.1 of the Engagement agreement provides, "[t]he SBC agrees to indemnify Guidepost for any actions, judgments, or claims against Guidepost arising out of the Engagement, including but not limited to reimbursement for all Guidepost time charges,

fees, costs, reasonable attorney's fees and disbursements and defense or other costs associated with any such actions, judgments, or claims, unless and until it were to be finally adjudicated that Guidepost's actions were negligent, tortious, or beyond the scope of the Engagement." The SBC denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. The SBC admits the allegations contained in Paragraph 43 of the Complaint.

44. The SBC admits the Guidepost Report was released on May 22, 2022, and a copy of which is attached to the Complaint. The SBC denies the remaining allegations contained in Paragraph 44 of the Complaint.

45. The SBC admits the first sentence of the Executive Summary of the Guidepost Report states, "For almost two decades, survivors of abuse and other concerned Southern Baptists have been contacting the [EC] to report child molesters and other abusers who were in the pulpit or employed as church staff." The SBC denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. The SBC admits the allegations contained in Paragraph 46 of the Complaint.

47. The SBC admits the Guidepost Report did not find that an EC member had been accused of committing sexual abuse during his or her time on the EC.

48. The SBC denies the allegations contained in Paragraph 48 of the Complaint.

49. The allegations contained in Paragraph 49 of the Complaint relate solely to the conduct and motivations of Guidepost, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 49 of the Complaint.

50. The SBC admits that the first name mentioned in the Guidepost Report was Plaintiff. The SBC further admits the second page of the Executive Summary of the Guidepost Report states, "[d]uring our investigation, an SBC pastor and his wife came forward to report that

SBC President Johnny Hunt (2008-2010) had sexually assaulted the wife on July 25, 2010. We include this sexual assault allegation in the report because our investigators found the pastor and his wife to be credible; their report was corroborated in part by a counseling minister and three other credible witnesses; and our investigators did not find Dr. Hunt's statements related to the sexual assault allegation to be credible." The SBC denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. The SBC admits the wife is a "survivor" as referenced in the Guidepost Report. The SBC further admits the Guidepost Report references "survivors" as "those persons who actually suffered at the hands of SBC clergy or SBC church staff or volunteers."

52. The SBC denies the allegations contained in Paragraph 52 of the Complaint.

53. The SBC admits that a portion of the actions involving Plaintiff and the survivor referenced in the Guidepost Report occurred after Plaintiff's term as the SBC's President ended in 2010. The SBC denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the SBC denies the allegations contained in Paragraph 54 of the Complaint.

55. The SBC admits the Guidepost Report refers to Plaintiff's accuser as a "survivor." A portion of the allegations contained in Paragraph 55 of the Complaint state a legal conclusion to which no response is required. The SBC denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. The SBC denies the allegations contained in Paragraph 56 of the Complaint.

57. The SBC denies the allegations contained in Paragraph 57 of the Complaint.

58. The SBC admits Guidepost's scope of engagement was to investigate: (1) Allegations of abuse by Executive Committee members; (2) Mishandling of abuse allegations by

Executive Committee members between January 1, 2000, to June 14, 2021; (3) Allegations of mistreatment of sexual abuse victims by Executive Committee members from January 1, 2000, to June 14, 2021; (4) Patterns of intimidation of sexual abuse victims or advocates from January 1, 2000, to June 14, 2021; and (5) Resistance to sexual abuse reform initiatives from January 1, 2000, to June 14, 2021. The SBC denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. The SBC denies the allegations contained in Paragraph 59 of the Complaint.

60. The SBC denies the allegations contained in Paragraph 60 of the Complaint.

61. The SBC admits Plaintiff's accuser is a "survivor," which the Guidepost Report references as "those persons who actually suffered at the hands of SBC clergy or SBC church staff or volunteers." The SBC denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. The SBC denies the allegations contained in Paragraph 62 of the Complaint.

63. The SBC denies the allegations contained in Paragraph 63 of the Complaint.

64. The SBC denies the allegations contained in Paragraph 64 of the Complaint.

65. The SBC admits Plaintiff is a public figure. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 65 of the Complaint.

66. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint.

67. The SBC denies the allegations as to the "decision" to include the account of sexual abuse by Plaintiff in the Guidepost Report. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 67 of the Complaint.

68. The SBC denies the allegations contained in Paragraph 68 of the Complaint.

69. The SBC denies the allegations contained in Paragraph 69 of the Complaint.

70. The SBC admits the allegations contained in Paragraph 70 of the Complaint. While the SBC admits Mr. Barber was President of the SBC at the time of the tweet, it denies the tweet was being made in his capacity as President of or on behalf of the SBC.

71. The SBC denies the allegations contained in Paragraph 71 of the Complaint.

72. The SBC denies the allegations contained in Paragraph 72 of the Complaint.

73. The SBC admits the Credentials Committee sent a letter to Hiland Park Baptist Church on February 1, 2022, a copy of which is attached to the Complaint. The SBC denies the remaining allegations contained in Paragraph 73 of the Complaint.

74. The SBC admits the Credentials Committee's letter to Hiland Park Baptist Church states, "[t]he information we received raises a concern that Hiland Park Baptist Church may be acting in a way that is inconsistent with the Convention's beliefs regarding sexual abuse due to the church platforming Johnny Hunt, an individual who has been credibly accused of sexual abuse, according to the standards adopted by the Convention." The SBC denies the remaining allegations contained in paragraph 74 of the Complaint.

75. The SBC denies the allegations contained in Paragraph 75 of the Complaint.

76. The SBC denies the allegations contained in Paragraph 76 of the Complaint.

77. The SBC admits that counsel for Plaintiff sent the SBC a "Demand for Retraction and Repudiation" on or about March 1, 2023, a copy of which is attached to the Complaint. The SBC denies the remaining allegations contained in Paragraph 77 of the Complaint.

78. The SBC admits there has not been a retraction regarding the matters set forth in the Guidepost Report pertaining to Plaintiff.

79. The SBC repeats its responses to the allegations set forth above as if fully set forth herein.

80. The SBC denies the allegations contained in Paragraph 80 of the Complaint.

81. The SBC denies the allegations contained in Paragraph 81 of the Complaint.

82. The SBC denies the allegations contained in Paragraph 82 of the Complaint.

83. The SBC denies the allegations contained in Paragraph 83 of the Complaint.

84. The SBC denies the allegations contained in Paragraph 84 of the Complaint.

85. The SBC denies the allegations contained in Paragraph 85 of the Complaint.

86. The SBC denies the allegations contained in Paragraph 86 of the Complaint.

87. The SBC denies the allegations contained in Paragraph 87 of the Complaint.

88. The SBC denies the allegations contained in Paragraph 88 of the Complaint.

89. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

90. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

91. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

92. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

93. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

94. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

95. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

96. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

97. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

98. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

99. Pursuant to the Court's Memorandum dated March 8, 2024 [Doc. 150], this count has been dismissed and no response is required.

100. The SBC repeats its responses to the allegations set forth above as if fully set forth herein.

101. The SBC denies the allegations contained in Paragraph 101 of the Complaint.

102. The SBC denies the allegations contained in Paragraph 102 of the Complaint.

103. The SBC denies the allegations contained in Paragraph 103 of the Complaint.

104. The SBC repeats its responses to the allegations set forth above as if fully set forth herein.

105. The SBC denies the allegations contained in Paragraph 105 of the Complaint.

106. The SBC denies the allegations contained in Paragraph 106 of the Complaint.

107. The SBC denies the allegations contained in Paragraph 107 of the Complaint.

108. The SBC denies the allegations contained in Paragraph 108 of the Complaint.

109. The SBC repeats its responses to the allegations set forth above as if fully set forth herein.

110. The SBC denies the allegations contained in Paragraph 110 of the Complaint.

111. The SBC denies the allegations contained in Paragraph 111 of the Complaint.

112. The SBC denies the allegations contained in Paragraph 112 of the Complaint.

113. The SBC denies the allegations contained in Paragraph 113 of the Complaint.

114. The SBC repeats its responses to the allegations set forth above as if fully set forth herein.

115. The SBC denies the allegations contained in Paragraph 115 of the Complaint.

116. The SBC denies the allegations contained in Paragraph 116 of the Complaint.

117. The SBC denies the allegations contained in Paragraph 117 of the Complaint.

118. The SBC admits Plaintiff has demanded a trial by jury in Paragraph 118 of the Complaint.

119. The SBC denies Plaintiff is entitled to any relief as alleged in Paragraph 119 of the Complaint.

# AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because the Complaint fails to state claims upon which relief can be granted.

2. Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this action.

3. Plaintiff's claims are barred pursuant to the ecclesiastical abstention doctrine.

4. Plaintiff's claims are barred pursuant to the First Amendment to the United States Constitution.

5. Plaintiff's claims are barred pursuant to Article I, Section 19 of the Tennessee Constitution.

6. Plaintiff's claims are barred because any alleged statements made the basis of Plaintiff's claims were a matter of public concern.

7. Plaintiff's claims are barred because Plaintiff cannot attribute any tortious conduct to the SBC.

8. The SBC adopts and relies upon the doctrine of comparative fault. To the extent the SBC is found to be at fault, which is denied, any fault by the SBC should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including but not limited to the Plaintiff and/or Guidepost.

9. Plaintiff's defamation claim is barred because the alleged defamatory statements are true and/or substantially true.

10. Plaintiff's defamation claim is barred because Plaintiff is a public figure and/or limited purpose public figure.

11. Plaintiff's defamation claim is barred because any statements that were made were privileged.

12. Plaintiff's invasion of privacy claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

13. Plaintiff's intentional infliction of emotional distress claim is barred because the conduct complained of was not intentional or reckless, was not outrageous, and did not cause Plaintiff serious mental injury.

14. Plaintiff's intentional infliction of emotional distress claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

15. Plaintiff's negligent infliction of emotional distress claim is barred because Plaintiff cannot establish any element of a negligence claim or that such negligence was the cause in fact and proximate cause of damages, if any, sustained by Plaintiff.

16. Plaintiff's public disclosure claim is barred because the alleged statements were a matter of public concern.

17. The SBC invokes the defense of independent contractor as set forth in Restatement (Second) Torts §409 and states that it is without fault for the claims alleged because it reasonably relied upon the expertise of an independent contractor and fault, if any, was in the work of an independent contractor over whom the SBC had no control or right of control as to the means and methods of the work.

18. Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages, if any.

19. To the extent Plaintiff has suffered any damages, his acknowledged improper conduct was the sole proximate cause of the harms alleged.

20. To the extent any noneconomic damages are awarded, the damages are capped pursuant to Tenn. Code Ann. § 29-39-102.

21. To the extent any punitive and/or exemplary damages are awarded, those damages are capped pursuant to Tenn. Code Ann. § 29-39-104.

22. To the extent any punitive and/or exemplary damages are awarded, those damages are barred because they would violate due process.

## JURY DEMAND

The SBC demands a trial by jury.

## PRAYER

The SBC, having fully answered the Complaint, prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That the SBC be awarded attorneys' fees and costs incurred in defending the Complaint; and

3. That the SBC be awarded such other and further general and equitable relief to which it is entitled.

**DATED: April 5, 2024.**

Respectfully submitted,

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

By: */s/ Matthew C. Pietsch*
L. Gino Marchetti, Jr., BPR No. 005562
Matthew C. Pietsch, BPR No. 024659
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
(615) 320-3244 Fax
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for Defendant*
*Southern Baptist Convention*

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **April 5, 2024**:

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
Bradley Arant Boult Cummings, LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
gbesen@bradley.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katherine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
600 Third Avenue, 25th Florr
New York, NY 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions, LLC*

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MacGill PC
156 E. Market Street, Suite 1200
Indianapolis, IN 46204
Robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
Patrick.sanders@macgilllaw.com

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
Cole Law Group, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Counsel for Plaintiff*

                                          */s/ Matthew C. Pietsch*