IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER NO. 158 REGARDING TEXT MESSAGES**

Plaintiff Johnny M. Hunt respectfully submits this Memorandum in Support of his Motion to Reconsider Order No. 158 Regarding Text Messages.

It is undisputed that all of Guidepost's employees[1] who were involved in the decision to include Plaintiff in the Report frequently communicated by text message about the Report and specifically Plaintiff. These text messages are relevant and will provide evidence concerning Guidepost's investigation of the allegations against Plaintiff. Plaintiff served requests for production seeking these text messages and Guidepost did not object. Yet, Guidepost only produced limited screenshots of text messages from two employees, Ms. Kilpatrick and Mr. Holske. And Guidepost failed to provide any text messages from Ms. Wood and Ms. Tongring's

---

[1] Plaintiff is not seeking a forensic collection of Mr. Collura's text messages.

phones.[2] The Court has now required Plaintiff to hire an IT professional to do a forensic collection of his phone. Guidepost should be held to the same standard.

## ARGUMENT

The Court should reconsider its Order regarding the production of text messages from Guidepost's employees based on: (1) new evidence from discovery and document productions made after the filing of Plaintiff's Motion, which confirm the relevance and frequency of Guidepost's employees' text messages regarding the Report and Plaintiff, as well as the limited scope of Guidepost's text message collection efforts, and (2) specifications in the Court's Order (Doc. No. 159) requiring Plaintiff to hire an IT professional to do a forensic examination of his phone to search for relevant text messages.

**A. New evidence confirms the need for a forensic collection of Guidepost's employees' phones.**

Plaintiff filed his Second Motion to Compel (Doc. No. 106) and Memorandum in Support (Doc. No. 107) on January 19, 2024. In that Motion, Plaintiff asked the Court to order Guidepost to make a complete production of text messages. Subsequently, Guidepost produced 12,529 pages of documents and Plaintiff deposed Mr. Holske, Ms. Kilpatrick, Ms. Wood, and Ms. Tongring.[3] This post-motion discovery has confirmed in more specific detail the need for a forensic collection of each Guidepost employee's phone.

Plaintiff deposed Ms. Wood on February 15, 2024. Ms. Wood testified that she would receive texts from and send texts to Guidepost's lead investigators "on the Johnny Hunt specific

---

[2] This fact is not disputed: "Guidepost produced numerous text messages from ***investigators***. . . ." (Doc. No. 113 at 9) (emphasis added). The only investigators were Ms. Kilpatrick and Mr. Holske.
[3] Ms. Tongring testified as the corporate representative of Guidepost during a 30(b)(6) deposition.

2

matter."[4] Additionally, Ms. Wood admitted to texting Krista Tongring regarding the Report.[5] Ms. Wood admitted to texting Bruce Frank, the Chairman of the SBC Task Force, about the Report.[6] Ms. Wood's testimony was confirmed by a text message produced by Ms. Kilpatrick, which contained a screenshot of a text exchange between Mr. Frank and Ms. Wood about Plaintiff and the Report. (Exhibits C-D). In a group chat with Mr. Holske and Ms. Kilpatrick, Ms. Wood sent a screenshot of a text message she received from Mr. Frank. Mr. Frank wrote: "█████████████████████████████████████████████ ███████████.'" (*Id.*). This message references Plaintiff. Immediately above that message, Mr. Frank provided Ms. Wood with an edit to the Report. *Id.* Guidepost has not produced a single text from Ms. Wood's phone. The only reason Plaintiff has a copy of these text messages from Mr. Frank to Ms. Wood is because it was sent as a screenshot to a group chat and produced by Ms. Kilpatrick. Ms. Wood clearly has relevant text messages on her phone relating to Plaintiff and the investigation that have not been produced. Members of the SBC Task Force texting Guidepost's CEO directly regarding Plaintiff and calling him a "███" (Plaintiff assumes this means "█████████") is information directly responsive to requests for production that must be produced. Moreover, edits to the Report being sent by text message are also directly responsive to requests for production served in this case.

---

[4] Exhibit A (Wood Dep.) 229:21-230:5 [hereinafter Wood Dep.]. Guidepost's document production confirmed Ms. Wood's use of text messages to communicate with investigators. *See* Exhibit B (email from Ms. Wood to Mr. Holske regarding Plaintiff asking Mr. Holske to "█████████").
[5] Wood Dep. 230:11-16. Because Guidepost only produced texts from their investigator's phones none of the messages exchanged between Ms. Wood and Ms. Tongring have been produced. Ms. Wood also testified that she had no reason to dispute that she exchanged text messages with additional Guidepost witnesses regarding the Report, including Sunny Lee and Christina Bischoff. *Id.* at 230:17-231:3.
[6] *Id.* at 231:4-6.

3

On March 20, 2024, Plaintiff deposed Ms. Tongring, who provided additional details on the scope of Guidepost's text message collection. Ms. Tongring testified[7] that Guidepost simply asked its employees and independent contractors to screenshot text messages for production. This protocol is not adequate or proportional to the evidentiary needs in this case, especially given the text exchange between Complainant's husband and Mr. Holske asking Mr. Holske if documents were destroyed ▬▬▬▬▬ (Doc. No. 102, Ex. U). Mr. Holske admitted that he routinely deleted text messages and emails during the course of the investigation. Significantly, Guidepost's 12,529-page supplemental production ***did not include a single text message***. Thus, the text message from Complainant's husband asking Mr. Holske to delete documents ***was not produced*** by Guidepost, which suggests it was deleted. If relevant text messages were deleted, the only way to recover the message would be a forensic examination, which Guidepost failed to do.

**B. Guidepost should be held to the same standard as Plaintiff.**

On April 5, 2024, the Court issued an Order requiring Plaintiff to turn his phone over to an IT professional to potentially recover text messages. (Doc. No. 159). The Court ordered this forensic collection based on the proceedings in this case. Consistent with the record developed in this case since Plaintiff's Motion was filed on January 19, 2024, Guidepost should be held to the same standard as Plaintiff and should be required to do a forensic collection of text messages from the phones of Julie Myers Wood, Krista Tongring, Samantha Kilpatrick, and Russell Holske.

---

[7] One of the topics for the deposition was "[t]ext messages exchanged or received by Guidepost employees or independent contractors relating to the Report." Ms. Tongring impeded discovery efforts into the content of text messages, as she did not review any text messages in preparation to testify on this topic. Instead, Ms. Tongring limited her testimony to Guidepost's collection efforts, which were limited to screenshots rather than a forensic collection.

## CONCLUSION

Plaintiff respectfully requests that the Court reconsider its Order based on record evidence developed since January 19, 2024 and require Guidepost to do a forensic collection of Mr. Holske, Ms. Kilpatrick, Ms. Wood, and Ms. Tongring's phones and for all other relief just and proper in the premises.

Dated: April 8, 2024          Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

-and-

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Reconsider Order No. 158 Regarding Text Messages to be electronically filed with the Clerk of the Court on April 8, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

| | |
|---|---|
| Steven G. Mintz (admitted pro hac vice)<br>Terence W. McCormick (admitted pro hac vice)<br>Scott Klein (admitted pro hac vice)<br>Mintz & Gold LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br><br>*Counsel for Defendant*<br>*Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

 

s/ Andrew Goldstein
ANDREW GOLDSTEIN