IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>JURY DEMAND |

## NON-PARTY JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF JANE DOE'S MOTION TO PROCEED PSEUDONYMOUSLY AND TO REQUIRE REDACTION OF HER NAME AND IDENTIFYING INFORMATION IN PUBLIC FILINGS

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), non-party Jane Doe ("Jane Doe") respectfully submits this Memorandum of Law in support of Jane Doe's Motion to Proceed Pseudonymously and to Require Redaction of Her Name and Identifying Information in Public Filings. Jane Doe has engaged in best efforts to meet and confer with Defendants and Plaintiff in order to come to an agreement and avoid this motion. Defendants do not oppose this motion, but Plaintiff has not responded to three requests for his position over the course of five days.

### BACKGROUND

Jane Doe is the survivor of sexual assault committed by Plaintiff Johnny Hunt as described in the Guidepost report mentioned in Plaintiff's Complaint. This assault occurred in 2010 and it has taken Jane Doe and her spouse many years to untangle and address the trauma associated with that event, its cover up, and the manipulation employed by Plaintiff throughout that process and its aftermath.

1

It took tremendous courage and a thoughtful weighing of the potential impact on her and her family, in light of valuing the truth, protection of victims, and accountability of Plaintiff and Defendant Southern Baptist Convention, for her to come forward to Defendant Guidepost in the course of their investigation into allegations of abuse, mishandling of abuse allegations, mistreatment of sexual abuse victims, and patterns of intimidation of sexual abuse victims or advocates within the Southern Baptist Convention. Upon doing so, Jane Doe had to revisit extremely traumatic and confusing experiences and risk upending her life again.

Notably, Jane Doe is **not** a defendant in this action. She did not bring this action and wants nothing to do with it. While she seeks to comply with the orders of the court, she also wishes to simply live her life and continue to heal. Allowing Jane Doe to proceed pseudonymously will provide an extra measure of protection and assurance that her identity will be protected as she continues to heal.

**ARGUMENT**

1. **Legal Standards**

Judicial proceedings presumptively are open to the public, and that includes the names of parties who are litigating disputes. Although Jane Doe is **not** a party in this case, this requirement typically serves the public interest in open judicial proceedings. *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). The Sixth Circuit has identified a non-exhaustive list of factors courts may consider in determining whether "special circumstances" exist to justify an exception to the rule for a **party** to be named, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable

standard is whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." Id. (emphasis added). For named parties, "[e]xamples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

Other factors courts consider for a named plaintiff to use a pseudonym include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. See *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). No one factor is dispositive. See *Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Even when the party seeking to proceed under a pseudonym is a named party, courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. See *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously); *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (Vascura, M.J.) (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims. . . ."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be

deterred from reporting such crimes"); *Doe v. Mitchell*, Case No. 2:20-cv-00459, 11 (S.D. Ohio Nov. 24, 2020) (allowing sexual assault victim to bring §1983 claims under pseudonym); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (relying on *Kolko*, 242 F.R.D. at 195, and *Blue Cross*, 112 F.3d at 872, when finding that the alleged sexual assault victim - a student who was preyed upon by a teacher - could proceed anonymously)). The Court in *NMIC Ins. Co.* found that "the public interest weighs in favor of allowing [the Jane Doe defendant] to proceed anonymously so that other victims will not be deterred from coming forward." *NMIC Ins. Co.*, 2018 WL 7859755, at *2.

2.  **Jane Doe's Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings, Supporting Her Use of a Pseudonym and the Redaction of Identifying Information**

    A sexual assault is an event of "utmost intimacy" as described in *Doe v. Porter*. Other cases have permitted survivors of sexual assault to use pseudonyms in proceedings where they are even the plaintiff, a fact that does not even exist here.

    In this case, the litigants are aware of Jane Doe's identity and therefore her use of a pseudonym does not prejudice their case. However, on a meet and confer call, Plaintiff's counsel stated that Jane Doe's testimony would be "very public, very public." *See* Melissa J. Hogan Declaration, ¶ 20. This suggestion that now or later, or even at trial, assuming without question that the court would require revelation of Jane Doe's identity and the details of her sexual assault to be publicly on display, which is not necessary for this case to proceed, is improper and suggestive that there is an intent and motive to reveal Jane Doe's identity.

[redacted]



Revealing Jane Doe's identity risks harm to her and her spouse emotionally, financially, reputationally, relationally, and professionally. Sexual assault involves trauma and stigma. Allegations against known figures or in cases otherwise with media interest involve an even greater risk of emotional harm to a victim, where their most intimate pain is put on display for the commentary, judgment, and entertainment of the public. If the general public were to learn Jane Doe's identity, the trauma she continues to endure related to the sexual assault and its aftermath will only increase as her experience, then connected to her as an individual, would then be shared widely without her ownership or consent.

The Guidepost report had a significant impact within the Southern Baptist community. The media was interested in the report and has also written about this case. However, Jane Doe's identity has never been revealed by her publicly. Revealing her identity on the public docket could also spur retaliatory conduct from those with whom Jane Doe usually interacts.

Allegations against prominent leaders within a faith community carry even more risk of rupturing relationships and burdening career prospects of her spouse, who at the time of the sexual assault was also a pastor within the denomination, which then could affect Jane Doe financially as well.

5

Case 3:23-cv-00243   Document 169   Filed 04/09/24   Page 5 of 8 PageID #: 2193

These risks of harm outweigh the needs of the public to know her identity, as a non-party in this case. Despite her desire to remain anonymous and not enter this case, she complied with a subpoena duces tecum from Plaintiff in December 2023. She is only entering this case now when the risk of her identity being revealed and the risk of harm to her by participating in a deposition has become unavoidable. She should not be penalized for being unwillingly brought into a case about a traumatic and harmful event.

Dated: April 9, 2024

        Respectfully submitted,

        s/ Melissa J. Hogan
        Melissa J. Hogan (BPR #19430)
        QAVAH LAW
        8757 Horton Hwy
        College Grove, Tennessee 37046
        Telephone: 615-293-6623
        melissajhogan@qavahlaw.com

        *Counsel for Jane Doe*

# CERTIFICATE OF SERVICE

The undersigned certifies that on **April 9, 2024**, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Kahan Brody, Esq.
Alex Otchy, Esq.
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: 212-696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615-326-9059
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
Bradley Arant Boult Cummings, LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Telephone: 214-357-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 253322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: 615-320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

L. Gino Marchetti, Jr. Esq.
Matthew C. Pietsch, Esq.
Taylor, Pique, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: 615-320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for Defendant Southern Baptist Convention*

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq
MacGill PC
156 E. Market Street, Suite 1200
Indianapolis, IN 46204
Telephone: 317-721-1253
Robert.macgill@macgilllaw.com
Scott.murray@macgilllaw.com
Patrick.sanders@macgilllaw.com

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
Cole Law Group, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: 615-326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Counsel for Plaintiff*

T. Dylan Reeves, Esq.
Stites & Haribson, PLLC
401 Commerce St.
Suite 800, Ste 800
Nashville, TN 37219
Telephone: (615) 782-2200
dreeves@stites.com

*Counsel for non-party Roy Blankenship*

By: *s/ Melissa J. Hogan*