# EXHIBIT 1

# [REDACTED]

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| JOHNNY M. HUNT, <br><br>                 Plaintiff, <br><br>     v. <br><br> SOUTHERN BAPTIST CONVENTION; <br> GUIDEPOST SOLUTIONS LLC; and <br> EXECUTIVE COMMITTEE OF THE <br> SOUTHERN BAPTIST CONVENTION, <br><br>           Defendants. | Case No. 3:23-cv-00243 <br> Judge Campbell <br> Magistrate Judge Frensley <br><br> <u>**NOTICE OF SUBPOENA**</u> |

      **PLEASE TAKE NOTICE that**, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Guidepost Solutions LLC, by its attorneys, Riley & Jacobson, PLC, and Mintz & Gold LLP, have issued the annexed Subpoena *Ad Testificandum* to ███████████

Dated:     January 17, 2024

                            Respectfully submitted,

                            s/Katharine R. Klein
                            John R. Jacobson, Esq. (BPR # 014365)
                            Katharine R. Klein, Esq. (BPR # 019336)
                            Riley & Jacobson, PLC
                            1906 West End Avenue
                            Nashville, TN 37203
                            Telephone: (615) 320-3700
                            jjacobson@rjfirm.com
                            kklein@rjfirm.com

                            -and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott A. Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848

*Counsel for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000

*Counsel for the Executive Committee of the Southern Baptist Convention*

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225

*Counsel for the Southern Baptist Convention*

on this 17th day of January 2024.

s/ Katharine R. Klein

3

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee ▼

| | |
|---|---|
| JOHNNY HUNT | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:23-CV-00243 |
| SOUTHERN BAPTIST CONVENTION, GUIDEPOST SOLUTIONS LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ███████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ████████████████ | Date and Time: 02/08/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videographic

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/17/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | s/John R. Jacobson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Guidepost Solutions, LLC , who issues or requests this subpoena, are:

John R. Jacobson and Katharine R. Klein, 1906 West End Ave, Nashville, TN 37203, jjacobson@rjfirm.com, kklein@rjfirm.com (615) 320-3700

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:23-CV-00243

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                      _____
                                                              *Printed name and title*

                                                      _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial
expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).