IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>                    Plaintiff,<br>    v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION<br><br>                    Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>JURY DEMAND |

## NON-PARTY JANE DOE'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rules 5.03 and 7.01 of the Local Rules of Court and the Second Amended Agreed Protective Order previously entered in this action (ECF Doc. No. 153), non-party in the above civil action and sexual abuse survivor appearing under the pseudonym "Jane Doe" (pursuant to a contemporaneously filed Motion to Proceed Pseudonymously and to Redact References to Her Name and Identifying Information in Public Filings ("Motion to Proceed Pseudonymously")), respectfully submits this Motion for Leave to File Under Seal:

- Declaration of Melissa J. Hogan, as well as its Exhibits 1-9, submitted by Jane Doe on April 9, 2024, in support of her Motion to Proceed Pseudonymously, Motion to Expedite, and her Motion for Protective Order regarding her deposition.

- Memorandum of Law in Support of Non-Party Jane Doe's Motion to Proceed Pseudonymously, submitted by Jane Doe on April 9, 2024.

- Memorandum of Law in Support of Non-Party Jane Doe's Motion for Protective Order, submitted by Jane Doe on April 9, 2024.

Jane Doe is concurrently filing each of the above with the confidential material redacted.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of [the litigant's] privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The right of public access to judicial records is presumed, but it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 419 (6th Cir. 1986) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under Local Rule 5.03 and Sixth Circuit law, a party may overcome this presumption by showing (1) a "compelling reason why certain documents or portions thereof should be sealed," and (2) that "the seal itself [is] narrowly tailored to serve that reason." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016) (citations omitted). In determining the appropriateness of sealing court records the Court may consider, among other things, "the privacy rights of participants or third parties, trade secrets, and national security." Id. at 593. *Cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) (identities of minor victim of sexual assault included among categories of information that overcome the presumption of access) (citation omitted)).

Jane Doe is a non-party to this action and was unwillingly involved due to her being the victim of the sexual assault referenced in this civil action of Plaintiff against Defendants Guidepost Solutions, the Southern Baptist Convention, and the Executive Committee of the Southern Baptist Convention. In December 2023, Jane Doe reluctantly complied with a subpoena duces tecum served on her by Plaintiff, subject to "Highly Confidential - Attorneys' Eyes Only" designation under what was then the Amended Agreed Protective Order (ECF Doc. No. 83) (now Second Amended Agreed Protective Order, ECF Doc. No. 153), in her best efforts to be forthcoming and avoid personal exposure, legal fees, and harassment. She just wants to move on with her life.

However, now having been served to appear for a deposition, she has been forced to continue to endure emotional trauma, incur substantial legal fees, and spend time and effort with respect to a case wherein she is not a party and which involves extremely traumatic events in her life.

The Declaration of Melissa J. Hogan and its exhibits contain information about the identity of Jane Doe and underlying facts in support of the Motions related to protecting her identity including deposition subpoena and notices, as well as emails among counsel that contain her identity and specific efforts to protect her identity.

The Memorandums of Law in support of Jane Doe's Motion to Proceed Pseudonymously and Motion for Protective Order also contain specific examples of the reasonable basis for Jane Doe's need for court intervention for the protection of her name and identity in this case as a non-party who is a victim of sexual assault. These matters should be designated "Highly Confidential – Attorneys' Eyes Only" under the Second Amended Agreed Protective Order (ECF Doc. No. 153), so as not to be revealed to any further individuals, and therefore have been filed in redacted form pursuant to Local Rule 5.03(c).

Therefore, Jane Doe files the instant motion in an effort to ensure compliance with the Local Rules of the Court and the Second Amended Agreed Protective Order previously entered in this action on March 8, 2024 (ECF Doc. No. 153), until such time as the Court adjudicates the issues in her contemporaneously filed motions - her Motion to Proceed Pseudonymously, Motion to Expedite and for Emergency Relief, and Motion for a Protective Order.

## **CONCLUSION**

For the foregoing reasons, Jane Doe hereby respectfully requests that the Court grant this motion and direct the clerk to seal the Declaration of Melissa J. Hogan and its exhibits, the Memorandum of Law in Support of Non-Party Jane Doe's Motion to Proceed Pseudonymously,

3
Case 3:23-cv-00243   Document 174   Filed 04/09/24   Page 3 of 6 PageID #: 2267

and the Memorandum of Law in Support of Non-Party Jane Doe's Motion for Protective Order, submitted by Jane Doe on April 9, 2024.

Dated: April 9, 2024

Respectfully submitted,

s/ Melissa J. Hogan

Melissa J. Hogan (BPR #19430)
QAVAH LAW
8757 Horton Hwy
College Grove, Tennessee 37046
Telephone: 615-293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

# CERTIFICATE OF SERVICE

The undersigned certifies that on **April 9, 2024**, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Kahan Brody, Esq.
Alex Otchy, Esq.
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: 212-696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615-326-9059
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
Bradley Arant Boult Cummings, LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Telephone: 214-357-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 253322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: 615-320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

L. Gino Marchetti, Jr. Esq.
Matthew C. Pietsch, Esq.
Taylor, Pique, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: 615-320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for Defendant Southern Baptist Convention*

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq
MacGill PC
156 E. Market Street, Suite 1200
Indianapolis, IN 46204
Telephone: 317-721-1253
Robert.macgill@macgilllaw.com
Scott.murray@macgilllaw.com
Patrick.sanders@macgilllaw.com

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
Cole Law Group, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: 615-326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Counsel for Plaintiff*

T. Dylan Reeves, Esq.
Stites & Haribson, PLLC
401 Commerce St.
Suite 800, Ste 800
Nashville, TN 37219
Telephone: (615) 782-2200
dreeves@stites.com

*Counsel for non-party Roy Blankenship*

By: *s/ Melissa J. Hogan*