# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION<br><br>    Defendants. | Case No. 3:23-cv-00243<br><br>Judge Campbell<br>Magistrate Judge Frensley<br><br>JURY DEMAND |

## DECLARATION OF MELISSA J. HOGAN IN SUPPORT OF NON-PARTY JANE DOE'S:

## MOTION TO PROCEED PSEUDONYMOUSLY AND TO REDACT REFERENCES TO HER NAME AND IDENTIFYING INFORMATION IN PUBLIC FILINGS

## MOTION FOR PROTECTIVE ORDER

## MOTION FOR LEAVE TO FILE UNDER SEAL

## MOTION TO EXPEDITE AND FOR EMERGENCY RELIEF

MELISSA J. HOGAN, ESQ., declares under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

I, Melissa J. Hogan, am counsel to non-party Jane Doe and submit this Declaration in support of Jane Doe's motions to proceed pseudonymously and to redact references to her name and identifying information in public filings, Motion for Protective Order (concerning Jane Doe's Fed. R. Civ. P. 30(b) deposition noticed by Defendant Guidepost Solutions LLC's ("Guidepost") counsel), Motion for Leave to File Under Seal, and Motion to Expedite and For Emergency Relief.

1

I state, aver, and declare the following.

1. On November 29, 2023, at 10:27a.m., Jane Doe's lead counsel in this case, Basyle Tchividjian (Florida Bar # 0985007), received from Plaintiff Johnny M. Hunt ("Plaintiff")'s counsel a subpoena duces tecum for our client Jane Doe and a subpoena duces tecum for her spouse (the "Subpoenas Duces Tecum").

2. The Subpoenas Duces Tecum purported to require compliance by December 8, 2023, only nine days after service, in violation of Fed. R. Civ. P. 34 and 45.

3. I was engaged by Jane Doe and her spouse as local counsel on December 3, 2023.

4. On December 5, I conferred with Plaintiff's counsel and agreed to produce the documents by December 15, 2023, sixteen days after service.

5. On December 15, I conferred with Plaintiff's counsel and we agreed that my clients would produce the documents by December 20, 2023, twenty-one days after service.

6. On December 20, 2023, 3:48p.m., we responded to the Subpoenas Duces Tecum, designating responsive documents under the Highly Confidential – Attorneys' Eyes Only designation based on the Court's Order dated November 22, 2023 (ECF Doc. No. 76) noting that the information regarding Jane Doe "is clearly very personal and relates to an instance of sexual abuse." Id.

7. The Subpoena Duces Tecum request included specifically identified documents that Plaintiff was also requesting from Defendant Guidepost and that had and would continue as the basis for a series of discovery disputes in this case. *See* Court's Order, November 22, 2023 (ECF Doc. No. 76), Plaintiff's Second Motion to Compel (ECF Doc. No. 106); Plaintiff's Third Motion to Compel (ECF Doc. No. 130).

8. On January 17, 2024, we received from Guidepost's counsel a Notice of Deposition

pursuant to Fed. R. Civ. P. 30(b)(6) (the "First Notice") and a Notice of Subpoena and Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena"). A copy of the Deposition Subpoena (redacted) is attached as <u>Exhibit 1</u> and a copy of the First Notice (redacted) is attached as <u>Exhibit 2</u>.

9. The First Notice scheduled the deposition for February 8, 2024; however, my client, co-counsel, and I were unavailable on that date and we began to confer with Guidepost's counsel regarding suitable dates and other protections for our client. Given that our client was a non-party to this case, both the client's and our calendars were not clear of other matters for some time to prepare for and sit for a deposition. Our client also suffered emotionally from the continued onslaught of this traumatic experience and financially from the necessity of engaging and paying for counsel.



12. Between Fall 2023 and April 2024, a series of contentious discovery disputes ensued in this case, many of which involved topics that would likely be within the scope of Jane Doe's deposition. As such, Jane Doe's lead counsel and I considered it in the best interest of our

3

client, a non-party, to wait for these disputes to be addressed by the court. Even so, over that time, we verbally conferred with Defendant Guidepost's counsel and Plaintiff's counsel and exchanged emails regarding a potential deposition and protections for our client.

13. On February 15, 2024, Plaintiff's counsel emailed me a notice and subpoenas for depositions for Jane Doe and her spouse but we were not authorized by our client to receive service and communicated as such to Plaintiff's counsel on multiple occasions.

14. During the course of these discussions, on several occasions, Plaintiff's counsel did not respond to my emails regarding discovery matters and/or did not copy me on e-mails. See, e.g., a copy of Melissa J. Hogan and Basyle Tchividjian' email exchanges with Plaintiff's counsel between February 15 and March 7 (redacted) are attached as Exhibit 4.

15. On March 26, 2024, we conferred with all Defendants' counsel regarding the requested protections for Jane Doe in a deposition. During that conference, we communicated that Jane Doe's lead counsel had a trial in New York state beginning April 15, 2024, that he is preparing for and as a solo practitioner, is focused solely on until the conclusion of that trial.

16. I subsequently learned that on April 15 and 16, 2024, I will be out-of-state at a hospital procedure with a minor child and also unavailable for a deposition of my client Jane Doe.

17. On March 29, 2024, Defendants Southern Baptist Convention and the Executive Committee of the Southern Baptist Convention confirmed they had no objections to our requested conditions for Jane Doe's deposition.

18. On April 2, 2024, Defendant Guidepost confirmed they had no objections to our requested conditions for Jane Doe's deposition.

19. On April 2, 2024, Defendant Guidepost sent a notice of deposition for Jane Doe for April 16, 2024 (the "Second Notice") with the purpose of noticing the deposition within the court's current fact discovery window prior to our expected motion for protective order on behalf of Jane

4

Doe. A copy of the Second Notice (redacted) is attached as <u>Exhibit 5</u>.

20. On April 2, 2024, we conferred with Plaintiff's counsel regarding the requested protections for Jane Doe in a deposition. Plaintiff's counsel Robert MacGill said that Jane Doe's testimony would be "very public, very public," generating concern about maintaining the privacy of Jane Doe's identity and deposition.

21. On April 4, 2024, we clarified to Defendants and Plaintiff that we would also be seeking leave of the court to proceed pseudonymously for Jane Doe, to seal her deposition subpoena and notices, and to require redaction of her name and identifying information from any public filings.

22. On April 5, 2024, all Defendants communicated that they did not object to Jane Doe proceeding pseudonymously, sealing the subpoena and notices, and to the redaction of her name and identifying information from any public filings.

23. On April 5, 2024, Plaintiff's counsel communicated that they objected to most of the requested conditions discussed for Jane Doe's deposition.

24. On April 5, 2024, April 8, 2024, and April 9, 2024, I asked Plaintiff's counsel whether they would oppose our Motion to Proceed Pseudonymously and he refused to state a position. A copy of the email exchange (redacted) is attached as <u>Exhibit 6</u>.



[redacted]

I declare under the penalty of perjury under the United States of America that the foregoing is true and correct.

Executed on the 9th day of April 2024, at Nashville, Tennessee.

Respectfully submitted,

Melissa J. Hogan (BPR #19430)
QAVAH LAW
8757 Horton Hwy
College Grove, Tennessee 37046
Telephone: 615-293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

# CERTIFICATE OF SERVICE

The undersigned certifies that on **April 9, 2024**, I electronically filed a true and correct copy of the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Kahan Brody, Esq.
Alex Otchy, Esq.
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: 212-696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615-326-9059
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
Bradley Arant Boult Cummings, LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Telephone: 214-357-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 253322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: 615-320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

L. Gino Marchetti, Jr. Esq.
Matthew C. Pietsch, Esq.
Taylor, Pique, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: 615-320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for Defendant Southern Baptist Convention*

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq
MacGill PC
156 E. Market Street, Suite 1200
Indianapolis, IN 46204
Telephone: 317-721-1253
Robert.macgill@macgilllaw.com
Scott.murray@macgilllaw.com
Patrick.sanders@macgilllaw.com

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
Cole Law Group, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: 615-326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Counsel for Plaintiff*

T. Dylan Reeves, Esq.
Stites & Haribson, PLLC
401 Commerce St.
Suite 800, Ste 800
Nashville, TN 37219
Telephone: (615) 782-2200
dreeves@stites.com

*Counsel for non-party Roy Blankenship*

By: *s/ Melissa J. Hogan*