# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE FOR FAILURE TO COMPLY WITH LOCAL AND FEDERAL RULES AND OPPOSITION TO MOTION TO EXPEDITE AND FOR EMERGENCY RELIEF

Jane Doe[1] has made extensive, unnecessary, and false filings pertaining to Doe's deposition. (Doc. Nos. 168-177). The issues raised by these filings can be and should have been resolved by appropriate conferences among counsel. Plaintiff's Counsel responded in a timely manner to all requests made by Jane Doe's Counsel, prepared written responses to each substantive request pertaining to the deposition testimony, and separately offered a stipulation on alleged privacy issues. Jane Doe's Counsel refused each effort and nevertheless made unwarranted and voluminous filings.

For the reasons stated in this Memorandum, Plaintiff requests that Jane Doe's Motions (Doc. Nos. 168, 170, 172) be denied without prejudice. Further, Plaintiff requests that the Court direct counsel to complete appropriate meet and confer efforts and report to the Court whether

---

[1] For purposes of this motion, Plaintiff refers to the Complainant as Jane Doe. Plaintiff does not waive any arguments opposing the use of this or any other pseudonym.

any issues remain for resolution. Plaintiff will defer the discovery deadline as to this deposition, so there is no need for an expedited ruling and counsel will have sufficient time to meet and confer on these issues.

## BACKGROUND

Jane Doe's Counsel and Plaintiff's Counsel had an initial meet and confer regarding Jane Doe's deposition on April 2, 2024. At that meeting, Jane Doe's Counsel provided a list of onerous conditions for Jane Doe's deposition. Plaintiff's Counsel responded to Jane Doe's conditions with a detailed letter on April 5, which included counter proposals. Exhibit 1. Two days after the initial meet and confer Jane Doe's Counsel admittedly raised an entirely new issue that was not discussed at any prior meet and confer—Jane Doe proceeding under a pseudonym. Exhibit 2 at p.3 ("Although *this wasn't specifically mentioned in our meet and confers . . . .*") (emphasis added). Subsequently, Jane Doe's Counsel refused to answer any questions regarding the newly raised pseudonym issue, failed to respond to Plaintiff's Counsel's April 5 letter, and refused to meet and confer entirely. Exhibits 2-3. Jane Doe's Counsel refused to meet despite being advised of the Court's meet and confer requirements and Plaintiff proposing "a privacy stipulation to document and address [Jane Doe's Counsel's] concerns as to [her] clients' name and related issues, a conference on [Plaintiff's] counter-proposals and a meaningful effort at resolution," which would potentially moot all issues raised in Jane Doe's filings. Exhibit 2 at p. 1.

## ARGUMENT

Counsel for Jane Doe failed to make a good faith effort to meet and confer before filing discovery motions as required by Local Rules 7.01(a)(1) and 37.01 and the Federal Rules of

Civil Procedure.[2] Similarly, the Practice and Procedure Manual for Judges in the Middle District of Tennessee provides that "if counsel have not spoken to each other in an effort to resolve the dispute, or if there is any uncertainty about whether counsel have spoken to each other, the motion to compel or for sanctions will be denied." Magistrate Judge Frensley, Practice and Procedure Manual p.5.

The Court in this case has previously denied motions without prejudice for failure to comply with meet and confer obligations. Doc. No. 160 ("Because it is apparent that the Parties have not met and conferred in good faith to address the issues set forth in their respective Motions, both Motions . . . are DENIED without prejudice."), Doc. No. 152 ("It is clear from the Parties' briefs that they have not met and conferred on the issue of this additional language. Therefore, it is not properly before the Court in this Motion."). Similarly, other judges in the Middle District of Tennessee have denied motions because of a failure to comply with meet and confer requirements. *Hugueley v. Parker*, No. 3:19-cv-00598, 2020 U.S. Dist. LEXIS 23451, at *4 (M.D. Tenn. Feb. 11, 2020).

Meet and confer requirements exist to ensure that the Court is resolving true disputes and not wasting time and resources. If Jane Doe's Counsel had made a good faith effort to meet and confer, motion practice could have been avoided entirely or limited to issues that are truly in dispute.

**CONCLUSION**

Therefore, based on Jane Doe's violations of Local Rules and the Federal Rules of Civil Procedure, Plaintiff respectfully requests the Motions be denied without prejudice. Further,

---

[2] Fed. R. Civ. P. 26.

3

Plaintiff requests that the Court direct counsel to complete appropriate meet and confer efforts and report to the Court whether any issues remain for resolution.

Dated: April 10, 2024                                     Respectfully submitted,

                                                          s/ Andrew Goldstein
                                                          **Todd G. Cole, Esq., BPR # 031078**
                                                          **Andrew Goldstein, Esq., BPR # 037042**
                                                          COLE LAW GROUP, P.C.
                                                          1648 Westgate Circle, Suite 301
                                                          Brentwood, TN 37027
                                                          Telephone: (615) 490-6020
                                                          Fax: (615) 942-5914
                                                          tcole@colelawgrouppc.com
                                                          agoldstein@colelawgrouppc.com


                                                          *-and-*


                                                          **Robert D. MacGill, Esq. (*pro hac vice*)**
                                                          **Scott E. Murray, Esq.  (*pro hac vice*)**
                                                          **Patrick J. Sanders, Esq. (*pro hac vice*)**
                                                          MACGILL PC
                                                          156 E. Market St.
                                                          Suite 1200
                                                          Indianapolis, IN 46204
                                                          Telephone: (317) 721-1253
                                                          robert.macgill@macgilllaw.com
                                                          scott.murray@macgilllaw.com
                                                          patrick.sanders@macgilllaw.com


                                                          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Strike for Failure to Comply with Local and Federal Rules and Opposition to Motion to Expedite and for Emergency Relief to be electronically filed with the Clerk of the Court on April 10, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Scott E. Murray, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203

600 Third Avenue  
25th Floor  
New York, NY 10016  
Telephone: (212) 696-4848  
mintz@mintzandgold.com  
mccormick@mintzandgold.com  
klein@mintzandgold.com  

*Counsel for Defendant*  
*Guidepost Solutions LLC*

Telephone: (615) 320-3225  
gmarchetti@tpmblaw.com  
matt@tpmblaw.com  

*Counsel for the Southern Baptist Convention*



                                          s/ Andrew Goldstein  
                                          ANDREW GOLDSTEIN