# MacGill PC

156 E. Market St.
Suite 1200
Indianapolis, IN 46204
www.MacGillLaw.com

Robert D. MacGill
317.961.5085
Robert.MacGill@MacGillLaw.com

**Via Email**
April 5, 2024

Boz Tchividjian
BozLaw PA
112 West New York Ave
Suite 207
DeLand, FL 32720

Melissa Hogan
Qavah Law
melissajhogan@qavahlaw.com

      RE:    *Hunt v. Southern Baptist Convention et al.*, 3:23-cv-243 (M.D. Tenn.)

Dear Counsel:

    We write to seek resolution on three issues:

1. Deposition testimony of ▮▮▮▮▮▮▮▮▮

2. Deposition testimony of ▮▮▮▮▮▮▮▮; and

3. Removal of the Attorneys' Eyes Only ("AEO") designation you made on the entire production of documents from the ▮▮▮▮▮

    At the outset, we confirm again that your refusal to cooperate in connection with routine discovery matters has been unfortunate and caused unnecessary burden and expense on all parties. For example, we have attempted to schedule your clients' depositions since June 10, 2023. (Exhibit A). Thereafter, for many months, you have refused to provide *any* deposition dates for your clients, refused to take routine scheduling calls, and failed to accept service of deposition notices on your clients' behalf.[1] At all times, we have advised you of the impending discovery cutoff. Nevertheless, you have elongated all scheduling matters, resulting in the noticed date for you client's deposition possibly being inconvenient because of an upcoming

---

[1] On February 15, 2024, we sent you subpoenas noticing the depositions of your clients for March 14 and 15, with the understanding that you would accept service as you had previously done. (Exhibits B-E). Instead, you responded two weeks later refusing to accept service. (Exhibit F).

trial. We will not agree at this time to postpone Ms. ▮▮▮▮▮ deposition until a date after the discovery cutoff.[2] However, if Boz confirms in writing at the close of business on April 10 that he represents a *party* in a trial that remains scheduled to proceed on April 15, we will agree to a postponement until May 21, if the Court permits the parties to so stipulate.

### A. ▮▮▮▮▮▮ Deposition

You have proposed onerous conditions for ▮▮▮▮▮▮ deposition. As to the proposed conditions, we can agree to the following for an April 16, 2024 deposition:

- The deposition taking place in Orlando, Florida.

- The court reporter and videographer being female.

- The Second Amended Agreed Protective Order (Dkt. 153) is controlling.

We have the following remaining concerns as to your conditions:

- We object to the attempt to limit the number of lawyers present for the deposition. We intend to have two attorneys attend the deposition in person—myself and Patrick Sanders. Mr. Sanders is essential to the representation of our client.

- There is no basis to exclude Pastor Johnny from attending Ms. ▮▮▮▮▮ deposition. As you are aware, your clients chose to disclose the 2010 encounter between Pastor Johnny and ▮▮▮▮▮▮ to Guidepost's investigators and a reporter for the Houston Chronicle in 2022. Your clients chose to do so with the objective of having these details published. Excluding Pastor Johnny limits our ability to confer with our client in real time and effectively litigate the case.

- We object to the time limits proposed (two hours for defendants, one hour for our client). As an alternative, we propose a four-hour deposition with two hours for the defendants and two hours for the Plaintiff.

- We agree the Second Amended Agreed Protective Order (Dkt. 153) is controlling, which has provisions for the handling of documents at the conclusion of the case. However, we cannot agree to the creation of only one copy of the video that will be in the possession of Guidepost or the Court. Ms. ▮▮▮▮▮ testimony may be played at trial. As a result, we have a right to have a copy of the video to review and prepare for trial.

### B. ▮▮▮▮▮▮ Deposition

We ask that you agree to present ▮▮▮▮▮▮ for deposition on April 17, or if a trial that Boz is involved in for a party to a case is confirmed and remains scheduled, on May 22, 2024. If you do not agree to this deposition, we plan to include this request in motion practice.

---

[2] Ms. ▮▮▮▮▮ deposition was noticed for April 16, 2024. (Exhibit G).

**MacGill** PC

## C. Attorneys' Eyes Only Designations

Finally, we ask that you agree to remove all AEO designations by close of business on April 8, 2024. This is a follow up to our long-standing request.

Best regards.

Very truly yours,

Robert D. MacGill

**MacGill** PC

# MacGill

**Patrick Sanders <patrick.sanders@macgilllaw.com>**

## Hunt v SBC, Guidepost et al
14 messages

**Robert MacGill** <robert.macgill@macgilllaw.com>                    Sat, Jun 10, 2023 at 6:26 AM
To: Basyle Tchividjian <boz@bozlawpa.com>, Scott Murray <Scott.Murray@macgilllaw.com>
Cc: Patrick Sanders <patrick.sanders@macgilllaw.com>

Boz,

Thank you for your time and courtesies in speaking with us and emailing us in January.

As you have seen, the referenced case was filed in district court in Nashville Tennessee. We would like to serve a document subpoena on your clients and work with you on a mutually agreeable date and time for the depositions of your clients. As matters now stand, we would like to discuss dates late this month for the testimonies.

Can you please give me a call early next week to discuss how it be bet to proceed in consideration of your schedule and the schedules of your clients?

Thank you for your time and consideration.

Best regards.

# MacGill

**Patrick Sanders <patrick.sanders@macgilllaw.com>**

## Hunt v. SBC - Subpoenas

**Patrick Sanders** <patrick.sanders@macgilllaw.com>                    Thu, Feb 15, 2024 at 6:27 PM
To: Dawn Stewart <dawn@bozlawpa.com>, "Melissa J.Hogan" <melissajhogan@qavahlaw.com>, Basyle Tchividjian <boz@bozlawpa.com>
Cc: Scott Murray <scott.murray@macgilllaw.com>, Elizabeth Merritt <elizabeth.merritt@macgilllaw.com>, Robert MacGill <robert.macgill@macgilllaw.com>

Boz and Melissa,

Attached are subpoenas for your clients. Please confirm you will accept service.

As we discussed, we would like to work with you on a mutually agreeable date and time for their depositions, as long as the depositions occur before March 15.

Best regards,

**Patrick Sanders**
Associate
MacGill PC
Patrick.Sanders@MacGillLaw.com
w: 317-961-5390
m: 317-670-1557
www.MacGillLaw.com

---

**2 attachments**



📄 **Hunt v. SBC -**　　　　　　　**Subpoena (1).pdf**
   321K

📄 **Hunt v. SBC -**　　　　　　　**Subpoena (1).pdf**
   325K

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| JOHNNY M. HUNT | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   No. 3:23-cv-00243 |
| SOUTHERN BAPTIST CONVENTION, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  BOZLAW PA<br>112 West New York Ave, Suite 207<br>Deland, FL 32720 | Date and Time:<br>03/15/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:   Audiovisual and Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule 1.  PRODUCTION MAY BE MADE ELECTRONICALLY IN ADVANCE TO patrick.sanders@macgilllaw.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2024

*CLERK OF COURT*

OR

/s/ Robert D. MacGill

*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff Johnny M. Hunt                                                  , who issues or requests this subpoena, are:

Robert D. MacGill, robert.macgill@macgilllaw.com, 317-961-5085, 156 E. Market St., Suite 1200, Indianapolis, IN 46204

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. No. 3:23-cv-00243

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

    ❐ I served the subpoena by delivering a copy to the named individual as follows:

                        on *(date)*        ; or

    ❐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $           for travel and $        for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date:

                                      *Server's signature*

                                        *Printed name and title*

                                        *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| *Plaintiff,* | ) No. 3:23-cv-00243 |
| | ) |
| v. | ) JUDGE WILLIAM L. CAMPBELL, Jr. |
| | ) MAGISTRATE JUDGE FRENSLEY |
| SOUTHERN BAPTIST CONVENTION; | ) |
| GUIDEPOST SOLUTIONS LLC; and | ) JURY DEMAND |
| EXECUTIVE COMMITTEE OF THE | ) |
| SOUTHERN BAPTIST CONVENSTION, | ) |
| | ) |
| *Defendants.* | ) |

## SCHEDULE TO SUBPOENA

The following definitions shall apply to this Subpoena:

1. (a) The singular shall include the plural, and the plural shall include the singular; (b) a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns; (c) "and" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope any information that might otherwise be construed to be outside their scope; (d) "any" shall be understood to include and encompass one or more and "all;" and (e) the present tense shall include the past tense, for example "are" shall include "were."

2. "Concerning," "reflecting," "regarding," "relating to" or "referring to" means directly or indirectly relating to, referring to, reflecting, pertaining to, describing, evidencing, supporting, constituting, comprising, containing, setting forth, showing, disclosing, defining, discussing, embodying, identifying, stating, dealing with, associated with, describing, explaining, summarizing, mentioning, including, or refuting.

3. "Person" includes all natural persons, corporations, limited liability companies, proprietorships, partnerships, other business associations, firms, joint ventures, public authorities, municipal corporations, state governments, local governments, governmental bodies, and any other legal entities, and the employees or agents of these entities.

4. "Document" means any writing or other thing as described in Federal Rule of Civil Procedure 34.

5. "Communication" or "communicate" or "communicated" means or includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, or otherwise), and includes both oral and written communications of any type or form (including

1

typewritten or handwritten documents, teletype, wire, e-mail, internet, digital, text messages, and any other electronic communications).

6.    "You" and "Your" mean the responding party.

7.    "Report" refers to the "Report of the Independent Investigation, The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee" and any versions or drafts of the same.

8.    "Guidepost" means Defendant Guidepost Solutions LLC and its respective successors or predecessors in interest, parents, subsidiaries, divisions, affiliates, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

9.    "SBC" means Defendant Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

10.    "Executive Committee" means Defendant Executive Committee of the Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

## SCHEDULE 1 – DOCUMENTS REQUESTED

1. All documents provided to Guidepost that You subsequently requested be destroyed, deleted, or otherwise not preserved.

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | |
|---|---|
| JOHNNY M. HUNT | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. No. 3:23-cv-00243 |
| SOUTHERN BAPTIST CONVENTION, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: BOZLAW PA<br>112 West New York Ave, Suite 207<br>Deland, FL 32720 | Date and Time:<br>03/14/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Audiovisual and Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule 1. PRODUCTION MAY BE MADE ELECTRONICALLY IN ADVANCE TO patrick.sanders@macgilllaw.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/14/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Robert D. MacGill |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Johnny M. Hunt , who issues or requests this subpoena, are:

Robert D. MacGill, robert.macgill@macgilllaw.com, 317-961-5085, 156 E. Market St., Suite 1200, Indianapolis, IN 46204

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. No. 3:23-cv-00243

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

◻ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)* ; or

◻ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $                for travel and $                for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| *Plaintiff,* | ) No. 3:23-cv-00243 |
| | ) |
| v. | ) JUDGE WILLIAM L. CAMPBELL, Jr. |
| | ) MAGISTRATE JUDGE FRENSLEY |
| SOUTHERN BAPTIST CONVENTION; | ) |
| GUIDEPOST SOLUTIONS LLC; and | ) JURY DEMAND |
| EXECUTIVE COMMITTEE OF THE | ) |
| SOUTHERN BAPTIST CONVENSTION, | ) |
| | ) |
| *Defendants.* | ) |

## SCHEDULE TO SUBPOENA

The following definitions shall apply to this Subpoena:

1.     (a) The singular shall include the plural, and the plural shall include the singular; (b) a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns; (c) "and" and "or" shall be construed conjunctively and disjunctively so as to bring within the scope any information that might otherwise be construed to be outside their scope; (d) "any" shall be understood to include and encompass one or more and "all;" and (e) the present tense shall include the past tense, for example "are" shall include "were."

2.     "Concerning," "reflecting," "regarding," "relating to" or "referring to" means directly or indirectly relating to, referring to, reflecting, pertaining to, describing, evidencing, supporting, constituting, comprising, containing, setting forth, showing, disclosing, defining, discussing, embodying, identifying, stating, dealing with, associated with, describing, explaining, summarizing, mentioning, including, or refuting.

3.     "Person" includes all natural persons, corporations, limited liability companies, proprietorships, partnerships, other business associations, firms, joint ventures, public authorities, municipal corporations, state governments, local governments, governmental bodies, and any other legal entities, and the employees or agents of these entities.

4.     "Document" means any writing or other thing as described in Federal Rule of Civil Procedure 34.

5.     "Communication" or "communicate" or "communicated" means or includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, or otherwise), and includes both oral and written communications of any type or form (including

1

typewritten or handwritten documents, teletype, wire, e-mail, internet, digital, text messages, and any other electronic communications).

6.     "You" and "Your" mean the responding party.

7.     "Report" refers to the "Report of the Independent Investigation, The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee" and any versions or drafts of the same.

8.     "Guidepost" means Defendant Guidepost Solutions LLC and its respective successors or predecessors in interest, parents, subsidiaries, divisions, affiliates, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

9.     "SBC" means Defendant Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

10.    "Executive Committee" means Defendant Executive Committee of the Southern Baptist Convention and its respective successors or predecessors in interest, affiliates, members, directors, officers, agents, employees, and/or independent contractors, consultants, and all persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

## SCHEDULE 1 – DOCUMENTS REQUESTED

1. All documents provided to Guidepost that You subsequently requested be destroyed, deleted, or otherwise not preserved.

2. All electronic journal entries from August 2, 2009 through August 2, 2010 that were not included in the hard drive provided to Guidepost.

# MacGill 

**Patrick Sanders <patrick.sanders@macgilllaw.com>**

 **Subpoenas**

**Basyle Tchividjian** <boz@bozlawpa.com>                    Wed, Nov 29, 2023 at 12:45 PM
To: Robert MacGill <robert.macgill@macgilllaw.com>
Cc: Patrick Sanders <patrick.sanders@macgilllaw.com>, Scott Murray <Scott.Murray@macgilllaw.com>, "Thompson, Mackenzie" <mackenzie.thompson@macgilllaw.com>

Robert –


Confirmed receipt.




**Boz Tchividjian, Esq.**
**BozLaw PA**

386.682.5540 | www.bozlawpa.com

112 W. New York Ave., Suite 207 DeLand, FL. 32720




NOTICE: This message is confidential, intended only for the named addressee(s), and may be protected by the attorney-client privilege. If you are not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender noting the error and then immediately and permanently delete the message.


**From:** Robert MacGill <robert.macgill@macgilllaw.com>
**Date:** Wednesday, November 29, 2023 at 10:27 AM
**To:** Basyle Tchividjian <boz@bozlawpa.com>
**Cc:** Patrick Sanders <patrick.sanders@macgilllaw.com>, Scott Murray <Scott.Murray@macgilllaw.com>, Thompson, Mackenzie <mackenzie.thompson@macgilllaw.com>
**Subject:** ⬛⬛⬛⬛ Subpoenas

Boz,

As promised, here are the subpoenas.

Best regards.

Robert D. MacGill
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46260
317.442.3825
Robert.MacGill@MacGillLaw.com

P Please consider the environment before printing this email.

*NOTICE: This email and any attachments are for the exclusive, confidential use of the intended recipient. We do not waive attorney client or work product privilege by the transmission of this message. If you are not the intended recipient, please: notify us immediately, delete this message, and refrain from taking any action in reliance on this message.*

# MacGill

**Patrick Sanders <patrick.sanders@macgilllaw.com>**

---

## Hunt v. SBC - Subpoenas

**Melissa J. Hogan** <melissajhogan@qavahlaw.com>                    Thu, Feb 29, 2024 at 1:54 PM
To: Patrick Sanders <patrick.sanders@macgilllaw.com>
Cc: Dawn Stewart <dawn@bozlawpa.com>, Basyle Tchividjian <boz@bozlawpa.com>, Scott Murray
<Scott.Murray@macgilllaw.com>, Elizabeth Merritt <elizabeth.merritt@macgilllaw.com>, Robert MacGill
<robert.macgill@macgilllaw.com>

Just checking back in on this. We did not agree to accept service of subpoenas on behalf of our clients, so it would be good for us to connect, today if possible.

Melissa

On Feb 27, 2024, at 9:05AM, Melissa J. Hogan <melissajhogan@qavahlaw.com> wrote:

Patrick,
[Quoted text hidden]

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

JOHNNY M. HUNT,

Plaintiff,

v.

SOUTHERN BAPTIST CONVENTION; GUIDEPOST SOLUTIONS LLC; and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION,

Defendants.

Case No. 3:23-cv-00243
Judge Campbell
Magistrate Judge Frensley

**NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE that,** pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, on April 16, 2024, Defendant Guidepost Solutions LLC, by its attorneys, Riley &

Jacobson, PLC, and Mintz & Gold LLP, will take the deposition upon oral examination of ███

███████████████████████████████████████████████████████████████████

Eastern Time, at Cole, Scott & Kissane P.A., 2873 Remington Green Cir., Tallahassee, FL 32308,

and shall continue from day to day until completed.

The deposition shall be conducted before a notary public or other officer authorized to

administer oaths and will be recorded via stenographic and videographic means. Counsel is invited

to attend and participate as provided for under the Federal Rules of Civil Procedure.

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott A. Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com
brody@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

L. Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR,
PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

E. Todd Presnell, Esq.
Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
BRADLEY ARANT BOULT CUMMINGS
LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 244-2582
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS
LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, WV 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

on this 2nd day of April, 2024.

s/John R. Jacobson