IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHERN BAPTIST CONVENTION, )<br>et al., )<br>    Defendants. ) | Case No. 3:23-cv-00243<br>Judge Campbell/Frensley |

## ORDER

### I.    INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. All three Defendants have filed Motions to Dismiss, which have been disposed of. Docket Nos. 25, 29, 31, 150, 151.

This matter is now before the Court upon a Motion to Expedite and for Emergency Relief filed by non-party Jane Doe. Docket No. 172.[3] Ms. Doe has also filed the Declaration of Melissa J. Hogan and other supporting documents. Docket Nos. 173, 173-1 through 173-9, 177, 177-1

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] For the purposes of this Order, the accuser is referred to as "Jane Doe." Her motion to proceed under a pseudonym is currently pending. Docket No. 168.
[3] This document comprises both the Motion and the Supporting Memorandum.

through 177-9.[4] Mr. Hunt has filed a "Motion to Strike for Failure to Comply with Local and Federal Rules and Opposition to Motion to Expedite and for Emergency Relief," a Supporting Memorandum, and other supporting documents. Docket Nos. 181, 182, 182-1 through 182-3, 184, 185. For the reasons set forth below, Ms. Doe's Motion (Docket No. 172) is **DENIED**. Mr. Hunt's Motion to Strike (Docket No. 181) is also **DENIED**.

## II. LAW AND ANALYSIS

Ms. Doe's Motion asks the Court to expedite the briefing and resolution of three other pending Motions: her Motion to Proceed Pseudonymously, her Motion for Protective Order, and her Motion for Leave to File Under Seal. Docket No. 172, p. 1; *see* Docket Nos. 168, 170, 174. In the instant Motion, Ms. Doe asserts that "[u]nder the standard briefing schedule, response(s) [to her pending Motions] would be due on April 23, 2024, which would allow significant time for Jane Doe's identity to be at risk and would be after the deposition [of Ms. Doe] noticed for April 16, 2024, which is the subject of Jane Doe's Motion for Protective Order." *Id.* at 2.

Ms. Doe contends that while her counsel has conferred with counsel for each of the Defendants, who do not oppose this Motion, "[w]e attempted to confer with counsel for [Mr. Hunt] about this motion, but [counsel] refused to communicate a position on this motion without demanding that we rehash other matters that we've already conferred about and which are a part of the other motions mentioned herein." *Id.*

In response, Mr. Hunt states that "[w]ith the Court's approval, [Mr. Hunt] will defer the discovery deadline as to Jane Doe's deposition. Accordingly, there is no need for an expedited ruling and counsel will have sufficient time to meet and confer on the issues raised in Jane Doe's

---

[4] Many of the supporting documents submitted by Ms. Doe and Mr. Hunt are filed both under seal and in a redacted form in the public record.

Motions." Docket No. 181, p. 1-2. As to the meet and confer process thus far, Mr. Hunt contends that his counsel "responded in a timely manner to all requests made by Jane Doe's Counsel, prepared written responses to each substantive request pertaining to the deposition testimony, and separately offered a stipulation on alleged privacy issues." Docket No. 182, p. 1.

Mr. Hunt does not oppose extending the deadline for Ms. Doe's deposition, and after considering the reasons set forth by Ms. Doe for the extension (including an imminent trial for her lead counsel, a sole practitioner, and an out-of-state medical procedure for the child of her local counsel), the Court finds that Ms. Doe's deposition should be postponed to a date that is agreeable to all involved, but no later than May 31, 2024. As to Ms. Doe's other stated concern that expedited briefing is necessary because the standard briefing schedule "would allow significant time for [her] identity to be at risk," the Court finds that the standard time for briefing does not, in and of itself, pose a significant risk to disclosure. The Court will add further protection by specifically ordering that, until the resolution of her pending Motions, Ms. Doe may only be referred to in filings by her pseudonym, and that all filings, exhibits, or any other material filed in the public record must redact any information that might identify her. Failure to comply with this requirement will constitute a violation of an order of this Court, and appropriate sanctions will follow. Therefore, there is no need to expedite consideration of Ms. Doe's pending motions.

Further, having reviewed the submitted correspondence between counsel for Ms. Doe and counsel for Mr. Hunt, the Court agrees that a substantive meeting to confer on the issues appears not to have taken place. Jane Doe's counsel has only recently appeared in this matter, and was perhaps unaware that the Court has imposed the additional requirement that "prior to filing . . . discovery motions (except those that are unopposed), lead counsel must meet and confer in person. Any Party who files an opposed discovery motion must simultaneously file a notice stating when

and where the required conference took place and listing the attendees." Docket No. 147, p. 4. The Court imposed this additional requirement after dealing with numerous discovery motions that "could have been avoided had counsel actually met and conferred as required by both the Local Rules and the Practices and Procedures of both Judge Campbell and Judge Frensley." *Id.* at 3. Although the requirement was directed to "any Party," since, at that time, no one else had appeared in the case, the Court clarifies here that it applies to anyone filing a discovery motion.

While Ms. Doe and Mr. Hunt may have intractably opposed positions as to some issues that are the topic of her Motions, it appears to the Court that progress could well be made on others (for example, the two appear to be only one hour apart in their desired time limits for Ms. Doe's deposition). Nevertheless, the exchange of emails up to this point has not been fruitful, seemingly at least in part because of urgency on the part of Ms. Doe's counsel to get her Motions filed.

In order to assist counsel in their efforts and keep this matter moving forward, the Court will order the following steps. Counsel for Ms. Doe and Mr. Hunt must meet in person as described in the Court's recent Order to confer on the issues in Ms. Doe's pending Motions. No later than April 19, 2024, counsel must file with the Court a report that states when and where the conference took place, a list of attendees, and any issues that remain unresolved. *See* Docket No. 147, p. 4. In light of the upcoming conflicts for Ms. Doe's counsel, referenced above, Ms. Doe will be excused from the requirement that "lead counsel" attend this conference, and either Ms. Hogan or Mr. Tchividjian may attend on behalf of Ms. Doe. Following the required conference, if he still deems it necessary, Mr. Hunt must file his responses to Ms. Doe's pending Motions no later than April 29, 2024. If she wishes to file reply briefs, Ms. Doe must do so no later than May 6, 2024.

As to Mr. Hunt's Motion to Strike:

Motions to Strike are governed by Rule 12, which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

The Sixth Circuit has found that pursuant to Rule 12, motions to strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006). The Court has stated as follows:

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served."

*Id.*; *see also Watson Carpet & Floor Covering, Inc. v. Mohawk Indus.*, No. 3:09-0487, 2013 U.S. Dist. LEXIS 39831, at *1-2 (M.D. Tenn. Mar. 22, 2013). Ms. Doe's Motion to Expedite and for Emergency Relief is not a pleading. Mr. Hunt provides no authority under which the Court could strike material from this Motion. Therefore, the Court must deny this request.

### III. CONCLUSION

For the foregoing reasons, Ms. Doe's Motion (Docket No. 172) is **DENIED**. Mr. Hunt's Motion (Docket No. 181) is also **DENIED**. Counsel for Ms. Doe and Mr. Hunt must comply with the Court's instructions as set forth above.

5

**IT IS SO ORDERED.**

_____
**Jeffery S. Frensley**
**United States Magistrate Judge**