IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## RESPONSE OF DEFENDANT GUIDEPOST SOLUTIONS LLC TO PLAINTIFF'S MOTION TO RECONSIDER APRIL 4, 2024 ORDER REGARDING TEXT MESSAGES

Defendant Guidepost Solutions LLC ("Guidepost") respectfully submits this Response in Opposition to the motion brought by Plaintiff Johnny M. Hunt ("Hunt") to reconsider that part of this Court's Order entered on April 4, 2024 (ECF Doc. No. 158) (the "April 4th Order"), which denied, in relevant part, Hunt's Second Motion to Compel to the extent that it concerned the production of text messages by certain Guidepost employees. (ECF Doc. No. 106-107.)

**PRELIMINARY STATEMENT**

The gist of Hunt's motion is that Hunt cannot accept that he should have to surrender his phone to a forensic IT professional when Guidepost employees don't. The reason is simple: Guidepost showed in its own cross-motion to compel (ECF Doc. No. 126) that Hunt didn't produce ESI because he had deleted texts and emails at a time when he was under an obligation to preserve them. In fact, Hunt produced no text messages in discovery at all. By contrast,

Guidepost searched for and produced responsive ESI in its own possession. Hunt never established in his Second Motion to Compel that Guidepost had destroyed or withheld any ESI after the duty to preserve attached.

That's it. Hunt is indignant because this Court ordered Hunt to surrender his phone to an IT professional for retrieval of lost information. See this Court's Order entered April 5, 2024, granting Guidepost's cross-motion to compel and directing Hunt to "provide his phone to a forensic IT professional for the purpose of attempting to retrieve any messages (text or email) that are responsive to Guidepost's document requests." (ECF Doc. No. 159.) By Hunt's logic, what is good for the goose must be good for the gander, and the Court should direct Guidepost to go through the same process that Hunt had to endure. (Hunt does not, however, seek the production of the phone of Guidepost's in-house counsel, Anthony Collura.)

The problem with Hunt's argument is that his so-called "motion to reconsider" amounts to nothing more than an attempt to rehash and relitigate Hunt's already-denied Second Motion to Compel. As Hunt concedes in his motion to reconsider, Guidepost never objected to his request for text messages with the investigators and Guidepost did, in fact, search for and produce them. Hunt just wished there had been more such messages, but neither in this motion nor in the Second Motion to Compel did Hunt establish that Guidepost's employees destroyed or withheld ESI. Rather, the only real spoliation in this case remains ***Hunt's admitted deletion of his own communications,*** which Hunt stunningly admitted during his own deposition last month that he has continued to do to this very day. In short, the Court got it right the first time and the motion to reconsider should be denied.

**BACKGROUND**

The Court is familiar with the history of Hunt's Second Motion to Compel. However, for convenience, Guidepost briefly recaps the critical facts underlying the motion and the Court's April 4th Order solely for the purpose of rebutting Hunt's mischaracterization of the record.

As the Court will recall, the basis of Hunt's Second Motion to Compel was his argument that Guidepost had produced an inadequate number of text messages. In the Second Motion to Compel, Hunt complained that "Guidepost has only produced limited screenshots of text messages from two custodians—Russell Holske and Samantha Kilpatrick," which Hunt asserted were an incomplete production when compared to documents he had acquired through the service of subpoenas upon Jane Doe and her husband. (ECF Doc. No. 107 at 6-7.) Significantly, Hunt emphasized in his Second Motion to Compel that Guidepost's CEO, Julie Myers Wood, "had direct text conversations with Bruce Frank (SBC Task Force Chair) regarding Plaintiff and direct emails with Complainant's husband." (Id. at 7.)

In its opposition, Guidepost responded that it had "produced numerous text messages from the investigators, ***including group text exchanges among the four Guidepost witnesses*** whom Hunt has or is about to depose [and has since], including Guidepost's CEO, Julie Myers Wood." (Guidepost Resp. to Second Motion to Compel, ECF Doc. No. 113 at 9.).[1]

In Hunt's reply, he asserted that one of the investigators, Russ Holske, had deleted text messages "during the investigation" (ECF Doc. No. 116 at 5) but did not argue that Guidepost was under any duty to preserve them then, litigation not being imminent or anticipated at the time. Hunt

---

[1] Guidepost further responded that Hunt's Second Motion to Compel was meritless for the additional reason that there were no "instant messages" of the sort Hunt was demanding in the motion. (ECF Doc. No. 113 at 9.)

3

again complained that Guidepost's production consisted of "select screenshots" of text messages—which included the group text exchanges with Ms. Wood.

In its April 4th Order, the Court correctly denied Hunt's Second Motion to Compel, finding, in relevant part:

> As to the second category [text messages to or from Mr. Holske and other Guidepost investigators and Guidepost executives], the Court finds that Mr. Hunt has not met his burden to demonstrate how text messages to and from Guidepost's executives and general counsel (Mr. Collura) are relevant to the claims and defenses in this case. Mr. Hunt's assertion that "they were all involved in the investigation and reporting of the allegations against [Mr. Hunt]" is insufficient, as it does not even attempt to connect the text messages to the claims or defenses in this matter. See Docket Nos. 109, 118. As to the investigators, Guidepost asserts that it has "produced numerous text messages from the investigators, including group text exchanges among the four Guidepost witnesses whom Hunt has or is about to depose, including Guidepost's CEO, Julie Myers Wood." Docket No. 115, p. 9. Guidepost further states that "[t]here were no 'instant messages' of the sort Hunt requested." Id. Apart from text messages to or from Guidepost's attorney, Mr. Collura, it appears that (to the extent that they exist) Guidepost has produced the requested documents, and the Court finds that Mr. Hunt has not demonstrated the relevance of Mr. Collura's texts.

See April 4th Order, ECF Doc. No. 158 at 11. Following entry of the April 4th Order, the Court entered another Order the very next day on Guidepost's cross-motion to compel, finding that Hunt's own admitted failure to preserve documents required him to surrender his phone to an IT professional for forensic inspection and retrieval of missing text messages. (See Order entered April 5, 2024, ECF Doc. No. 159.) In his own deposition two weeks later, Hunt confirmed that he had deleted ESI when he was under a duty to preserve it and never stopped doing so, even after filing the instant action (See Hunt Dep., Exhibit 1 at 231, ll. 9-12) ("It was routinely. [Deleting texts] was a habit. It was a: Let's get this phone cleaned up and make sure I have answered all my texts, emails. Done with them. Move on.").

This motion followed.

# ARGUMENT

## HUNT HAS NOT MET HIS BURDEN UNDER A MOTION TO RECONSIDER AND THE RECORD CONTINUES TO SHOW THAT GUIDEPOST SEARCHED FOR AND PRODUCED ANY ESI THAT WAS IN ITS POSSESSION

This Court treats so-called "motions for reconsideration" of discovery orders under the standard governing a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). See Bluewater Music Services Corporation v. Spotify USA Inc., No. 3:17-cv-01051, 2019 WL 6894518, at * 1-2 (M.D. Tenn. Mar. 25, 2019) (Frensley, J.). Hunt's motion may therefore only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Id. (citing GenCorp. Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). Accordingly, Hunt may not raise or make arguments "which could, and should, have been made before [the original determination]." Id. at *2. But that is precisely what Hunt is attempting to do and the Court should not indulge him.

Hunt does not contend that the Court made a clear error of law or that there has been a change in controlling law. Nor does he persuasively establish "newly discovered evidence" that would change this Court's determination under the April 4th Order. While in his motion Hunt asserts that Ms. Wood testified that she would receive texts from and send texts to Guidepost's investigators (Hunt Mem., ECF Doc. No. 163 at 2-3), that fact was already known and before the Court in the Second Motion to Compel. In fact, the Court recognized as much in the April 4th Order, specifically noting that Guidepost produced group text exchanges that included correspondence from Ms. Wood. (April 4th Order, ECF Doc. No. 158 at 11.)

In yet another attempt to justify his motion for reconsideration, Hunt goes on to suggest that Ms. Woods's deposition (purportedly) afforded further "newly discovered evidence" because she acknowledged "texting Bruce Frank, the Chairman of the SBC Task Force, about the Report." Hunt attaches text messages—produced by Guidepost—as evidence of those communications.

(Hunt Mem. ECF Doc. No. 163 at 3 & Exhibit A, C, D.) But, once again, this is old news: the Court already had occasion to consider this fact because Hunt raised the subject of Ms. Woods's text messages with Dr. Frank in his Second Motion to Compel. (Hunt Mem., Second Motion to Compel, ECF Doc. No. 107, at 7.)

In his motion for reconsideration, Hunt admits that on March 20, 2024, Krista Tongring testified that Guidepost asked its employees and independent contractors to screenshot text messages for production. (Hunt Mem., ECF Doc. No. 163 at 4.) And Guidepost did, and it produced them in due course. Therefore, faced with undisputed evidence that Guidepost searched for and duly produced responsive text messages in its possession (thereby cutting the legs out from under his quest to force a forensic examination of Guidepost's phones), Hunt attempts—as he did in his Second Motion to Compel—to distract and confuse the Court with a false narrative that Guidepost "destroyed" text messages "as requested" by Jane Doe's husband. (Id. at 4, citing ECF Doc. No. 102, Exhibit U.)

But as this Court recognized in its April 4th Order, "Hunt conflates two categories of documents: 1) documents that Jane Doe's husband gave to Guidepost investigators during the course of their investigation, and 2) text messages to or from Mr. Holske and other Guidepost investigators and Guidepost executives." (April 4th Order, ECF Doc. No. 158 at 11.) As the Court noted, the "first category" involved the request of Jane Doe's husband that some of the materials provided to the Guidepost investigators not be preserved after the Report was submitted to the SBC Task Force, specifically, the audiotapes of marriage counseling sessions, a "summary document," and the journal prepared by the husband in the course of the "counseling" sessions. Those documents were ***not*** destroyed and were produced to Hunt in discovery. As to all other documents (Guidepost's text messages), the Court determined that "(to the extent that they exist)

6

Case 3:23-cv-00243   Document 194   Filed 05/07/24   Page 6 of 9 PageID #: 2601

Guidepost has produced the requested documents." (April 4th Order, ECF Doc. No. 158 at 11.) Thus, Hunt's reference to the husband's request to destroy audiotapes fails to establish a predicate for the relief he seeks in this motion, just as it failed to justify that relief in the Second Motion to Compel.

The reality is that the only spoliator of evidence in this action is **Hunt**. In fact, even after this Court ordered Hunt to surrender his phone for inspection and retrieval of his own deleted texts in the Order entered on April 5, 2024 (ECF Doc. No. 159), Hunt admitted during his deposition two weeks later that right up to the filing of this action he had a routine practice of deleting texts and email messages—a practice that he further admitted continues *to this day.* See Transcript of Johnny M. Hunt Deposition, Exhibit 1, at 229-245. Hunt routinely deletes emails, forwarding what he deems to be litigation specific emails to his wife, and decides *for himself* whether to keep texts that he considers to be related to the litigation. Id. at 234-235.

Moreover, only the week before Hunt's damning admission, Guidepost learned through the third-party deposition of the marriage counselor, Roy Blankenship, that Hunt had texted him directly on July 9, 2022 (less than two months after the publication of the Guidepost Report that forms the basis of this litigation). Blankenship produced that text message in response to Guidepost's request on the record of the deposition. See Exhibit 2. This is a text message that Hunt never produced in discovery to Guidepost—because he had deleted it at a time when litigation was reasonably foreseeable and his counsel had advised him to preserve documents. Exhibit 1, at 235-236. In other words, it is **Hunt** who has destroyed and withheld evidence when he was required to preserve it—not Guidepost. The inevitable conclusion to be drawn from these facts is that Hunt's motion for reconsideration is a desperate effort at "whataboutism," confected for the purpose of distracting the Court from his own spoliation of evidence.

7

In all events, Hunt has failed to establish the predicate for reconsideration of the Court's April 4th Order. No "newly discovered evidence" reveals anything not already known to the Court and the parties at the time of the Second Motion to Compel and this Court's April 4th Order, and Hunt's motion should be denied. Fact discovery is concluded, and the action should proceed to expert discovery and, in due course, summary judgment.

## CONCLUSION

For the foregoing reasons, Guidepost respectfully requests that the Court deny the motion to reconsider in its entirety.

Dated: May 7, 2024

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
600 Third Avenue – 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com
brody@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Scott E. Murray, Esq. (Ind. Bar. 26885-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

on this 7th day of May 2024.

s/John R. Jacobson