IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00243 |
| | ) Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

### I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each denied the substantive allegations and asserted affirmative defenses. Docket Nos. 154, 155, 161.

This matter is now before the Court upon a "Motion to Reconsider Order No. 158 Regarding Text Messages" filed by Mr. Hunt. Docket No. 162. Mr. Hunt has also filed a

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

Supporting Memorandum and other supporting documents. Docket Nos. 163, 163-1, 165, 165-1, 165-2, 165-3.[3] In accordance with Local Rule 7.01, Guidepost initially did not respond to the Motion.[4] Pursuant to the Court's Order, Guidepost filed a Response. Docket Nos. 193, 194. Guidepost also filed supporting documents. Docket Nos. 194-1, 194-2, 196. For the reasons set forth below, Mr. Hunt's Motion (Docket No. 162) is GRANTED IN PART.

## II. LAW AND ANALYSIS

### A. Motions to Alter or Amend Judgment Under Rule 59

Because there is no federal procedural rule permitting a "motion to reconsider," the Court will construe Mr. Hunt's Motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This Court has previously explained the standards for a Rule 59(e) motion:

> Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp. Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music. Inc., v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395(6th Cir. 2007) (collecting cases).

*Botello v. Tenn. Dep't of Corr.*, No. 3:18-cv-00549, 2018 WL 3818020, 2018 U.S. Dist. LEXIS 135352 at *2 (M.D. Tenn. Aug. 10, 2018).

Moreover, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59 motions are not to be used to raise or make arguments "which could, and should, have been made before judgment issued." *Id.*; *see also FDIC v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir.

---

[3] The Supporting Memorandum is filed both under seal and in redacted form in the public record.
[4] Local Rule 7.01(a)(3) provides that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court."

2

Case 3:23-cv-00243    Document 197    Filed 05/14/24    Page 2 of 5 PageID #: 2648

1992) ("Rule 59(e) motions are aimed at *re*consideration, not initial consideration.") (emphasis in original) (internal quotations omitted). Due to the narrow purposes of the motion, the judicial system's interest in the finality of judgments, and the conservation of judicial resources, Rule 59(e) motions "typically are denied." *Miller v. Bell*, 655 F. Supp. 2d 838, 844 (E.D. Tenn 2009), *citing* Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1 at 128 (internal quotations omitted).

Motions under Rule 59 must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Mr. Hunt filed his Motion within 28 days after entry of the Court's prior Order; thus, the Motion is timely under Rule 59. *See* Docket Nos. 158, 162.

**B. Mr. Hunt's Motion**

Mr. Hunt asks the Court to reconsider its Order granting in part and denying in part one of his motions to compel. Docket No. 162; *see* Docket Nos. 106, 158. That Order denied Mr. Hunt's motion to compel to the extent that it sought to compel the production of text messages sent or received by Guidepost investigators and executives. Docket No. 158, p. 11. The Court found that "[a]part from text messages to or from Guidepost's attorney, Mr. Collura, it appears that (to the extent that they exist) Guidepost has produced the requested documents, and the Court finds that Mr. Hunt has not demonstrated the relevance of Mr. Collura's texts."[5] *Id.*

Mr. Hunt requests an order requiring Guidepost to "do a forensic collection of Mr. Holske, Ms. Kilpatrick, Ms. Myers Wood, and Ms. Tongring's phones . . ." in order to retrieve responsive text messages.[6] Docket No. 165, p. 5. Mr. Hunt maintains that new evidence

---

[5] Mr. Hunt clarifies that he "is not seeking a forensic collection of Mr. Collura's text messages." Docket No. 165, p. 1, n.1.
[6] The Court has previously identified these individuals based on information contained in the Parties' Joint Discovery Dispute Statement: "Guidepost personnel: lead investigators (Russell

3

demonstrates the existence of relevant text messages that have not been produced by Guidepost. *Id.* Mr. Hunt points to deposition testimony taken from Ms. Myers Wood indicating that she used text messaging to discuss the Report and the events leading to it, and document production from Guidepost including a text message produced by Ms. Kilpatrick that included Ms. Myers Wood. *Id.* at 2-3, *citing* Docket Nos. 163-1, 165-1, 165-2, 165-3. Mr. Hunt contends that "Guidepost has not produced a single text from Ms. Wood's phone." *Id.* at 3.

In response, Guidepost maintains that "[a]s Hunt concedes in his motion to reconsider, Guidepost never objected to his request for text messages with the investigators and Guidepost did, in fact, search for and produce them." Docket No. 194, p. 2. Further, Guidepost disputes Mr. Hunt's assertion that any of the evidence he has put forward is new, noting that the Court was already aware of the fact that Ms. Myers Wood texted with the investigators. *Id.* at 5 ("the Court recognized as much in the April 4th Order, specifically noting that Guidepost produced group text exchanges that included correspondence from Ms. Wood"). Guidepost does not explain why it has not produced any texts from Ms. Myers Wood's phone. *See* Docket No. 194.

While the Parties' filings are not particularly helpful to the Court in this instance, it does appear to the Court that (1) the information provided by Mr. Hunt is not "new"; it was either known to the Court at the time of its prior Order or could have been presented with Mr. Hunt's motion to compel; but also (2) there may be relevant and responsive text messages that Guidepost has not yet produced. The Court was aware that Ms. Myers Wood was involved in some relevant group texts that had been produced to Mr. Hunt, so her testimony that she texted with others about the Report and Mr. Hunt, and the fact that relevant texts exist that include her,

---

Holske and Samantha Kilpatrick), Senior Managing Director (Krista Tongring), [and] Chief Executive Officer (Julie Myers Wood) . . . ." Docket No. 158, p. 9, n.5.

4

is not new evidence and would not change the Court's conclusion. But the Court does not understand why, that being the case, there have been no texts produced from Ms. Myers Wood's phone, and why Guidepost does not attempt to explain that absence.

While they are rarely granted, motions brought under Rule 59(e) may be granted in order to prevent "manifest injustice." *GenCorp,* 178 F.3d at 834. If Guidepost is in possession of text messages that are relevant and responsive to Mr. Hunt's discovery requests (and not privileged or otherwise not subject to production), the Court finds that it would be manifestly unjust for Guidepost to withhold them. Because Guidepost has not stated so directly, it is unclear to the Court whether that is the case. Therefore, no later than May 28, 2024, Guidepost must search the phones of Ms. Myers Wood, Ms. Tongring, Ms. Kilpatrick, and Mr. Holske and file a notice with the Court certifying that any relevant text messages that are responsive to a discovery request from Mr. Hunt and were not previously produced from the phones of another custodian have now been produced.[7]

### III. CONCLUSION

For the foregoing reasons, Mr. Hunt's Motion (Docket No. 162) is GRANTED IN PART.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

---

[7] The Court finds that Mr. Hunt has not provided evidence of document destruction or loss such that a forensic examination is necessary.

5