IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FORENSIC COLLECTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Johnny M. Hunt, by and through the undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Compel Defendant Guidepost Solutions LLC ("Guidepost") to forensically collect text messages from the phones of Julie Myers Wood, Krista Tongring, Samantha Kilpatrick, and Russell Holske. For the reasons stated below, this Court should grant Plaintiff's Motion.

As required by Local Rule 7.01, counsel for Plaintiff hereby certifies that he has conferred in good faith with counsel for Guidepost regarding the nature of this Motion, the issues raised in this Motion, and the relief requested in this Motion. Pursuant to the Court's March 4, 2024 Order (Doc. No. 147), Plaintiff filed a separate Notice of May 29, 2024 Meet and Confer. (Doc. No. 203).

## INTRODUCTION

It is now clear that a forensic collection from the phones of Julie Myers Wood, Krista Tongring, Samantha Kilpatrick, and Russell Holske is required. Plaintiff has undisputable evidence of deleted text messages. Plaintiff has also adduced evidence that (A) Jane Doe's Husband requested that Guidepost's investigators destroy documents, and (B) Guidepost's lead investigator routinely deleted text messages and emails during the course of the investigation. The loss and destruction of text messages was confirmed when Guidepost represented to the Court that each witnesses' phone was searched and "all further responsive text messages" had been produced. Not surprisingly, the destroyed text messages were not included in Guidepost's supplemental production. A forensic collection is required to recover these messages. Moreover, Guidepost delegated all responsibility to produce relevant text messages to each individual witness, resulting in a deficient production that can only be cured through a forensic collection.

## BACKGROUND

The Court granted in part Plaintiff's Motion to Reconsider on May 14, 2024, and ordered Guidepost to "search the phones of Ms. Myers Wood, Ms. Tongring, Ms. Kilpatrick, and Mr. Holske and file a notice with the Court certifying that any relevant text messages that are responsive to a discovery request from Mr. Hunt and were not previously produced from the phones of another custodian have now been produced." (Doc. No. 197 at 5). The Court did not require a forensic examination at that time because "Mr. Hunt [had] not provided evidence of document destruction or loss." *Id.* at n.7. On May 15, Plaintiff emailed Guidepost requesting the details of its anticipated efforts to comply with the Court's Order. Ex. A. Guidepost did not respond. Plaintiff sent a follow-up letter on May 21, 2024, which requested to "discuss the details of Guidepost's collection efforts in advance of its supplemental production" in order to

avoid "unnecessary motion practice and delay." Ex B. In the letter, Plaintiff identified specific text messages covered by the Court's Order that had not been produced by a Guidepost custodian suggesting the destruction or loss of documents. Guidepost did not respond.

Guidepost made a supplemental production containing only twenty-seven truncated text message conversations. The rudimentary production was self-collected and self-edited by the witnesses, did not contain any of the identified missing documents cited in Plaintiff's letter, and confirmed that text messages had been deleted. Therefore, Plaintiff is forced to file this Motion to Compel to Guidepost to forensically collect text messages.

## ARGUMENT

**A. Plaintiff has proven that documents have been destroyed and lost.**

The Court previously determined that a forensic examination of Guidepost's witnesses' phones was not necessary because "Mr. Hunt [had] not provided evidence of document destruction or loss such that a forensic examination is necessary." (Doc. No. 197 at n.7). Plaintiff now has evidence of destruction and loss, and a forensic examination is required to retrieve the missing messages.

Guidepost made a supplemental production on May 28, 2024, which contained a total of twenty-seven text messages conversations from only two custodians—Julie Myers Wood and Krista Tongring. The entire supplemental production is attached as Exhibits C-D. The supplemental, Court-Ordered production is not complete. Even with his limited access to information (Defendant, not Plaintiff, has access to the phones), Plaintiff is aware of a substantial number of text messages that have not been produced by any Guidepost custodian.[1] Thus,

---

[1] According to Guidepost's data fields included with its productions throughout this case, Guidepost's complete list of custodians include "Julie Myers Wood," "Krista Tongring,"

Guidepost's Court-Ordered certification[2] is either wrong, or Guidepost's admittedly self-collected collection process was inadequate. Either way, a forensic collection is now required. Moreover, Guidepost's failure to produce missing text messages and subsequent certification that the phones of each custodian were searched through a forensically-unsound and untested process confirms that text messages have been "lost or destroyed."

The evidence now shows that Mr. Holske ***deleted at least 80 text messages*** with Jane Doe's Husband. For example, Exhibit E shows a text message thread between Mr. Holske (Guidepost) and Jane Doe's Husband. Column 2 of Exhibit E shows the thread from the perspective of Guidepost's document production to Plaintiff in this case. It contains only ***two*** text messages in the thread. Column 3 of Exhibit E shows the thread from the perspective of Jane Doe's Husband's Rule 45 subpoena response to Plaintiff in this case. It paints a different picture—containing ***eighty-four*** text messages in the ***same text message thread***.[3]

This glaring problem was not addressed in Guidepost's May 28 Court-Ordered supplemental production, despite Guidepost's Court-Ordered certification that "the phones of Ms. Myers Wood, Ms. Tongring, Ms. Kilpatrick, and Mr. Holske were searched and all further responsive text messages in their possessive [sic], custody, and control that were not previously produced from the phones of another custodian have now been produced." (Doc. No. 201).

Exhibit E proves conclusively one of two realities: either (A) Mr. Holske deleted the text messages missing from that exhibit, or (B) Guidepost's collection was too rudimentary to capture

---

"Samantha Kilpatrick," "Russell Holske," "Christina Bischoff," "Sunny Lee," "Guidepost," "Guidepost Supp 1.9.24," "Guidepost Supp 1.14.24," and "Guidepost Supp 1.19.24."
[2] Doc. No. 201.
[3] For the avoidance of doubt, both sets of document productions for this thread are attached as well—Mr. Holske (Guidepost)'s perspective is attached as Exhibit F, and Jane Doe's Husband's perspective is attached as Exhibit G.

4

them. It does not matter which is true. Either reality warrants an order requiring a forensic collection.

The list of deleted text messages is not limited to the Exhibit E above:

- Jane Doe's Husband asked Mr. Holske via text if Mr. Holske deleted documents "█ █████" (Doc. No. 102, Ex. U). This text message has not been produced by a Guidepost custodian.

- There are text messages between Guidepost's investigators connecting Jane Doe and her Husband to a therapist engaged by Guidepost. Exs. H-I. These text messages have not been produced by a Guidepost custodian.

- Before Guidepost's supplemental production, Plaintiff identified additional texts by Bates number that had not been produced by a Guidepost custodian. *See* Ex. B. Despite the notice, the text messages have still not been produced by a Guidepost custodian.

The undisputed evidence of record conclusively establishes that Guidepost text messages have been lost or destroyed. A forensic examination of each Guidepost witness's phone is required to remedy the loss or destruction of text messages.

**B. Guidepost failed to comply with the Court's order and adequately search for responsive text messages.**

A forensic examination is required for a second reason: Guidepost failed to comply with the Court's Order and adequately search the phones of Ms. Myers Wood, Ms. Tongring, Ms. Kilpatrick, and Mr. Holske. Instead, Guidepost delegated the responsibility of searching for relevant text messages to each individual witness, resulting in a limited and deficient production.

At the May 29 in-person meet and confer, Guidepost revealed that Guidepost's witnesses collected their own text messages. Guidepost's self-collection procedure is inappropriate. Jane Doe's husband requested that Guidepost's investigators destroy documents relating to the investigation. (Doc. No. 102, Ex. U). Guidepost's lead investigator admitted under oath that he routinely deleted text messages and emails during the course of the investigation. And it is now

5

established that Mr. Holske did delete text messages. *See* Exhibit E. These details alone make Guidepost's self-collection procedure inadequate. Guidepost's self-collection procedure is also inconsistent with their previous statements to this Court regarding Plaintiff's collection procedures. In support of their Cross-Motion to Compel Plaintiff to forensically collect text messages, Guidepost argued: "Fundamentally, it is not for Hunt in the first instance unilaterally to determine whether a responsive text is 'substantive' or not." (Doc. No. 126 at 6). Similarly, here, it is not for Ms. Wood, Ms. Tongring, Ms. Kilpatrick, or Mr. Holske to determine for themselves whether a text message is responsive or to otherwise vindicate Guidepost's duty and obligation to comply with this Court's Orders.

The results of Guidepost's self-collection procedure are as expected. Only ten text message conversations were produced from Ms. Wood's phone. Ex. C. All but one of the text messages produced from Ms. Wood were from 2021 and discussed details regarding Guidepost's engagement by the Southern Baptist Convention. Not a single text message produced by Ms. Wood related to the allegations against Plaintiff, despite her testimony at deposition that she would receive texts from and send texts to Guidepost's lead investigators "on the Johnny Hunt specific matter." (Doc. No. 163-1 at 229:21-230:5). Ms. Wood testified that she had no reason to dispute that she exchanged text messages with additional Guidepost witnesses regarding the Report, including Sunny Lee and Christina Bischoff. (*Id.* at 230:17-231:3). But Ms. Wood did not produce a single text to or from Sunny Lee or Christina Bischoff. Ms. Wood had an email exchange on May 13, 2022 with Russell Holske regarding the Johnny Hunt matter and asked Mr. Holske to ▓▓▓▓▓▓▓▓▓▓ (Doc. No. 165-1). Neither Ms. Wood nor Mr. Holske produced the text exchange from May 13, 2022.

Ms. Tongring's production was similarly deficient. For instance, Guidepost long ago produced the truncated text message depicted below:



GP_007686 (red emphasis added). The text message highlighted in red was never produced. It should have been produced in the Court Ordered supplemental production. It was not. What did Ms. Tongring say to Mr. Holske in response to his request for Guidepost to " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ so they could send it to the Jane Doe and her Husband for editing? That is a very important question in this case. Plaintiff does not know the answer because Guidepost's text message productions are woefully inadequate. Forensic collection and production should be required.

Courts have held that self-collection of ESI without sufficient oversight and support results in the need for a forensic examination of a device. *In re Abilify* involved a discovery dispute regarding online gambling records. No. 3:16-MD-2734, 2017 U.S. Dist. LEXIS 231124

(N.D. Fla. Dec. 7, 2017). In that case, plaintiffs self-collected ESI from their electronic devices. *Id.* at *10-11. The court stated: "self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted." *Id.* Because of this self-collection without instructions or coaching on searching for responsive evidence, the court ordered a forensic examination of the plaintiffs' electronic devices. *Id.* at 13; *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 U.S. Dist. LEXIS 28263 at *5-6, 8 (S.D. Fla. Feb. 28, 2014), *as amended*, No. 12-24356-CIV, (S.D. Fla. May 5, 2014) (ordering a forensic examination of electronic files after a party self-collected ESI and allowed a custodian to "decided for himself whether something was relevant"). Likewise, Guidepost's self-collection procedure raises serious questions as to whether all responsive documents were produced, and the Court should order forensic imaging.

Finally, Guidepost's supplemental production is deficient for a separate reason: the supplemental text messages produced cut-off responses and omit metadata that reveals the date a text was sent or received. Ex. J (examples of text messages that are cut-off). This imperils Plaintiff's evidentiary right to "require the introduction" of the "remainder of" the text message thread "at the time" of its introduction at any trial. *See* F. R. Evid. 106 (rule of completeness). A forensic examination would cure these defects and preserve Plaintiff's evidentiary rights.

Consistent with the Court's prior Order, Plaintiff's phone was forensically imaged. The process was efficient. All text messages on Plaintiff's phone and iCloud were collected, regardless of relevance. Each text message was uploaded to a discovery database for Plaintiff's Counsel to apply search terms. After a responsiveness, relevance, and privilege review, full text

chains and complete metadata were produced to Defendants. Guidepost should be required to do the same in order to provide a complete production and remedy all defects in its production.[4]

## CONCLUSION

Plaintiff respectfully requests that the Court order Guidepost to forensically collect text messages from the phones of Julie Myers Wood, Krista Tongring, Samantha Kilpatrick, and Russell Holske and for all other relief just and proper in the premises.

Dated: May 31, 2024

Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

-and-

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Attorneys for Plaintiff*

---

[4] Plaintiff reserves the right to seek spoilation sanctions if necessary and appropriate.

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Compel Forensic Collection to be electronically filed with the Clerk of the Court on May 31, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*


s/ Andrew Goldstein
ANDREW GOLDSTEIN