# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-00243 |
| ) | |
| SOUTHERN BAPTIST CONVENTION; ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FORENSIC COLLECTION

## INTRODUCTION

A forensic text message collection from Guidepost is essential in this case. Guidepost's witnesses frequently communicated by text about Plaintiff and the Report. The limited and truncated screenshots of text messages produced to date have provided valuable evidence regarding Guidepost's investigation, including uncovering the close personal relationship that developed between Jane Doe, her Husband, and Guidepost's supposedly impartial investigators writing the Report. But Plaintiff's access to this evidence has been limited because Guidepost has refused to make a full production. Texts have been deleted, texts have been cut off (obscuring relevant responses), texts have been withheld, and—as just now admitted by Guidepost—texts have been misfiled in the wrong case file at counsel's office. (*See, e.g.*, Doc. No. 208 at 5 n.3). Order must be brought to these proceedings. A forensic text message collection, by a reputable

forensic team, is necessary for Plaintiff to receive a complete production, to recover deleted messages, and to determine the full scope of the document destruction.

## ARGUMENT

**A. Plaintiff provided undisputable evidence that Guidepost's lead investigator destroyed text messages relating to the allegations against Plaintiff.**

Plaintiff's opening motion provided the Court and Guidepost with Exhibit E (Doc. No. 207-3), a side-by-side comparison of a text message thread between Mr. Holske and Jane Doe's Husband. This exhibit revealed at least 84 text messages that were deleted by Guidepost's lead investigator. Guidepost did not attempt to address, or even mention, this exhibit in its opposition. All possible responses have been waived, and it is now definitively established: Guidepost deleted at least 84 relevant text messages.

Regardless of Guidepost's argument that it was under no obligation to produce text messages already produced by third parties, Exhibit E conclusively proves relevant texts were deleted. Exhibit E was produced by both Guidepost and Jane Doe's Husband. The text exchange produced by Guidepost was limited to one page that jumped from March 2, 2022 to April 4, 2022—omitting an entire month of text messages that occurred between these two dates. (Doc. No. 207-4). By contrast, Jane Doe's Husband produced 13 pages of text messages from March 2, 2022 to April 4, 2022. (Doc. No. 207-5).

Instead of addressing Exhibit E, Guidepost claims that there was no destruction by focusing exclusively on the text message from Jane Doe's Husband to Mr. Holske asking him to delete documents (hereinafter the "Destruction Request"). Guidepost contends this text was not evidence that documents were actually destroyed. Although the Destruction Request is quite alarming on its face, Plaintiff's evidence of document destruction was not limited to the Destruction Request. Exhibit E is separate, independently-sufficient evidence of text message

destruction. And it stands unrebutted. The undisputed record before the Court instructs that a forensic collection of Guidepost phones is necessary to recover the deleted text messages.

B. **Guidepost's self-collection procedure provides a second, independent reason for a forensic collection.**

Guidepost's self-collection procedure was inadequate and resulted in a deficient production. Guidepost acknowledged that a forensic collection may be necessary when a witness "decided for himself whether something was relevant." (Opp. at 9 (quoting *Procaps S.A. v. Patheon Inc.*)). That is exactly what occurred in this case: Guidepost's witnesses were asked to determine for themselves whether documents were responsive to Plaintiff's discovery requests.[1]

Guidepost's witnesses deleted documents (Ex. E); were asked to delete documents by Jane Doe's Husband (Doc. No. 102, Ex. U); and admitted to routinely deleting text messages during the course of the investigation (Doc. No. 208-1 at 106:4-21). Under these circumstances, it is inappropriate for Guidepost's witnesses to perform a self-collection of text messages. Moreover, a self-collection procedure would not recover any deleted text messages, in contrast to a forensic procedure.

Finally, Guidepost's limited screenshot text message productions demonstrate the inadequacy of Guidepost's self-collection procedures. (*See* Pl.'s Mot. at 6-8).[2] Guidepost's self-

---

[1] This fact was confirmed in the parties' meet and confer conference and throughout Guidepost's opposition: "***Counsel received texts from Guidepost witnesses. . . .***" (Doc. No. 208 at 3) (emphasis added); *see also, id.* at 5.

Guidepost seems to admit that its outside counsel performed a *second* relevance review after this infirm procedure, presumably further culling the text messages to be produced. *Id.* at 5. The fact that Guidepost implemented a double-screening procedure does not help. The outside counsel review proceeded from a corpus of text messages that was already narrowed by the self-selection procedure used by the witnesses.

[2] Guidepost produced the text message cited in Plaintiff's opening motion (GP_007686) hours before filing their opposition. The production did not cure the defects and only highlights the need

3
Case 3:23-cv-00243    Document 211    Filed 06/19/24    Page 3 of 8 PageID #: 2838

collection procedure separately justifies a forensic collection.

### C. A multitude of text messages have not been produced by any Guidepost custodian, as required under the Court's Order.

Guidepost argues they had no obligation to produce texts produced by third parties. The Court's Order was clear that Guidepost must search for and produce texts that "were not previously produced from the phones of *another custodian*." (Doc. No. 197 at 5) (emphasis added). Third-party subpoena recipients are not Guidepost custodians. A substantial number of text messages have not been produced by any Guidepost custodian, and have only been produced by third parties. To justify this discovery aberration, Guidepost invents a new discovery rulebook.

Guidepost's rules were different when Guidepost accused Plaintiff of discovery misconduct. Guidepost previously filed a Statement accusing Plaintiff of withholding documents already produced by third parties. Guidepost argued then that "it is not an answer to say that third parties have produced documents that Hunt had already disclosed he had in his possession (only to have them conspicuously absent from his own production)." (Doc. No. 119 at 6). Guidepost moved to compel Plaintiff to produce documents in his possession that were produced by third parties. The Court granted this portion of Guidepost's Cross-Motion. (Doc. No. 159 at 8-9). Now, Guidepost refuses to do the same.

Moreover, Jane Doe and her Husband produced documents in December 2023. Guidepost made a supplemental production in January 2024. This supplemental production contained a number of documents already produced by Jane Doe and her Husband. Guidepost did not attempt to withhold documents already produced by Jane Doe and her Husband.

---

for a forensic collection. To Plaintiff's surprise, Guidepost's original production omitted relevant responses from not only Ms. Tongring, but also Ms. Wood.

Guidepost's recently-adopted discovery procedure allows it to conceal the full range of deleted text messages and is contrary to the Court's Order. As a result, Plaintiff has no ability to determine whether documents (beyond the 84 text messages identified in Exhibit E) were deleted or are improperly being withheld because they are purportedly duplicative of texts produced by third parties.

**D. Plaintiff's motion was timely and was caused by Guidepost's failure to comply with the Court's Order.**

Guidepost's final attempt to avoid the necessary forensic collection is to argue that Plaintiff's motion was untimely. Plaintiff's motion was timely and was required in response to Guidepost's refusal to comply with the Court's May 14, 2024 Order.

Plaintiff has attempted to obtain a full text message production from Guidepost since January 2024. (Doc. No. 106-07). The Court granted in part Plaintiff's Motion to Reconsider on May 14, 2024 and ordered Guidepost to search and produce text messages. (Doc. No. 197). Guidepost made a supplemental production on May 28th, which was reviewed by Plaintiff the same day. Plaintiff had a meet and confer with Guidepost's counsel on May 29th and filed his Motion to Compel on May 31, 2024. There was no delay. As soon as it was apparent that Guidepost's production was deficient, Plaintiff promptly filed his Motion to Compel.

## CONCLUSION

Plaintiff respectfully requests that the Court order Guidepost to forensically collect text messages from the phones of Julie Myers Wood, Krista Tongring, Samantha Kilpatrick, and Russell Holske and for all other relief just and proper in the premises.

[SIGNATURE BLOCK ANDE CERTIFICATE OF SERVICE TO FOLLOW]

Dated: June 19, 2024                                Respectfully submitted,


                                                    s/ Andrew Goldstein
                                                    **Todd G. Cole, Esq., BPR # 031078**
                                                    **Andrew Goldstein, Esq., BPR # 037042**
                                                    COLE LAW GROUP, P.C.
                                                    1648 Westgate Circle, Suite 301
                                                    Brentwood, TN 37027
                                                    Telephone: (615) 490-6020
                                                    Fax: (615) 942-5914
                                                    tcole@colelawgrouppc.com
                                                    agoldstein@colelawgrouppc.com


                                                    *-and-*


                                                    **Robert D. MacGill, Esq. (*pro hac vice*)**
                                                    **Patrick J. Sanders, Esq. (*pro hac vice*)**
                                                    MACGILL PC
                                                    156 E. Market St.
                                                    Suite 1200
                                                    Indianapolis, IN 46204
                                                    Telephone: (317) 721-1253
                                                    robert.macgill@macgilllaw.com
                                                    patrick.sanders@macgilllaw.com


                                                    *Attorneys for Plaintiff*

6

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Reply in Support of Motion to Compel Forensic Collection to be electronically filed with the Clerk of the Court on June 19, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

                                                        s/ Andrew Goldstein
                                                        ANDREW GOLDSTEIN