IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>              Plaintiff,<br><br>    v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>              Defendants. | Case No. 3:23-cv-00243<br><br>Chief Judge Campbell<br>Magistrate Judge Frensley |

## MOTION BY DEFENDANT GUIDEPOST SOLUTIONS LLC
## FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01, Defendant Guidepost Solutions LLC ("Guidepost") moves for summary judgment dismissing all remaining causes of action in the Complaint of Plaintiff Johnny M Hunt ("Hunt").[1] At issue in this action is whether the Report of the Independent Investigation (the "Report") that Guidepost prepared and submitted to its client, the Sexual Abuse Task Force ("Task Force") of Defendant Southern Baptist Convention ("SBC"), following the performance of its duties as an investigative firm, is somehow actionable as libel, despite the manifest protections of both the common interest privilege and the First Amendment of the United States Constitution. Also at issue is whether the same conduct can support tort liability through alternative claims for invasion of privacy (false light), public disclosure of private facts, and intentional and negligent infliction of emotional distress. As set forth in more detail in

---

[1] By a Memorandum Opinion and Order, each entered on March 8, 2024 (ECF Doc. No. 150 and 151), this Court previously dismissed Count Two of Hunt's Complaint.

Guidepost's accompanying Memorandum of Law, the relevant facts are undisputed and, as a matter of law, Plaintiff's claims as to Guidepost are without merit.

Guidepost brings this motion because, as to the cause of action for libel, the undisputed facts establish that Guidepost transmitted the factual material in the Report regarding Hunt's alleged sexual abuse of Jane Doe in good faith and only to its client pursuant to an Engagement Agreement by which it was obliged to investigate and report on matters of interest to the SBC. Consequently, that communication does not satisfy the publication element of a claim for libel.

Additionally, the Report is subject to a conditional privilege, and there is no evidence of actual malice. Nothing in the record would permit an inference that Guidepost knew anything in the Report was false or otherwise subjectively entertained doubts as to its veracity. In addition, because Hunt is a general purpose and/or a limited purpose public figure due to his status as a megachurch pastor and past President of the SBC, and due to his resulting nationwide profile, the First Amendment requires him to prove actual malice, which is a question of law, and he cannot. In the alternative, the undisputed facts establish that Guidepost left no stone unturned in its investigation, amply discharged its duty of care, and was not negligent in its preparation and transmission of the Report to the Task Force. Under Tennessee law, Guidepost cannot be found liable for defamation.

As to Hunt's privacy torts, because Guidepost transmitted the Report solely to the Task Force and the Committee on Cooperation of Defendant Executive Committee, the element of publicity is lacking and his causes of action for invasion of privacy (false light) and public disclosure of private fact therefore fail as a matter of law. Both privacy torts are additionally subject to dismissal pursuant to the common interest privilege and the First Amendment for the same reason that the libel claim is barred. Hunt's claim for public disclosure of private fact cannot

stand for the additional reason that the undisputed facts do not support a finding that Guidepost published material that "is not of legitimate concern to the public." As a high-profile clergyperson in the SBC, Hunt's sexual improprieties—even the ones he admits are true for purposes of this tort—are evidently of legitimate interest to the public.

Hunt's cause of action for intentional infliction of emotional distress ("IIED") also fails because (1) the record contains no evidence of actual malice, (2) no evidence exists that Guidepost intentionally or recklessly caused Hunt emotional harm, (3) Guidepost acted within the scope of its rights and obligations under the Engagement Agreement and its conduct was therefore protected under the common interest privilege, (4) Guidepost's submission of the Report did not meet the standard of outrageous conduct, (5) Guidepost did not enter into the engagement with the object of harming Hunt, and (6) Hunt has not suffered the sort of severe emotional harm required under a claim for IIED. Similarly, Hunt's claim for negligent infliction of emotional distress fails because (1) Guidepost's submission of the Report to the SBC Task Force was privileged, (2) Hunt has not adduced expert medical or scientific evidence of "serious" or "severe" psychic injury, and (3) Guidepost did not act negligently.

Finally, summary judgment is proper as to a portion of Hunt's claimed damages because the undisputed facts show that most of the revenues identified by Hunt in discovery are received by his nonprofit organization, non-party Johnny Hunt Ministries, Inc., not by Hunt.

In support of this motion, Guidepost relies upon the accompanying Memorandum of Law, Defendant Guidepost Solutions LLC's Statement of Material Facts Not in Dispute Pursuant to Local Rule 56.1, and the Declaration of Katharine R. Klein, with all the exhibits attached thereto.

**WHEREFORE,** Guidepost moves for summary judgment dismissing each and every cause of action remaining in Hunt's Complaint.

Respectfully submitted,

**RILEY & JACOBSON, PLC**

<u>s/John R. Jacobson</u>
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (*admitted pro hac vice*)
Terence W. McCormick (*admitted pro hac vice*)
Scott Klein (*admitted pro hac vice*)
Alex Otchy (*admitted pro hac vice*)
Adam Brody (*admitted pro hac vice*)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com
brody@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for the Southern Baptist Convention*

on this 3rd day of July, 2024.

*s/John R. Jacobson*