IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) | MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| *Defendants*. | ) | |

**THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rules 7.01 and 56.01, and the Court's Initial Case Management Order (Doc. 37, PageID #518–19), the Executive Committee of the Southern Baptist Convention (the "EC"), moves for summary judgment on all remaining claims asserted by the plaintiff, Johnny M. Hunt ("Hunt"). For the reasons set forth below and the reasons set forth in the (1) EC's Memorandum of Law and (2) Statement of Undisputed Material Facts filed contemporaneously herewith, there is no genuine dispute as to any material fact on Hunt's claims against the EC. As a result, the EC is entitled to judgment as a matter of law.

1. On March 17, 2023, Hunt filed his Complaint against the Southern Baptist Convention (the "SBC"), Guidepost Solutions, LLC ("Guidepost"), and the EC alleging claims for defamation/libel (Count I), defamation/libel per se (Count II), invasion of privacy (Count III), intentional infliction of emotional distress ("IIED") (Count IV), negligent infliction of emotional distress ("NIED") (Count V), and public disclosure of private facts (Count VI). Doc. 1.

2.      Three statements form the basis of Hunt's Complaint: (1) the Report of the Independent Investigation of the SBC's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022 (the "Report") (Doc. 1–2); (2) a letter from the SBC's Credential's Committee to Hiland Park Baptist Church (the "Letter") (Doc. 1–4); and (3) a tweet by Bart Barber dated December 5, 2022 (the "Tweet") (Doc. 1–3).

3.      On May 4, 2023, the EC moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Doc. 31.

4.      This Court, applying Tennessee law, granted in part and denied in part the EC's motion. Doc. 151. Specifically, this Court dismissed Hunt's claim for defamation/libel per se (Count II) but denied the motion as to the remaining counts. Doc. 150.

5.      After extensive discovery, there is no genuine dispute as to any material fact on Hunt's remaining claims. Accordingly, the EC moves for summary judgment on Hunt's claims for defamation/libel (Count I), invasion of privacy (Count III), IIED (Count IV), NIED (Count V), and public disclosure of private facts (Count VI).

6.      The Court should enter summary judgment in the EC's favor for all remaining claims relating to the ***Report*** on the following grounds:

a.      There is not a genuine issue of material fact as to Hunt's defamation/libel claim (Count I). Hunt is either a general-purpose public figure in the Southern Baptist/evangelical community or a limited purpose public figure with respect to the public controversy concerning allegations of sexual abuse in the Southern Baptist denomination. As a result, Hunt must prove the EC acted with actual malice in publishing Report. No genuine issue of material fact exists that the EC acted with actual malice. Alternatively,

even if the Court determines that Hunt is not a public figure, the EC still is entitled to summary judgment because no genuine issue of material fact exists that the EC acted negligently. Accordingly, the EC is entitled to summary judgment on Hunt's defamation/libel claim (Count I) relating to the Report.

b.      The claim for false light (Count III) relating to the Report also requires "actual malice" because Hunt is either a public figure or the claim is a matter of public concern. There is no genuine issue of material fact that the EC acted with actual malice with respect to the Report. As result, the false light claim (Count III) relating to the Report should be dismissed.

c.      This Court should also enter summary judgment on the IIED claim (Count IV) relating to the Report for several reasons. First, there is no genuine issue of material fact that the EC acted with actual malice with respect to the Report. Second, there is no evidence that the EC's publication of the Report was so outrageous that it is not tolerated by civilized society. Finally, there is no evidence that Hunt has suffered serious mental injury.

d.      Summary judgment should also be granted on Hunt's NIED claim (Count V) relating to the Report. First, there is no genuine issue of material fact that the EC owed Hunt any duty or that the EC breached any duty in publishing the Report. Second, there is absolutely no evidence that Hunt suffered a serious or severe emotional injury, let alone one caused by the EC's negligence. Third, given that Hunt has not even sought treatment from a medical doctor or received a diagnosis, there is no evidence of "expert medical or scientific proof" to sustain the NIED claim.

e.      Summary judgment should also be granted on Hunt's public disclosure of private facts claim (Count VI) relating to the Report. Assuming this Court chooses to recognize such a claim under Tennessee law, the matters discussed in the Report, including all of the allegations against Hunt, are undeniably matters of legitimate public concern. Accordingly, the EC is entitled to summary judgment.

7.      The Court should also enter summary judgment in the EC's favor for all remaining claims relating to the ***Letter*** on the following grounds:

a.      As an initial matter, the EC is entitled to summary judgment on any claims arising from the Letter because the ecclesiastical abstention doctrine prohibits the Court from adjudicating those claims.

b.      Even if the ecclesiastical abstention doctrine did not apply, the EC is still entitled to summary judgment on claims arising from the Letter because there is no genuine issue of material fact that the EC published the Letter, which forecloses each of Hunt's claims against the EC.

c.      Separately, even if the Letter could somehow be attributed to the EC, summary judgment on each of Hunt's claims arising from the Letter still would be warranted because Hunt cannot prove essential elements of each of those claims. First, there is no genuine issue of material fact that the anything about the Letter is false, as is required for defamation and false light claims. Second, there is no genuine issue of material fact that the EC acted with actual malice or negligence in connection with the Letter, so a second essential element of his defamation and false light claims fails. Third, there is no evidence that the Letter caused Hunt to suffer serious mental injury, as is required to prove his emotional distress claims. Fourth, Hunt's public disclosure claim fails because the

Letter, which was sent to a single church, did not constitute a public disclosure. Fifth, the public disclosure claim also fails because the matter discussed in the Letter is a matter of legitimate public concern.

8. The Court should also enter summary judgment in the EC's favor for all remaining claims relating to the ***Tweet*** on the following grounds:

a. The EC is entitled to summary judgment on claims arising from the Tweet because there is no genuine issue of material fact that the EC published the Tweet, which forecloses each of Hunt's remaining claims against the EC.

b. Summary judgment on each of Hunt's substantive claims arising from the Tweet still would be warranted even if the Tweet somehow could be attributed to the EC. First, there is no issue of material fact that the EC acted with either actual malice or negligence in connection with the Tweet, as is required for defamation or false light claims. Second, there is no evidence that the Tweet caused Hunt to suffer serious mental injury, as is required to prove his emotional distress claims. Third, Hunt's public disclosure claim fails because the Tweet discussed a matter of legitimate public concern.

9. Finally, even if Hunt could raise a genuine issue of material fact as to any of his claims, this Court should grant summary judgment on a portion of Hunt's alleged damages on the following grounds:

a. Hunt claims he is entitled to $100 million damages. *See* Doc. 110–9, PageID #1487–88. However, Hunt cannot recover damages from lost book sales (alleged to be not less than $3,960,000) and speaking engagements (alleged to be not less than $3,850,000) because those damages are only sustainable (if at all) by Johnny Hunt Ministries ("JHM"), which is not a party to this action. Because these categories of income would have been

income to JHM and not to Hunt individually, they are not recoverable as damages in this action.

b. Second, Hunt's $30-45 million emotional distress damages claim is totally unsupported. *See* Doc. 110–9, PageID #1487–88. Hunt has not shown that he suffered compensable emotional distress at all. He has not sought treatment from any medical doctors for his alleged emotional distress, he has received no diagnosis, and he takes no medication to alleviate his emotional distress. Hunt even admitted that his emotional distress damages claim is "just an estimation" that was based only on his "attorney's many, many years of being a trial lawyer" and that he has "no idea" what his losses are. Accordingly, there is no genuine issue of material fact as to Hunt's emotional distress damages.

10. In addition to the EC's Memorandum of Law and Statement of Undisputed Facts filed contemporaneously herewith, the EC relies upon the following exhibits[1] in support of this motion:

- **Exhibit 1**: Excerpts from the Rule 30(b)(6) Deposition of the Executive Committee of the Southern Baptist Convention (Jonathan Howe);

- **Exhibit 2**: Excerpts from the Deposition of Johnny M. Hunt;

- **Exhibit 3**: Excerpts from the Deposition of Roy Blankenship;

- **Exhibit 4**: Excerpts from the Rule 30(b)(6) Deposition of Guidepost Solutions, LLC (Krista Tongring);

---

[1] Exhibits 4, 5, 10, and 11 contain information that has been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered in this case as amended. *See* Docs. 52, 83, 153. Accordingly, redacted copies of these Exhibits accompany this Motion. The EC is contemporaneously seeking leave to file unredacted versions of Exhibits 4, 5, 10, and 11 under seal.

- **Exhibit 5**: Excerpts from the Deposition of Samantha Kilpatrick;

- **Exhibit 6**: Excerpts from the Deposition of Julia Myers Wood;

- **Exhibit 7**: Excerpts from the Deposition of Russell Holske;

- **Exhibit 8**: Letter from Johnny Hunt to First Baptist Woodstock dated May 27, 2022;

- **Exhibit 9**: Plaintiff's Response to Guidepost Solutions LLC's First Set of Interrogatories at Interrogatory No. 14, dated September 18, 2023;

- **Exhibit 10**: Excerpts from the Deposition of Bart Barber; and

- **Exhibit 11**: Excerpts from the Rule 30(b)(6) Deposition of Johnny Hunt Ministries (Janet Hunt).

## CONCLUSION

For these reasons and the reasons set forth in the EC's Memorandum of Law and Statement of Undisputed Material Facts filed contemporaneously herewith, the EC respectfully requests that the Court grant summary judgment in favor of the EC on Hunt's claims for defamation/libel (Count I), invasion of privacy (Count III), IIED (Count IV), NIED (Count V), and public disclosure of private facts (Count VI).

Respectfully submitted,

s/ R. Brandon Bundren

E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

Thomas J. Hurney, Jr. (*pro hac vice*)
Gretchen M. Callas (*pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 25301
P. 304.340.1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 3, 2024, I electronically filed a true and correct copy of the Executive Committee of the Southern Baptist Convention's Motion for Summary Judgment with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Scott Klein<br>Terence W. McCormick<br>Alex Otchy<br>Adam Brody<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>klein@mintzandgold.com<br>mccormick@mintzandgold.com<br>otchy@mintzandgold.com<br>brody@mintzandgold.com<br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

s/ R. Brandon Bundren
R. Brandon Bundren