UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) | MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| *Defendants*. | ) | |

---

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE EXECUTIVE COMMITTEE'S MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Local Rule 56.01(b), Defendant Executive Committee of the Southern Baptist Convention (the "EC") submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment (the "Motion").[1]

1. The Southern Baptist Convention (the "SBC") operates under the direction of the Messengers, who are representatives of Baptist churches that cooperate with the SBC. (Doc. 1–2, PageID #65.)

<u>RESPONSE</u>:

---

[1] Solely for the purposes of this Motion, the EC construes these facts in the manner most favorable to Plaintiff. The EC reserves the right to present contrary facts to this Statement should a trial be necessary. All Exhibits cited in this Statement are being filed contemporaneously with the EC's Motion for Summary Judgment.

1

2. The EC is a separate legal entity from the SBC. (Doc. 1, PageID #4, ¶¶ 15, 17.)

RESPONSE:

3. Plaintiff Johnny Hunt is a prominent pastor and former president of the SBC. (Doc. 1, PageID #1, ¶ 2, PageID #5, ¶¶ 26–28; **Exhibit 1**, 30(b)(6) Deposition of Jonathan Howe ("Howe Depo.") at 61:19–62:1; **Exhibit 2**, Deposition of Johnny Hunt ("Hunt Depo.") at 36:10–22; 41:4–15; 42:6–16; 124:3–5; **Exhibit 3**, Deposition of Roy Blankenship ("Blankenship Depo.") at 83:4–22.)

RESPONSE:

4. Defendant Guidepost Solutions LLC ("Guidepost") was engaged to conduct an independent investigation into various issues relating to the EC's handling of sexual abuse allegations within the SBC and to prepare an independent third-party report setting forth its factual findings and recommendations. (Doc. 1, Page ID #6, ¶ 34; Doc. 1–1, Page ID #22, §§ 1.1, 2.1, Page ID #24, § 3.4; Doc. 1–2, Page ID #49–51; Doc. 11, Page ID #22, §§ 1.1, 2.1.)

RESPONSE:

5. Guidepost's client was the SBC's Sexual Abuse Task Force ("Task Force"). (Doc. 1–1, Page ID #22, § 2.1.)

RESPONSE:

6. The EC had no oversight over Guidepost's report (the "Report") or ability to review or edit the Report prior to its issuance. (Doc. 1–1, Page ID #24, § 3.6; **Exhibit 1**, Howe Depo. at 181:21–22; 225:6–12; 226:17–21; 227:8–15; 230:9–10; 238:13–23; 269:3–6; 321:18–21; **Exhibit 4**, Guidepost 30(b)(6) Deposition of Krista Tongring ("Tongring Depo.") at 240:7–14; 259:13–260:1 **Exhibit 5**, Deposition of Samantha Kilpatrick ("Kilpatrick Depo.") at 96:19–97:7.)

RESPONSE:

7. Guidepost had no contact with the EC with respect to drafting, editing, or finalizing the Report. (**Exhibit 4**, Tongring Depo. at 259:19–260:1; **Exhibit 5**, Kilpatrick Depo. at 96:19–97:7; 124:15–16; 135:10–13; **Exhibit 6**, Deposition of Julia Myers Wood ("Myers Wood Depo.") at 432:5–11; **Exhibit 7**, Deposition of Russell Holske ("Holske Depo.") at 353:4–15.)

RESPONSE:

8. During its investigation, Guidepost directly received information regarding an incident between Hunt and a woman ("Jane Doe"), who accused Hunt of sexually assaulting her in her vacation condo in Florida. (Doc. 1–2, PageID #182–184; **Exhibit 7**, Holske Depo. at 83:12–84:8.)

RESPONSE:

9. Guidepost interviewed Jane Doe and her husband ("Husband") multiple times, interviewed other witnesses, and examined contemporaneous documents and recordings. (Doc. 1–2, PageID #182, 186–190; **Exhibit 7**, Holske Depo. at 94:4–96:14.)

RESPONSE:

10. Guidepost met with Hunt on two occasions during its investigation. (Doc. 1–2, PageID #190; **Exhibit 2**, Hunt Depo. at 114:13–22; 125:9–13.)

RESPONSE:

11. During their second meeting with Hunt on May 12, 2022, Guidepost investigators informed Hunt of Jane Doe's allegations. (Doc. 1–2, PageID #191–194; **Exhibit 2**, Hunt Depo. at 125:9–13; 160:2–19.)

RESPONSE:

12. During the May 12, 2022 meeting with Guidepost, Hunt stated that he had very brief contact with Jane Doe when they were on their condos' balconies. He also stated that he never went onto Jane Doe's balcony or entered her condo. (Doc. 1–2, PageID #192; **Exhibit 2**, Hunt Depo. at 164:16–165:14.)

RESPONSE:

4

Case 3:23-cv-00243    Document 223    Filed 07/03/24    Page 4 of 10 PageID #: 8596

13. During the May 12, 2022 meeting with Guidepost, Hunt denied having any physical contact with Jane Doe. When asked whether he had kissed her, pulled at her shorts, or fondled her, he said no. (Doc. 1–2, PageID #192; **Exhibit 2**, Hunt Depo. at 139:3–21; 141:19–22; 142:24–143:5; 166:12–15; 166:19–167:7.)

RESPONSE:


14. During his deposition, Hunt acknowledged that he lied to the Guidepost investigators and that he did in fact have physical contact with Jane Doe. He specifically admitted in his deposition to kissing and fondling her breasts and pulling down her shorts. (**Exhibit 2**, Hunt Depo. at 66:2–13; 143:19–20; 216:22–217:4; 218:16–18; 219:11–13; 219:16–19.)

RESPONSE:


15. In his Complaint and deposition, Hunt claimed that the encounter with Jane Doe was consensual. (Doc. 1, PageID #10, ¶ 53; **Exhibit 2**, Hunt Depo. at 124:13–15; 138:16–17; 143:10–13; 152:1–2; 190:17–18; 193:6–7; 217:12–14; 218:11–15; 279:19–23.)

RESPONSE:


16. At the end of the May 12, 2022 meeting, the Guidepost investigators asked Hunt to contact them within the next 48 hours if he remembered more details. Hunt did not contact Guidepost following the meeting. (**Exhibit 2**, Hunt Depo. at 268:2–15.)

RESPONSE:

17. The Report mentioned Hunt in the context of providing historical background on the SBC and in a discussion of Guidepost's investigation into and conclusions regarding the alleged abuse reported by Jane Doe. (Doc. 1–2, Page ID #54, 98–99, 182–194.)

RESPONSE:

18. During her deposition, the senior managing director of Guidepost's faith-based practice confirmed that, if Guidepost had determined that the encounter between Hunt and Jane Doe was consensual—or even more likely than not to have been consensual—then Guidepost would have left the encounter out of the Report. (**Exhibit 4**, Kilpatrick Depo. at 6:22–7:2; 303:1–304:10.)

RESPONSE:

19. Hunt has not sought treatment from any medical doctors for his alleged emotional distress arising from the Report. He has received no diagnosis, and he takes no mediation to alleviate his emotional distress. (**Exhibit 2**, Hunt Depo. at 256:6–13; 258:2–5; 258:12–17.)

RESPONSE:

20. The Credentials Committee is charged with the evaluation of whether churches are in "friendly cooperation" with the SBC. (Doc. 1–2, PageID #65.)

RESPONSE:

21. The letter (the "Letter") to Hiland Park Baptist Church ("Hiland Park") that is discussed in paragraphs 73–74 of the Complaint was sent by the SBC's Credentials Committee. (Doc. 1, Page ID #15–16, ¶¶ 73–74; Doc. 1–4, PageID #323–324.)

RESPONSE:


22. In the Letter, the Credentials Committee informed Hiland Park that it had been asked to "consider the relationship" between Hiland Park and the SBC and specifically whether Hiland Park had acted "in a manner that is consistent with the Convention's beliefs regarding sexual abuse." The Credentials Committee requested information from Hiland Park to assist it in determining whether Hiland Park continued to be in "friendly cooperation" with the SBC. (Doc. 1–4, PageID #323–324; **Exhibit 10**, Deposition of Bart Barber ("Barber Depo.") at 180:18–182:12.)

RESPONSE:


23. The December 5, 2022 tweet that is discussed in paragraphs 70–71 of the Complaint (the "Tweet") was published from the personal Twitter account of Bart Barber while he was president of the SBC. (Doc. 1, Page ID #15, ¶¶ 70–71; Doc. 1–3, PageID #322.)

RESPONSE:

24. ███████████████████████████████████████████████████████████████

███████████████████████████████████████████. (**Exhibit 2**, Hunt Depo. at 85:21–86:13; 265:19–22; 266:21–267:7; **Exhibit 11**, 30(b)(6) Deposition of Janet Hunt ("JHM Depo.") at 12:22–24; 22:6–11; 31:11–23; 44:16–25.)

RESPONSE:

25. Hunt did not receive personal income from JHM, ████████████████████████ ████████████. (**Exhibit 11**, JHM Depo. at 28:2–15; 33:12–16.)

RESPONSE:

Respectfully submitted,

s/ R. Brandon Bundren
E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

Thomas J. Hurney, Jr. (*pro hac vice*)
Gretchen M. Callas (*pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 25301
P. 304.340.1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

9

# CERTIFICATE OF SERVICE

I certify that on July 3, 2024, I filed a true and correct copy of the Executive Committee of the Southern Baptist Convention's Statement of Undisputed Material Facts with the Clerk of Court for the U.S. District Court Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Scott Klein<br>Terence W. McCormick<br>Alex Otchy<br>Adam Brody<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>klein@mintzandgold.com<br>mccormick@mintzandgold.com<br>otchy@mintzandgold.com<br>brody@mintzandgold.com<br><br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

s/ R. Brandon Bundren
R. Brandon Bundren