# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SOUTHERN BAPTIST CONVENTION; ) <br> GUIDEPOST SOLUTIONS LLC; and ) <br> EXECUTIVE COMMITTEE OF THE ) <br> SOUTHERN BAPTIST CONVENTION, ) <br> ) <br> Defendants. ) | Case No. 3:23-cv-00243 <br><br> Judge William L. Campbell, Jr <br> Magistrate Judge Frensley |

## PLAINTIFF'S AMENDED STATEMENT OF DAMAGES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff hereby serves his first Amended Statement of Damages.

This statement is based upon information currently available to Plaintiff. Plaintiff reserves the right to modify and/or supplement this Statement as damages accrue and further accrue, and as discovery progresses. Plaintiff may engage an expert to opine on damages issues to validate or further document his damages. Plaintiff does not intend to include or exclude any particular damage claim by this Statement.

Plaintiff seeks the at least the following categories of monetary damages in this case: compensatory, punitive, reasonable attorney's fees, costs, and expenses.

Sanders Decl.

Exhibit

**17**

| Category | Statement | Damages |
|---|---|---|
| Lost income; lost earning capacity; loss of existing and future business opportunities, including speaking engagements and books deals.<br><br>For one legal authority permitting such damages, *see*, *e.g.*, Restatement (Second) of Torts § 652H, cmt. d ("The plaintiff may also recover for any special damage that he can prove, of which the invasion of privacy has been the legal cause. In this respect, again, the cause of action resembles that for defamation."). *See also*, *id.* § 622. | Plaintiff has lost his job and primary source of income; he has lost current and future book deals; he has lost the opportunity to generate income through speaking engagements.<br><br>Plaintiff identified currently known lost speaking engagements and book deals in response to Executive Committee Interrogatory Nos. 8-9. | **Lost Salary and Employment Benefits:** Not less than $6,710,000 ($610,000 per year for 11 years)<br><br>**Book Sales:** Not less than $3,960,000 ($360,000 per year for 11 years)<br><br>**Speaking Engagements:** Not less than $3,850,000 ($350,000 per year for 11 years)<br><br>**Other Lost Income:** Not less than $880,000 ($80,000 per year for 11 years)<br><br>**Total:** Not less than $15,400,000 |
| **Reputational Harm**<br><br>For one legal authority permitting such damages, *see*, *e.g.*, Restatement (Second) of Torts § 652H, cmt. a ("One to whose private life publicity is given, under § 652D, may recover for the harm resulting to his reputation from the publicity."). *See also*, *id.* § 621. | Plaintiff's good standing in the community, reputation, and good name are each priceless to him and his family.<br><br>The Jury will be entrusted with the responsibility for valuing the damage to Plaintiff's reputation caused by Defendants' tortious conduct. | **Range:** Jury discretion could result in an award of at least $30,000,000-$45,000,000 |
| **Emotional Distress**<br><br>For a legal authority permitting such damages, *see, e.g.*, Restatement | Plaintiff has suffered at least the following emotional injuries caused by Defendants' conduct: Mental pain and anguish; mental shock and distress; emotional disturbance; humiliation | **Range:** Jury discretion could result in an award |

| | | |
|---|---|---|
| (Second) of Torts § 652H(b) & cmt. b ("[H]is mental distress proved to have been suffered if it is of a kind that normally results from such an invasion. . . . The plaintiff may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent"). *See also*, *id.* § 623. | and mental suffering; a feeling of degradation and inferiority; a feeling that other people will regard him with aversion or dislike; a feeling of anxiety; a feeling of mortification; a feeling of sorrow; harm to feelings and reputation; lost sleep; a depressed feeling and demeanor; a sense of betrayal; and strained personal and family relationships.<br><br>Plaintiff has sought professional help for the emotional harm and distress arising from the events described in the Complaint. *See* Plaintiff's Response to Guidepost Interrogatory No. 13.<br><br>Plaintiff's emotional distress has been endured on a daily basis, and Plaintiff expects his distress to continue for the rest of his life. Each current and future instance of Plaintiff's distress and lost opportunities is not reducible to a list because of the limited passage of time since the unlawful conduct of Defendants.<br><br>The Jury will be entrusted with the responsibility for valuing the emotional damage to Plaintiff caused by Defendants' unlawful conduct. | of at least $30,000,000-$45,000,000 |
| **Punitive Damages** | Plaintiff will request a punitive damage award in an amount determined by the jury to be appropriate. | |
| **Attorneys' Fees** | Plaintiff will request Attorneys' Fees, costs, etc. at a rate found to be reasonable under the case circumstances. | |

Plaintiff's damages will be proven by documents, fact witnesses, and potentially, expert testimony. This Statement of Damages is premised on presently available information and, as a result, is subject to increase, change, and revision as: (1) additional records and testimony are located to determine already-incurred damages; (2) damages continue to accrue as time passes;

(3) interest accrues as allowed under law; and (4) additional actions are discovered or take place.

All determinations of damages shall be entrusted to the sound discretion of the jury.

<u>Dated:</u> January 9, 2024

/s/ Robert D. MacGill
**Robert D. MacGill, Esq. (*pro hac vice*)**
**Scott E. Murray, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

-and-

**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on January 9, 2024, on the following counsel via email only:

                                                             /s/ Robert D. MacGill
                                                            Counsel for Plaintiff Johnny Hunt

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Fl.
New York, New York 10016
mintz@mintzandgold.com
mccormick@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*