

Steven W. Gold
Steven G. Mintz*
Jeffrey D. Pollack*
Elliot G. Sagor
Ira Lee Sorkin
Lon Jacobs
Steven A. Samide
Scott A. Klein
Terence W. McCormick***
Robert B. Lachenauer
Roger L. Stavis
Charles A. Ross**
Richard M. Breslow
Barry M. Kazan*
Craig D. Spector*
Kevin M. Brown
Alexander H. Gardner

Heath Loring
Peter Guirguis
Andrew R. Gottesman
Matthew S. Seminara
Julia B. Milne
Ryan W. Lawler*
Andrew A. Smith
Amit Sondhi
Brett Joshpe
Michael Mooney
Adam K. Brody
Andrew E. Steckler
Alex J. Otchy*
Philip Tafet
Carli M. Aberle
Zachary J. Turquand
Kellyann T. Ryan
Sitie "Esther" Tang

**Senior Counsel**
Jack A. Horn
Noreen E. Cosgrove
Timothy J. Quill, Jr.

**Of Counsel**
Honorable Vito J. Titone (*dec.*)
NY State Court of Appeals 1985–1998
Harvey J. Horowitz (*dec.*)
Honorable Howard Miller
NY Appellate Div. 1999–2010 [ret.]
Alan Katz
Eric M. Kutner
Andrew P. Napolitano°
Brian T. Sampson
Erica Nazarian
Tara Shamroth
Jared Van Vleet

°Admitted to practice only before all courts
in New Jersey and all Federal Courts in New York City

*Also admitted in New Jersey
**Also admitted in Florida
***Also admitted in California

March 13, 2023

<u>Via Email</u>
Robert D. MacGill, Esq.
MacGill PC
156 E. Market Street
Suite 1200
Indianapolis, IN 46204
*Robert.MacGill@MacGillLaw.com*

     Re: <u>Johnny Hunt</u>

Dear Mr. MacGill:

  This firm represents Guidepost Solutions, LLC ("<u>Guidepost</u>"). We write in response to your letter dated March 1, 2023, in which you demand that Guidepost "retract and correct" what your client now apparently asserts are purported "false and defamatory statements" in the Report of the Independent Investigation prepared by Guidepost for the SBC Task Force (the "<u>Report</u>"). Guidepost will not retract the Report and stands by the results of its investigation into allegations of sexual abuse on the part of Dr. Johnny Hunt.

  As your client well knows, Guidepost conducted a comprehensive review of the matter, which included two separate interviews of Dr. Hunt himself, as well as interviews of his accuser, her husband (himself an SBC minister), and other witnesses, including Roy Blankenship, a counseling pastor at Dr. Hunt's former church, FBC Woodstock. Guidepost remains persuaded that Dr. Hunt was untruthful with the investigators on more than one occasion. In his first

Sanders Decl.
Exhibit
**74**



interview with the investigators, for example, Dr. Hunt denied even knowing the pastor whose wife he is accused of having abused (a denial that Dr. Hunt walked back in his second interview with Guidepost's investigators). Dr. Hunt also denied that he was being counseled by Blankenship in connection with any sexual encounter with his accuser. The credible evidence (including contemporary audio recordings) puts the lie to that statement. Indeed, Dr. Hunt denied in his second interview that he had entered the accuser's condo—a fact that he later admitted only after the SBC published the Report. In fact, in neither interview did Dr. Hunt assert his now current claim that he had a "consensual" encounter with his accuser.

Guidepost gave Dr. Hunt every opportunity to be forthright in this matter. But by his own admission he was anything but forthright. Guidepost also included his statements in the Report along with those of his accusers. If Dr. Hunt had asserted during his interviews that his encounter with the accuser was "consensual", his claim would have been in the Report. And significantly, in your letter you do not suggest that the Report in any way misrepresented what Dr. Hunt said to Guidepost's investigators during his interviews with them.

We would also point out that before you were engaged to represent Dr. Hunt, in May 2022 (on the eve of publication of the Report), attorneys from the firm of Finch McCranie, LLP, wrote to Guidepost and one of the investigators, Samantha Kilpatrick, purportedly to assert that Ms. Kilpatrick should have given Dr. Hunt an <u>Upjohn</u> warning in the interviews. As you may know, Guidepost and Ms. Kilpatrick properly responded at the time that no attorney-client relationship existed and were not deterred from submitting the Report to the SBC Task Force. More to the point, though, the Finch McCranie letters, like Dr. Hunt himself during his interviews, did not take the opportunity to explain that Dr. Hunt had had a "consensual" encounter with his accuser or otherwise offer Guidepost a reason to believe that the accuser's narrative was false in any way. Rather, Dr. Hunt's recent claim that he entered his accuser's condo as part of a purely consensual encounter is a new, post-Report creation of Dr. Hunt's. In sum, Dr. Hunt lacks any credibility whatsoever and Guidepost perceives no reason to change one iota of the Report.

Guidepost cannot escape the conclusion that any lawsuit by Dr. Hunt would have nothing to do with purported injuries to his reputation (*i.e.,* because Guidepost has every reason to continue to believe that the statements in the Report are true and/or are privileged under applicable principles of libel law). Rather, Dr. Hunt's veiled threat of litigation evidently has more to do with his desire to engineer a comeback in the pulpit. Be advised that Dr. Hunt's current attempt to intimidate Guidepost or his critics will not succeed any more than his attempt to intimidate Guidepost and Ms. Kilpatrick did last May. The court will immediately recognize that any lawsuit brought by Dr. Hunt would be frivolous, commenced in bad faith, and for the transparent and sole purpose of public relations, not to recover for any purported falsehoods in the Report.



Accordingly, please take notice that Guidepost rejects your demand for a retraction of the Report and will vigorously defend any litigation that Dr. Hunt may bring. Please recall that, as the former head of the SBC, Dr. Hunt is a textbook example of a public figure and will therefore have the burden of establishing that any inaccuracies in the Report were published with actual malice. Moreover, you should also bear in mind that to the extent that anti-SLAPP legislation may apply, your client may be liable for Guidepost's attorney's fees and litigation expenses, which Guidepost will seek from Dr. Hunt.

The foregoing is not a complete statement of Guidepost's rights and defenses, all of which are expressly reserved.

Very truly yours,

*/s/ Steven G. Mintz*

Steven G. Mintz