IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00243 |
| ) | Judge/Campbell Frensley |
| SOUTHERN BAPTIST CONVENTION; ) | |
| GUIDEPOST SOLUTIONS LLC; and ) | |
| EXECUTIVE COMMITTEE OF THE ) | |
| SOUTHERN BAPTIST CONVENTION, ) | |
| ) | |
| Defendants | |

## ORDER

## I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each denied the substantive allegations and asserted affirmative defenses. Docket Nos. 154, 155, 161.

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

This matter is now before the Court upon Guidepost's Motion for Leave to File Under Seal, which seeks to seal portions of its "Response in Opposition to Non-Party Roy Blankenship's Motion for Protective Order and to Quash Guidepost's Subpoena to Testify at a Deposition in a Civil Action" and related exhibits. Docket No. 94; *see* Docket Nos. 95, 96, 96-1, 97. In response to the Court's recent Order finding that there was not currently sufficient information before the Court to allow for such sealing and inviting further briefing, non-party Jane Doe has filed a Response in support of the Motion. Docket Nos. 233, 264. For the reasons set forth below, Guidepost's Motion (Docket No. 94) is GRANTED.

## II. LAW AND ANALYSIS

**A. Motions to Seal**

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof

should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

## B. <u>Guidepost's Motion for Leave to File Under Seal</u>

Guidepost seeks to seal the documents at issue because they were produced under a "Highly Confidential – Attorneys' Eyes Only" designation consistent with the Parties' Amended Agreed Protective Order and because they contain information that pertains to "private and potentially embarrassing information about an alleged survivor of sexual abuse, her husband, their marriage, their dealings with [Mr. Hunt], and Mr. Blankenship's knowledge and involvement as their counselor." Docket No. 94, p. 3; *see* Docket No. 83.

Jane Doe adds that unsealing the portions at issue would be inconsistent with the Court's decision allowing her to proceed under a pseudonym and requiring the redaction of her personal identifying information. Docket No. 264, p. 2; *see* Docket No. 192. Ms. Doe notes that the

3

redacted portions provide "personal and private details of a non-party, victim of a sexual assault, and intimate details of her marriage within a 'counseling' environment." *Id.*

While designation as "Confidential" or "Attorneys' Eyes Only" does not necessarily mean that a document meets the relevant sealing standards, the Court has inspected the documents and finds that they contain intimate and private information related to non-party Jane Doe that should remain under seal. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interest of innocent third parties should weigh heavily in a court's balancing equation") (internal citation omitted). Further, the seal is narrowly tailored because, where practical, redacted versions have been filed. Docket Nos. 89, 93. Finally, the public's interest in the underlying discovery dispute is minimal, and is promoted by the availability of the redacted versions, which provide sufficient information for the public to understand the nature of the dispute.

### III. CONCLUSION

For the foregoing reasons, Guidepost's Motion (Docket No. 94) is GRANTED. The documents referred to in the Motion (Docket Nos. 95, 96, 96-1, 97) will remain under seal.

### IT IS SO ORDERED.

**Jeffery S. Frensley**
**United States Magistrate Judge**