IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00243 |
| | ) | Judge/Campbell Frensley |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants | | |

**ORDER**

**I. INTRODUCTION**

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each denied the substantive allegations and asserted affirmative defenses. Docket Nos. 154, 155, 161.

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

This matter is now before the Court upon a Motion for Leave to File Under Seal filed by Guidepost, which seeks to seal certain exhibits to one of the Parties' Joint Discovery Dispute Statements. Docket No. 120; *see* Docket Nos. 121, 121-1 through 121-6. Mr. Hunt has not responded to the Motion. For the reasons set forth below, Guidepost's Motion (Docket No. 120) is GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l,*

*Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

**B. <u>Guidepost's Motion for Leave to File Under Seal</u>**

Guidepost states that the documents in question contain material that has been designated "Highly Confidential – Attorneys' Eyes Only" by the Parties or third parties to this litigation. Docket No. 120, p. 2. Guidepost submits that it should be allowed to file these documents under seal "[t]o comply with the November 22 Order and the restrictions of the Amended Agreed Protective Order . . . ." *Id.* As noted above, Mr. Hunt has not responded to the Motion.

While designation as "Confidential" or "Attorneys' Eyes Only" does not necessarily mean that a document should be filed under seal, the Court has inspected the documents and finds that they contain information that should remain under seal. Exhibit B (Docket No. 121) contains the true name and other identifying information related to Jane Doe, which this Court has previously found must remain under seal. Docket No. 192. Exhibits D, I, J, K, L, and M (Docket Nos. 121-1 through 121-6) contain personal information of non-parties, including email addresses and names of individuals involved in pastoral counseling. Therefore, these documents will remain under seal.

3

## III. CONCLUSION

For the foregoing reasons, Guidepost's Motion (Docket No. 120) is GRANTED. The documents referred to in the Motion (Docket Nos. 121, 121-1 through 121-6) will remain under seal at this time.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**