UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| *Plaintiff*, | ) |
| | ) No. 3:23-cv-00243 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) |
| EXECUTIVE COMMITTEE OF THE | ) JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) |
| *Defendants*. | ) |

**DEFENDANT EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S OBJECTIONS TO PLAINTIFF JOHNNY M. HUNT'S EVIDENCE FILED IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Defendant Executive Committee of the Southern Baptist Convention (the "EC") objects to the evidence described below filed by Plaintiff Johnny M. Hunt ("Hunt") in support of his Response in Opposition to the Defendants' Motions for Summary Judgment.

1. The EC objects to Exhibit 20 (expert report of Douglass Leff, which is also Hunt's Deposition Exhibit 129) and Exhibit 21 (expert report of Lamar Barden) because they are hearsay. Expert testimony may be introduced at summary judgment "through an affidavit or declaration that satisfies the general requirements for summary judgment[.]" *Smith v. Prudential Ins. Co. of Am.*, 864 F. Supp. 2d 654, 659 (M.D. Tenn. 2012). An unsworn expert report, however, is hearsay and may not be relied upon either at summary judgment or at trial. *See Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 479–81 (6th Cir. 2008) (trial court improperly relied on unsworn expert reports in rendering summary judgment); *see also Jones ex rel. U.S. v. Mass. Gen. Hosp.*, 780 F.3d 479,

1

494 (1st Cir. 2015) ("[expert] report is a quintessential example of hearsay"). Because Exhibits 20 and 21 constitute inadmissible hearsay, both should be excluded.

2. The EC objects to Exhibit 27 (Jane Doe and Husband's written account of the events at issue, which is also Hunt's Deposition Exhibit 7) because it is inadmissible hearsay. Exhibit 27 is an out-of-court statement by non-parties (Jane Doe and Husband) that is offered for the truth of the matter asserted—namely, that Jane Doe and Husband "became aware of [their] traumatizing abuse through intensive psychological therapy of Diane Langberg and Associates." (Doc. 245, PageID #9019 (quoting Ex. 27).) Because Exhibit 27 constitutes inadmissible hearsay, it should be excluded. *See* Fed. R. Evid. 801, 802.

3. The EC objects to Exhibit 45 (November 27, 2021 update from the Committee on Cooperation to the Executive Committee, which is also Hunt's Deposition Exhibit 61) because it is inadmissible hearsay. Exhibit 45 is an out-of-court statement by a non-party (the Committee on Cooperation) that is offered for the truth of the matter asserted—namely, that the Committee on Cooperation "'was created as a means of assuring the investigation into the EC's handling of sexual abuse is able to proceed as planned and that EC trustees are represented throughout the process,' and 'represents [the Executive Committee] in the process.'" (Doc. 247, PageID #9100, ¶ 120 (quoting Ex. 45).) Because Exhibit 45 constitutes inadmissible hearsay, it should be excluded. *See* Fed. R. Evid. 801, 802.

4. The EC objects to Exhibit 58 (October 7, 2022 tweet by the Twitter account for the television program 60 Minutes, which is also Hunt's Deposition Exhibit 93) because it is inadmissible hearsay. Exhibit 58 is an out-of-court statement by a non-party (60 Minutes) that is offered for the truth of the matter asserted—namely, that, in October of 2022, Bart Barber "participated in a 60 Minutes interview in which he said 'addressing the sex abuse scandal is his

number one priority.'" (Doc. 247, PageID #9111, ¶ 185 (quoting Ex. 58).) Because Exhibit 58 constitutes inadmissible hearsay, it should be excluded. *See* Fed. R. Evid. 801, 802.

    5.       The EC objects to Exhibit 80 (article titled "Five-member liaison group tasked with ensuring SBC EC cooperates with investigation," archived at https://perma.cc/2FXB-YVFB) because it has not been properly authenticated. Numerous Circuit Courts of Appeals "have allowed district courts to rely on archived webpages where someone with personal knowledge of the reliability of the archive service has been authenticated pursuant to Rule 901." *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) (collecting cases). "This reliance on personal knowledge indicates that exhibits derived from these sources are not inherently or self-evidently reliable in the same way as documents designated as self-authenticating by Rule 902." *Id.* Hunt has failed to satisfy the requirements of Rule 901 because he has not authenticated Exhibit 80 through a witness with personal knowledge of the Perma.cc archive service. Even if the Court determines that Exhibit 80 does not need to be authenticated at this time, it still should not be considered in the context of this motion because the record lacks "sufficient indicia of the authenticity of this exhibit." *See Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited, LLC*, No. 3:18-cv-01399, 2019 WL 13131176, at *7 (M.D. Tenn. Oct. 21, 2019) (Frensley, MJ.) (concluding that archived webpage lacked "sufficient indica of . . . authenticity" to be considered in support of motion for summary judgment because, while each page of the exhibit displayed a URL and date of printing, plaintiffs did not mention the website in their complaint and defendants had not admitted to its contents). The EC also objects to Exhibit 80 because it is hearsay. *See* Fed. R. Evid. 801, 802. It is an out-of-court statement by a non-party (Jennifer Davis Rash of The Baptist Paper) that is offered for the truth of the matter asserted— namely, that "[t]he Committee on Cooperations was a way for the Executive Committee to have

an official relationship with Guidepost Solutions while maintaining the independence of Guidepost." (Doc. 247, PageID #9100, ¶ 121.) Accordingly, this information should be excluded.

Respectfully submitted,

*/s/ Scarlett Singleton Nokes*
E. Todd Presnell (BPR #17521)
Scarlett Singleton Nokes (BPR #28994)
R. Brandon Bundren (BPR #30985)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.252.2355
F: 615.252.6355
tpresnell@bradley.com
snokes@bradley.com
bbundren@bradley.com

Gene R. Besen (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Ave., Suite 3600
Dallas, Texas 75202
P: 214.257.9800
F: 214.939.8787
gbesen@bradley.com

Thomas J. Hurney, Jr. (*pro hac vice*)
Gretchen M. Callas (*pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 25301
P. 304.340.1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Attorneys for the Executive Committee of the Southern Baptist Convention*

5

# CERTIFICATE OF SERVICE

       I certify that on August 14, 2024, I electronically filed a true and correct copy of the Executive Committee of the Southern Baptist Convention's Objections to Plaintiff Johnny M. Hunt's Evidence Filed in Support of His Response in Opposition to the Defendants' Motions for Summary Judgment with the Clerk of Court for the U.S. District Court for the Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>Patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Guidepost Solutions, LLC*<br><br>L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>Taylor, Pique, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, Tennessee 37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Southern Baptist Convention* |

                                              */s/ Scarlett Singleton Nokes*
                                              Scarlett Singleton Nokes