**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHNNY M. HUNT,** | ) | |
| | ) | **Case No. 3:23-cv-00243** |
| **Plaintiff,** | ) | |
| | ) | **Judge Campbell** |
| **v.** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **SOUTHERN BAPTIST CONVENTION,** | ) | **JURY DEMAND** |
| ***et al*.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**REPLY IN SUPPORT OF DEFENDANT SOUTHERN BAPTIST CONVENTION'S MOTION FOR SUMMARY JUDGMENT**

---

The Southern Baptist Convention ("SBC") submits the following Reply[1] to Plaintiff's Response in Opposition to the EC and SBC's Motions for Summary Judgment ("Response").

## I. Johnny Hunt is a Public Figure.

Plaintiff's Response argues that because a general public figure has been described as "a rare creature" involving individuals who must be "a well-known 'celebrity,'" citing the D.C. Circuit's opinion in *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1292, 1294 (D.C. Cir. 1980), this Court should make short work of the SBC's argument that Johnny Hunt is a general public figure for purposes of the legal standard to be applied to Plaintiff's defamation claims in this case.

[1] In the interest of judicial economy, the SBC adopts and incorporates by reference, pursuant to Fed. R. Civ. P. 10(c), the arguments and authorities set forth in greater detail in the separate Replies filed by Defendants Guidepost Solutions LLC ("Guidepost") and the Executive Committee of the Southern Baptist Convention ("EC"), as it pertains to the common arguments asserted by Guidepost, the EC and the SBC. Doc. 272, 274. Specifically, the SBC incorporates and joins Guidepost's arguments set forth in Sections I, VI and VII, and the EC's arguments in Sections I, II, IV and V.

This largely conclusory argument misses the mark and ignores the actual substance of the *Waldbaum* decision's articulation of the appropriate legal test.

As stated in *Waldbaum*, "[i]n determining whether a plaintiff has achieved the degree of notoriety and influence necessary to become a public figure in all contexts, a court may look to several factors …. [including] [p]revious coverage of the plaintiff in the press … [and] if the plaintiff has shunned the attention that the public has given him and determine if those efforts have been successful." *Waldbaum, 627 F.2d at 1295.* "At all times, the judge should keep in mind the voluntariness of the plaintiff's prominence and the availability of self-help through press coverage of responses in other words, whether the plaintiff has assumed the risk of reputational injury and whether he has access to the media." *Id*.

When applying the undisputed facts from the record of this case, Johnny Hunt's status as a public figure is established by more than just his own description of himself as a "self-proclaimed public figure," and unlike the fact pattern in *Ogle v. Hocker*, 279 F. App'x 391, 399 (6th Cir. 2008). Despite Plaintiff's attempt to take apart his own testimony and the allegations contained in his Complaint in his response to the SBC statement of material facts, [Doc. 241], the undisputed fact remains that Johnny Hunt admits that he had – at the time of the publication of the alleged defamatory statements from the Guidepost Report – a level of national prominence and exposure that was not limited to his role as a former president of the SBC. Johnny Hunt admits that he was a "sought-after speaker and author" and a "noted speaker at state and national SBC conferences and conventions," [Doc. 241, at Page ID #8915], and that he possessed his own public profile and "had such a [public] platform" of his own that was a product of "preaching for other denominations" and speaking at "state conventions, their state evangelism conferences, probably 90 percent of our states, of our 42 state conventions, maybe all of them prior." *Id*. In addition,

Plaintiff's Response bolsters and provides further confirmation of the conclusion that Johnny Hunt is a public figure in that his claims for damages are not limited to emotional or reputational harm as a private figure, but rather seek lost income from book deals and speaking engagements flowing from his status as a public figure. Response, at 35.

## II. The Ecclesiastical Abstention Doctrine and the Credentials Committee Letter.

Plaintiff's Response attempts to argue that the ecclesiastical abstention doctrine does not apply to Hunt's separate claims arising from a February 1, 2023 letter from the Credentials Committee of the SBC ("Credentials Committee") to a cooperating Southern Baptist church (the "Credentials Committee Letter") because Hunt's claims are "secular civil claims" that can be resolved by "referring to secular standards." Response, at 32. However, Plaintiff's Response fails to address and properly analyze the import of the underlying basis for the issuance of the Credentials Committee Letter and the intrinsic role of religious practice and doctrine. Plaintiff's Response offers no evidentiary support to genuinely dispute that the Credentials Committee Letter was sent by the Credentials Committee only to Hiland Park Baptist Church, nor that its explicit purpose was to determine whether Hiland Park Baptist Church was in "friendly cooperation" with the SBC – specifically whether Hiland Park Baptist Church had acted "in a manner that is consistent with the Convention's beliefs regarding sexual abuse."

The plain terms of the Credentials Committee Letter establish that its purpose was an ecclesiastical inquiry into whether the Hiland Park Baptist Church 'has a faith and practice which closely identifies the [SBC's] adopted statement of faith'" and "whether [the Hiland Park Baptist Church] may be acting in a manner that is 'inconsistent with the [SBC's] beliefs regarding sexual abuse." Again, that is the definition of questions of "conformity of the members of the church to the standards of morals required of them," "matters involving religious institutions that are

ecclesiastical and internal in nature," and "disputes turning on church policy and administration or on religious doctrine and practice" that federal law forbids a civil court to inquire upon or determine. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-09, 714 (1976).

As this Court noted in its prior Order [Doc. 150, at Page ID #2026] discussing the case of *Ogle v. Hocker*, 279 F. App'x 391 (6th Cir. 2008), "[w]hether a secular court may hear a tort suit despite the church autonomy doctrine turns on the availability of secular standards and the ability of a court to resolve the controversy without reference to religious doctrine," 279 Fed. Appx. at 395, and that "the relevant question … is whether the court would interfere with any matter of church doctrine or practice by ruling on this case." *Id*. at 396. The *Hocker* court declined to invoke the ecclesiastical abstention because (1) the majority of the purportedly defamatory statements occurred "outside of the religious practice context," and (2) no party identified "any doctrinal issues that will be involved." *Id*. This case does not fit the facts of *Hocker*. The ecclesiastical abstention doctrine applies in this case because all of Hunt's claims pertaining to the Credentials Committee Letter seek secular judicial review of a process that is more akin to church disciplinary proceedings which were initiated precisely to determine whether Hiland Park Baptist Church was in "friendly cooperation" with the SBC – and specifically whether Hiland Park Baptist Church had acted "in a manner that is consistent with the Convention's beliefs regarding sexual abuse."

Even though neither the SBC nor the Credentials Committee have any "power" over any Baptist body, consistent with SBC polity and the principle of local church autonomy, they do have the responsibility to "determine whether a church 'has a faith and practice which closely identifies the [SBC's] adopted statement of faith'" and "whether a church may be acting in a manner that is 'inconsistent with the [SBC's] beliefs regarding sexual abuse,'" Doc. 1-2, at Page ID #62-64, pursuant to the criteria set forth in the SBC Constitution and Bylaws. As such, contrary to

Plaintiff's arguments in his Response, Hunt does seek secular judicial review of a "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Milivojevich*, 426 U.S. at 714. Accordingly, the ecclesiastical abstention doctrine does apply, and Hunt's claims fail as a matter of law.

For these reasons and the others identified in the SBC's principal submission [Doc. 229-231], the SBC respectfully requests that the Court enter summary judgment in its favor on each of the claims alleged by Hunt against the SBC.

**DATED: August 14, 2024.**

Respectfully submitted,

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

By: *\/s/ Matthew C. Pietsch*

L. Gino Marchetti, Jr., BPR No. 005562
Matthew C. Pietsch, BPR No. 024659
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
(615) 320-3244 Fax
gmarchetti@tpmblaw.com
matt@tpmblaw.com
*Counsel for Defendant*
*Southern Baptist Convention*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **August 14, 2024**:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, Indiana 46204<br>robert.macgill@macgilllaw.com<br>patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, Tennessee 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br><br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>600 Third Avenue, 25th Florr<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Defendant Guidepost Solutions, LLC* |
| E. Todd Presnell<br>Scarlett Singleton Nokes<br>R. Brandon Bundren<br>Bradely Arant Boult Cummings LLP<br>1221 Broadway, Suite 2400<br>Nashville, Tennessee 37203<br>tpresnell@bradley.com<br>snokes@bradley.com<br>bbundren@bradley.com<br><br>Gene R. Besen<br>Bradley Arant Boult Cummings LLP<br>Fountain Place<br>1445 Ross Ave., Suite 3600<br>Dallas, Texas 75202<br>gbesen@bradley.com<br><br>Thomas J. Hurney, Jr.<br>Gretchen M. Callas<br>Jackson Kelly PLLC<br>500 Lee Street East, Suite 1600<br>P.O. Box 553 | |

| | |
|---|---|
| Charleston, West Virginia 25301<br>thurney@jacksonkelly.com<br>gcallas@jacksonkelly.com<br><br>*Attorneys for the Executive Committee of the Southern Baptist Convention* | |

*/s/ Matthew C. Pietsch*