IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00243 |
| | ) | Judge Campbell/Frensley |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants | | |

## ORDER

### I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each denied the substantive allegations and asserted affirmative defenses. Docket Nos. 154, 155, 161.

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

This matter is now before the Court upon Mr. Hunt's Motion for Leave to File Under Seal, which seeks to seal his Reply in support of his Motion to Compel, as well as certain exhibits thereto. Docket No. 117; *see* Docket No. 116. In response to the Court's recent Order finding that there was not currently sufficient information before the Court to allow for such sealing and inviting further briefing, Guidepost has filed a Response in support of the Motion. Docket Nos. 237, 267. For the reasons set forth below, Mr. Hunt's Motion (Docket No. 117) is GRANTED.

## II. <u>LAW AND ANALYSIS</u>

### A. <u>Motions to Seal</u>

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

B. <u>Mr. Hunt's Motion for Leave to File Under Seal</u>

Mr. Hunt seeks to seal the documents at issue solely because they refer to or quote documents that were produced under a "Highly Confidential – Attorneys' Eyes Only" designation consistent with the Parties' Amended Agreed Protective Order. Docket No. 117. He "objects to and opposes" this designation and filed the Motion in order to comply with the Local Rules and the Parties' Protective Order. *Id.* at 2; *see* Docket No. 83.

Guidepost contends that first redaction of the Reply Memorandum (on page 3) is appropriate, and the redacted information should remain under seal. Docket No. 267, p. 4-5; *see* Docket Nos. 116, 117, 118. Guidepost asserts that the redacted portion contains intimate and sensitive information related to Jane Doe's status as an alleged survivor of sexual assault. *Id.* at 4. As to the second redaction (on page 4), Guidepost submits that while the redacted text message contains information that would identify Jane Doe (the true name of her husband), the

3

text message as a whole does not meet the Sixth Circuit's standard for sealing. *Id.* at 5. Guidepost requests that Mr. Hunt be required to submit a new version of the Reply Memorandum that redacts only the true name of Jane Doe's husband from the second redaction.

While designation as "Confidential" or "Attorneys' Eyes Only" does not necessarily mean that a document meets the relevant sealing standards, the Court has inspected the Reply Memorandum and finds that it contains intimate and private information related to non-party Jane Doe that should remain under seal. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interest of innocent third parties should weigh heavily in a court's balancing equation") (internal citation omitted). Further, the seal is narrowly tailored because, where practical, redacted versions have been filed. Finally, the public's interest in the underlying discovery dispute is minimal, and is promoted by the availability of the redacted versions, which provide sufficient information for the public to understand the nature of the dispute. Docket Nos. 117, 118. The Court does not believe that it is necessary for Mr. Hunt to file a new redacted version of the Reply Memorandum at this time.

### III. CONCLUSION

For the foregoing reasons, Guidepost's Motion (Docket No. 117) is GRANTED. The Reply Memorandum (Docket No. 118) will remain under seal.

**IT IS SO ORDERED.**

_____
**Jeffery S. Frensley**
**United States Magistrate Judge**