IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:23-cv-00243 |
| SOUTHERN BAPTIST CONVENTION; GUIDEPOST SOLUTIONS LLC; and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, | ) Judge Campbell ) Magistrate Judge Frensley ) Jury Demand ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S OBJECTIONS TO EVIDENCE**

**INTRODUCTION**

Plaintiff, Johnny M. Hunt, by and through the undersigned counsel, files this Response in Opposition to the Executive Committee of the Southern Baptist Convention's ("EC") Objections to Plaintiff's Evidence, which seeks to exclude certain exhibits attached to Plaintiff's Opposition to Defendants' Motions for Summary Judgment.

A party seeking to preclude consideration of evidence at the summary judgment stage must show that the evidence ***cannot be*** presented in a form that would be admissible. The EC made no argument that Plaintiff's cited evidence cannot be presented in a form that would be admissible at trial. For that reason, and the reasons cited in this Opposition, the Court should deny the EC's motion and consider each exhibit cited in Plaintiff's Opposition to Defendants' Motions for Summary Judgment.

## LEGAL STANDARD

Rule 56(c)(2) provides that "on a motion for summary judgment, a party may object that supporting materials 'cannot be presented in a form that would be admissible in evidence.'" *J.H. v. Williamson Cty.*, No. 3-14-2356, 2018 U.S. Dist. LEXIS 231853, at *2 (M.D. Tenn. July 5, 2018) (quoting Fed. R. Civ. P. 56(c)). The Sixth Circuit "permit[s] consideration of evidence submitted at summary judgment in non-admissible form when the evidence 'will be reduced to admissible form at trial.'" *Daughenbaugh v. Macomb Residential Opportunities, Inc.*, No. 15-cv-12390, 2016 U.S. Dist. LEXIS 169715, at *15 (E.D. Mich. Dec. 8, 2016) (citing *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996). "Significantly, the objection contemplated by the current version of Rule 56 is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Hope v. Hewlett-Packard Co.*, No. 14-11497, 2016 U.S. Dist. LEXIS 26878, at *5 (E.D. Mich. Mar. 3, 2016).

"Upon such an objection, the proponent of the evidence must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible." *J.H.,* 2018 U.S. Dist. LEXIS 231853, at *2.

## ARGUMENT

**A. The EC has not shown that the expert reports are inadmissible; each expert could appear at trial and testify as to their opinions.**

The EC first argues that Plaintiff's Exhibit 20 (Expert Report of Douglass Leff) and 21 (Supplemented Expert Report of Lamar Barden) are inadmissible because they are hearsay. Doc. No. 273 at 1-2. Whether the expert reports are hearsay in their present form is irrelevant. The appropriate inquiry is whether the evidence in the reports can be presented in an admissible form at trial.

Both Douglass Leff and Lamar Barden "could appear at trial and testify to opinions, which then would not be hearsay." *Chase v. Corning, Inc.*, No. 14-cv-392-JD, 2014 U.S. Dist. LEXIS 154986, at *6 (D.N.H. Oct. 30, 2014); *see also Davis v. United States*, 302 F. Supp. 3d 951, 956 (S.D. Ohio 2017) (finding the content of expert opinion letters "fully capable of being reduced to admissible form" and "proper for consideration" at summary judgment). Therefore, because the content of each expert report may be admissible at trial, the Court may consider the evidence at the summary judgment stage.

Additionally, the EC did not object to Guidepost Ex. 19 (Expert Report of Lamar Barden) (Doc. No. 221-19) and any objection has now been waived. *See Ornelas v. Los Arrieros, LLC*, 232 F. Supp. 3d 962, 967 (N.D. Ohio 2017). Thus, the Barden Report would remain in the record through Guidepost's Exhibit 19 and may be considered by the Court. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

### B. The Doe Story can be presented in admissible forms at trial.

Next, the EC argues that Plaintiff's Exhibit 27 (the "Doe Story") is inadmissible hearsay. Doc. No. 273 at 2. The contents of the Doe Story may be admitted into evidence at trial on multiple grounds, depending on the circumstances and should therefore be considered on summary judgment.

#### 1. The EC's challenged statement in the Doe Story would be admissible at trial.

"At the summary judgment stage, [courts] do not focus on the admissibility of the evidence's form. [Courts] instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Regardless of whether the Doe Story itself is admissible, its contents are admissible. In *Fraser v. Goodale*, the court ruled that the contents of a diary were

3

Case 3:23-cv-00243    Document 291    Filed 08/28/24    Page 3 of 13 PageID #: 12779

admissible at trial and could be considered at summary judgment, even if the diary itself was not admissible. *Id.* at 1037. The court reasoned that at the summary judgment stage the focus is not on the admissibility of the evidence's form. *Id.* Rather, it is on the admissibility of the document's contents. *Id.* The contents of the diary could be admitted into evidence through the testimony of a witness with personal knowledge under Federal Rule of Evidence 602, the diary could be used to refresh the witness's recollection under Rule 612, or the diary could be used as a recorded recollection under Rule 803(5). *Id.* Therefore, the court considered the contents of the diary on summary judgment. *Id.*

Similar to *Fraser*, the content of the Doe Story should be considered at summary judgment. Jane Doe could testify at trial[1] (live or by designation) as to details within her personal knowledge, including the statement challenged by the EC. The specific statement in the Doe Story challenged as hearsay by the EC that Jane Doe and her Husband "became aware of [their] traumatizing abuse through intensive psychological therapy of Diane Langberg and Associates" was confirmed at Jane Doe's deposition. Doc. No. 257-9 (Doe Dep.) 164:9-166:1. Further, the Doe Story could be used to refresh Jane Doe's recollection, and it may also be used as a recorded recollection under Federal Rule of Evidence 803(5).

### 2. The EC failed to make the required specific objections to statements in the Doe Story document.

The EC appears to challenge the use of *all statements* contained in the Doe Story. Doc. No. 273 at 2 ("Because Exhibit 27 constitutes inadmissible hearsay, it should be excluded."). Yet, the EC only cited one example of purported hearsay (discussed above).

---

[1] Jane Doe is listed on all parties' initial disclosures as an individual that the disclosing party may use to support its claims or defenses.

Objections to evidence need to be specific. *See In re Dow Corning Corp.*, 250 B.R. 298, 317 (Bankr. E.D. Mich. 2000) (overruling objections to evidence in part because the objections were made "in broad, general terms and fail[ed] to direct the Court to the offending portions of each exhibit"); *Solorzano v. Passafiume*, No. H-19-3556, 2020 U.S. Dist. LEXIS 186851, at *15 (S.D. Tex. Oct. 8, 2020) ("Without identifying 'any particular statements' as hearsay, [defendant's] 'objections do not meet the specificity requirement of Rule 103(a)(1).'" (quoting *Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, No. H-09-715, 2010 U.S. Dist. LEXIS 164665, at *24-25 (S.D. Tex. Dec. 10, 2010))); *Watters v. Summit Cty.*, No. 5:14CV2390, 2016 U.S. Dist. LEXIS 84358, at *7 (N.D. Ohio June 29, 2016) ("[I]t is the defendant's obligation to specifically identify which statements in the declaration should be struck."). Specific objections are particularly important in the context of hearsay because whether a statement is hearsay "depends upon what use the offeror intends the fact-finder to make of it." *U.S. v. Detrich*, 865 F.2d 17, 20 (2d Cir. 1988). The Doe Story is a fifty-three (53) page document. Without specific challenges to portions and potential uses by the EC, Plaintiff cannot provide a response beyond general arguments. Consequently, the EC has waived any argument that the entire Doe Story document should not be considered.

In any event, the Doe Story and its content would be admissible for several reasons in addition to those stated in Section B.1. Under Rule 801(d)(2)(B), a statement is not hearsay when it is offered against an opposing party and is one "the party manifested that it adopted or believed to be true." "Adoption can be manifested by any appropriate means, such as language, conduct, or silence." *United States v. Jinadu*, 98 F.3d 239, 244 (6th Cir. 1996). Additionally, "personal knowledge is not a prerequisite for the adoption of another's statement." *Pillsbury Co. v. Cleaver-Brooks Div. of Aqua-Chem, Inc.*, 646 F.2d 1216, 1218 n.2. (8th Cir. 1981).

Here, Jane Doe confirmed she prepared and presented the Doe Story to Guidepost during the course of Guidepost's investigation. Doc. No. 257-9 (Doe Dep.) 79:12-16. Jane Doe understood Guidepost was going to rely on the information she provided in the Doe Story. *Id.* at 81:4-8. Guidepost's lead investigator, Russell Holske, testified that Guidepost relied on the Doe Story document when preparing the Report. Doc. No. 248-1 (Holske Dep.) 174:13 ("We relied on [the Doe Story]."). The final Report stated: "[Guidepost's] investigators found Pastor and Survivor to be credible." Doc. No. 248-12 at 161. The Doe Story was part of the foundation for the final published Report. Guidepost adopted the Doe Story when preparing their Report and the Exhibit is not hearsay under the Federal Rules.

Alternatively, statements are not hearsay if they are not offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c)(2). It is well-recognized that a "statement that is not offered to prove the truth of the matter asserted but offered to show its effect on the listener is not hearsay." *Rhoades v. Standard Parking Corp.*, 559 F. App'x 500, 506 (6th Cir. 2014). The Doe Story could be offered to show the effect on the reader, here Guidepost and its investigators. Additionally, the Doe Story may also be offered to show Jane Doe's state of mind and motive for approaching Guidepost, and not for the truth of the matter asserted. *Brown v. Whole Foods Mkt. Grp., Inc.*, Nos. 22-1860, 22-1915, 2023 U.S. App. LEXIS 26156, at *4 (4th Cir. 2023) (determining statements showing "state of mind" and "motive" were not hearsay).

The Doe Story can be presented in an admissible form at trial on multiple grounds. As a result, its content may be considered on summary judgment.

C. **Exhibit 45 is not hearsay; it is an opposing party's statement.**

The EC objects to Exhibit 45 arguing that the statement is inadmissible hearsay. Exhibit 45 was an email sent from Ed Litton, Mike Keahbone, Chris DuPree, John Batts, and Nancy

Spalding, all members of the Executive Committee of the Southern Baptist Convention. Doc. No. 257-3 (EC 30(b)(6) Dep.) 275:8-11.

Exhibit 45 is an opposing party statement and is not hearsay. A statement that is "offered against an opposing party" and "was made by the party in an individual or representative capacity" is not hearsay. Fed. R. Evid. 801(d)(2)(A). Accordingly, this exhibit is not hearsay under the Federal Rules of Evidence.

Alternatively, Exhibit 45 is not hearsay because it is offered against an opposing party and was a statement "made by the party's agent . . . on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). The Committee on Cooperation of the EC was acting as an agent of the Executive Committee at the time of the statement and acting within the scope of their relationship. *See* Doc. No. 240 at 26-28 (providing evidence of an agency relationship). Beyond the evidence cited in Plaintiff's briefing, the statements themselves are probative of the relationship between the Committee on Cooperation and the EC: "The CoC was created as a means of assuring the investigation into the EC's handling of sexual abuse is able to proceed as planned and that EC trustees are represented throughout the process"; "our committee represents [the EC] in this process." Fed. R. Evid. 801(d)(2) ("The statement must be considered but does not by itself establish . . . the existence or scope of the relationship under (D)."). The statements are not hearsay.

### D. Exhibit 58 was not offered for the truth of the matter asserted and can also be presented through testimony of a witness with personal knowledge.

The EC next asserts that Exhibit 58 should be excluded. Exhibit 58 is a tweet from 60 Minutes that states: "Bart Barber tells @andersoncooper that addressing the sex abuse scandal that's rocked the Southern Baptist Convention is his number one priority." This Exhibit may be

7

offered for reasons other than proving the truth of the matter asserted and can also be presented through testimony of a witness with personal knowledge.

First, Exhibit 58 may be offered as evidence to explain the EC and SBC's motive for their failure to prevent publication of the allegations against Pastor Johnny in the Report. *See* 5 Weinstein's Federal Evidence § 801.11 (2024) ("Testimony is not hearsay if it is offered only to show the context within which parties had been acting, or to show a party's motive or intent for behavior."); *see also United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002) (admitting testimony as non-hearsay to explain the basis for an investigation of the defendant because it was not used to prove the truth of the matter asserted). This was the precise use in Plaintiff's briefing. Exhibit 58 was cited to provide context for the SBC and EC's actions and explain their failure to prevent publication of the allegations against Pastor Johnny in the Report. *See* Doc. No. 240 at 23 ("Events after publication also create a genuine issue of material fact as to the EC and SBC's reasoning for their failure to prevent publication of the Report."), *id.* at 24 ("[T]he EC and SBC were willing to publish the Report regardless of how the evidence developed and regardless of whether or not the allegations against Pastor Johnny were credible."). Plaintiff's use of Exhibit 58 was not for the truth of the matter asserted and was instead to provide context for the EC and SBC's behavior.

Second, regardless of whether Exhibit 58 itself is admissible, its content is admissible and should be considered on summary judgment. Bart Barber has personal knowledge of the information contained in the tweet and testified under oath at deposition confirming the accuracy of Exhibit 58:

> Q. Is it fair to say that when you gave an audience nationally on 60 Minutes as the SBC president, that you wanted to make clear that your number one priority was addressing the sex abuse scandal that's rocked the Southern Baptist Convention?

A. Yes.

Doc. No. 257-4 (Barber Dep.) 70:2-7. Bart Barber could testify at trial[2] (live or by designation) regarding his priorities as SBC President. As a result, Exhibit 58 should be considered on summary judgment.

**E. Exhibit 80 could be introduced in an admissible form at trial.**

Finally, the EC argues that Exhibit 80 should not be considered by the Court because it was not properly authenticated and is hearsay. Exhibit 80 is a printout of an article posted on *The Baptist Paper* containing a quote from SBC Sex Abuse Task Chair Marshall Blalock that "[t]he Committee on Cooperation is a way for the EC to have an official relationship with Guidepost Solutions while maintaining the independence of Guidepost."

First, The EC claims that Exhibit 80 needs to be authenticated "through a witness with personal knowledge of the Perma.cc archive service." Doc. No. 273 at 3. No such requirement exists because Plaintiff provided both the standard website link and the archived version of the link. Doc. No. 248 at 9. The archived link was only provided to ensure continued access to the article after submission of Plaintiff's summary judgment filings. Further, any objection to the authentication of the website link is premature. The 2010 Amendments to Federal Rule of Civil Procedure 56 "replaced the [authentication] requirement with the far more lenient subsection (c)(1)(A), which allows reliance on both authenticated and unauthenticated evidence in support or opposition to summary judgment." *Watters*, 2016 U.S. Dist. LEXIS 84358, at *8-9. Exhibit 80 could be authenticated at trial by Plaintiff himself[3] or through another witness that

---

[2] Bart Barber is listed on both the EC and SBC's initial disclosures as an individual that the disclosing party may use to support its claims or defenses.

[3] "[C]ourts generally permit the authentication of web postings, bearing a web address and the date printed, by a witness who saw and printed the postings 'for the limited purpose of proving that the postings had appeared on the world wide web on the days that [the witness]

will be identified on Plaintiff's initial disclosures, which may be supplemented up to 30 days before trial under local rules. L.R. 39.01(e); *Watters*, 2016 U.S. Dist. LEXIS 84358, at *10 (noting that the documents defendants objected to could be authenticated at trial through witnesses identified on supplemental initial disclosures provided to defendants).

Second, the content of Exhibit 80 could be introduced at trial through a witness with personal knowledge. The challenged statement, that "[t]he Committee on Cooperation is a way for the EC to have an official relationship with Guidepost Solutions while maintaining the independence of Guidepost" was a quote from SBC Task Force Vice Chair Marshall Blalock, a party opponent or an agent of the SBC and EC. Mr. Blalock could testify at trial[4] regarding his statement, removing any hearsay concerns.

## CONCLUSION

For each of the reasons stated, the Court should consider the contents of each exhibit cited in Plaintiff's Opposition to Defendants' Motions for Summary Judgment.

---

personally saw the postings and printed them off the computer.'" *SMS Audio, LLC v. Belson*, No. 16-81308-CIV, 2017 U.S. Dist. LEXIS 118942, at *9 (S.D. Fla. Mar. 17, 2017) (quoting *Saadi v. Maroun*, No. 8:07-CV-1976-24 MA, 2009 U.S. Dist. LEXIS 102879, at *4 (M.D. Fla. Nov. 4, 2009)).

[4] The Sexual Abuse Task Force is listed on SBC's initial disclosures as an individual that the disclosing party may use to support its claims or defenses.

Dated: August 28, 2024 Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com


*-and-*


**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com


*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Response in Opposition to the Executive Committee of the Southern Baptist Convention's Objections to Evidence to be electronically filed with the Clerk of the Court on August 28, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

    s/ Andrew Goldstein
    Andrew Goldstein