IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br><br>                Plaintiff,<br>   v.<br><br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br><br>                Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

# DEFENDANT GUIDEPOST SOLUTIONS LLC'S BRIEF IN RESPONSE TO COURT'S AUGUST 15, 2024 ORDER REGARDING SEALING

Defendant Guidepost Solutions LLC ("Guidepost") respectfully submits this Brief in response to the Court's August 15, 2024 Order [ECF Doc. No. 287] requiring Guidepost to explain why the information submitted under seal in Plaintiff's Motion to Compel Forensic Evidence [ECF Doc. Nos. 205-206] and the exhibits thereto meet the Sixth Circuit's standard for sealing.

## BACKGROUND

The Court is familiar with the sensitive nature of this matter regarding an alleged sexual assault of Jane Doe by Plaintiff Hunt. With respect to Plaintiff's motion to compel highly sensitive documents, the Court found that:

> Nevertheless, the Court finds that the Parties' existing Protective Order (Docket No. 52) is insufficient to safeguard information contained in the responsive items that is clearly very personal and relates to an instance of alleged sexual abuse. Additionally, while the responsive items are relevant under the broad standard for relevance in discovery, that relevance appears to be somewhat tenuous for certain items in which Mr. Hunt is purportedly mentioned infrequently or not at all. See, e.g., Docket No. 66, p. 3. Given the intimate nature of the responsive items and the

potentially tenuous relevance of some of them, the Court will order that the responsive items be produced under an Attorney's Eyes' Only designation.

[ECF Doc. No. 76.][1]

On a subsequent motion to de-designate those documents, the Court reiterated its previously findings, finding that: "As to the rest of the AEO documents, as discussed above, the Court has previously found that these documents, as a group, contain sensitive information, and that the relevance of many of them appears to be tenuous. Docket No. 76, p. 6." [ECF Doc. No. 158 at 8.]

On "Non-Party Jane Doe's motion to proceed pseudonymously and to redact references to her name and identifying information in public filings" [ECF Doc. No. 168], the Court found that Jane Doe, an alleged sexual assault victim, had met the standard to proceed pseudonymously and granted her application. [ECF Doc. No. 192.]

Furthermore, on August 5, 2024, Guidepost filed briefs pursuant to Court Orders explaining why certain documents referenced in the Joint Discovery Dispute Statement and Plaintiff's First Motion to Compel meet the Sixth Circuit's standard for sealing and should remain sealed. [ECF Doc. Nos. 262-263.] Plaintiff's Second Motion to Compel adopted by reference the Joint Discovery Dispute Statement and, to the extent the Third Motion to Compel for forensic evidence also cites to those prior documents, Guidepost respectfully refers the Court to its response regarding the sealing of those documents. [ECF Doc. No. 262-263, 267.] The Court has

---

[1] The documents referenced were as follows: 1. Audio recordings that the husband of an alleged sexual abuse survivor made of his counseling sessions with his wife and a purported marriage counselor; 2. The husband's private journal; 3. A summary document that contained information provided by the alleged survivor and her husband to Guidepost's investigators; 4. Text messages exchanged between the survivor and a Guidepost investigator who interviewed her for the report prepared by Guidepost; 5. Guidepost's notes of its interview with the alleged survivor and her husband; and 6. Blackline drafts of Guidepost's interview notes. [*Id*. at 4-5]

Ordered that those documents, but for the removal of one redaction in the joint discovery statement, will remain sealed. [ECF Doc. Nos. 266-267, 284-286.] Finally, it should be noted that the Court has recently denied Hunt's motion to compel forensic evidence. [ECF Doc. No. 292.]

## **LEGAL STANDARD**

It is well established that there is a "'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id*. "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. (citations omitted).

However, where disclosure of intimate and private details of an alleged sexual assault victim is in dispute, courts have routinely held that disclosure of such intimate and private details outweighs the presumption in favor of public disclosure. *See NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7857955, at *2 (S.D. Ohio Oct. 24, 2018) ("The Court is persuaded that disclosure of Defendant Jane Doe's identity would equate to a disclosure of information 'of the utmost intimacy.' Courts throughout the country have routinely found that the privacy interest of alleged sexual assault victims outweighs the presumption in favor of openness.") (citations omitted). *And see Doe v. Kenyon Coll.*, No. 2:20-cv-4972, 2020 WL 11885928, at *2 (S.D. Ohio Sept. 24, 2020) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness.") (citations omitted).

Moreover, courts have considered in their analysis whether the information sought to be protected comes from a non-party, rather than a party to the litigation. To that end, in *Shane Group, Inc.*, the Sixth Circuit stated:

> Finally, the point about third parties is often one to take seriously; "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). For example, in *Knoxville News–Sentinel*—a case involving litigation between a bank and the FDIC—we affirmed the district court's decision to seal bank records containing financial information about the bank's customers. Various "statutory provisions and regulatory rules" protected the customers' information from disclosure, 723 F.2d at 476; and the "order of the district court [was] narrowly tailored to serve that interest." *Id*. at 477. Moreover, the customers themselves had done nothing to give rise to the suit.

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016); *and see Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) ("In determining the appropriateness of sealing court records under this exception, we consider, among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of the participants or third parties, trade secrets, and national security.")

## ARGUMENT

### I. PLAINTIFF'S MEMORANDUM OF LAW

**A. The Memorandum of Law**

Plaintiff's memorandum of law filed on the public docket contains 4 redactions. The first redaction on page 5 is related to ECF Doc. 102, Exhibit U, which the Court has ordered to remain sealed. [ECF Doc. No. 284.] The second redaction on page 6 is citing back to Doc. No. 165-1, which comes from an exhibit marked Confidential because it included sensitive information of an alleged sexual assault survivor, including the notes from a personal journal that the Court has ordered to remain sealed. The third redaction is on page 7 and contains the full body of a text message produced by Guidepost that includes Jane Doe's name and therefore was marked Highly

4

Confidential Attorneys Eyes Only. And the final redaction is also on page 7 and is likewise from that text message that was marked Attorneys Eyes Only because it included Jane Doe's name. Because of the references to Jane Doe or her husband the Court should keep such documents sealed given the highly sensitive and intimate nature throughout the contents of the document.

B. The Exhibits

The Exhibits submitted by Plaintiff in support of his motion to compel forensic evidence should remain sealed because they contain sensitive information regarding an alleged sexual assault survivor, including the identity of or identifying information about Jane Doe and/or her husband. Further, as described in more detail below, certain of the Exhibits contain sensitive, confidential text conversations between Guidepost and its client, those texts having been filed by Plaintiff (and no other party) in support of his motion to compel forensic evidence, that motion having been denied by the Court [ECF Doc. No. 292]. In addition to being confidential, the lack of probative value of the information to the public, particularly in light of Plaintiff's failed motion, outweighs the need for disclosure.

Exhibit C is a string of text messages between Guidepost internally and with its client, which were marked confidential as they contain sensitive and confidential information regarding the investigation of an alleged sexual assault survivor.

Exhibit D are internal text messages of Guidepost regarding Plaintiff that were marked confidential as they contain sensitive and confidential information. Further, Exhibit D contains the name of Jane Doe's husband and, therefore, should remain sealed.

Exhibit E is a document created by Plaintiff that contains direct quotes of text messages that were marked Highly Confidential – Attorneys Eyes Only. These documents should remain

sealed because they contain the name of Jane Doe and/or her husband, as well as identifying information such as email addresses.

Exhibit F is a text message produced by Jane Doe and Jane Doe's husband in response to a subpoena from Plaintiff. The text message was designated Highly Confidential – Attorneys Eyes Only by Jane Doe and her husband. This text message should remain sealed so Jane Doe and her husband's identity remain sealed from public disclosure. Likewise, Exhibit G is a string of text messages produced by Jane Doe and her husband in response to Plaintiff's subpoena that were all marked Highly Confidential – Attorneys Eyes Only. These documents contain the name of Jane Doe and her husband, other sensitive information of an alleged sexual assault survivor, and their disclosure serves no public benefit. Moreover, Exhibits H and I are text messages produced by Jane Doe and Jane Doe's husband in response to a subpoena from Plaintiff. The text messages were designated Highly Confidential – Attorneys Eyes Only by Jane Doe and her husband. These text messages should remain sealed so Jane Doe and her husband's identity remain sealed from public disclosure.

Finally, Exhibit J contains internal text messages of Guidepost that were marked confidential and should remain sealed because they include the name of Jane Doe's husband as well as other identifying information.

## **CONCLUSION**

For the foregoing reasons, Guidepost respectfully requests that the Court continue to keep the documents in question sealed from public disclosure or, alternatively, redacted as practical as requested above.

Dated: September 3, 2024          Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
Adam Brody (admitted pro hac vice)
600 Third Avenue – 25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com
brody@mintzandgold.com

*Counsel for Guidepost Solutions LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

Todd G. Cole, Esq. (BPR # 031078)
Andrew Goldstein, Esq. (BPR # 037042)
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq. (Ind. Bar. 9989-49)
Patrick J. Sanders, Esq. (Ind. Bar. 36950-29)
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*


L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

on this 3rd day of September 2024.

                                                s/John R. Jacobson