IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00243 |
| | ) | Judge/Campbell Frensley |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants | | |

## ORDER

### I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each denied the substantive allegations and asserted affirmative defenses. Docket Nos. 154, 155, 161.

This matter is now before the Court upon a "Motion for Leave to File Under Seal" filed by Plaintiff Johnny Hunt that seeks to seal his Memorandum in Support of his Motion to Compel

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

and certain exhibits thereto because the sealed information has been designated by Defendant Guidepost Solutions LLC ("Guidepost") as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Parties' Protective Order. Docket No. 206; *see* Docket Nos. 207, 207-1 through 207-8; *see* Docket No. 83. Mr. Hunt notes that he is not "conceding the propriety or the merits" of these designations, but is filing this motion "in an effort to ensure compliance with the Local Rules of the Court and the Second Amended Agreed Protective Order." Docket No. 206, p. 1-2.

Because Guidepost had not responded to the Motion, the Court filed an Order explaining that there was no information in the record that would allow it to seal the documents in question, and giving Guidepost an opportunity to provide such information prior to the documents being unsealed. Docket No. 287. Guidepost has since filed a Brief in Response. Docket No. 293. For the reasons set forth below, Mr. Hunt's Motion (Docket No. 206) is GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute

to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

B. <u>Mr. Hunt's Motion for Leave to File Under Seal</u>

As previously noted, Mr. Hunt filed the documents in question under seal in order to comply with the Parties' Protective Order and the Local Rules. Docket No. 206. In its Brief, Guidepost asserts that the redacted portions of Mr. Hunt's Memorandum and exhibits contain identifying information related to non-party Jane Doe, or intimate and sensitive information related to Jane Doe's status as an alleged survivor of sexual assault. Docket No. 293.

While designation as "Confidential" or "Attorneys' Eyes Only" does not necessarily mean that a document meets the relevant sealing standards, the Court has inspected the documents and finds that they contain intimate and private information related to non-party Jane Doe or information that would identify her; therefore, that information should remain under seal. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interest of innocent third parties should weigh heavily in a court's balancing equation") (internal citation omitted). The seal is narrowly tailored because the Memorandum has been filed as a redacted version in the public record, providing sufficient information for the public to understand the nature of the dispute. Docket No. 205. At this point in the litigation, the Court finds that the Parties' interest in maintaining the secrecy of the information outweighs the public's interest in viewing the entirety of the documents. This is particularly true because the documents have been filed as part of a discovery dispute, rather than a dispositive motion. The Court will revisit the issue if the sealed information becomes relevant to a case-determinative issue at a later time.

### III. CONCLUSION

For the foregoing reasons, Mr. Hunt's Motion (Docket No. 206) is GRANTED. The documents in question (Docket Nos. 207, 207-1 through 207-8) will remain under seal at this time.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**