IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT,<br>                Plaintiff,<br>v.<br>SOUTHERN BAPTIST CONVENTION;<br>GUIDEPOST SOLUTIONS LLC; and<br>EXECUTIVE COMMITTEE OF THE<br>SOUTHERN BAPTIST CONVENTION,<br>                Defendants. | Case No. 3:23-cv-00243<br>Judge Campbell<br>Magistrate Judge Frensley |

## JOINT DISCOVERY DISPUTE STATEMENT

Pursuant to Section G of the Case Management Order (Doc. 37) and Local Rules 7.01 and 37.01, Plaintiff, Johnny M. Hunt, and Defendant, Guidepost Solutions, LLC ("Guidepost"), submit this Joint Discovery Dispute Statement ("Statement") regarding the scheduling of depositions and document productions. The parties certify that counsel for Plaintiff and Guidepost conducted a meet and confer via Zoom on December 14 at which time lead counsel for both Guidepost and Plaintiff were present. Plaintiff and Guidepost have made a good faith effort to resolve the dispute between them, but they have not been able to reach an agreement.

I. **Plaintiff's Statement of the Dispute**

    A. **Guidepost's refusal to schedule depositions.**

This dispute arises from Guidepost's unilateral refusal to schedule depositions for witnesses that are identified in its own initial disclosures and discovery responses as having been directly involved in Guidepost's decision to publish the defamatory statements against Plaintiff at issue in this lawsuit. Incredibly, Guidepost is improperly attempting to shield its CEO, Julie Myers Wood, from deposition, even though Guidepost's own Rule 26 disclosures specifically identify Ms. Wood as a witness "likely to have discoverable information . . . that may be used to support

1

[Guidepost's] claims or defenses . . . ." This Court should not condone Guidepost's continuing efforts to obstruct production of discoverable information but should instead enter an order requiring the five Guidepost depositions to proceed.

Guidepost has been seeking to delay discovery in this case for months. On November 22, 2023, the Court granted Plaintiff's previously-filed Motion to Compel and ordered Guidepost to produce the responsive documents it was withholding, which included documents and audio recordings provided to Guidepost by the woman who made certain accusations against Plaintiff (the "Complainant") and her husband. (Doc. 76) Guidepost produced the documents on December 5-6, 2023—188 days after Plaintiff initially served his discovery requests. This production included Guidepost's interview notes, audio recordings of counseling sessions with the Complainant and her husband, and text messages between Guidepost investigators and the Complainant, among others.

Promptly after the Court's November 22 Order, Plaintiff's lead counsel called counsel for each Defendant to discuss scheduling depositions. On November 28, Plaintiff's counsel sent a letter with a proposed deposition schedule and corresponding deposition notices for five Guidepost employees. (Exs. A-F) Guidepost responded on December 8, 2023, and objected to the notices as served. (Ex. G) All parties had a meet and confer on December 14, 2023 to discuss the noticed depositions and work on a deposition schedule for the case.

At the meet and confer, Guidepost agreed to produce its two lead investigators, Russell Holske and Samantha Kilpatrick for depositions. However, Guidepost refused to schedule depositions for Krista Tongring (Senior Managing Director), Julie Myers Wood (Chief Executive Officer), and Anthony Collura (Chief Operating Offer and Chief Legal Officer) until after a separate meet and confer process that would only occur after the lead investigator depositions were

2

completed. The parties were not able to come to an agreement on the deposition schedule and set another meet and confer the following week to discuss these issues in more detail.

To facilitate the conversation at the upcoming meet and confer, Plaintiff's counsel sent a letter that described the reasoning for deposing each witness and explained the need to schedule each noticed deposition at this time. (Ex. H) In response, Guidepost unilaterally cancelled the scheduled meet and confer less than twenty minutes before the call was set to begin. (Ex. I) Guidepost refused to make Julie Myers Wood and Anthony Collura available for deposition unless Plaintiff had an "objective, legitimate factual basis" to do so following the depositions of the three investigators. (*Id.*)

Guidepost's objections are not well-taken. Plaintiff already has an "objective, legitimate factual basis" to depose each Guidepost witness. Plaintiff selected each potential deponent after a review of the Defendants' discovery responses and document productions. For example, Samantha Kilpatrick, Russell Holske, Krista Tongring, and Julie Myers Wood were all identified in Guidepost's own Rule 26 disclosures as individuals "likely to have discoverable information (along with the subjects of that information) that may be used to support [Guidepost's] claims or defenses . . . ." (Ex. S) Similarly, all four of these individuals were identified in Guidepost's interrogatory responses as "individual[s] involved in drafting portions of the Report that involve Johnny Hunt." (Ex. J) Additionally, both Ms. Wood and Tongring "*reviewed and edited* [the] portion of [the] Report *related to Plaintiff*." (emphasis added) (*Id.*) The same individuals were also identified in Guidepost's interrogatory responses as being "involved in the decision to include the Complainant's allegations against Johnny Hunt in the Report." (*Id.*) Guidepost's interrogatory responses also identified Anthony Collura as having been "involved in the decision to include Complainant's allegations against Johnny Hunt in the Report." (*Id.*)

3

Moreover, Guidepost's document productions have reinforced the need to schedule all five of these depositions, including Guidepost's CEO, Julie Myers Wood. For example, Guidepost's proposal for the engagement with the SBC stated: "[t]his engagement will be the overall responsibility of Guidepost's Chief Executive Officer, Julie Myers Wood." (Ex. K at GP_004271) Documents produced by the Complainant and her husband in response to Plaintiff's subpoena also reveal email communications directly between the Complainant's husband and Julie Myers Wood. (Ex. T)

Plaintiff has no issue scheduling the depositions of Guidepost's lead investigators first, as is clear from Plaintiff's deposition notices. (Exs. B-F) However, given the importance of each deposition and Guidepost's consistent pattern of delay, Plaintiff needs certain dates for all depositions.

Plaintiff respectfully requests that the Court enter an order enforcing the deposition notices as served, or in the alternative, order Guidepost to provide deposition dates prior to February 15 for each requested deposition by January 12, 2024.

**B. Guidepost's failure to produce documents and communications exchanged between the Complaint's husband and Guidepost employees.**

In addition to the deposition scheduling issues, Plaintiff has serious concerns regarding the sufficiency of Guidepost's document productions, which did not include numerous emails and other documents directly exchanged between the Complainant's husband and Guidepost employees.

Plaintiff recently received and reviewed documents produced by the Complainant and her husband in response to Plaintiff's subpoenas. The production revealed several emails and other documents exchanged between the Complainant's husband and Guidepost that were not produced by Guidepost even though they were responsive to Plaintiff's Requests for Production. Plaintiff is

4

particularly troubled given the text message exchange between Complainant's husband and Guidepost's Lead Investigator Russell Holske where Complainant's husband asked if the documents he provided to Guidepost were ▉▉▉▉▉▉▉▉▉▉▉▉▉ (Ex. U) (emphasis added). These documents and communications are directly responsive to at least the following Requests for Production:

- **RFP No. 22:** All documents relating to any communications with the Complainant.
- **RFP No. 23:** All communications with the Complainant's husband.
- **RFP No. 24:** All documents relating to any communications with the Complainant's husband.
- **RFP No. 33:** All documents relating to Guidepost's investigation of Complainant's allegations against Johnny Hunt. (Ex. V)

Plaintiff notified Guidepost of the discovery deficiencies on January 6, 2024 and asked Guidepost to (1) supplement their production by close of business on January 8, 2024, (2) provide an explanation for the missing documents, and (3) provide a privilege log. (Ex. W) Guidepost responded by letter on January 8, 2024 and stated they "are looking into the matters" and "will respond as soon as [they] can." (Ex. X)

To avoid any further delay and resolve these significant concerns, Plaintiff respectfully asks the Court to compel Guidepost to (1) supplement their production to include all documents responsive to Plaintiff's Requests for Production, (2) identify all documents and communications that were destroyed relating to the investigation of Plaintiff, and (3) provide a privilege log by January 12, 2024.

**C. Request for hearing on attorneys' eyes only designations.**

Plaintiff reviewed Guidepost's document productions and "Attorneys' Eyes Only" designations under the case protective order. Plaintiff does not believe that Guidepost's designations are supported or supportable. Plaintiff attempted to confer with Guidepost on the

designations but was unable to reach a resolution. Plaintiff respectfully requests the Court set hearing on the disputed designations.

## II. Defendant Guidepost's Statement of the Dispute

### A. Depositions of Guidepost employees.

This dispute is a creation of Plaintiff's unreasonable insistence that discovery in this case shall take place only on Plaintiff's terms and Plaintiff's timeline.[1] Plaintiff has noticed five Guidepost employees for deposition in Nashville, Tennessee on January 16-18, 2024. Guidepost has offered to make three of those individuals available in Washington, D.C., on dates convenient to the parties, i.e., the two lead investigators and their editor, with the understanding that Guidepost's Chief Legal Officer ("CLO") and its Chief Executive Officer ("CEO") would not be deposed unless the content of the three investigators' depositions necessitated inquiry of the executive officers. That offer is not sufficient for Plaintiff, and he insists all five depositions take place as noticed.

On November 28, 2023, Plaintiff's counsel sent a letter to all defense counsel setting forth a discovery schedule of 15 depositions[2] Plaintiff intends to take, unilaterally setting all of them for dates in January 2024 at the offices of Guidepost's local counsel, Riley & Jacobson, PLC. (**Exh. A.**) The November 28 letter included notices of deposition for the following Guidepost employees:

Samantha Kilpatrick, January 16, 2024 at 9:00 a.m.
Russell Holske, Jr., January 16, 2024 at 2:00 p.m.

---

[1] Plaintiff is quick to complain about Guidepost's delays in producing documents or deposition dates, but he too has delayed, repeatedly, or outright refused requests to produce documents, deposition dates, privilege logs and "redaction" logs. (*See, e.g.*, December 14, 2023 letter at 3 attached as **Exh. L**; **Exh. A**.)

[2] The parties have not yet agreed to expand the 10-deposition limit imposed under the Federal Rules, nor has Plaintiff sought Defendants' consent in this regard.

6

Krista Tongring, January 17, 2024 at 9:00 a.m.
Anthony Collura, January 17, 2024 at 2:00 p.m.
Julie Myers Wood, January 18, 2024 at 9:00 a.m.

(**Exhs. B-F**.) No other deposition notices were included with the November 28 letter for the identified SBC, EC, or third-party witnesses. No subpoenas were included with the Guidepost deposition notices.[3]

Guidepost's lead investigators, drafters, and editors of the portion of the Report related to Plaintiff are Krista Tongring, Samantha Kilpatrick, and Russell Holske, Jr., all of whom were noticed for deposition by Plaintiff. (**Exh. J**, Interrog. 1 and 2.) Ms. Kilpatrick and Mr. Holske were responsible for interviewing all witnesses associated with the allegations regarding Plaintiff and drafting that portion of the Report. (*Id.*) Ms. Tongring was responsible for reviewing and editing the portion of the Report related to Plaintiff. (*Id.*) Ms. Kilpatrick and Mr. Holske live and work in North Carolina, and Ms. Tongring lives and works in the Washington, D.C. area.

Also noticed for deposition were Anthony Collura, Guidepost's CLO, and Julie Myers Wood, Guidepost's CEO. (**Exh. J**, Interrog. 3.) Mr. Collura lives and works in New York City, and Ms. Wood lives and works in the Washington, D.C., area. Both Mr. Collura and Ms. Wood, together with the three investigators, were involved in the decision to include the allegations made by his alleged victim and her husband against Plaintiff in the Report. (*Id.*) Mr. Collura and Ms. Wood were not directly involved in the investigation into the allegations relating to Plaintiff, nor did they participate in any witness interviews or request and receive any documents from any

---

[3] In his November 28 letter (**Exh. A**), Plaintiff also claims to be "working on" dates for the depositions of Plaintiff and his wife, the request for which was made in writing by the EC's counsel on October 30, 2023. (**Exh. M**.) To date, Plaintiff has not provided any available deposition dates for himself or his wife. After not hearing from Plaintiff for two months, on January 6, 2024, the EC noticed Plaintiff's deposition. (**Exh. N**.)

7

witness or other sources. Their knowledge of the details of the Report, including the portion of the Report related to Plaintiff, is neither unique nor superior to the knowledge of the investigators and, further, particularly in the case of Mr. Collura, his communications with Guidepost staff and executives are privileged. *Bluewater Music Services Corp. v. Spotify USA, Inc*., 2019 WL 6904599, *3-4 (M.D. Tenn. March 25, 2019) (granting motion for protective order prohibiting the deposition of defendant's CEO because the plaintiff failed to show that the CEO had first-hand knowledge of the relevant facts at issue, and defendant offered to produce witnesses with greater, contemporaneous knowledge of the facts); *HLFIP Holdings, Inc. v. Rutherford County*, 2020 WL 6481535. *5 (M.D. Tenn. May 7, 2020) ("Deposition of an opposing party's attorney is an extreme measure, justifiable only under certain conditions as set forth by the Sixth Circuit.")

On December 8, 2023, Guidepost objected to Plaintiff's notices of deposition for the five Guidepost employees and informed Plaintiff it would not produce these individuals for deposition in Nashville, Tennessee on January 16-18, 2024. Guidepost objected to the location and dates, as none of the prospective deponents lives or works in Tennessee. (**Exh. G**.) Guidepost further objected to the notices for the investigators as insufficient given that the investigators, who are not officers, directors, or managing agents of Guidepost, must be served with subpoenas to compel their testimony. (*See* **Exh. G**.) *Bridgestone Americas, Inc. v. International Business Machines Corp*., 2017 WL 11684607, *3 (M.D. Tenn. Feb. 7, 2017) (notice of a deposition is sufficient only for individuals who are officers, board directors or managing agents of a company).

The next day, Plaintiff's counsel asked for a meet and confer call regarding Guidepost's objections to the notices. All parties agreed that the call would take place on Thursday, December 14, 2023 at 12:00 p.m. (**Exh. O**.)

8

Case 3:23-cv-00243    Document 298    Filed 09/12/24    Page 8 of 15 PageID #: 12834

The December 14 meet and confer was led by lead counsel for Plaintiff and lead counsel for Guidepost, with lead counsel for the SBC and EC also present and participating. The discussion centered on which prospective deponents Guidepost would make available for deposition and the location and timing of those depositions. Guidepost agreed to produce the two lead investigators, Ms. Kilpatrick and Mr. Holske, and potentially, Ms. Tongring, who was responsible for editing the portion of the Report relating to Plaintiff, but in any event, Guidepost stated that those depositions should not take place in Nashville, Tennessee.

Plaintiff refused to consider taking any depositions remotely, and the parties were not able to agree on a location for the Guidepost depositions.

The parties also discussed, conceptually, the possibility of deposing the investigators, and then only deposing Mr. Collura and Ms. Wood, if necessary, based on the content of the Investigators' depositions, and all parties agreed to jointly seek a 30-day extension of the fact discovery deadline, currently set for February 2, 2024. (Doc. 37.) Plaintiff's counsel himself endorsed the notion of taking the three investigators' deposition first, with the understanding that Guidepost could reserve the right to require a "meet and confer" on relevance thereafter if Plaintiff persisted in his view that Mr. Collura's and Ms. Wood's depositions were still required. The meeting concluded, with the parties agreeing to set a follow-up meet and confer call for Tuesday, December 19, 2023 at 11:00 a.m.

In the interim, Guidepost's counsel was given authority to offer the depositions of the three investigators in Washington, D.C., on dates convenient to the parties, with the understanding that Mr. Collura and Ms. Wood would not be deposed unless the content of the investigators' depositions necessitated inquiry of the executive officers. However, prior to the scheduled December 19 call, on December 18, 2023, Plaintiff changed the terms of the debate and insisted

9

Case 3:23-cv-00243   Document 298   Filed 09/12/24   Page 9 of 15 PageID #: 12835

on setting a schedule for *all five* noticed depositions by December 22, 2023, citing as justification Guidepost's purported "consistent pattern of delay." (**Exh. H**.) Plaintiff's December 18 letter rendered pointless the December 14 meet and confer and the scheduled follow up on December 19, specifically as to the deposition dispute between Plaintiff and Guidepost.

Guidepost responded by letter the morning of December 19, 2023, rejecting Plaintiff's demand, but nevertheless offering to produce all three investigators for deposition in Washington, D.C., on dates convenient to all parties, with the possibility of scheduling the depositions of Mr. Collura and Ms. Wood, if warranted. (**Exh. I**.) Because Guidepost viewed Plaintiff's December 18 letter as contrary to the spirit of the prior discussions and a bad faith negotiating tactic, Guidepost canceled its participation in the December 19 meet and confer. (*See id.*) Later, on December 19, the parties received an email from Plaintiff's counsel, stating that they would be seeking a court order enforcing each of the noticed Guidepost depositions on the dates and times identified in Plaintiff's November 28 letter and *on the terms contained in the notices themselves*. (**Exh. P**.) Plaintiff's counsel then emailed the Court requesting a discovery conference. (**Exh. Q**.)

The next communication from Plaintiff's counsel was not until January 5, 2024, transmitting a draft joint discovery statement to Guidepost's counsel, stating that Plaintiff would submit the statement to the Court no later than 3:00 pm Eastern time on Monday, January 8, 2024, less than one business day following the transmittal of the draft statement. (**Exh. R**.)

In the event this dispute is not resolved through continued negotiation, Guidepost intends to move for the entry of a protective order to protect Guidepost's investigators and executives from Plaintiff's discovery tactics. Guidepost will seek an order (1) prohibiting any deposition of Guidepost's employees from taking place in Tennessee and on January 16-18, as noticed, and (2) prohibiting the depositions of Mr. Collura and Ms. Wood altogether, as the depositions of these

high-ranking executives are not proportional to the needs of the case, particularly where, as here, the investigators have far more detailed knowledge of the investigation and drafting process of the Report that is at the heart of Plaintiff's claims.

**B. Document Dispute Regarding Communications Exchanged Between the Survivor's Husband and Guidepost Employees.**

Guidepost's position is that this matter is not yet ripe for motion practice and it should not have been included in this Joint Discovery Dispute Statement. As Plaintiff himself concedes in Part I.B, above, his counsel first raised the issue of potentially missing documents in Guidepost's email production on the evening of Saturday, January 6, 2024, with a demand that Guidepost, *inter alia*, supplement the production within 48 hours – by close of business Monday, January 8, 2024. (**Exh. W**.)

The undersigned counsel is following up with Guidepost's personnel to determine whether additional responsive documents remain to be produced (and if so how many) and so advised Hunt's counsel by letter on January 8, 2024. (**Exh. X**.) There has not yet been sufficient time to find an answer to that question, much less a meet and confer on the matter. Nor has Hunt's counsel attempted to schedule a call with the Court prior to moving on this subject. Hunt's insistence on raising the subject in this Joint Discovery Dispute Statement is premature and wholly improper.

**C. Request for Hearing on Attorneys' Eyes-Only Designations.**

This matter is also not ripe. Plaintiff's counsel vaguely challenged Guidepost's AEO designations by an email on Monday, January 8, 2024, at 3:42 p.m., claiming "'[n]one of them is supported or supportable," and demanding a meet and confer within 24 hours. (**Exh. Y**.) Plaintiff's complaint is also difficult to understand, as the AEO designations were made in compliance with the Court's Order entered on November 22, 2023 (ECF No. 76), that directed Guidepost to produce highly sensitive documents on an AEO basis (and which Guidepost did in compliance with the

11

Order). Moreover, Hunt's counsel has proposed to litigate the matter in this Joint Discovery Dispute Statement before Guidepost's counsel has even had a chance to respond. This is gamesmanship, pure and simple.

Dated: January 9, 2024 - revised per ECF 284 on September 12, 2024

        Respectfully submitted,

        s/ Andrew Goldstein
        Todd G. Cole, Esq. (BPR # 031078)
        Andrew Goldstein, Esq. (BPR # 037042)
        COLE LAW GROUP, P.C.
        1648 Westgate Circle, Suite 301
        Brentwood, TN 37027
        Telephone: (615) 326-9059
        tcole@colelawgrouppc.com
        agoldstein@colelawgrouppc.com

        -and-

        Robert D. MacGill, Esq. (admitted pro hac vice)
        Scott E. Murray, Esq. (admitted pro hac vice)
        Patrick J. Sanders, Esq. (admitted pro hac vice)
        MACGILL PC
        156 E. Market St.
        Suite 1200
        Indianapolis, IN 46204
        Telephone: (317) 721-1253
        robert.macgill@macgilllaw.com
        scott.murray@macgilllaw.com
        patrick.sanders@macgilllaw.com

        *Counsel for Plaintiff*

        s/ Katharine R. Klein
        John R. Jacobson, BPR #14365
        Katharine R. Klein, BPR #19336
        Riley & Jacobson, PLC
        1906 West End Avenue
        Nashville, TN 37203
        (615) 320-3700
        (615) 320-3737 *Facsimile*
        jjacobson@rjfirm.com
        kklein@rjfirm.com

-and-

Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that I caused a true and correct copy of the foregoing revised Joint Discovery Dispute Statement to be electronically filed with the Clerk of the Court on September 12, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

| | |
|---|---|
| Steven G. Mintz, Esq.<br>Terence W. McCormick, Esq.<br>Scott Klein, Esq.<br>Adam Brody, Esq.<br>Alex Otchy, Esq.<br>MINTZ & GOLD LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br><br>*Counsel for Defendant*<br>*Guidepost Solutions LLC* | L. Gino Marchetti, Jr., Esq.<br>Matt C. Pietsch, Esq.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

                                                          s/ Katharine R. Klein
                                                        Katharine R. Klein