| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-00243 |
| ) | |
| SOUTHERN BAPTIST CONVENTION; ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY OR IN THE ALTERNATIVE STRIKE THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S LATE-DISCLOSED WITNESSES**

## INTRODUCTION

Almost five months after the close of discovery, the Executive Committee of the Southern Baptist Convention ("EC") identified three new witnesses that it may use to support its defense at trial. The EC had a full and fair opportunity to update its initial disclosures during the discovery period, but failed to do so. Instead, the EC strategically waited until discovery closed to identify each witness, preventing Plaintiff from taking depositions and limiting Plaintiff's ability to prepare for trial. Plaintiff respectfully requests that the Court reopen discovery for the limited purpose of deposing the EC's newly-disclosed witnesses.

In the alternative, Plaintiff respectfully requests that the Court prohibit the EC from relying on these late-disclosed witnesses at trial.

## BACKGROUND

On June 15, 2023, the EC served its Rule 26 Initial Disclosures. (Ex. A.) The EC did not supplement their Initial Disclosures once through the entire course of discovery. On September 10, 2024—144 days after the close of discovery—the EC served its First Supplemental Initial Disclosures, which identified three new witnesses: (1) Kevin Ezell, (2) Jeremy Morton, and (3) Ed Litton. (Ex. B.) In an attempt to avoid Court intervention and unnecessary motion practice, Plaintiff requested the deposition of each witness. (Ex. C.) The EC failed to respond to Plaintiff's request. Plaintiff then followed up on September 19 with a phone call to lead counsel for the EC, Gene Besen. Mr. Besen, on behalf of the EC, refused to permit Plaintiff to take any of the newly-disclosed witnesses' depositions, forcing Plaintiff to file this Motion.[1]

## LEGAL STANDARD

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F.App'x 296, 306 (6th Cir. 2014).

## ARGUMENT

**A. The EC's disclosure of witnesses after the close of discovery provides good cause to reopen discovery.**

Plaintiff sequenced depositions and discovery requests with the goal of completing discovery within the milestones set by the Court. Plaintiff relied on each Defendants' Rule 26

---

[1] As required by Local Rule 7.01, counsel for Plaintiff hereby certifies that he has conferred in good faith with lead counsel for the EC, Gene Besen, by phone at the conclusion of the mediation that consumed most of the day on September 19, 2024.

disclosures and took depositions of witnesses identified on those disclosures. Discovery closed on April 19, 2024. (Doc. No. 147.) After the close of discovery, the EC identified Kevin Ezell,[2] Jeremy Morton, and Ed Litton as witnesses it may use to support its claims at trial. None of these witnesses appeared in the EC's Rule 26 Disclosures served while discovery was open. The EC had an eleven-month discovery window to make such disclosures, but failed to make the required disclosures. The EC's disclosure of witnesses after the close of discovery deprived Plaintiff the opportunity to depose each witness and prepare for the trial set for November 12, 2024.

The EC attempts to justify its supplemental disclosure by arguing that Plaintiff was already aware of each witness. (Ex. B.) Specifically, that Mr. Ezell and Mr. Morton were identified in Plaintiff's interrogatory responses and that Plaintiff previously served a subpoena for documents on Mr. Litton. (*Id.*) These facts are irrelevant. The purpose of initial disclosures is to put the opposing party on notice that a witness may be used to support its case. *Roberts v. Las Vegas Metro. Police Dep't*, No. 2:18-cv-00649-APG-NJK, 2019 U.S. Dist. LEXIS 237138, at *2 (D. Nev. Mar. 11, 2019) ("The act of identifying a witness on initial disclosures or a supplement thereto does not signify merely that the person may have relevant information, but also signals that the disclosing party 'may use [that person] to support its claims or defenses.'") (quoting Fed. R. Civ. P. 26(a)(1)(A)(i)).

Further, courts have held that "'the identification of the witness during discovery *must have been sufficient to make clear* not only that the witness existed and had information, but also

---

[2] Mr. Ezell was disclosed in Guidepost's initial disclosures, but on a different subject matter. Guidepost identified the subject matter of Mr. Ezell's anticipated testimony as "Plaintiff's communications regarding Plaintiff's encounter with Complainant." (Ex. D at p.3.) By contrast, the EC identified the subject matter of Mr. Ezell's anticipated testimony as "Hunt's employment with NAMB, the terms and conditions of that at-will employment and Hunt's resignation from NAMB on March 13, 2022." (Ex. B at p.1.)

*that the party intended to use that witness to support its claims or defenses.*'" *Glob. Force Entm't v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 972-73 (M.D. Tenn. 2020) (emphasis in original) (quoting *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-37DCI, 2019 U.S. Dist. LEXIS 77169, at *2 (M.D. Fla. Mar. 13, 2019)). The court in *Global Force* explained "[t]his is because, the purpose of the witness identification requirement of Rule 26(a) is to alert an opposing party of the need to take discovery of the named witness, and hence, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Id.* at 973 (cleaned up, quoting *Coene v. 3M Co.*, 303 F.R.D. 32, 47 (W.D.N.Y. 2014)); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("[T]he mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i).").

It cannot be disputed that these witnesses were never identified on the EC's initial disclosures. Prior to September 10, 2024, Plaintiff did not have reason to believe that each witness would be called to testify at trial by the EC to support its defense. The EC's failure to identify each witness during discovery has prejudiced Plaintiff's ability to prepare for trial and make and execute an informed discovery plan. *See Estate of McDermed v. Ford Motor Co.*, No. 14-cv-2430-CM-TJJ, 2016 U.S. Dist. LEXIS 45500, at *17-18 (D. Kan. Apr. 1, 2016) ("[Federal Rule of Civil Procedure 26] [] place[s] the burden on each party to identify individuals likely to have discoverable information that party may use to support its claims or defenses, so that the opposing party can make an informed discovery plan.").

Plaintiff has diligently worked to complete discovery in a timely fashion. The EC's disclosure of witnesses it intends to rely on at trial after the close of discovery provides good cause to reopen discovery for the limited purpose of deposing these witnesses. *Roberts*, 2019

U.S. Dist. LEXIS 237138, at *2 (D. Nev. Mar. 11, 2019) (granting plaintiff's motion to reopen discovery when defendants supplemented their initial disclosures just days before the close of discovery even when the witnesses were identified in documents produced in the case).

B. **Defendants will not be prejudiced.**

Defendants will not be prejudiced by the limited relief requested by Plaintiff. Moreover, Plaintiff intends to depose each witness by video and each deposition will be two hours or less.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court reopen discovery to allow Plaintiff to depose Kevin Ezell, Jeremy Morton, and Ed Litton.

In the alternative, Plaintiff requests that the Court prohibit the EC from relying on these late-disclosed witnesses at trial and enter all other just and proper relief in the premises.

Dated: September 23, 2024    Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*-and-*

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.

Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Plaintiff's Motion to Reopen Discovery or In the Alternative Strike the Executive Committee of the Southern Baptist Convention's Late-Disclosed Witnesses to be electronically filed with the Clerk of the Court on September 23, 2024, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

    s/ Andrew Goldstein
    Andrew Goldstein