# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S SECOND SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Johnny M. Hunt ("Plaintiff") makes the following supplemental Initial Disclosures.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

1. The following individuals are associated with Plaintiff and may be contacted c/o the undersigned at this time. They have information about the allegations stated in the Complaint, including Plaintiff's damages.

    a. **Johnny Hunt.**

    b. **Janet Hunt**, Plaintiff's spouse. Plaintiff does not waive the spousal privilege or any other privilege or protection.

2. **Complainant**.[1] Complainant has knowledge regarding her allegations against Plaintiff in the Report[2] and on aspects of Guidepost's investigation into the allegations.

3. **Complainant's Husband**. Complainant's Husband has information regarding the Complainant's allegations against Plaintiff in the Report and on aspects of Guidepost's investigation into the allegations.

4. **Roy Blankenship**. Blankenship has information regarding Complainant's allegations against Plaintiff in the Report; on counseling sessions and meetings with Plaintiff, Complainant, and Complainant's Husband; and on aspects of Guidepost's investigation of Complainant's allegations against Plaintiff.

5. **Witness 1** identified in the Report. Witness 1 has information on what Complainant's Husband told him regarding Complainant's allegations against Plaintiff.

6. **Witness 2** identified in the Report. Witness 2 has information on what Complainant's Husband told him regarding Complainant's allegations against Plaintiff.

7. **Witness 3** identified in the Report. Witness 3 has information on what Complainant's Husband told him regarding Complainant's allegations against Plaintiff.

8. Guidepost Investigators who investigated Complainant's allegations against Plaintiff and currently unknown individuals associated or formerly associated with Guidepost involved in drafting the Report.

---

[1] "Complainant" refers to the woman mentioned in the Report who made allegations against Plaintiff.

[2] "Report" refers to the "Report of the Independent Investigation, The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and an Audit of the Procedures and Actions of the Credentials Committee."

a. **Julie Myers Wood.** Ms. Wood has information regarding Guidepost's structure, operations, policies, and procedures; the engagement of Guidepost and the scope of the engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

b. **Krista Tongring.** Ms. Tongring has information regarding Guidepost's structure, operations, policies, and procedures; the engagement of Guidepost and the scope of the engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

c. **Samantha Kilpatrick.** Ms. Kilpatrick has information regarding Guidepost's structure, operations, policies, and procedures; the engagement of Guidepost and the scope of the engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

d. **Russell Holske.** Mr. Holske has information regarding Guidepost's structure, operations, policies, and procedures; the engagement of Guidepost and the scope of the engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the

communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

e. **Christina Bischoff.** Ms. Bischoff has information regarding Guidepost's structure, operations, policies, and procedures; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

f. **Anthony Collura.** Mr. Collura has information regarding Guidepost's structure, operations, policies, and procedures; the engagement of Guidepost and the scope of the engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; the communications relating to Plaintiff and the Report; and the decision to include Complainant's allegations against Plaintiff in the Report.

9. The following individuals are or were associated with Defendants Southern Baptist Convention and Executive Committee of the Southern Baptist Convention. They may have discoverable information on a wide range of topics, including the details regarding the engagement of Guidepost and the scope of engagement; the investigation of Complainant's allegations against Plaintiff; the process for reviewing, editing, and publishing the Report; and the communications relating to Plaintiff and the Report.

   a. **Bart Barber.** In addition to the information described in paragraph 9 above, Mr. Barber has information relating to Tweets regarding Plaintiff and the structure and operations of the SBC and Executive Committee.

b. Members of the Committee on Cooperation of the Executive Committee.

c. Members of the SBC Task Force.

d. Individuals responsible for reviewing the content of the draft Report.

e. Currently unknown individuals associated or formerly associated with the SBC and/or the Executive Committee.

10. **Allen Jordan.** Mr. Jordan has information regarding certain allegations in the Report, details regarding the scope of Guidepost's engagement, aspects of Guidepost's investigation process, and the SBC and Executive Committee's response to the Report.

11. **Jerry Vines.** Mr. Vines has information regarding certain claims in the Report and the structure of the SBC and Executive Committee.

12. **Dr. Lamar Barden.** Mr. Barden has information regarding Plaintiff's damages, including Plaintiff's financial situation before and after publication of the Report.

13. **Wade Burleson.** Mr. Burleson has information regarding SBC polity and operations.

14. **Mike Stone.** Mr. Stone has information regarding SBC polity and operations.

15. Currently unknown third parties may have discoverable information relevant to this case, on any of the topics listed above.

16. Expert witnesses, who will be disclosed, along with their expert reports, in accordance with the Court's Scheduling Order.

17. Individuals listed on Defendants' initial disclosures, or any party's witness list, or identified in any document produced in discovery or filed with the Court in this case.

18. Records custodians.

19. Any other individuals identified during the course of discovery.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Upon information and belief, the following is a description by category and location of all documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support his claims.

1. Documents relating to the Complainant and Complainant's Husband.
2. Documents relating to Plaintiff's book contracts.
3. The Report.
4. Tweets by Bart Barber and others associated with the SBC and/or the Executive Committee.
5. Communications from the SBC and/or the Executive Committee to churches where Plaintiff was scheduled to speak.
6. Documents relating to the SBC's and/or the Executive Committee's structure.
7. Media coverage of the Report and Plaintiff.
8. Documents sufficient to show Plaintiff's damages.
9. Any document filed with the Court in this case.
10. Any document produced during discovery in this case, documents used in any deposition, documents listed in Defendants' initial disclosures, discovery responses, and deposition transcripts from this case.
11. Any document on any party's exhibit list.
12. Expert reports.
13. Deposition transcripts.
14. Records custodian declarations.

15. Business records authenticated by a declarant.

16. Rule 1006 summaries.

17. Plaintiff reserves the right to use, and therefore incorporates herein by reference, any of the documents produced or identified by Defendants in their initial disclosures, written discovery, document productions, or deposition testimony.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff incorporates by reference Plaintiff's Amended Statement of Damages served on all parties on January 9, 2024, as well as the Supplemented Expert Report of Lamar Barden.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable to Plaintiff.

Dated: September 9, 2024

/s/ Robert D. MacGill
**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

-*and*-

**Todd G. Cole, Esq., BPR # 031078**

**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on September 9, 2024, on the following counsel via email only:

/s/ Patrick J. Sanders
Counsel for Plaintiff Johnny Hunt

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.

Scarlett Singleton Nokes, Esq.
R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
snokes@bradley.com
bbundren@bradley.com
tpresnell@bradley.com

Gene R. Besen, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9758
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.

| | |
|---|---|
| Alex Otchy, Esq.<br>MINTZ & GOLD LLP<br>600 Third Avenue<br>25th Floor<br>New York, NY 10016<br>Telephone: (212) 696-4848<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br><br>*Counsel for Defendant*<br>*Guidepost Solutions LLC* | TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>Telephone: (615) 320-3225<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for the Southern Baptist Convention* |

10

Case 3:23-cv-00243   Document 303-1   Filed 10/07/24   Page 11 of 11 PageID #: 12898