IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00243 |
| | ) Judge/Campbell Frensley |
| SOUTHERN BAPTIST CONVENTION; | ) |
| GUIDEPOST SOLUTIONS LLC; and | ) |
| EXECUTIVE COMMITTEE OF THE | ) |
| SOUTHERN BAPTIST CONVENTION, | ) |
| | ) |
| Defendants | |

## ORDER

### I. INTRODUCTION

Johnny Hunt, a pastor and former President of the Southern Baptist Convention ("SBC"), brought this suit against the SBC, the Executive Committee of the SBC ("the Executive Committee"), and Guidepost Solutions LLC ("Guidepost") (collectively, "Defendants") alleging torts including defamation and libel related to an investigative report ("the Report") prepared by Guidepost for the SBC that includes allegations that Mr. Hunt sexually assaulted the wife ("the accuser") of another SBC pastor.[1,2] Docket No. 1. Defendants have each filed Motions for Summary Judgment, which are pending. Docket Nos. 216, 222, 229.

This matter is now before the Court upon three Motions filed by Mr. Hunt and one Motion filed by Guidepost that seek to seal certain memoranda and exhibits thereto because the

---

[1] Guidepost was engaged by SBC to investigate possible sexual abuse by members of the Executive Committee. Docket No. 1-1, p. 2.
[2] The accuser is also referred to as "the survivor."

sealed information has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Parties' Protective Order, because a third party has requested that the information be filed under seal, or because the information is private information of Mr. Hunt's. Docket Nos. 164, 166, 195, 199. None of the Motions have been responded to. For the reasons set forth below, all four Motions (Docket Nos. 164, 166, 195, 199) are GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l,*

2

*Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

B. **The Instant Motions for Leave to File Under Seal**

    1. **Docket No. 164**

Mr. Hunt seeks to seal the unredacted version of his "Memorandum in Support of Motion to Reconsider Order No. 158 Regarding Text Messages" and some of its exhibits. Docket Nos. 165, 165-1 through 165-3. Mr. Hunt notes that the redacted portions refer to information that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only under the Parties Protective Order. Docket No. 164. The Memorandum is also filed in the public record in redacted form. Docket No. 163.

    2. **Docket No. 166**

Mr. Hunt seeks to seal Exhibit A to his "Memorandum in Support of Motion to Reconsider Order No. 158 Regarding Text Messages." Docket No. 163-1.[3] He asserts that a third party has requested that the document be filed under seal. Docket No. 166.

---

[3] The Court notes that this document is currently not sealed.

### 3. Docket No. 195

Guidepost seeks to seal Exhibit 1 to its Response to Mr. Hunt's Motion to Reconsider. Docket No. 196. Guidepost contends that sealing is necessary to protect the identity of Jane Doe, a third party whom the Court has previously ordered must not be identified in filings. Docket No. 195, *see* Docket No. 192.

### 4. Docket No. 199

Mr. Hunt seeks to seal the unredacted version of Exhibit A to his Notice of Filing. Docket No. 200. It is also filed in the public record in redacted form. Docket No. 198-1. He asserts that the redacted information is his username and the serial number of his phone. Docket No. 199.

While designation as "Confidential" or "Attorneys' Eyes Only" does not necessarily mean that a document meets the relevant sealing standards, the Court has inspected the documents and finds that they contain intimate and private information related to non-party Jane Doe or information that would identify her, or Mr. Hunt's username and phone serial number as described. Information pertaining to Jane Doe should remain under seal. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interest of innocent third parties should weigh heavily in a court's balancing equation") (internal citation omitted). Mr. Hunt's username and phone serial number is more of a gray area, but for the reasons discussed below, the Court finds that it should remain under seal as well.

In each case, the seal is narrowly tailored because the underlying documents have been filed as redacted versions in the public record as well, or they are just one or two of several exhibits to a brief that is available to the public. There is sufficient information for the public to understand the nature of the Parties' disputes, all of which relate to discovery matters. At this

4

point in the litigation, the Court finds that the Parties' interest in maintaining the secrecy of the information outweighs the public's interest in viewing the entirety of the documents. The Court will revisit the issue if the sealed information becomes relevant to a case-determinative issue at a later time.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Parties' Motions (Docket Nos. 164, 166, 195, 199) are GRANTED. The following documents will remain under seal at this time: Docket Nos. 165, 165-1 through 165-3, 196, 200. The Clerk is directed to seal Docket No. 163-1.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**