IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are motions to seal filed by Guidepost Solutions, LLC (Doc. Nos. 220, 279), the Executive Committee of the Southern Baptist Convention (Doc. No. 225), and Johnny Hunt (Doc. No. 249).

There is a strong presumption in favor of open records. *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016); *see also* LR 5.03. "If practicable, the parties requesting that some or all of a filing be sealed, shall also separately file a redacted version." L.R. 5.03(c). "If the filing of a redacted version is impracticable, the motion to seal must include a statement to that effect." *Id*.

Due to the sensitive nature of the facts involving a non-party, the Court has ordered that Jane Doe may proceed in this case under a pseudonym and that all identifying information

concerning Jane Doe and her spouse be redacted from public filings. (*See* Doc. No. 192 (granting Doe's motion for protective order and to proceed pseudonymously)). The Court has also entered a Protective Order. (Doc. No. 153). Pursuant to the Protective Order, the parties may designate documents and/or statements containing certain categories of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." (*Id.*, ¶¶ 2.A.-C., 3.). Disclosure of items so marked is restricted and any party filing documents marked as confidential or highly confidential with the Court may file such documents under seal pursuant to Local Rule 5.03. (*Id.* ¶ 11). The Protective Order states that "a party's designation of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only is not binding on the Court for any other purposes including the Court's determination of whether such information constitutes in part or in whole a trade secret or other protected information for purposes of restricting access to such information." (*Id.*).

Local Rule 5.03 requires that motions for leave to seal, even if unopposed, "must demonstrate compelling reasons for sealing the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." L.R. 5.03(a). If the party using the information is not the party designating the documents as confidential, the party who designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements set out in subsection (a). L.R. 5.03(b).

In total, the motions (Doc. Nos. 220, 225, 249, 279) seek to seal over 80 documents. The Court notes Hunt seeks to seal "certain exhibits cited in the Memoranda" without specifying the exhibits. (Doc. No. 249). Hunt subsequently filed 55 exhibits under seal, including 52 exhibits to the Declaration of Patrick J. Sanders (Doc. Nos. 257, 258). In support of the motions to seal, the parties state that the information sought to be sealed was designated as "Confidential" or "Highly

2

Confidential-Attorneys' Eyes Only." Guidepost states that the documents it seeks to seal include references to deposition testimony and exhibits relating to identifying information regarding Jane Doe as well as details regarding the alleged sexual assault discussed in the Report and its aftermath. The Court agrees that identifying information of Jane Doe and her spouse should remain under seal and/or redacted from public filings. However, the motions to seal fail to comply with the requirements of Local Rule 5.03 to "analyz[e] in detail, document by document, the propriety of secrecy."

Accordingly, the motions to seal (Doc. Nos. 220, 225, 249, 279) are **GRANTED IN PART** subject to the following additional briefing and further order of the Court. Insofar as the information sought to be sealed pertains to identifying information of Jane Doe and her spouse, it shall remain under seal. The parties must file additional briefing specifically identifying: (a) which documents and/or portions thereof contain identifying information of Doe and/or her spouse; and (b) which documents and/or portions thereof are filed under seal for other reasons. For the latter category of documents, the party that contends the document should be sealed must explain the justification for sealing.

To facilitate the Court's review, on or before April 25, 2025, each moving party must file a list or chart with the following information:

   (a) Document description

   (b) Docket number

   (c) Whether a redacted version of the document has been filed

   (d) For any documents or redactions not specifically related to identifying information concerning Doe or her spouse:

3

Case 3:23-cv-00243   Document 315   Filed 03/31/25   Page 3 of 4 PageID #: 13060

i. State whether a redacted version of the document has been filed and provide the location of the redaction(s) by document page number.

ii. State whether the document has been the subject of a prior order to seal.

iii. State the identity of the party or non-party designating the information as confidential or highly confidential.

iv. If the moving party is also the party that designated the information as confidential or highly confidential, the moving party shall also provide a justification for sealing.

v. If the moving party is not the party that designated the information as confidential or highly confidential, the party or non-party that has designated the information must file a memorandum within 14 days of the filing providing justification for maintaining the designated information under seal.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE