IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE PROTECTIVE ORDER

Jane Doe requested and was granted the exceptional relief of proceeding under a pseudonym. Doe has now publicly identified herself—by name—as Pastor Johnny's accuser in a written statement published on April 3, 2025. Ex. A. Any privacy afforded to Doe through the use of a pseudonym and the redaction of identifying information is no longer warranted.

For the reasons stated in this Memorandum, Plaintiff respectfully requests that the protective order authorizing Doe to proceed under a pseudonym and requiring redaction of any identifying information be vacated. Plaintiff also requests an order requiring the same information be unsealed and unredacted from the public docket.

### FACTS AND PROCEDURAL BACKGROUND

On April 9, 2024, Doe filed a motion to proceed under a pseudonym and to require redaction of her name and identifying information in public filings. Doc. No. 168. After meeting and conferring, Plaintiff, Defendants, and Doe stipulated that:

1

> Mrs. Doe will only be referred to in all filings in this Court, as well as in private correspondence between or among counsel for reducing the Court's time related to redactions and sealing, as the pseudonym "Jane Doe" or "Ms. Doe" and further, if Jane Doe's name and/or identifying information is otherwise on a document filed with this Court, the name and information will be redacted.

Doc. No. 191 at 2.[1] On April 24, 2024, the Court granted Doe's motion for protective order based on the Parties' stipulation. Doc. No. 192 ("In light of the Parties agreement, Jane Doe's motion for protective order to proceed pseudonymously (Docket No. 168) is **GRANTED**.").

Since early 2022, Doe has provided details of her encounter with Pastor Johnny to Guidepost investigators and the *Houston Chronicle* for publication, only objecting to the release of such details in court filings or deposition proceedings. On April 3, 2025, Doe released a written statement for publication in various news outlets. Ex. A.

Doe's extrajudicial actions can be summarized succinctly. In February of 2022, Doe's Husband contacted Guidepost. Doe and her Husband met with Guidepost, individually and collectively, eleven (11) times and understood that the information they provided to Guidepost "would be in a report that would be given to the Southern Baptist Convention." Doc. No. 257-9 (Doe Dep.) at 23:18-25. Guidepost was charged with investigating "[a]llegations of abuse by EC members." Doc. No. 1-2 (Guidepost Report) at 17. Doe's disclosures to Guidepost did not involve "[a]llegations of abuse by EC members" given that: (1) Pastor Johnny was not SBC president or a member of the Executive Committee at the time of the encounter,[2] and (2) Doe herself described and understood the encounter with Pastor Johnny to have been consensual until meeting with a

---

[1] Plaintiff previously agreed by stipulation to use the pseudonym and redact identifying information in an effort to keep discovery efficient and avoid unnecessary briefing on the issue.

[2] Doc. No. 221-9 (Guidepost 30(b)(6) Dep.) at 89:15-18 (Q – "[W]as Pastor Johnny Hunt the president of the SBC at the time of this incident alleged by [Doe]?" A – "No."); *Id.* at 91:5-8 (Q – "You knew he was not on the Executive Committee at the time of that alleged incident, right?" A – "Yes.").

therapist more than ten (10) years later that had been arranged by Guidepost.[3] Doc. No. 258-7 (SJ Ex. 27) at 1 ███████████████████████████████████████████████

███████████████████████████████████████ A few months later, Doe shared "sixty-plus pages of documents" with the *Houston Chronicle* for an article about her allegations against Pastor Johnny. Doc. No. 75-1 at 3. Specifically, Doe shared: the "[Husband] and [Jane Doe] Story with Samantha B. Kilpatrick and Russell Holske" and the Husband's journal. *Id.* at 8-9. The *Houston Chronicle* published direct quotes from each of these documents and shared details of Doe's counseling, even identifying the firm as that of "Diane Langberg." *Id.* at 10.[4] Most recently, Doe publicly identified herself—by name—as Pastor Johnny's accuser in a written statement published on April 3, 2025. Ex. A. The statement was published in various news outlets, including *The Tennessean*. Ex. B.[5] The first words in *The Tennessean* article are Doe's first and last name.

---

[3] Doc. 75-1 (Robert Downen, *Explosive report alleged sex abuse by SBC leader Johnny Hunt. His accuser still waits for justice*, HOUSTON CHRONICLE (June 13, 2022), https://www.houstonchronicle.com/news/investigations/article/sbc-sex-abuse-johnny-hunt-17236965.php. ("It took more than a decade—and extensive expert therapy—for the couple to begin to articulate what occurred…")).

[4] The published article directly quotes the husband's September 9, 2010 journal entry which stated: "I feel numb. I feel paralyzed. I feel trapped in myself." Doc. No. 75-1 at 9.

[5] Liam Adams, *Judge's decision in SBC case a vindication for third-party firm, woman who reported abuse*, THE TENNESSEAN (April 3, 2025), https://www.tennessean.com/story/news/religion/2025/04/03/sbc-southern-baptist-convention-abuse-report-guidepost-judge-johnny-hunt/82774337007/.

Publication of Doe's statement was not limited to *The Tennessean*. *See* Ex. C, Jesse T. Jackson, *Johnny Hunt's Accuser Reveals Her Identity, Shares Why 'Many Survivors Don't Come Forward'*, CHURCH LEADERS (APRIL 4, 2025), https://churchleaders.com/news/509207-johnny-hunt-accuser-reveals-her-identity.html.

3

## LEGAL STANDARD

Proceeding under a pseudonym is an "exceptional relief." *Doe v. Metro. Gov't of Nashville*, 694 F. Supp. 3d 1040, 1043 (M.D. Tenn. 2023). When evaluating whether the use of a pseudonym is appropriate, "the court must 'start with the premise that proceeding pseudonymously is the exception, rather than the rule.'" *Id.* at 1044 (citing *Doe v. Franklin Cnty. Ohio*, No. 2:13-cv-00503, 2013 U.S. Dist. LEXIS 134843, 2013 EL 5311466, at *2 (S.D. Ohio Sept. 20, 2013). Whether a pseudonym is appropriate "is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings." *Id.* at 1043 (citing *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004)).

An order granting pseudonymity is not immutable and should be revaluated when circumstances change. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022) ("[A]n order granting pseudonymity should be periodically reevaluated if and when circumstances change.").

## ARGUMENT

Doe is not entitled to the exceptional relief of proceeding under a pseudonym. Circumstances have changed since the Parties' stipulation and the Court's subsequent grant of Doe's motion for protective order. Doe has now publicly identified herself—by name—as Pastor Johnny's accuser. Because Doe voluntarily decided to publicly identify herself by name, the Court's Protective Order no longer serves any purpose. Ex. B at 3 ("[Doe] decided on her own to publicly identify herself . . . ."); *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022) ("[A]n order granting pseudonymity should be periodically reevaluated if and when circumstances change.").

Doe's recent statement placed her identity and identifying information in the public domain. Once materials appear the public domain, "no meritorious claim of confidentiality can be made*." Brown v. Perez*, No. 15-1023, 2016 U.S. App. LEXIS 20270, *15 (10th Cir. Nov. 8, 2016) (quoting *Anderson v. Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990)). Any privacy that Doe may have been afforded by the use of a pseudonym and redaction of identifying information in filings is no longer available.

## CONCLUSION

For the forgoing reasons, Plaintiff requests that the Court vacate the protective order allowing Doe to proceed under a pseudonym and requiring redaction of any identifying information. Plaintiff also requests that an order be entered authorizing all identifying information to be unsealed and unredacted.

Dated: April 10, 2025 Respectfully submitted,

s/ Andrew Goldstein
**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com


*-and-*


**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com


*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Motion to Vacate Protective Order to be electronically filed with the Clerk of the Court on April 10, 2025, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

R. Brandon Bundren, Esq.
E. Todd Presnell, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 244-2582
bbundren@bradley.com
tpresnell@bradley.com

Scarlett Singleton Nokes, Esq. .
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, Nw Suite 100
Washington, DC 20006
Telephone: (202) 747-2309
snokes@sheppardmullin.com

Gene R. Besen, Esq.
Sheppard Mullin (Dallas, TX)
2200 Ross Avenue, Ste Floor 20
Dallas, Texas 75201
Telephone: (469) 391-7400
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

    s/ Andrew Goldstein
    Andrew Goldstein