UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | )   No. 3:23-cv-00243 |
| v. | ) |
| | )   JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | )   MAGISTRATE JUDGE |
| GUIDEPOST SOLUTIONS LLC; and | )   FRENSLEY |
| EXECUTIVE COMMITTEE OF THE | ) |
| SOUTHERN BAPTIST CONVENTION, | )   JURY DEMAND |
| | ) |
|    *Defendants*. | ) |

**JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE PROTECTIVE ORDER**

Defendants Southern Baptist Convention and the Executive Committee of the Southern Baptist Convention (collectively "Defendants"), by counsel, file this Joint Response in Opposition to Plaintiff's Motion to Vacate Protective Order [Doc. 319] (the "Motion").

### I. Introduction

The agreed protective order should remain in place because Plaintiff's Motion is improper for multiple procedural reasons and seemingly driven by a desire for public retribution against Jane Doe. Importantly, Plaintiff Hunt makes no argument to establish prejudice, inefficiency, or other relevant consequence of Jane Doe proceeding pseudonymously for the remainder of this litigation. He cannot do so. The Court's

summary judgment ruling [Docs. 316 and 317] has rendered Jane Doe's identity irrelevant to the remaining proceedings.

The law is clear that the court retains full discretion to allow Jane Doe to continue to proceed pseudonymously. Plaintiff cannot meet his burden under Fed. R. Civ. P. 54(b) that either harm or injustice will result from maintaining the Protective Order for the duration of this proceeding. Indeed, the Court recognized Guidepost conducted a thorough investigation: offering Hunt a chance to respond (along with an additional 48 hours) and ultimately publishing an independent report that was not defamatory. *See generally* Doc. 318. The only plausible basis to seek this relief would be Plaintiff's desire for public retribution against the woman who had the courage to come forward and share her story. The chilling effect this would cause would impact, and potentially deter, others in similar circumstances from coming forward to tell their stories. This Court should deny Plaintiff's Motion because it is procedurally defective (as no conference prior to filing the Motion was requested or held [Docs. 147 and 187]), it violates the terms of the existing agreed protective order [Doc. 192], and because Plaintiff has failed to meet his burden under Rule 54(b).

## II. Facts

Hunt moves here to vacate the agreed protective order which allowed "Doe to proceed under a pseudonym and requiring redaction of any identifying information," and argues that "the same information be unsealed and unredacted from the public docket." Doc. 319 at 1. While Hunt does not identify the order – it is Doc. 192 – he argues simply that because "Jane Doe has now publicly identified herself—by name—as Pastor Johnny's accuser… the protective order no longer serves any purpose." *Id*.

2

The protective order at issue, Doc. 192, was entered by agreement of the parties. When Hunt issued a subpoena for her deposition, Jane Doe was first forced to protect her identity with a motion to proceed pseudonymously. Doc. 168. Hunt moved to "strike" the motion (and other motions), arguing in part that Doe failed to meet and confer. Doc. 182. After finding "a substantive meeting to confer on the issues appears not to have taken place," the court ordered, among other things, that counsel for Hunt and Doe "must meet in person…to confer on the issues in Ms. Doe's pending Motions." Doc. 187 at 4.

The parties and Doe ultimately reached an agreed stipulation which provided, in part:

> Jane Doe, Plaintiff, and Defendants agree that Ms. Doe will only be referred to in all filings in this Court, as well as in private correspondence between or among counsel for reducing the Court's time related to redactions and sealing, as the pseudonym "Jane Doe" or "Ms. Doe" and further, if Jane Doe's name and/or identifying information is otherwise on a document filed with this Court, the name and information will be redacted. Jane Doe, Plaintiff, and Defendants further stipulate and agree that the use of Jane Doe does not create an inference of any kind or nature concerning the events at issue in this case.

Doc. 191 at ¶ 1. In light of the stipulation, the Court then granted Jane Doe's motion to proceed pseudonymously. Doc. 192.

Hunt now seeks relief from this order and the stipulation that he agreed to, stating in a footnote, "Plaintiff previously agreed by stipulation to use the pseudonym and redact identifying information in an effort to keep discovery efficient and avoid unnecessary briefing on the issue." Doc. 320 at 2. Hunt does not articulate that any inefficiencies or unnecessary briefing has now arisen or will arise because of the protective order.

3

Hunt's motion seeks to vacate the protective order both prospectively as well as retrospectively – he expressly "requests that the Court vacate the protective order allowing Jane Doe to proceed under a pseudonym and requiring redaction of any identifying information. Plaintiff also requests that an order be entered authorizing all identifying information to be unsealed and unredacted." Doc. 320 at 5. Attacking Doe's "extrajudicial actions," Hunt essentially re-argues the previously granted summary judgment and refers to issues not at all germane to his current request. *See*, Doc. 320 at 3 n. 2 and at 4 n. 4. Hunt's memorandum of law also has citations and an attached statement that identify Jane Doe which violate the very terms of the protective order he seeks to vacate.

### III. <u>Argument</u>

A. <u>Hunt's motion should be denied because he has not shown the interest in public disclosure outweighs non-party Jane Doe's privacy interest.</u>

Whether a pseudonym is appropriate lies "within the sound discretion of the court" and is warranted when "the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings." *Doe v. Metro. Gov't of Nashville*, 694 F. Supp. 3d 1040, 1043 (M.D. Tenn. 2023) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). This Court has full discretion to maintain Jane Doe's pseudonym. *Id*. Before this court, Jane Doe has consistently expressed a strong interest in protecting her privacy, engaging counsel to preserve that right throughout this litigation. Plaintiff's Motion, filed without conferring with Jane Doe, lacks any discussion of Jane Doe's privacy in this litigation except to argue she has publicly identified herself and is therefore no longer entitled to proceed under a pseudonym.

But circumstances in this case have not changed. Publicly revealing Jane Doe does not change the record. Every argument Hunt made or wants to make is the same whether

4

the victim's name is Jane Doe, Heather or Rebecca. The question, really, is why does Hunt now want to expose Jane Doe's name in this litigation? The only logical motivation must be for purposes of public retribution – to further push Jane Doe into the public eye, using this litigation as a tool. But there is no need or reason here to change the record and the Court should decline to do so.

Presumably, Jane Doe (because Hunt did not meet and confer) continues to seek anonymity and protection of her personal information *in this litigation*. Her desire to keep her identity protected – particularly in relation to private exhibits and court records – remains the same. Hunt's apparent desire to expose his accuser is not a valid basis to vacate a protective order agreed to by all parties.

Hunt does not cite the rule under which he seeks to change the prior agreed protective order. Protective orders are interlocutory orders. Fed. R. Civ. P. 54(b) "provides that interlocutory orders may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." *Doe v. Byrd*, No. 1:18-cv-00084, 2019 U.S. Dist. LEXIS 254315, at *11 (M.D. Tenn. Dec. 17, 2019).

District courts possess the authority and broad discretion to reconsider and modify interlocutory orders at any time before final judgments. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004); *Every v. Brennan*, No. 3:16-cv-710, 2018 WL 4568600, at * 2 (E.D. Tenn. Sept. 24, 2018) ("Without standards in the rule itself or in the local rules, motions for reconsideration under Rule 54(b) are at the Court's discretion.") (quoting *Rodriguez*, 89 F. App'x at 952) (citation omitted).

"Courts traditionally will find justification for reconsidering interlocutory orders when (but not necessarily only when) there is (1) an intervening change of controlling law,

5

(2) new evidence available, or (3) a need to correct clear error or prevent manifest injustice." *Doe v. Byrd*, No. 1:18-cv-00084, 2019 U.S. Dist. LEXIS 254315, at 12 (M.D. Tenn. Dec. 17, 2019). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *Id*. at *12-13. Here, "[t]he issue is whether Plaintiff's privacy interests now substantially outweigh the presumption of open judicial proceedings, not when the protective order was first granted." *Id*. at *14. The *Doe v. Bird* court, after considering all of the circumstances, determined *plaintiff* was not entitled to proceed anonymously. *Id*. at *19. But *Doe* dealt with a party's request – the issue here relates to a non-party. As the Sixth Circuit just recognized, "the 'privacy interests of innocent third parties' can be reason enough to seal.'" *Grae v. Corrections Corporation of America*, Slip. Op. No. 24-5839, at 5 (6th Cir. 2025) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) (attached as Ex. 1).

Hunt puts all of his eggs into the basket of Jane Doe's statement. He cites *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022), to argue "[b]ecause Doe voluntarily decided to publicly identify herself by name, the Court's Protective Order no longer serves any purpose." *Doe v. MIT* arose from Jane Doe's Title IX complaint that John Doe engaged in "nonconsensual sexual contact and intercourse." 46 F.4th 61, 64 (1st Cir. 2022). After a hearing, John Doe was found responsible and told he would be expelled. He appealed, lost, and was expelled just prior to graduation in 2016. Then, in 2021, "by then married and working as a software engineer in New Jersey," John Doe sued MIT and filed an ex parte motion to proceed by pseudonym. *Id*. The court denied both the motion and a motion to reconsider but stayed the case pending Doe's appeal.

On appeal, the First Circuit found there is no presumption against proceeding under a pseudonym. Instead, the public's right to access to judicial proceedings is "more to the point" and even then "we have never held that the right of public access (whether derived from the First Amendment or from the common law) forbids the use of a pseudonym in civil litigation." The court reviewed the importance of public access – "[l]acking knowledge of the parties' names, the public could learn virtually nothing about a case outside the facts and arguments in the record," which "lowers the odds that journalists, activists, or other interested members of the public would catch wind of [judicial conflicts of interest, ex parte contacts, and the like]." *Id*. at 69. Secrecy as to parties, the court recognized, "breeds suspicion" which "invites cynicism and undermines public confidence in the courts' work." *Id*. The court identified four factors to use in evaluating a party's request to proceed anonymously, including (1) the fear of a "would-be" Doe that naming will cause unusually severe harm, (2) "identifying the would-be Doe would harm 'innocent non-parties,'" (3) where anonymity is "necessary to forestall a chilling effect on future litigants who may be similarly situated, id. and (4) "suits that are bound up with a prior proceeding made confidential by law" which would "significantly undermine the interests served by that confidentiality." *Id*. at 71. Reviewing all of these factors, the *Doe v. MIT* court found that permitting the *plaintiff* to proceed anonymously was error.[1]

---

[1] Hunt cites *Brown v. Perez*, No. 15-1023, 2016 U.S. App. LEXIS 20270 (10th Cir. Nov. 8, 2016), stating "Doe's recent statement placed her identity and identifying information in the public domain. Once materials appear the public domain, 'no meritorious claim of confidentiality can be made.'" But *Brown* was a FOIA case where plaintiffs challenged the agencies' provision of reports where "the physicians' and injured workers' names, addresses, and other identifiers are redacted, although the injured workers' zip codes remain visible." *Id*. at *5. Plaintiffs appealed the district court's ruling that found "doctors' names and addresses" were exempt from FOIA disclosure. The quote plaintiff relies on comes from the *Brown* court's question whether a private party (Elsevier) "even could successfully object to disclosure of the physicians' names and addresses. When 'materials

7

Case 3:23-cv-00243    Document 327    Filed 04/17/25    Page 7 of 13 PageID #: 13376

But the issue here – unlike *Doe v. Mass. Inst. of Tech* – is the anonymity of a *non-party*. Notably, the *Doe v. MIT* court maintained the anonymity of the non-party complaining witness (Jane Doe). In fact, the court cited *Doe v. Trs. of Dartmouth Coll.*, 2018 U.S. Dist. LEXIS 74066 (D.N.H. 2018) (a similar case arising from a campus complaint of sexual abuse) for the concern that "identifying the would-be Doe would harm 'innocent non-parties.'" In *Dartmouth College*, the district court found that "[s]hould plaintiff be publicly identified, Sally [the complaining *non party*] would likely be identified as well, and Sally has a stronger case for anonymity." *Id*. Based on its review of all factors – particularly the interest of the non-party in anonymity – the *Dartmouth College* court granted the motion and permitted plaintiff to proceed anonymously.

To be sure, this Court has discretion to do what Hunt wants. *Doe v. Bird* and other cases make this clear. But just because the Court *can* does not mean that it *should*, or *must*, do what Hunt wants. As in *Doe v. Trs. of Dartmouth Coll.*, this Court has discretion to maintain Jane Doe's anonymous status to protect the non-party complaining witness. *Dartmouth College* was cited by *Doe v. Byrd* for that exact concern - "identifying the would-be Doe would harm 'innocent non-parties," a concern echoed by the Sixth Circuit. *See*, *Grae v. Corrections Corporation of America*, Slip. Op. No. 24-5839, at 5 (6th Cir. 2025).

Last, given the current posture of this case – summary judgment granted on all claims but Hunt's claim of defamation related to a single tweet – there is no reason to

---

. . . appear to be in the public domain, no meritorious claim of confidentiality can be made.'" *Id*. at *15. So *Brown* doesn't really apply here. Regardless, the *Brown* court found (in part because a letter used in opposition was not admissible) that "genuine disputes of material fact regarding the public availability of the redacted data and potential commercial harm to Elsevier remain outstanding." *Id*. at *16.

8

change Jane Doe's status retroactively as suggested in the Motion. Nor is there reason to change her status in Hunt's remaining claim to be litigated which relates to a single tweet made long after the publication of the Guidepost Report. Doe's identity is simply not relevant to the remainder of this case.

    B. <u>Hunt's motion should be denied because he failed to meet and confer.</u>

This Court's local rules require that the parties meet and confer before filing discovery motions. LR 7.01(A)(1). *See*, Doc. 147 at p. 4. In an order addressing prior motions related to maintaining Jane Doe's privacy,[2] the Court repeated its requirement that "prior to filing . . . discovery motions (except those that are unopposed), lead counsel must meet and confer in person. Any Party who files an opposed discovery motion must simultaneously file a notice stating when and where the required conference took place and listing the attendees." Doc. 187 at 3-4 (quoting Doc. 147, p. 4). The Court further explained,

> The Court imposed this additional requirement after dealing with numerous discovery motions that "could have been avoided had counsel actually met and conferred as required by both the Local Rules and the Practices and Procedures of both Judge Campbell and Judge Frensley." Id. at 3. Although the requirement was directed to "any Party," since, at that time, no one else had appeared in the case, the Court clarifies here that it applies to anyone filing a discovery motion.

Doc. 187 at 4 (quoting Doc. 147).

---

[2] Jane Doe filed a motion to proceed anonymously. Doc. 168. Hunt moved to "strike," arguing Doe's counsel failed to meet and confer. Doc. 187. "Meet and confer requirements exist to ensure that the Court is resolving true disputes and not wasting time and resources. If Jane Doe's Counsel had made a good faith effort to meet and confer, motion practice could have been avoided entirely or limited to issues that are truly in dispute." Doc. 182 at 6. The Court found that "motions to strike are applicable only to pleadings," denied both motions, and directed the parties to meet and confer. Doc. 187.

Moreover, the global protective order entered by the Court expressly requires that any lawyer challenging the "designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached in whole or in part, the challenging party may file a motion asking the Court to remove the designation." Doc. 153 at ¶ 8. The protective order was expressly made applicable to the parties' stipulation regarding Jane Doe. Doc. 191 at ¶¶ 7-8, which the Court adopted in its order. Doc. 191.

Defendants are unaware of any meeting taking place. No report or certification of a meet and confer was filed prior to Hunt's Motion, nor does the Motion reference that a meeting took place. As the Court recognized in the past – indeed in connection with this very issue – the failure to meet and confer requires denial of the motion. Doc. 187.

C. <u>Hunt's Motion Violates the Parties' Stipulation, Doc. 191, and this Court's Order, Doc. 192</u>.

Hunt's Motion violates the existing protective order's mandate that "if Jane Doe's name and/or identifying information is otherwise on a document filed with this Court, the name and information will be redacted." Even though he was careful not to state Jane Doe's name in his papers, Plaintiff openly and without redaction filed her statement as an exhibit and included footnotes in his memorandum leading to articles that state her name. Hunt's "motion to seal," Doc. 321, addresses only a single sentence in his memorandum, Doc. 320 at 3, which he asserts is protected as "highly confidential" and "attorneys' eyes only." His memorandum, filed publicly, cites articles that name Jane Doe, and includes internet addresses allowing the reader to access them, and includes her public statement as an exhibit. Hunt, thus, has further publicized Doe's name in the very Motion seeking relief from the order prohibiting him from doing so.

10

Case 3:23-cv-00243   Document 327   Filed 04/17/25   Page 10 of 13 PageID #: 13379

Since his memorandum violates the Court's prior order, the Motion and should be denied and the Motion and memorandum removed from the public docket. Doc. 192.

## IV. Conclusion

For these reasons, the Court should deny Hunt's Motion and remove the Motion and memorandum from the docket until redacted.

**Dated: April 17, 2025.**

11
Case 3:23-cv-00243   Document 327   Filed 04/17/25   Page 11 of 13 PageID #: 13380

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Matthew C. Pietsch*
**Matthew C. Pietsch**, TN Bar No. 024659
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
Phone: 615-722-9000
Fax: 615-970-7490
mpietsch@grsm.com

*Counsel for Defendant Southern Baptist Convention*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *s/ Scarlett Singleton Nokes (w/ permission by M. Pietsch)*
**Scarlett Singleton Nokes**, TN Bar No. 028994
**Gene R. Besen** (pro hac vice)
220 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7411
Fax: 469-391-7401
snokes@sheppardmullin.com
gbesen@sheppardmullin.com

JACKSON KELLY PC

By: *s/ Thomas J. Hurney (w/ permission by M. Pietsch)*
**Thomas J. Hurney, Jr.** (pro hac vice)
**Gretchen M. Callas** (pro hac vice)
500 Lee Street East
Suite 1600
Charleston, WV 25301
Phone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for Defendant*
*Executive Committee of the Southern Baptist Convention*

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **April 17, 2025**:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, IN 46204<br>robert.macgill@macgilllaw.com<br>patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, TN 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Scott Klein<br>Adam Kahan Brody<br>Alex Otchy<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br>*Counsel for Defendant Guidepost Solutions, LLC* |
| E. Todd Presnell<br>R. Brandon Bundren<br>Bradley Arant Boult Cummings LLP<br>1600 Division Street, Suite 700<br>Nashville, TN 37203<br>tpresnell@bradley.com<br>bbundren@bradley.com<br>*Counsel for the Executive Committee of the Southern Baptist Convention* | Louis Gino Marchetti, Jr.<br>Taylor, Pigue, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>gmarchetti@tpmblaw.com<br>*Counsel for Southern Baptist Convention*<br><br>Melissa J. Hogan<br>Qavah Law<br>8757 Horton Highway<br>College Grove, TN 37046<br>melissajhogan@qavahlaw.com<br>*Counsel for Jane Doe* |

                                                                         */s/ Matthew C. Pietsch*