IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION; | ) | Judge Campbell |
| GUIDEPOST SOLUTIONS LLC; and | ) | Magistrate Judge Frensley |
| EXECUTIVE COMMITTEE OF THE | ) | Jury Demand |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER NO. 316 GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN PART**

# INTRODUCTION

Plaintiff's Motion to Reconsider and supporting Memorandum presented controlling authority and arguments that were overlooked, as well as the misapprehension of facts in the Court's summary judgment Order. Reconsideration is needed to correct clear errors of law and to prevent manifest injustice.

# ARGUMENT

## I. Defendants' "Undisputed" Facts are Disputed.

The EC and SBC's (collectively, "Defendants") opening paragraph lists "facts" that they contend to be undisputed. All of these facts, however, are in dispute as confirmed by specific record citations in prior briefing. One example is representative of the unsupported contentions by Defendants as to "undisputed" facts.

It is disputed that "Guidepost investigators interviewed every single person identified as having information relevant to Doe's allegations. . . ." Doc. No. 349 ("Defs.' Opp.") at 1. Guidepost has claimed it interviewed Plaintiff regarding the allegations against him. The claim and characterization of its interaction is wrong and misleading. These were not genuine or well-intentioned interactions, as the evidence in the record established. Doc. No. 251 at 20-21.

Plaintiff's only substantive interaction with Guidepost was on April 26, 2022. Guidepost had every opportunity to inquire about Jane Doe's story during this interaction. Guidepost had already met with Jane Doe and her husband, individually and collectively, six (6) times. Yet, Guidepost stood silent and *did not ask a single question about Jane Doe's story*. Doc. No. 251-1 (Holske Dep.) 187:3-6, 192:15-21.

Instead, Guidepost waited until just days before the Report needed to be finalized to "interview" Plaintiff. Plaintiff testified that this second meeting with Guidepost "wasn't an

interview." Doc. No. 257-8 (Hunt Dep.) 101:16. He testified that it was an ambush that lasted approximately 15 minutes. *Id.* at 104:5-6. Guidepost asked few questions—all framed in a false narrative:

> When I went on the Zoom call, immediately, they both dove in, being in different places, and began to say, [t]ell us about the room that you rented for [Jane Doe] next to you. Tell us about how you assaulted her. So as they began to spew that out, and I said, no, I was not saying no to I was never there. I was saying no to this narrative that was such a lie that they had fabricated and ambushed me.

*Id.* at 103:16-23.[1]

Plaintiff's evidence showed that Guidepost had found its "main story of showing [an] EC member committing abuse" and was committed to publishing the story on Plaintiff regardless of what he said at the May 12 meeting. Doc. No. 258-20; *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 692 (1989) (finding the failure to interview a key witness was the "product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of . . . charges" and was evidence of a "purposeful avoidance of the truth").

Under Rule 56, the "court must view the facts and draw all reasonable inferences in favor of the non-moving party. Credibility judgments and the weighing of evidence are improper." Doc. No. 317 at 3 (citations omitted). There is a genuine issue of material fact as to whether Plaintiff was interviewed by Guidepost regarding the allegations against him.

## II. Plaintiff's Twelve-Year-Old Encounter Was Not a Matter of Public Concern.

Plaintiff identified a clear legal error in the Court's public concern analysis. Defendants do not dispute the controlling legal authority presented by Plaintiff, nor do they attempt to distinguish

---

[1] *See also*, Doc. No. 257-8 (Hunt Dep.) 138:9-15 ("Q. So you didn't answer any questions? A. So I began to say, No, no, no. And the Nos were still in narrative form. . . . I'm saying No. But it's all framed within the context of a false narrative."); *Id.* at 139:19-25 ("Q. And do you recall answering 'Absolutely not' to the question? A. I would have said 'Absolutely not.' Q. To the question about having any physical contact? A. To the narrative they presented, not to the question.").

the cases cited by Plaintiff. Defendants agree with Plaintiff that the "context" for the Court's analysis is the Report as a whole. Defs.' Opp. at 6 ("[T]he Court did not rely merely on the *context of the statements at issue – the Report*. . . .") (emphasis added). But the Report's context does not transform Plaintiff's private encounter to a matter of public interest. Doc. No. 329 at 5-13. Defendants should not be afforded First Amendment protection.[2]

### III. There is a Genuine Issue of Material Fact as to Defendants' Actual Malice.[3]

The Court stated that the documents Plaintiff cited in support of the argument that Defendants avoided evidence that would raise doubts as to the truth of Jane Doe's allegations did not exist in May 2022. Plaintiff's Memorandum in Support of the Motion to Reconsider confirmed that the documents did in fact exist in May 2022. In response, Defendants concede that the evidence cited by Plaintiff existed in May 2022.

Defendants wrote: "Hunt identified evidence available prior to the publication of the Report *in this round of briefing*. . . ." Defs.' Opp. at 8 (emphasis added). The evidence cited in Plaintiff's Memorandum was in Plaintiff's original summary judgment opposition. *Compare* Doc. No. 329 at 21, *with* Doc. No. 250 at 15. Defendants' statement to the contrary is false and misleading.

Defendants' Opposition acknowledges that the evidence cited by Plaintiff did exist in May 2022. The record shows that Defendants deliberately avoided reviewing this evidence, which

---

[2] The topic "[a]llegations of abuse by EC members" does not include the time frame Defendants now suggest. Doc. No. 248-12 (Report) at 17; 248-11 (Engagement Letter) at 2. Regardless, whether Plaintiff was within the scope of the Report is a genuine issue of material fact for the jury to decide.

[3] Defendants do not dispute that the Court failed to adjudicate whether issues of material fact exist as to whether Defendants were recklessly indifferent to the fact that Plaintiff had not committed sexual assault or a crime under Florida law. Doc. No. 329 at 13-17.

3

Case 3:23-cv-00243   Document 354   Filed 05/09/25   Page 4 of 9 PageID #: 13705

would have raised doubts as to the truth of Jane Doe's allegations. Doc. No. 329 at 21. The evidence Defendants failed to review directly contracted the false impression created by the Report that Plaintiff committed a sexual assault.

Defendants argue they had no ability to review any information related to the Report prior to publication. Defs.' Opp. at 3. Defendants' claims are factually unsupportable. Defendants created a contractual right to review the Report and supporting information before publication and to dispute factual findings and conclusions. Doc. No. 245 at 45-46 ¶ 38. Moreover, whether Defendants had the ability to review the information is a disputed fact for the jury to decide.[4]

There is a genuine issue of material fact as to Defendants' actual malice and deliberate choice to ignore facts that would have revealed the falsity of Jane Doe's story.

### IV. Resolving Whether Defendants were Negligent Lies with a Jury.

Defendants' conduct creates a genuine issue of material fact for the jury on negligence. Plaintiff provided evidence of Defendants' deliberate avoidance of evidence that would raise doubts as to the truth of Jane Doe's story. At a minimum, this is a failure to investigate. In defamation cases, a failure to investigate amounts to negligence. *Charles v. McQueen*, 693 S.W.3d 262, 282 (Tenn. 2024) ("[A] failure to thoroughly investigate a claim amounts to negligence . . . .").

Further, the reasonableness of Defendants' justification for the failure to investigate, specifically their purported sole reliance on Guidepost, is a matter for the jury to determine. Courts have found that negligence is best resolved by a jury no matter how reliable the defendant's source. *Mathis v. Phila. Newspapers, Inc.*, 455 F. Supp. 406, 414 (E.D. Pa. 1978) (finding that "even if

---

[4] This argument was addressed in detail in Plaintiff's Opposition to Defendants' motions for summary judgment. Doc. No. 250 at 20-22.

plaintiff conceded that [defendant] obtained his photograph from the FBI, a jury might reasonably find that [defendant's] employees were negligent in relying upon the accuracy of that photograph").[5]

Defendants labeled Plaintiff's encounter a sexual assault in a Report they knew would attract national media attention. Even a cursory review of the Report and evidence prior to publication would have revealed that the necessary elements for a sexual assault or the applicable sex crime in Florida were not met. The counselor, who met with the Couple between ten (10) and nineteen (19) times for counseling in 2010, believed the encounter to be consensual. Doc. No. 248-12 (Report) at 155. The only witness (besides Plaintiff) who was in the room during the encounter was foggy as to the details of the encounter and for over 10 years did not believe a sexual assault had occurred. Doc. No. 251 at 10, 13, 18. Jane Doe's own written narrative contradicted the story published in the Report. *Id.* at 18-20.

The jury must determine whether Defendants "exercised reasonable care and caution in checking on the truth or falsity and the defamatory character of the communication before publishing it." *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 418 (Tenn. 1978).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its Order granting Defendants' motions for summary judgment in part.

---

[5] There are a multitude of reasons to question Guidepost's investigation. Guidepost went beyond reporting the story they were told by Jane Doe and her husband and deliberately altered the Couple's story to fit its desired narrative, a sexual assault. Doc. No. 251 at 22, 32. Further, Guidepost's ***own expert*** opined that Guidepost "depart[ed] from ordinary procedures" when they shared a version of the Pastor Johnny section of the Report with Jane Doe and her Husband. Doc. No. 248-10 (Leff Report) at 11.

<u>Dated:</u> May 9, 2025	Respectfully submitted,

s/ *Robert D. MacGill*

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

-and-

**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Reply in Support of Motion to Reconsider Order No. 316 Granting Defendants' Motions for Summary Judgment in Part to be electronically filed with the Clerk of the Court on May 9, 2025, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, Nw Suite 100
Washington, DC 20006
Telephone: (202) 747-2309
snokes@sheppardmullin.com

Gene R. Besen, Esq.
Sheppard Mullin (Dallas, TX)
2200 Ross Avenue, Ste Floor 20
Dallas, Texas 75201
Telephone: (469) 391-7400
gbesen@bradley.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
Matt C. Pietsch, Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for the Southern Baptist Convention*

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant
Guidepost Solutions LLC*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

s/ *Robert D. MacGill*
Robert D. MacGill

8
Case 3:23-cv-00243   Document 354   Filed 05/09/25   Page 9 of 9 PageID #: 13710