# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00243 |
| | ) | |
| SOUTHERN BAPTIST CONVENTION, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
|    Defendants. | ) | |

## <u>ORDER</u>

The Court is in receipt of Plaintiff's reply (Doc. No. 358) filed in support of his motion to reconsider wherein he argues that his declaration – executed and filed *after* Defendants had already made their motions for summary judgment and taken his deposition – creates a genuine issue of material fact as to whether Jane Doe consented to the sexual encounter.[1] Here, Hunt was directly and specifically questioned during his deposition about what Jane Doe did to express her consent:

> Q.      What was she doing to indicate that she was consenting to this sexual encounter?
>
> A.      Enjoying it.
>
> Q.      How did she indicate that?
>
> A.      By no resistance whatsoever. No frowns whatsoever.
>
> Q.      Was there any talk back and forth?
>
> A.      I don't remember a conversation. She's a very quiet person.

(Hunt Deposition at 217:15-23).

---

[1]
> Q.      So just to be clear, the sexual encounter was full breast exposure with kissing and fondling her breasts while they were exposed?
>
> A.      Correct. Correct.
>
> Q.      Anything else?
>
> A.      No, ma'am.

(Hunt Deposition at 230:16-21).

Even viewed in the light most favorable to Hunt and drawing all reasonable inferences in his favor, his foregoing testimony identifies what Jane Doe did *not* do. Stated another way, Hunt testified that Jane Doe did not *do* anything to indicate her consent. The second paragraph of Hunt's declaration states: "On July 25, 2010, I engaged in a brief, consensual extramarital encounter with Jane Doe." (Doc. No. 246 ¶ 2). It is well established in this Circuit that "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997).

On or before **May 30, 2025**, the parties shall file supplemental briefs addressing: (1) whether the second paragraph of Plaintiff's post-deposition declaration submitted at the summary judgment stage essentially contradicts his prior sworn testimony; and (2) whether that declaration constitutes an attempt to create a sham fact issue. *See Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908-09 (6th Cir. 2006).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE