IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY M. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00243 |
| ) | |
| SOUTHERN BAPTIST CONVENTION, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. ) | |

## ORDER

Pending before the Court are motions to reconsider filed under Federal Rule of Civil Procedure 54(b) by Plaintiff and Defendants the Southern Baptist Convention and the Executive Committee of the Southern Baptist Convention. (Doc. Nos. 325, 328).

Courts traditionally will find justification for reconsidering interlocutory orders under three circumstances: (1) an intervening change of controlling law; (2) availability of new evidence; and (3) to correct a clear error or prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Here, none of the moving parties claim an intervening change in controlling law or availability of new evidence. Nor do any of the moving parties demonstrate that the Court made any clear errors of law or that reconsideration is needed to prevent manifest injustice. Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.

This matter will proceed to trial on Plaintiff's defamation claim based on the Tweet, at which time the parties will have another opportunity to put on proof relevant to the issue of Plaintiff's status as a public or private figure. However, as it appears undisputed that Plaintiff has been a prominent figure in the Southern Baptist Convention community since at least 2010, the

parties may, if they choose, seek leave to file a motion for partial summary judgment on the issue of Plaintiff's status as a public or private figure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE