IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHNNY M. HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Docket No.: 23-CV-00243** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **SOUTHERN BAPTIST CONVENTION, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# PLAINTIFF'S RESPONSES TO DEFENDANTS' LOCAL RULE 56.01 STATEMENT OF MATERIAL FACTS

Plaintiff Johnny M. Hunt ("Pastor Johnny" and/or "Plaintiff"), by and through counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01(e) submits this Response to the Southern Baptist Convention ("SBC") and the Executive Committee of the Southern Baptist Convention's ("EC") Statement of Material Facts.

1. "Over the years, [Plaintiff] was a sought-after speaker and author. He was a noted speaker at state and national SBC conferences and conventions." [Doc. 1 at p.5].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

2. Plaintiff became lead pastor at First Baptist Church in Woodstock, Georgia in December 1986. [Doc. 219-4 at p.27].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

3. During Plaintiff's time as lead pastor at First Baptist Church in Woodstock, Georgia, "church membership expanded from around 1,000 to more than 10,9000, becoming one of the largest churches in America." [Doc. 1 at p.5].

**RESPONSE:** Disputed. Plaintiff objects because the statement of fact is not supported by the cited evidence. As such, the statement of fact should be disregarded under Fed. R. Civ. P. 56(c) and (e)(4). Plaintiff's Complaint does not state that church membership expanded from "around 1,000 to more than 10,9000,[.]" Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a). At no time during Plaintiff's time at First Baptist Church in Woodstock did church membership exceed one hundred nine thousand. Hunt Decl. ¶ 6.

4. Plaintiff "attained prominence within his local church and community and the SBC." [Doc. 40 at p.11].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a). Objection that the language violates the rule of completeness. Plaintiff's Consolidated Memorandum of Law in Opposition to the Defendants' Motions to Dismiss states, in full: "While it is true that he attained prominence within his local church and community and the SBC, Pastor Johnny is not a general celebrity; he is not a household name; and he is not the 'rare' public figure whose actions the public in fact follows with interest." Doc. No. 40 at 11.

5. Plaintiff published and sold several Christian books over the years, including Anchored in Jesus, Demolishing Strongholds, How to Become a More Effective Leader,

Unspoken, and Unspoken Study Guide. [Doc. 219-4 at pp.56-57, 80, 84-87, 97; Doc. 248-5 at p.9].

**<u>RESPONSE:</u>** Undisputed that Plaintiff lost book deals, including Anchored in Jesus, Demolishing Strongholds, How to Become a More Effective Leader, Unspoken, and Unspoken Study Guide, as a result of Defendants' tortious conduct. Doc. No. 248-5 at 9. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

6. "For 13 years [Plaintiff] did one of the most popular devotions in America" that was published by Harper Collins. [Doc. 219-4 at pp.264-265].

**<u>RESPONSE:</u>** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

7. Plaintiff's Complaint pled the loss of "current and future book deals" as a source of his damages. [Doc. 1 at p.13].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

8. Plaintiff seeks as damages income from book sales in an amount not less than $3,960,000 over an eleven year period. [Doc. 248-7 at p.2].

**<u>RESPONSE:</u>** Undisputed for Summary Judgment Purposes Only. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

9. Plaintiff seeks as damages income from speaking engagements in an amount not less than $3,850,000 over an eleven year period. [Doc. 248-7 at p.2].

**RESPONSE:** Undisputed for Summary Judgment Purposes Only. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

10. Before he was elected President of the SBC, Hunt had turned down the job of President five times. [Doc. 219-4 at p.38].

**RESPONSE:** Disputed. Plaintiff objects because the statement of fact is not supported by the cited evidence. As such, the statement of fact should be disregarded under Fed. R. Civ. P. 56(c) and (e)(4). The cited testimony does not state that Plaintiff turned down the position of SBC President. SBC President is an elected position. Ex. G at 2 (SBC Constitution Article V) ("The officers of the Convention shall be the president …. The officers shall be elected annually….''). Plaintiff ran for SBC President two times and was elected both times he ran. Hunt Decl. ¶ 7. One cannot decline a position to which one was never elected. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

11. Then, from 2008-2010, Hunt was the President of the SBC, "one of the largest evangelical body [sic] in America," where—according to Hunt—he was the "pinnacle" and "face of the Convention." [Doc. 219-4 at pp.37, 125].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a). Plaintiff further objects because Statement No. 11 is compound and violates Local Rule 56.01(c)(2) that requires each individual material fact to be numbered separately and to be supported by a citation.

12. According to Hunt, he led a "great commission resurgence" and "led the [SBC] to give the largest percentage to international missions in the history of our denomination." [Doc. 219-4 at p.41].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a). Plaintiff further objects because Statement No. 12 is compound and violates Local Rule 56.01(c)(2) that requires each individual material fact to be numbered separately and to be supported by a citation.

13. Plaintiff has spoken at 90%, if not all, of the 42 state and regional Baptist conventions that cooperate with the SBC. [Doc. 219-4 at p.43].

**RESPONSE:** Disputed. The cited testimony does not support the "fact" that Plaintiff has spoken at "regional" Baptist Conventions or that Plaintiff "spoke[] at 90% … of the 42 state … conventions…." Ex. C at 42:13-16 ("I spoke in their state conventions, their state evangelism conferences, *probably* 90 percent of our states, of our 42 state conventions, maybe all of them prior.") (emphasis added). Plaintiff testified that he spoke at "probably 90 percent" of conventions. *Id*. Defendants' statement also misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) for the same reasons. ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

14. Plaintiff described himself as someone that "everyone in the convention knew." [Doc. 219-4 at p.150].

**<u>RESPONSE:</u>** Disputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a). Objection that the language violates the rule of completeness and removes all context for the word "convention." Plaintiff testified as follows:

> For the millions that the convention was going to spend, they needed somebody, and they had nobody else, and now I realize that. No one, no one, not one. And so they had found a guy, and they had not only found one, *they found one that everyone in the convention knew*. And not because I had been the president but *because I had addressed that convention 20 years in a row*, which speaks of the integrity of my life up until this one thing.

Ex. C at 148:22-150:6 (emphasis added).

Earlier testimony provides additional context for use of the word "convention": "Q. *Do you think it gave you a larger sphere of influence within the convention?* A. Not really. I feel like I may have lost influence. Q. How so? A. When you are leading a charge for something, you make as many enemies as you do friends. And I think I was more popular just as a pastor and one that just cared for pastors. Q. *And I want to be clear.* ***Are you talking about other pastors, other leaders within the Southern Baptist Convention? A. Uh-huh***. Q. What about the average church-going Southern Baptist in Arkansas? Would they have known that you were the lead pastor at Woodstock Baptist Church without you being the SBC President? A. Yes, I – *I spoke in their state conventions*, their state evangelism conferences, probably 90 percent of our states, of our 42 state conventions, maybe all of them prior. Q. *But, again,* ***it's a subset right*** – A. – *It is*. Q. ***—of Southern Baptists to go to*** **the meetings of the local association or** ***the state conventions***. So just your average— A. It would have been Q. —white-haired Southern Baptist lady in the pew, how would she have come to know Johnny Hunt? A. I have no idea. Good question. Ex. C at 41:18-43:3 (emphasis added).

15. Plaintiff became Senior Vice President the North American Mission Board ("NAMB") in 2019. [Doc. 219-4 at p.98].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

16. Plaintiff was first asked to be CEO of NAMB, but turned it down. [Doc. 219-4 at p.101].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

17. When questioned about his employment at NAMB, Plaintiff stated, "They wanted my name. They wanted Johnny Hunt there because they were struggling a lot. They needed a name of integrity and a name of leadership to help them." [Doc. 219-4 at p.98].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

18. Plaintiff maintains a website, https://johnnyhunt.com/store/, where he sells books and sermons, listing over 1,500 items for sale. [Request for Judicial Notice at pp.8-9].

**RESPONSE:** Disputed. Plaintiff objects because, at the time of this filing, there was no request for judicial notice pending before the Court, and thus, there was no evidence supporting the purported fact. Defendants' Request to Take Judicial Notice had been denied. Doc. Nos. 324, 366 ("Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.") (emphasis in original).

Defendants filed a Request to Take Judicial Notice filed nine (9) days after this statement of facts was filed. Doc. No. 377.

Plaintiff objects because the statement of fact is not supported by the cited evidence. As such, the statement of fact should be disregarded under Fed. R. Civ. P. 56(c) and (e)(4). Pages eight (8) and nine (9) of Defendants' Request to Take Judicial Notice contains its signature block and a certificate of service. To the extent Defendants are referring to other portions of the Request, the link provided, http://johnnyhunt.com/store/, leads to a page that states "No Results Found" and does not include "books and sermons" or "over 1,500 items for sale." Plaintiff's website is not subject to judicial notice for the reasons described in Plaintiff's contemporaneously filed Response in Opposition to Defendants' Request for Judicial Notice. Plaintiff further objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

19. Many of Plaintiff's books can be found for sale on other commercial sites, such as Amazon. [Request for Judicial Notice at pp.9-10].

**RESPONSE**: Disputed. Plaintiff objects because, at the time of this filing, there was no request for judicial notice pending before the Court, and thus, there was no evidence supporting the purported fact. Defendants' Request to Take Judicial Notice had been denied. Doc. Nos. 324, 366 ("Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.") (emphasis in original). Defendants filed a Request to Take Judicial Notice filed nine (9) days after this statement of facts was filed. Doc. No. 377.

Plaintiff objects because the statement of fact is not supported by the cited evidence. As such, the statement of fact should be disregarded under Fed. R. Civ. P. 56(c) and (e)(4). Page nine

(9) of Defendants' Request to Take Judicial Notice contains a certificate of service. There is no page ten (10) to Defendants' request.

To the extent other portions of the Request refer to Amazon, they are not subject to judicial notice for the reasons described in Plaintiff's contemporaneously filed Response in Opposition to Defendants' Request for Judicial Notice. Plaintiff further objects because this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

20. When the Guidepost Report was released in May 2022 and Jane Doe's allegations were made public, Plaintiff denied that he had sexually assaulted Jane Doe, but admitted that he had an extramarital, sexual encounter with Jane Doe. [Doc. 1 at pp.2-3, 10].

**RESPONSE:** Undisputed that Plaintiff's Complaint, filed in March 2023, states that "in 2010 – after his term as SBC President had ended – Pastor Johnny had a brief, inappropriate, extramarital encounter with a married woman." Doc. No. 1 at 1. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

Disputed that "Jane Doe's[1] allegations were made public." Guidepost deliberately altered the Couple's story to fit their desired narrative—a sexual assault. The Couple did not believe that a sexual assault had occurred on July 25, 2010, until they met with Phillip Monroe and other counselors at Langberg, Monroe & Associates in 2022. Doc. No. 75-1 at 10 ("Through counseling with experts . . . . the couple said they came to understand what they could not quite articulate for a decade."). Guidepost altered the Couple's story, removing descriptions of a consensual encounter. For example, the Couple described the encounter writing: [redacted]

[1] Plaintiff objects to the use of the pseudonym "Jane Doe" for the reasons stated in his Motion to Vacate Protective Order. Doc. No. 320.

[redacted]). Ex. S at 10-11 (emphasis added). Guidepost altered the Couple's account, removing the admitted reciprocation, instead publishing: "Survivor *did not reciprocate*, but rather stood eves open and very stiff, hoping he would just stop and leave." Ex. I at 151 (emphasis added). The Couple told Guidepost that [redacted] Ex. S at 12. Guidepost altered this alleged conversation reporting that "Hunt stated that he would like to have sex with her three times a day. Survivor could not believe what she was hearing and could not get back inside her own condo quickly enough." Ex. I at 152. Guidepost altered the Couple's story so much that the husband thought Guidepost had changed the meaning of events after reading the Report. Ex. R at 1.

21. In November 2022, Plaintiff's restoration and return to the ministry was publicly announced through a video. [Ex. A, 11/4/22 Texts; Ex. B, 11/16/22 Texts; Ex. C, 11/23/22 Text].

**RESPONSE:** Disputed. Plaintiff objects because the statement of fact is not supported by the cited evidence. As such, the statement of fact should be disregarded under Fed. R. Civ. P. 56(c) and (e)(4). Ex. A does not support the "fact" that anything was actually publicly announced through a video, or that a video was actually shared publicly. Ex. B does not support the "fact" that anything was actually publicly announced through a video, or that a video was actually shared publicly. Ex. C does not support the "fact" that anything was actually publicly announced through

a video, or that a video was actually shared publicly. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

22. In November 2022, a video on the Vimeo website containing an approximately fourteen minute video titled "Pastors/Hunt Video Combined" regarding Hunt's restoration in which Hunt spoke along with four other ministers that were part of his restoration group. [Request for Judicial Notice at p.4].

**RESPONSE**: Undisputed. Plaintiff objects because, at the time of this filing, there was no request for judicial notice pending before the Court, and thus, there was no evidence supporting the purported fact. Defendants' Request to Take Judicial Notice had been denied. Doc. Nos. 324, 366 ("Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.") (emphasis in original). Defendants filed a Request to Take Judicial Notice filed nine (9) days after this statement of facts was filed. Doc. No. 377. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

23. On November 29, 2022, members of Plaintiff's restoration team were contacted by Bob Smietana, a national reporter for Religion News Service ("RNS"), seeking comment about a story he was working on about Plaintiff's restoration video. [Ex. D, 11/29/22 Texts].

**RESPONSE:** Disputed. This statement misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). The reporter sought comment on a variety of topics, including (1) "the allegations of sexual assault against

Pastor Hunt" in the Guidepost Report and (2) regarding Plaintiff's "fit[ness] for ministry given the serious [sic] of the allegations against him." Defendants' Ex. D, (11/29/22 Texts). Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

Plaintiff objects to this statement on the ground that it is hearsay. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) ("[H]earsay evidence may not be considered on a motion for summary judgment."). Plaintiff has separately objected to this statement of fact in Plaintiff's contemporaneously filed Rule 56(c)(2) Objections to Defendants' Summary Judgment Evidence.

24. RNS published an article about Plaintiff's restoration on November 30, 2022. [Ex. E, 11/30/22 Texts].

**RESPONSE:** Disputed. This statement misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). First, RNS did not publish an article on November 30, 2022. Defendants' Ex. E, (11/30/22 Texts). Second, the RNS article titled ""Pastors Say Johnny Hunt Former SBC President Accused of Abuse Can Return to Ministry" was about Plaintiff's restoration as a result of the Guidepost Report. Doc. No. 324-4 (stating that Plaintiff "was named earlier this year in the Guidepost Solutions report on sexual abuse in the SBC, which alleged that Hunt had sexually assaulted another pastor's wife in 2010. Guidepost, a third-party investigation firm, found the claims credible"). Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

Plaintiff objects to this statement on the ground that it is hearsay. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) ("[H]earsay evidence may not be considered on a motion for summary

judgment."). Plaintiff has separately objected to this statement of fact in Plaintiff's contemporaneously filed Rule 56(c)(2) Objections to Defendants' Summary Judgment Evidence.

25. News articles on Plaintiff's restoration were also carried by Baptist News Global and the Washington Post. [Request for Judicial Notice at pp.4-5].

**RESPONSE:** Disputed. Plaintiff objects because, at the time of this filing, there was no request for judicial notice pending before the Court, and thus, there was no evidence supporting the purported fact. Defendants' Request to Take Judicial Notice had been denied. Doc. Nos. 324, 366 ("Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.") (emphasis in original). Defendants filed a Request to Take Judicial Notice filed nine (9) days after this statement of facts was filed. Doc. No. 377.

Disputed, as this statement misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). The news articles were not on Plaintiff's restoration, but were instead on Plaintiff's restoration in the context of the Guidepost Report and the SBC's sexual abuse crisis. Doc. No. 377-2 (referring to the "***Guidepost report document[ing] [a] pattern of ignoring, denying and deflecting on sexual abuse claims in SBC***" and the allegations against Plaintiff in the Report) (emphasis added); Doc. No. 377-3 (titled "Pastors say Johnny Hunt, former SBC president ***accused of abuse,*** can return to ministry"; stating that Plaintiff "was named earlier this year in the ***Guidepost Solutions report*** on ***sexual abuse in the SBC***, which alleged ***that Hunt had sexually assaulted another pastor's wife*** in 2010. Guidepost, a third-party investigation firm, found these claims credible") (emphasis added). There

was no public controversy associated with Plaintiff's ministry prior to the publication of the Guidepost Report. Hunt Decl. ¶ 4. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

26. Plaintiff told members his restoration team that, according to Plaintiff's attorney, "our video immensely strengthened our case." [Ex. F, 12/2/22 Text].

**RESPONSE:** Disputed. Plaintiff objects to this statement on the ground that it is hearsay. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) ("[H]earsay evidence may not be considered on a motion for summary judgment."). Plaintiff has separately objected to this statement of fact. *See* Plaintiffs' Rule 56(c)(2) Objections to Defendants' Summary Judgment Evidence. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

27. Plaintiff's restoration was the subject of an opinion piece in Christianity Today. [Request for Judicial Notice at pp.4-5].

**RESPONSE:** Disputed. Plaintiff objects because, at the time of this filing, there was no request for judicial notice pending before the Court, and thus, there was no evidence supporting the purported fact. Defendants' Request to Take Judicial Notice had been denied. Doc. Nos. 324, 366 ("Accordingly, the pending motions to reconsider (Doc. Nos. 325, 328) and the request for judicial notice filed in support of the same (Doc. No. 324) are **DENIED**.") (emphasis in original). Defendants filed a Request to Take Judicial Notice filed nine (9) days after this statement of facts was filed. Doc. No. 377.

Disputed, as this statement misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of

alleged undisputed material facts . . . not . . . characterizations. . . ."). The subject of the opinion piece in Christianity Today was the SBC's sex abuse crisis, not Plaintiff's restoration. Doc. No. 377-4 at 2 ("I'd seen it at the church where leaders gave their assurances that a young man would not abuse any more girls."); *id.* at 3 ("We don't listen to survivors. That, after all, was the aim of the Guidepost Solutions investigation into the SBC Executive Committee: to listen to survivors of sexual abuse at the hands of Southern Baptist leaders."); *id.* ("That, after all, was the aim of the Guidepost Solutions investigation into the SBC Executive Committee: to listen to survivors of sexual abuse at the hands of Southern Baptist leaders."); *id.* at 5 ("And women are finding that the convention is more interested in assuring that they never become pastors than protecting them from abusers.").

28. Dr. Bart Barber is the pastor at First Baptist Church in Farmersville, Texas, a role he has had for 25 years. [Ex. G, Depo. Barber 9:14-22].

**RESPONSE**: Disputed. This statement misrepresents and mischaracterizes the cited evidence in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). Dr. Bart Barber is not the Pastor at First Baptist Church in Farmersville, Texas; Bart Barber is one of the pastors at First Baptist Church in Farmersville. Ex. A, Barber Dep. 9:14-22 ("I'm the pastor – ***one of the pastors*** at First Baptist Church in Farmersville, Texas.") (emphasis added). Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

29. Dr. Barber was elected as President of the Southern Baptist Convention in June 2022. [Ex. C, Depo. Barber 11:16-18, 15:24-16:4].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

30. Dr. Barber has an X account, formerly known as Twitter, with the handle @bartbarber. [Doc. 1-3].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).

31. Dr. Barber's running for and election as SBC President resulted in a substantial increase in the number of his X followers. In October 2021, for example, Dr. Barber had approximately 7,100 followers. [Ex. C, Depo. Barber 52:14-53:1]. Following his election, Dr. Barber's followers increased to nearly 30,000. [*Id*. at 53:2-24; Doc. 248-18].

**RESPONSE:** Disputed. Statement No. 31 is compound and violates Local Rule 56.01(c)(2) that requires each individual material fact to be numbered separately and to be supported by a citation.

The "fact" that Dr. Barber's running for and election as SBC President "resulted in" a substantial increase in the number of his X followers is not supported by the cited "evidence." Defendants' Ex. C is one of Pastor Johnny's text threads. The "fact" that in October 2021, Dr. Barber had approximately 7,100 followers is not supported by the cited "evidence." Ex. C is one of Pastor Johnny's text threads. The "fact" that following his election, Dr. Barber's followers increased to nearly 30,000 is not supported by the cited "evidence." Ex. C is one of Pastor Johnny's text threads. Doc. No. 248-18 does not support that Dr. Barber had almost 30,000 followers after

his election as SBC President. The cited evidence supports that at some unspecified time; Dr. Barber had 28,000 followers. Doc. No. 248-18.

Disputed, as this statement mischaracterizes the "evidence" in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). The only evidence provided is that the number of followers increased; there is no evidence establishing a causal relationship. The testimony does not identify any facts demonstrating that Dr. Barber's decision to run for, or his election, as SBC President resulted in a substantial increase in Twitter followers.

32. On December 4, 2022, Dr. Barber was tagged in a Tweet asking him to contrast the restoration of Hunt with that of another minister who had also recently gone through a restoration process. [Ex. H, Aff. Barber ¶5].

**RESPONSE:** Disputed. This statement mischaracterizes the Tweet in violation of L.R. 56.01(c)(1) ("The movant must file a concise, non-argumentative statement of alleged undisputed material facts . . . not . . . characterizations. . . ."). As is clear from the face of the Tweet, Barber was not simply asked to contrast Hunt's restoration with another minister. Doc. 371-2 at 1 ("I think @bartbarber was right about Johnny Hunt…."). Barber had previously publicly Tweeted about the SBC's sex abuse scandal and the allegations against Plaintiff in the Guidepost Report. For example, on May 25, 2022—days after the publication of the Guidepost Report—Barber Tweeted: "Later today I will offer my response to the Sexual Abuse Task Force's report prepared by @GuidepostGlobal. This morning, by request, I am sharing in this thread a timeline of actions I have taken with regard to the sexual abuse crises in the SBC." Ex. P.

On November 30, 2022, Bart Barber released "A Statement on Johnny Hunt's 'Restoration'" on SBC Letterhead. Ex. T at 1. There, Barber publicly questioned Plaintiff's pastoral qualifications as a direct result of the Guidepost Report. *Id*. at 1 ("In 2021, the members of the Southern Baptist Convention Annual Meeting adopted a resolution 'On Abuse and Pastoral Qualifications.'"); *id.* ("That report disclosed the details of a pastor's wife's account of an incident in which Johnny Hunt aggressively approached her for a sexual encounter, including pulling down her pants, pinning her down, pulling up her shirt, and sexually assaulting her with hands and his mouth."); *id.* at 2 ("I would permanently 'defrock' Johnny Hunt if I had the authority to do so.").

All of this conduct occurred prior to the December 4, 2022 online interaction referenced in Statement No. 32, and is why Rod D. Martin stated "I think @bartbarber was right about Johnny Hunt." Doc. No. 371-1 at 1.

33. Dr. Barber responded on December 5, 2022. [Ex. H, Aff. Barber ¶7].

**RESPONSE:** Undisputed. Plaintiff objects that this fact is immaterial and should be disregarded under Fed. R. Civ. P. 56(a).



Case 3:23-cv-00243 Document 383 Filed 02/25/26 Page 18 of 21 PageID #: 14181

Dated: February 25, 2026

Respectfully submitted,

s/ *Robert D. MacGill*

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

**Todd G. Cole, Esq., BPR # 031078**
**Andrew Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Responses to Defendants' Local Rule 56.01 Statement of Material Facts to be electronically filed with the Clerk of the Court on February 25, 2026, using the CM/ECF system, which will automatically serve all counsel of record listed below:


Todd G. Cole, Esq.
Andrew Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, Nw Suite 100
Washington, DC 20006
Telephone: (202) 747-2309
snokes@sheppardmullin.com

Gene R. Besen, Esq.
Sheppard Mullin Richter & Hampton LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone (469) 391-7400
Facsimile (469) 391-7401
gbesen@sheppardmullin.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com

Matt C. Pietsch, Esq.
GORDON REES SCULLY MANSUKHANI, LLP

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
Telephone: (615) 722-9000
mpietsch@grsm.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

*s/ Robert D. MacGill*
Robert D. MacGill