**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHNNY M. HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-00243** |
| | ) | |
| **SOUTHERN BAPTIST CONVENTION; GUIDEPOST SOLUTIONS LLC; and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION,** | ) | **Judge Campbell**<br>**Magistrate Judge Frensley**<br>**Jury Demand** |
| | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' SECOND REQUEST TO TAKE JUDICIAL NOTICE</u>**

## INTRODUCTION

Defendants request that the Court take judicial notice of the existence, contents, and public availability of various websites, articles, and a video, so that they may cite the materials in support of their Motion for Partial Summary Judgment. Judicial notice of the Christianity Today article, Plaintiff's 2026 website, and portions of Amazon's 2026 website is improper because Defendants have failed to provide the Court with the requisite information required for judicial notice and the materials are irrelevant. Defendants' Second Request to Take Judicial Notice exceeds the proper scope of judicial notice and should be denied in part.

## LEGAL STANDARD

The Federal Rules of Evidence authorize the Court to take "judicial notice of an adjudicative fact" that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b).

Taking judicial notice of facts under Federal Rule of Evidence 201 is "a highly limited process" that "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Even when judicial notice is appropriate, the Court should take judicial notice only of the document's existence, not the truth of its contents. *Platt v. Bd. of Comm'rs on Grievs. & Discipline of the Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018) ("[A] court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014))); *Horizon Glob. Ams., Inc. v. N. Stamping, Inc.*, No. 1:20-cv-00310-PAB, 2023 U.S. Dist. LEXIS 189422, at *11 (N.D. Ohio Oct. 23, 2023) (stating that "[t]o the extent [a party] seeks judicial notice of the documents' contents, it must specify what facts it seeks notice of and why they are not subject to reasonable dispute").

The burden of establishing that a fact is properly judicially noticeable rests with the party seeking judicial notice. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) ("The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source 'whose accuracy cannot reasonably be questioned.'") (quoting *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (E.D. Cal. 1992)).

## ARGUMENT

### I. Judicial Notice of Plaintiff's 2026 Website and Amazon's 2026 Website is Improper.

Defendants request that the Court take judicial notice of "the existence and contents of Plaintiff's website" and "the fact that Plaintiff's books are available on . . . Amazon." Doc. No.

377 at 5-6. Defendants have not met their burden of establishing that judicial notice is appropriate.

**Plaintiff's Website.** Judicial notice of Plaintiff's website is improper for two reasons. First, Defendants have failed to provide the Court with the "necessary information" to take judicial notice. Fed. R. Evid. 201(c)(2) (the court "must take judicial notice *if* a party requests it and *the court is supplied with the necessary information*.") (emphasis added). Defendants state that Plaintiff's "website contains an online store, https://johnnyhunt.com/store/." Doc. No. 377 at 5. Defendants also purport to include a screenshot of the online store's webpage. *Id.* However, the link does not direct users to an online store. The link takes users to a page, which states "No Results Found." For this reason alone, judicial notice of Plaintiff's website is improper. *Adkisson v. Jacobs Eng'g Grp.*, No. 3:13-CV-505-TAV-HGB, 2018 U.S. Dist. LEXIS 243188, at *24 (E.D. Tenn. Aug. 6, 2018) (finding that "[b]ecause [the] document might reasonably be questioned, judicial notice is inappropriate").

Second, Defendants purport to direct the Court to Plaintiff's website as it existed on February 5, 2026. Doc. No. 377-5 (noting the webpage was saved on Feb. 5, 2026 at 1:16PM in the top left corner). For purposes of a public figure analysis, the relevant inquiry is the plaintiff's status *at the time of publication of the defamatory statement.* Doc. No. 317 at 69 n.27 (confirming that the relevant inquiry is Pastor Johnny's status at the time of the defamatory statement). Plaintiff's 2026 website has no relevance on what was publicly available in 2022, at the time of Bart Barber's tweet; it has no relevance to the current dispute. *Deakle v. Westbank Fishing*, LLC, 559 F. Supp. 3d 522, 526 (E.D. La. 2021) ("Courts should not take judicial notice of irrelevant facts.").

Further, Defendants have provided no evidentiary basis showing that the website is the same today as the time in question. *Cranor v. MedUS, Inc.*, No. 1:23-cv-724, 2025 U.S. Dist. LEXIS 49514, at *4-5 (S.D. Ohio Mar. 18, 2025) (refusing to take judicial notice of a website because "there is no evidentiary basis showing that the website is the same today as it was during the timeframe in question"; the website "may be subject to reasonable dispute"). Plaintiff's 2026 website should not be judicially noticed.

**Amazon.** Judicial notice of the Amazon site is improper for similar reasons. Again, Defendants direct the Court to portions of Amazon's website as it existed on February 5, 2026. Doc. No. 377-6 (noting the webpage was saved on Feb. 5, 2026 at 1:20PM in the top left corner). Books listed on Amazon in 2026 have no relevance on what was publicly available in 2022, at the time of Barber's tweet; it has no relevance to the current dispute. *Deakle*, 559 F. Supp. 3d at 526. Defendants have provided no evidentiary basis to show that the books available on Amazon are the same today as the time in question; therefore, the website is subject to a reasonable dispute. *Cranor,* 2025 U.S. Dist. LEXIS 49514, at *4-5. Screenshots of the Amazon website in 2026 should not be judicially noticed.

## II. Judicial Notice of the Christianity Today Article is Improper.

Judicial notice of the Christianity Today article is improper because Defendants have failed to provide the Court with the "necessary information" to support taking judicial notice. Fed. R. Evid. 201(c)(2). Defendants purport to attach a Christianity Today article titled "A Southern Baptist Pastor's Pleas: Please Listen" to their Request to Take Judicial Notice. Doc. No. 377 at 5. However, the version submitted to the Court is incomplete. Doc. No. 377-4.

For example, the bottom of page two is cut off, rendering part of the text unreadable and impossible verify. This defect occurs throughout the purported article. *Id.* at 3-4; 4-5; 5-6.

Because the document submitted is incomplete and obscured, its accuracy cannot be confirmed and is subject to reasonable dispute. For this reason, judicial notice is improper. *Adkisson*, 2018 U.S. Dist. LEXIS 243188, at *24 (finding that "[b]ecause [the] document might reasonably be questioned, judicial notice is inappropriate.").

**III. Judicial Notice is Limited to the Fact of the Documents' Existence.**

If the Court grants any part of Defendants' Second Request to Take Judicial Notice of the aforementioned websites, articles, and video, judicial notice is proper only for the fact of the materials' existence. *Platt*, 894 F.3d at 245. Defendants may not rely on the contents of those materials as proven facts, as doing so would exceed the proper scope of judicial notice. *Id.* ("[A] court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'") (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d at 467); *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (denying the plaintiff's motion to take judicial notice because "it is not the existence of these documents that [the plaintiff] seeks for [the court] to acknowledge; rather, [the plaintiff] seeks to rely on the substantive facts within those exhibits"); *M.A.C. v. Smith*, 576 F. Supp. 3d 552, 557 (M.D. Tenn. 2021) (courts "do not take judicial notice of documents, they take judicial notice of facts"). To the extent Defendants rely on the materials for the truth of the matter asserted—whether in their Memorandum in Support of its Partial Motion for Summary Judgment or in their reply—the Court should reject such reliance as improper.

**CONCLUSION**

Based on the foregoing, the Court should deny Defendants' Second Request to Take Judicial Notice of the Christianity Today article, Plaintiff's 2026 website, and portions of Amazon's 2026 website.

Dated: February 25, 2026

Respectfully submitted,

s/ *Robert D. MacGill*

**Robert D. MacGill, Esq. (*pro hac vice*)**
**Patrick J. Sanders, Esq. (*pro hac vice*)**
MACGILL P.C.
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

**Todd G. Cole, Esq., BPR # 031078**
**Andrew P. Goldstein, Esq., BPR # 037042**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants' Request to Take Judicial Notice to be electronically filed with the Clerk of the Court on February 25, 2026, using the CM/ECF system, which will automatically serve all counsel of record listed below:

Todd G. Cole, Esq.
Andrew P. Goldstein, Esq.
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 326-9059
tcole@colelawgrouppc.com
agoldstein@colelawgrouppc.com

Robert D. MacGill, Esq.
Patrick J. Sanders, Esq.
MACGILL P.C.
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
robert.macgill@macgilllaw.com
patrick.sanders@macgilllaw.com

*Counsel for Plaintiff*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

Steven G. Mintz, Esq.
Terence W. McCormick, Esq.
Scott Klein, Esq.
Adam K. Brody, Esq.
Alex Otchy, Esq.
MINTZ & GOLD LLP

Scarlett Singleton Nokes, Esq.
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, Nw Suite 100
Washington, DC 20006
Telephone: (202) 747-2309
snokes@sheppardmullin.com

Gene R. Besen, Esq.
Sheppard Mullin (Dallas, TX)
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Telephone (469) 391-7400
Facsimile (469) 391-7401
gbesen@sheppardmullin.com

Thomas J. Hurney, Jr., Esq.
Gretchen M. Callas, Esq.
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

*Counsel for the Executive Committee of the Southern Baptist Convention*

L. Gino Marchetti, Jr., Esq.
TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC
2908 Poston Avenue
Nashville, TN 37203
Telephone: (615) 320-3225
gmarchetti@tpmblaw.com

600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
brody@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant*
*Guidepost Solutions LLC*

Matt C. Pietsch, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
4020 Aspen Grove Drive
Suite 500
Franklin, TN 37067
Telephone: (615) 722-9000
mpietsch@grsm.com

*Counsel for the Southern Baptist Convention*

Melissa J. Hogan, Esq.
QAVAH LAW
8757 Horton Hwy
College Grove, TN 37046
Telephone: (615) 293-6623
melissajhogan@qavahlaw.com

*Counsel for Jane Doe*

/s/ *Robert D. MacGill*
Robert D. MacGill