**UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHNNY M. HUNT,** | ) | |
| | ) | |
| ***Plaintiff*,** | ) | |
| | ) | **No. 3:23-cv-00243** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **SOUTHERN BAPTIST CONVENTION;** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| **GUIDEPOST SOLUTIONS LLC; and** | ) | |
| **EXECUTIVE COMMITTEE OF THE** | ) | **JURY DEMAND** |
| **SOUTHERN BAPTIST CONVENTION,** | ) | |
| | ) | |
| ***Defendants*.** | ) | |

# REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING PLAINTIFF'S PUBLIC FIGURE STATUS AT THE TIME OF THE TWEET

Defendants Southern Baptist Convention and the Executive Committee of the Southern Baptist Convention (collectively "Defendants"), by counsel, submit this Reply in Further Support of their Motion for Partial Summary Judgment Concerning Plaintiff's Public Figure Status as the Time of the Tweet.

## INTRODUCTION

Plaintiff Johnny Hunt's response is a classic example of someone who is speaking from both sides of his mouth. On May 22, 2022, the same day Guidepost released its "Report of the Independent Investigation," Hunt issued a statement: "To put it bluntly, I vigorously deny the circumstances and characterization set forth in the Guidepost report. I have never abused anybody." [Doc. 219-4 at pp.183-184]. Five days later, on May 27, 2022, Hunt issued another statement, again unequivocally denying that he had sexually assaulted Jane Doe, calling the allegation of nonconsensual sexual conduct "absurd" and "false." [Doc. 222-8 at pp.2-3]. For the first time Hunt admitted that aspects of the encounter were true, i.e., that he had at least engaged in consensual sexual contact with Jane Doe: "[W]hile the situation described in the Guidepost report is based in reality, the allegation made in the report is false." [*Id*. at p.3]. Hunt referred to his now admitted sexual contact with Jane Doe as a "grievous" and "awful" sin. [*Id*. pp.2-3].

Six months pass. On November 23, 2022, Hunt publicly announced his pastoral "restoration" and return to ministry, which was publicized in a carefully planned and scripted video. Hunt's "restoration," attracted significant attention from religious-based and secular news services and blogs.[1]

When Hunt filed this action, he took care to distinguish between the events which, according to him, were true versus false. Hunt asserted causes of action for defamation, stating

[1] In his response to Defendants' Request for Judicial Notice, Hunt does not oppose judicial notice as to articles by Baptist News Global and the Washington Post concerning Hunt's restoration. [Doc. 390].

that he did not sexually assault Jane Doe and that her allegations of this were false. [Doc. 1 at pp.16-18]. As for what Hunt said was true, the "grievous" and "awful" sin of engaging in sexual contact with Jane Doe, Hunt asserted a cause of action for public disclosure of private embarrassing facts. [*See id*. at p.19 ("With respect to the true facts published by the Defendants (i.e., the fact that Pastor Johnny and the accuser engaged in a brief, inappropriate encounter), this fact was a private fact that was not a matter of public concern.")].

Hunt now takes the position that his restoration and decision to publicize it were not due to the public disclosure of his admitted sin, but due to Jane Doe's allegations of sexual assault, allegations that he had maintained were false. [*See* Doc. 382 at p.28 ("Pastor Johnny's appearance in a short video constitutes a reaction to the alleged defamatory statements.")]. But, if the allegations of sexual assault were false as Hunt so unequivocally claimed, then why did he need to undergo "restoration" because of those allegations? Either (1) the sexual assault allegations were true and Hunt underwent restoration for them or (2) Hunt underwent restoration because his admitted "grievous" and "awful" sin of an extramarital encounter came to light.

It is thus undisputed that Hunt underwent and then publicized his "restoration" because he, as a prominent pastor, got publicly outed for the "kissing" and "awkward fondling" of the wife of another pastor. [Doc. 1 at p.1]. But now, in hopes of avoiding summary judgment, Hunt wants to bootstrap his decision to publicly announce his restoration to Jane Doe's allegations of sexual assault, which he said are false. Hunt cannot have it both ways.

## ARGUMENT

### I. HUNT WAS A LIMITED-PURPOSE PUBLIC FIGURE WITH RESPECT TO HIS PASTORAL "RESTORATION."

"A vital part of free, wide-open, and robust public debate protected by the First Amendment to the United States Constitution is deciding what issues should be debated." *Hibdon v. Grabowski*,

195 S.W.3d 48, 60 (Tenn. Ct. App. 2005). Thus, to determine the existence of a public controversy, "the courts look to see what matters were already in dispute prior to the time when the alleged defamatory statements were made." *Id.* "If the issue was being debated publicly and if it had foreseeable and substantial ramifications for nonparticipants, it was a public controversy." *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980).

On November 23, 2022, Hunt publicized his "restoration" and return to the ministry. Dr. Barber's Tweet which is the subject of the remaining defamation claim occurred on December 5, 2022. In the interim, Hunt's "restoration" received significant coverage and debate on religious and secular media outlets. Hunt voluntarily initiated this public controversy, and Dr. Barber's Tweet was undisputedly made in that context. Dr. Barber's Tweet was made in response to a question to him about comparing the "restoration" of Hunt with that of another minister who had also recently gone through a restoration process.

Hunt argues that he did not voluntarily thrust himself into a public controversy saying "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979). Also referred to as "bootstrapping," a defendant cannot use the defamatory publication itself to render a plaintiff a public figure. *See Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 18 (1st Cir. 2011) ("Bootstrapping . . . occurs when the defendant relies on his own defamatory publication to manufacture a public controversy involving the plaintiff, and thus by his own conduct, creates his own defense by making the claimant a public figure.") (cleaned up). But, that is not what occurred here. Defendants are not arguing that the Guidepost Report or Hunt's immediate denials after its publication made him a public figure.

This motion relates to Hunt's actions six months later, when he strategically and intentionally publicized his "restoration" and return to ministry. This could not be in response to Jane Doe's allegations of sexual assault because Hunt had unequivocally denied those events on multiple occasions. Instead, this publicity was purely to bolster his image in the religious community in response to his admitted "grievous" and "awful" sin. *See Jankovic v. Int'l Crisis Grp.*, 72 F. Supp. 3d 284, 307 n.21 (D.D.C. 2014), aff'd, 822 F.3d 576 (D.C. Cir. 2016) (rejecting argument that plaintiff was being elevated to a public figure based upon his response to the defamation at issue because the response was not to the alleged defamatory content).

Hunt now claims that his publicized "restoration" was due to Jane Doe's assault allegations, but the scripted video is devoid of any response to those allegations. When one compares the draft script for the video to the final product, even veiled references to the encounter between Jane Doe and Hunt were intentionally omitted from the final product. The draft script contained the following excerpts:

> We've spent many hours with Pastor Johnny in an attempt to better understand the circumstances that brought us to this place. It has been our privilege and a sober responsibility. It has been a difficult season, but we are pleased with the outcome. We are also committed to providing ongoing accountability and support.

> Finally, our job has not been to ascertain the facts or circumstances surrounding the events twelve years ago. Pastor Johnny maintains that the account made public earlier this year includes many mischaracterizations. However, it is clear that however brief and limited that encounter may have been it constituted a grave sin and a grave sin.

> We don't know what happened but what we do know is that Pastor Johnny has been totally clear that he failed, he sinned, and his sin required repentance.

[Ex. A]. These excerpts were excluded from the final cut of the video. If there is "bootstrapping" here, it is Hunt's attempt to now bootstrap the Jane Doe allegations of assault to his need for and decision to make public a restoration for his admitted sin.

After six months of silence, Hunt created public debate and a public controversy with the voluntary publication of his restoration, an announcement that was not in response and contained no references to Jane Doe's allegations of sexual assault. He cannot escape his limited-purpose public figure status for the very controversy he created.

## II. Hunt Was a General Purpose Public Figure in the Relevant Community.

To be a general-purpose public figure does not require nationwide fame among all audiences. *See Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1295 n.22 (D.C. Cir. 1980) ("We therefore conclude that nationwide fame is not required."). In *Waldbaum*, the court discussed the possibility of where an individual may be well-known in a smaller community, but the dissemination was wider:

> Dissemination to a wide audience creates special problems. For example, an individual may be well known in a small community, but the publication covers a larger area. In such a situation, it might be appropriate to treat the plaintiff as a public figure for the segment of the audience to which he is well known and as a private individual for the rest.

*Id*. This is particularly true in the Internet age.

Here, all of Hunt's claimed damages arise from the community in which he is undisputedly a public figure— his lost job and income from NAMB, lost current and future book deals with respect to his authorship of Christian / ministry-related books, and lost revenue from Christian speaking engagements. Hunt should not be able to recover these damages under a private person standard based upon the chance that a non-Southern Baptist / evangelical saw Dr. Barber's Tweet.

## CONCLUSION

For the above reasons and those set forth in their initial Memorandum of Law, summary judgment should be granted in Defendants' favor with respect to the Tweet.

Respectfully submitted,

JACKSON KELLY PLLC

*/s/Gretchen M. Callas*
Thomas J. Hurney, Jr. (pro hac vice)
Gretchen M. Callas (pro hac vice)
500 Lee Street East
Suite 1600
Charleston, WV 25301
Phone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/Scarlett Singleton Nokes*
Scarlett Singleton Nokes, TN Bar No. 028994
Gene R. Besen (pro hac vice)
220 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7411
Fax: 469-391-7401
snokes@sheppardmullin.com
gbesen@sheppardmullin.com
*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Matthew C. Pietsch*
Matthew C. Pietsch, TN Bar No. 024659
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
Phone: 615-722-9000
Fax: 615-970-7490
mpietsch@grsm.com
*Counsel for Defendant Southern Baptist Convention*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **March 11, 2026**:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, IN 46204<br>robert.macgill@macgilllaw.com<br>patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, TN 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Scott Klein<br>Adam Kahan Brody<br>Alex Otchy<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br>*Counsel for Defendant Guidepost Solutions, LLC* |
| Matthew C. Pietsch<br>Gordon Rees Scully Mansukhani, LLP<br>4031 Aspen Grove Drive, Suite 290<br>Franklin, TN 37067<br>mpietsch@grsm.com<br><br>Louis Gino Marchetti, Jr.<br>Taylor, Pigue, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>gmarchetti@tpmblaw.com<br>*Counsel for Defendant*<br>*Southern Baptist Convention* | Melissa J. Hogan<br>Qavah Law<br>8757 Horton Highway<br>College Grove, TN 37046<br>melissajhogan@qavahlaw.com<br>*Counsel for Jane Doe* |

*/s/ Gretchen M. Callas*