IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY M. HUNT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 3:23-cv-00243 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION; | ) | MAGISTRATE JUDGE FRENSLEY |
| GUIDEPOST SOLUTIONS LLC; and | ) | |
| EXECUTIVE COMMITTEE OF THE | ) | JURY DEMAND |
| SOUTHERN BAPTIST CONVENTION, | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S RULE 56(c)(2) OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

Plaintiff Johnny M. Hunt ("Plaintiff") has filed Rule 56(c)(2) objections to the evidence cited in Defendants' Statements of Facts Numbers 23, 24, and 26, as well as to portions of Defendants' Motion for Partial Summary Judgment, contending that such evidence is supported solely by inadmissible hearsay. Plaintiff's objections should be overruled for two independent reasons.

First, the challenged text messages, all of which included the Plaintiff, either fall within recognized exceptions to the hearsay rule, are not offered for the truth of the matter asserted, or constitute party admissions expressly excluded from the definition of hearsay under the Federal Rules of Evidence. Second, and independently, Rule 56 does not require that evidence be presented in admissible form at the summary judgment stage, it requires only that the underlying facts be

capable of presentation in admissible form at trial. Because each of the facts supported by the challenged exhibits could be admissible evidence at trial, Plaintiff's objections fail on this basis as well. In any event, exclusion of the challenged exhibits does not affect the merits of Defendants' Motion for Partial Summary Judgment, which rests on a substantial body of indisputably admissible evidence.

## LEGAL STANDARDS

### I. The Rule 56 Evidentiary Standard Does Not Require Evidence in Admissible Form — Only That the Underlying Facts Be Capable of Admissible Presentation at Trial.

Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting that a fact cannot be genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Federal Rule of Civil Procedure 56(c)(2) permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Critically, however, this standard does not require that the evidence itself be in admissible form at the summary judgment stage — only that the underlying facts *could be* presented in admissible form at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("[W]e do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."); *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 620 (6th Cir. 2003).

This distinction is dispositive here. Even if the Court were to find that any of the challenged exhibits are not themselves in admissible form, Plaintiff's Rule 56(c)(2) objections must still be

overruled unless the underlying facts cannot be established through any admissible evidence at trial. As set forth below, each of the facts at issue could be established through admissible evidence.

II. Hearsay Standards Under the Federal Rules of Evidence.

Federal Rule of Evidence 801(c) defines hearsay as an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). An out-of-court statement is not hearsay when it is offered for a purpose other than proving the truth of the matter asserted — such as to establish notice, to show the effect on the listener, or to demonstrate that a communication was made at all. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if it is offered against an opposing party and was made by that party or its agent acting within the scope of that relationship. Fed. R. Evid. 801(d)(2).

Under Federal Rule of Evidence 803(1), a statement describing or explaining an event or condition made while or immediately after the declarant perceived it qualifies as a present sense impression and is not excluded by the rule against hearsay. Fed. R. Evid. 803(1).

Under Federal Rule of Evidence 807, a hearsay statement not covered by a specific exception may nonetheless be admitted if it carries sufficient guarantees of trustworthiness and is offered as evidence of a material fact. Fed. R. Evid. 807.

## ARGUMENT

I. The Text Messages in Exhibit D (Statement No. 23) Are Not Offered for the Truth of the Matter Asserted, and in Any Event the Underlying Facts Are Capable of Admissible Presentation at Trial.

Statement Number 23 asserts that "[o]n November 29, 2022, members of Plaintiff's restoration team were contacted by Bob Smietana, a national reporter for Religion News Service ('RNS'), seeking comment about a story he was working on about Plaintiff's restoration video," supported by Exhibit D, which includes text messages from non-parties Steven Kyle and Benny Tate.

Plaintiff argues that these messages are offered for the truth of the matter asserted. Plaintiff's objection fails for multiple independent reasons.

A. The Text Messages Are Not Hearsay Because They Are Offered for Non-Truth Purposes.

The text messages in Exhibit D are properly offered for the following non-hearsay purposes:

*1. Effect on the listener / notice.* The texts are offered to demonstrate that Plaintiff and members of Plaintiff's restoration team had contemporaneous notice of reporter Bob Smietana's inquiry on November 29, 2022. This goes to the state of mind and knowledge of the recipients — not to the truth of any underlying assertion in the messages. *See United States v. Wright*, 343 F.3d 849, 865 (6th Cir. 2003) (statements offered to show effect on listener are not hearsay).

*2. Verbal act / operative language.* The act of forwarding the reporter's email inquiry and announcing that contact had been made constitutes a verbal act independent of the truth of any assertion contained therein. The messages show that communications occurred on November 29, 2022, and that Plaintiff as well as the restoration team members were made aware of the media inquiry, facts that are independently significant regardless of the truth of any particular assertion.

*3. Benny Tate's statement about his own conduct.* The text message from non-party Benny Tate stating "[h]e reached out to me I did not respond" is a first-hand account of the declarant's

own conduct — a direct assertion by the declarant about his own actions. This is not a report of another's out-of-court statement and raises no hearsay concern.

B. Alternatively, the Underlying Fact Is Capable of Admissible Presentation at Trial.

Even if the Court were to find Exhibit D inadmissible in its current form, the underlying fact — that RNS reporter Bob Smietana contacted members of Plaintiff's restoration team on or around November 29, 2022 — is independently corroborated by the subsequent publication of the RNS article on November 30, 2022, and would be admissible via Plaintiff's testimony at trial. Under *Celotex* and its progeny, this is sufficient to withstand Plaintiff's Rule 56(c)(2) objection.

Accordingly, Plaintiff's objection to Exhibit D and Statement No. 23 should be overruled.

II. The Text Message in Exhibit E (Statement No. 24) Is Not Hearsay, and in Any Event the Underlying Fact of Publication Is Independently Verifiable and Subject to Judicial Notice.

Statement Number 24 states that "RNS published an article about Plaintiff's restoration on November 30, 2022," supported by Exhibit E, which includes a November 30, 2022 text message from non-party Steven Kyle to Plaintiff containing a hyperlink to a publicly available article at RNS's website.

A. The Fact of Publication Is Not Hearsay.

Plaintiff's objection conflates two distinct items: (1) the text message itself and (2) the linked RNS article. These raise entirely different evidentiary issues.

The RNS article available at the link contained in the text message is a publicly available internet publication. The article itself, not merely the text message linking to it, is the basis for establishing the fact of publication. Published news articles may be offered not for the truth of the statements contained within them, but for the fact of their publication, which is an operative and legally significant event. The fact of publication is not hearsay — it is a legally operative fact.

The text message containing the hyperlink is further offered to show only that the URL existed and that the article was circulating among Plaintiff's restoration team on November 30, 2022. This is a non-hearsay purpose: it goes to the observable fact that the link was sent and received, not to the truth of any assertion by the declarant.

B. Alternatively, the Court Should Take Judicial Notice of the Article's Publication.

To the extent there is any question as to whether the RNS article was published on November 30, 2022, Defendants respectfully request that the Court take judicial notice of the article's publication pursuant to Federal Rule of Evidence 201. The date and existence of the publication are facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

C. Alternatively, the Underlying Fact Is Capable of Admissible Presentation at Trial.

Even if the Court were to find Exhibit E inadmissible in its current form, the fact that RNS published an article about Plaintiff's restoration on or around November 30, 2022 could be established at trial through the article itself or through judicial notice. Under *Celotex*, the ability to present the underlying fact in admissible form at trial is all that Rule 56 requires, and Plaintiff's objection on this basis must therefore be overruled.

Accordingly, Plaintiff's objection to Exhibit E and Statement No. 24 should be overruled.

III. The Text Messages in Exhibit F (Statement No. 26) Constitute Party and Agent Admissions Under Federal Rule of Evidence 801(d)(2) and Are Therefore Not Hearsay, and in Any Event the Underlying Facts Are Capable of Admissible Presentation at Trial.

Statement Number 26 asserts that "Plaintiff told members of his restoration team that, according to Plaintiff's attorney, 'our video immensely strengthened our case,'" supported by Exhibit F (12/2/22 Texts), which includes a text message, that includes the Plaintiff, from non-

party Steven Kyle stating: "Gentlemen, Pastor Johnny just called me. He just spoke to his attorney. The attorney said that our video immensely strengthened their case."

Plaintiff contends that this message contains at least three layers of hearsay. Defendants respectfully disagree.

A. Layer 1 — Plaintiff's Own Statement Is a Party Admission Under FRE 801(d)(2)(A).

The innermost statement relayed in Kyle's text is that Plaintiff, who is included in the text message, told Kyle what his attorney had said — i.e., that the video "immensely strengthened" their case. Plaintiff's communication to Kyle is a statement by a party opponent. Under Federal Rule of Evidence 801(d)(2)(A), a statement is not hearsay if it is offered against an opposing party and was made by that party in an individual or representative capacity. Plaintiff's direct statement to Kyle about what his attorney told him is Plaintiff's own out-of-court statement, admissible as a party admission.

B. Layer 2 — Plaintiff's Attorney's Statement Is an Agent Admission Under FRE 801(d)(2)(D).

The statement by Plaintiff's attorney that "our video immensely strengthened their case" is a statement made by Plaintiff's agent, his attorney, concerning a matter within the scope of that agency relationship, namely, the litigation strategy and prospects of Plaintiff's own case. Under Federal Rule of Evidence 801(d)(2)(D), a statement by a party's agent or employee made within the scope of that relationship is not hearsay when offered against that party.

C. Layer 3 — Steven Kyle's Text Message Is Either Non-Hearsay or a Present Sense Impression Under FRE 803(1).

Kyle's act of transmitting Plaintiff's statement to other members of the restoration team is either (a) not offered for the truth of the matter asserted — it is offered to show what information the restoration team received and when — or (b) qualifies as a present sense impression under

Federal Rule of Evidence 803(1), given that Kyle texted the members immediately after receiving the call from Plaintiff, describing an event or condition he had just perceived.

### D. Alternatively, the Underlying Facts Are Capable of Admissible Presentation at Trial.

Even if the Court were to decline to apply any of the foregoing admissibility grounds, the underlying facts established by Exhibit F — that Plaintiff spoke directly with members of his restoration team about his attorney's assessment of the restoration video and the litigation — could be established through Plaintiff's testimony at trial. Under *Celotex*, this is all that Rule 56 requires.

This fact is material to demonstrating Plaintiff's knowledge of and participation in the restoration video process — a fact central to the issues presented in the partial summary judgment motion. Exclusion of this statement on the current record would therefore be both legally unwarranted and prejudicial to Defendants' ability to present material facts to the Court.

Accordingly, Plaintiff's objection to Exhibit F and Statement No. 26 should be overruled.

## IV. Even If the Court Were to Exclude Any of the Challenged Exhibits, Such Exclusion Does Not Defeat Defendants' Motion for Partial Summary Judgment.

Defendants' Motion for Partial Summary Judgment is supported by a substantial and independent body of admissible evidence beyond Exhibits D, E, and F. Statements Nos. 23, 24, and 26 are contextual facts that provide background regarding the timeline of the restoration video and the media coverage that followed. The core issues presented in Defendants' partial summary judgment motion are supported by deposition testimony, documentary evidence, and other materials properly before the Court.

Even if the Court were to sustain Plaintiff's objections in whole or in part, the challenged statements are cumulative of other admissible evidence in the record, and their exclusion would not create a genuine dispute of material fact sufficient to defeat Defendants' motion. *See Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material only if it "might affect the outcome of the suit under the governing law").

CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court overrule Plaintiff's Rule 56(c)(2) objections in their entirety and consider all evidence cited in support of Defendants' Statements of Material Facts Numbers 23, 24, and 26 and Defendants' Memorandum in Support of their Motion for Partial Summary Judgment.

The challenged text messages are either not offered for the truth of the matter asserted, fall within recognized exceptions to the hearsay rule, or constitute party and agent admissions expressly excluded from the definition of hearsay under the Federal Rules of Evidence. Independently and alternatively, Rule 56 does not require evidence in admissible form at the summary judgment stage — it requires only that the underlying facts be capable of presentation in admissible form at trial, a standard that is clearly met here given that Plaintiff was a party to each of the challenged text messages.

Dated: March 11, 2026.

Respectfully submitted,

JACKSON KELLY PLLC

*/s/Gretchen M. Callas*______________
Thomas J. Hurney, Jr. (pro hac vice)
Gretchen M. Callas (pro hac vice)
500 Lee Street East
Suite 1600
Charleston, WV 25301
Phone: 304-340-1000
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/Scarlett Singleton Nokes*_______________
Scarlett Singleton Nokes, TN Bar No. 028994
Gene R. Besen (pro hac vice)
220 Ross Avenue, 20th Floor
Dallas, TX 75201
Phone: 469-391-7411
Fax: 469-391-7401
snokes@sheppardmullin.com
gbesen@sheppardmullin.com
*Counsel for Defendant Executive Committee of the Southern Baptist Convention*

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Matthew C. Pietsch*_________________________
Matthew C. Pietsch, TN Bar No. 024659
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
Phone: 615-722-9000
Fax: 615-970-7490
mpietsch@grsm.com
*Counsel for Defendant Southern Baptist Convention*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **March 11, 2026**:

| | |
|---|---|
| Robert D. MacGill<br>Patrick J. Sanders<br>MacGill PC<br>156 E. Market Street, Suite 1200<br>Indianapolis, IN 46204<br>robert.macgill@macgilllaw.com<br>patrick.sanders@macgilllaw.com<br><br>Todd G. Cole<br>Andrew Goldstein<br>Cole Law Group, P.C.<br>1648 Westgate Circle, Suite 301<br>Brentwood, TN 37027<br>tcole@colelawgrouppc.com<br>agoldstein@colelawgrouppc.com<br>*Counsel for Plaintiff* | John R. Jacobson<br>Katherine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz<br>Terence W. McCormick<br>Scott Klein<br>Adam Kahan Brody<br>Alex Otchy<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>klein@mintzandgold.com<br>brody@mintzandgold.com<br>otchy@mintzandgold.com<br>*Counsel for Defendant Guidepost Solutions, LLC* |
| | Louis Gino Marchetti, Jr.<br>Taylor, Pigue, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>gmarchetti@tpmblaw.com<br>*Counsel for Southern Baptist Convention*<br><br>Melissa J. Hogan<br>Qavah Law<br>8757 Horton Highway<br>College Grove, TN 37046<br>melissajhogan@qavahlaw.com<br>*Counsel for Jane Doe* |

*/s/ Gretchen M. Callas*